

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Daniel H. Weiner
Partner
Direct Dial: +1 (212) 837-6874
Direct Fax: +1 (212) 299-6874
daniel.weiner@hugheshubbard.com

March 20, 2024

<u>VIA ECF</u>

Honorable Arun Subramanian
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:   *Bensky et al. v. Indyke et al.*
            <u>1:24-cv-1204(AS)</u>

Dear Judge Subramanian:

    Pursuant to Paragraph 3(A) of Your Honor's Individual Practices in Civil Cases, we write on behalf of Defendants Darren Indyke and Richard Kahn, the Co-Executors of the Estate of Jeffrey Epstein (together, the "Co-Executors"), in response to Your Honor's Order dated February 23, 2024 granting in part Plaintiff Jane Doe 3's motion to proceed under pseudonym until such time as the Court orders her name to be disclosed, and providing the Co-Executors 30 days to indicate their opposition, if any. (ECF No. 12.)

    The Co-Executors fully acknowledge the sensitive and serious issues raised by disclosure of the identities of alleged sex-trafficking victims; they have never opposed an application by a plaintiff alleging individual harm to proceed under a pseudonym against the Epstein Estate. However, where — as here — Jane Doe 3 also seeks to act as a representative of a putative class and further because Plaintiffs bring their claims against the Co-Executors in their individual capacity, the Co-Executors respectfully request that the Court grant them until after resolution of their anticipated motion to dismiss to make a decision whether to oppose Jane Doe 3's motion.

In light of Jane Doe 3's attempt to bring claims on behalf of a putative class, the risk of unfair prejudice to the Co-Executors is heightened by their inability to fully test her ability to fairly and adequately represent the members of the purported class, as required by Fed. R. Civ. P. 23(a)(4). Nor do the interests at stake belong solely to the Co-Executors: "the public, including putative class members, have the right to know who is guiding and directing the litigation." *In re Ashley Madison Customer Data Security Breach Litig.*, No. MDL 2669, 2016 WL 1366616, at *4 (E.D. Mo. April 6, 2016)(in putative class action against "dating" website designed to facilitate intimate relationships for individuals who are either married or in a committed relationship, the court directed class representatives to publicly disclose their identities because of the importance of their roles as lead plaintiffs, despite the plaintiffs' expressed trepidation over, and the court's acknowledgement of, potential exposure of extremely sensitive personal, sexual and financial information, as well as the threat of personal humiliation); *accord Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 204-06 (D. Wyo. 2021)(where victim of child abuse brought putative class action under the Trafficking Victims Protection Reauthorization Act against individuals and corporations who allegedly participated in the abuse, the court denied his application to proceed under a pseudonym, noting that, "[f]irst, without knowing Plaintiff's identity, it would be difficult to determine if he and his counsel have conflicts of interest with other class members. Second, and most important, as the class representative, Plaintiff has a fiduciary duty and obligation to vigorously prosecute the interests of the class. In order to do so, the other class members should know who is representing them"). While the Court (Rakoff, J.) permitted plaintiff class representatives to proceed anonymously in an action against one of Mr. Epstein's banks, that motion was unopposed by the defendant and considered in the context of final approval of a class-wide settlement. *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, No. 22-cv-10018 (JSR), 2023 WL 7493582, at *3 (S.D.N.Y. Nov. 13, 2023).

On April 8, the Co-Executors intend to file a motion to dismiss all but one claim in the Complaint and to strike the class allegations in their entirety, relying in large part on express releases signed by Plaintiff Danielle Bensky and 187 other women in return for over $163 million in compensation received from the Epstein Estate. These releases were executed either in exchange for monetary compensation awarded by the widely heralded Epstein Victims' Compensation Program ("EVCP") or negotiated through individual mediated settlements, by the vast majority of the putative class that Jane Doe 3 seeks to represent. The Co-Executors are aware that Jane Doe 3 (whose identity Plaintiffs' counsel has privately disclosed to them) is one of the very few women alleging abuse by Mr. Epstein who did not participate in the EVCP, did not resolve her claims through mediation, and did not previously assert a claim in litigation.

In the event that this action proceeds beyond resolution of Defendants' motion to dismiss, Defendants ask the Court to allow them an opportunity to seek to preclude Jane Doe 3 from continuing to proceed pseudonymously. *See, e.g., Doe v. Combs, et al.*, 23-cv-10628, 2024 WL 863705, at *5 (JGLC)(S.D.N.Y. Feb. 29, 2024) (in denying motion to

proceed anonymously by an alleged sex assault victim who claimed she had been gang-raped by the defendants when she was a minor, the Court recognized the plaintiff's concerns but found that the countervailing interests of the defendants and the public outweighed them, noting that it "could not find a case in this Circuit—and plaintiff fails to point to one—with similar allegations where a plaintiff's opposed motion to proceed anonymously was granted.")  In that case, Judge Clarke appropriately stayed until after the Court's decision on the defendants' motion for judgment on the pleadings her order requiring the plaintiff to proceed using her legal name. *Id.* at *6.

Respectfully submitted,

*/s/ Daniel H. Weiner*

Daniel H. Weiner

cc:  David Boies, Esq.
     Sigrid McCawley, Esq.
     Daniel Ruzumna, Esq.

280765521_2