UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> DARREN K. INDYKE and RICHARD D. KAHN, <br><br> *Defendants*. | Civil Action No.: 24-cv-01204 (AS) <br> [rel. 1:24-cv-02192 (AS)] |

**DECLARATION OF DANIEL S. RUZUMNA IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR STRIKE**

DANIEL S. RUZUMNA hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of the law firm of Patterson Belknap Webb & Tyler LLP, counsel for Defendant Richard D. Kahn, and submit this declaration in support of Defendants' Motion to Dismiss or Strike Plaintiffs Danielle Bensky's and Jane Doe 3's Individual and Class Action Complaint. I submit this Declaration to provide the Court with true and correct copies of the exhibits referenced in the accompanying Memorandum of Law.

2. Attached hereto as Exhibit A is a true and correct copy of the General Release executed by Danielle Bensky in connection with the Epstein Victims' Compensation Program ("EVCP") dated January 31, 2021. Defendants have redacted the amount of Ms. Bensky's compensation award in this document. Defendants have filed under seal an unredacted

1

version of the Ms. Bensky's release as Exhibit 5 to their Motion for Imposition of Rule 11 Sanctions (filed contemporaneously herewith).

3. In addition to Ms. Bensky, 135 other women accepted compensation through the EVCP and executed releases of claims. All releases executed through the EVCP are identical, with the exception of (1) the name of the claimant, (2) the monetary amount awarded, and (3) any individuals specifically excluded or "carved out" of the release by name. None of the EVCP Releases carves out either Darren Indyke or Mr. Kahn. Defendants are able to provide redacted copies of the other 135 EVCP releases at the Court's request or unredacted copies with appropriate protections for and notice to the releasees.

4. Attached hereto as Exhibit B is a true and correct copy of a General Release and Settlement Agreement executed outside of the EVCP by a putative class member. Defendants have redacted identifying information from this General Release and Settlement Agreement, but are able to provide an unredacted version of the document at the Court's request (again with appropriate protection for and notice to the releasee).

5. In addition to the General Release and Settlement Agreement attached hereto as Exhibit B, 51 other women entered General Releases and Settlement Agreements with the Estate of Jeffrey E. Epstein (the "Epstein Estate") outside of the EVCP. The terms of those General Releases and Settlement Agreements do not contain any material difference in their release and discharge of claims against Defendants from that attached as Exhibit B. Although some General Releases specifically exclude or "carve out" individuals by name, none carves out either Defendant. Defendants are able to provide redacted or unredacted versions of the other 51 General Releases at the Court's request, subject to appropriate protections and notice.

6. Attached hereto as Exhibits C and D are true and correct copies of February 21, 2023 subpoenas served on the Epstein Estate in *Jane Doe 1 v. JP Morgan Chase Bank, N.A.*, 22-cv-10019 (S.D.N.Y.), and *Jane Doe 1 v. Deutsche Bank Aktiengesellschaft et al.*, 22-cv-10018 (S.D.N.Y.) (the "Bank Litigation"). After receiving these subpoenas, the Co-Executors and the plaintiffs' counsel negotiated appropriate search parameters and limitations for the Epstein Estate's production of responsive documents based on a variety of factors, including cost, relevance, proportionality, and other issues. In total, the Estate of Jeffrey E. Epstein and Epstein-related entities produced over 28,000 documents in the Bank Litigation, including QuickBooks reports and other financial records detailing payments Epstein made to women and other financial transactions, whether those payments were made with cash or otherwise.

7. Mr. Kahn was deposed in in *Jane Doe 1 v. JP Morgan Chase Bank, N.A.*, 22-cv-10019 (S.D.N.Y.) pursuant to a Rule 45 subpoena on May 18, 2023. His deposition lasted for more than seven hours and covered, among other things, Epstein's financial records, specific payments to women, his position in Epstein-related entities, and the nature of his relationship with Epstein.

8. Attached hereto as Exhibit E is a true and correct copy of a July 5, 2023, email from Brad Edwards to, *inter alia*, counsel for the Epstein Estate and "DoeService," with the subject line "Re: Does v. JP Morgan/Deutsche Bank - Subpoena(s) to Estate of Jeffrey E. Epstein." Mr. Edwards was co-counsel to David Boies and Sigrid McCawley in the Bank Litigation. The recipient "DoeService" is the email address doeservice@bsfllp.com, which is a Boies Schiller email address associated with that firm's representation of the Jane Doe plaintiffs in the Bank Litigation. Both Mr. Boies and Ms. McCawley were counsel to Jane Doe 1, and Mr. Boies is

identified as the "Lead Attorney" for Jane Doe 1 on the docket for both cases. *See, e.g.*, Exhibit F.

9. On July 6, 2023, Judge Rakoff ordered the Epstein Estate to continue producing documents to Plaintiffs' counsel after a settlement had been reached in the Bank Litigation in order to identify putative class members. A true and correct copy of the July 6, 2023 minute entry in *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-cv-10019 reflecting that order is shown in the docket attached as Exhibit F.

Dated: New York, New York
April 8, 2024

                                                                  /s/ Daniel S. Ruzumna
                                                               Daniel S. Ruzumna, Esq.