UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>Defendants. | Civil Action No. 1:24-cv-01204 (AS)<br>[rel. 1:24-cv-02192]<br><br>Honorable Arun Subramanian, U.S.D.J.<br><br>**AFFIRMATION OF DANIEL H. WEINER** |

I, Daniel H. Weiner, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at the law firm Hughes Hubbard & Reed LLP, counsel for Defendant Darren K. Indyke in this action. The statements in this Affirmation are based on my personal knowledge.

2. I submit this Affirmation in support of Defendants' Motion for Rule 11 Sanctions in this action.

3. Attached as **Exhibit 1** to this Affirmation is a true and correct copy of the *Expedited* Motion for Establishment of a Voluntary Claims Resolution Program filed on November 15, 2019 in *In re the Estate of Jeffrey E. Epstein*, Probate No. ST-2019-PB-80 (V.I. Super. Ct.), which sought the establishment of the Epstein Victims' Compensation Program (the "EVCP").[1]

---

1. Capitalized terms not defined herein have the meaning ascribed to them in the accompanying Defendants' Memorandum of Law in Support of Their Motion for Rule 11 Sanctions.

4. As part of negotiations among the Co-Executors, counsel for civil claimants, the Government of the USVI and the EVCP Program Administrator, the parties hammered out the terms of a general release (the "EVCP Release") that would be required in return for the receipt of any compensation award from the EVCP. David Boies, Sigrid McCawley and I participated in these negotiations, during which Mr. Boies explicitly agreed to the terms of the EVCP Release and expressed his understanding that the EVCP Release would protect the Co-Executors and any other persons who provided services to Mr. Epstein.

5. Attached as **Exhibit 2** to this Affirmation is a true and correct copy of excerpts from transcript of the hearing held on February 4, 2020 before the USVI Superior Court in *In re the Estate of Jeffrey E. Epstein*, Probate No. ST-2019-PB-80 (V.I. Super. Ct.). Mr. Boies, Ms. McCawley and I all attended this hearing in St. Thomas, United States Virgin Islands.

6. Attached as **Exhibit 3** to this Affirmation is a true and correct copy of the Order approving the establishment of the EVCP entered on June 2, 2020 by the USVI Superior Court in *In re the Estate of Jeffrey E. Epstein*, Probate No. ST-2019-PB-80 (V.I. Super. Ct.).

7. Attached as **Exhibit 4** to this Affirmation is a true and correct copy of the final EVCP protocol, dated May 29, 2020.

8. Attached as **Exhibit 5** to this Affirmation is a true and correct copy of the notarized EVCP Release signed by Danielle Bensky and Sigrid McCawley on January 31, 2021.

9. Attached as **Exhibit 6** to this Affirmation is a true and correct copy of an email dated March 26, 2020 from the Co-Executors' then-counsel Andrew Tomback to Mr. Boies, Ms. McCawley and their colleague Josh Schiller, copying me and attaching the proposed form of the EVCP Release.

10. On the afternoon of March 27, 2020, Mr. Tomback and I spoke to Mr. Boies and explained the Estate's desire for final resolution of claims against it, and its concomitant need to protect itself from third-party claims for contribution or indemnification. During that conversation, Mr. Boies agreed that the EVCP could use the EVCP Release in the same form that Mr. Tomback provided to him on March 26, 2020.

11. Attached as **Exhibit 7** to this Affirmation is a true and correct copy of an email dated March 28, 2020 from Mr. Tomback to Mr. Boies, copying me, referencing our March 27, 2020 conversation with Mr. Boies.

12. Attached as **Exhibit 8** to this Affirmation is a true and correct copy of an email dated April 3, 2020 from Mr. Boies' and Ms. McCawley's co-counsel Brad Edwards to me, copying, *inter alia*, Mr. Boies and Mr. Tomback.

13. Attached as **Exhibit 9** to this Affirmation is a true and correct copy of an email dated April 7, 2020 from Mr. Boies to Mr. Edwards, copying me and Mr. Tomback.

14. Several EVCP participants took the opportunity presented in the EVCP Release to "carve out" by name specific individuals who could not implead the Estate (*e.g.*, Prince Andrew or Leon Black) against whom they preserved the right to bring claims. No one — Ms. Bensky included — sought to carve out the Co-Executors.

15. Following the conclusion of the EVCP's operations in August 2021, the Estate faced additional claimants alleging wrongdoing by Mr. Epstein; many of these individuals either chose not to participate in the EVCP, declined to accept their Program awards, or had their claims rejected by the EVCP. The Co-Executors reached settlement agreements with 52 of these claimants; each of these settlement agreements releases the Co-Executors from the claims set forth in the Complaint in this action.

16. Prior to filing the Complaint, Mr. Boies and Ms. McCawley threatened to bring this class action with Ms. Bensky as class representative and offered various, shifting rationales in an attempt to avoid the binding legal effect of the EVCP Release, including the following:

   1) The EVCP Release allegedly does not release the Co-Executors from claims that "did not exist" at the time Plaintiffs executed that Release due to the expiration of the applicable statute of limitations, but were subsequently revived under New York's Adult Survivors Act (the "ASA," codified as CPLR 214-j).
   2) The Co-Executors purportedly procured the EVCP Release by fraud.
   3) The EVCP Release supposedly is invalid as to the Co-Executors because they individually "provided no consideration" for it.
   4) The Co-Executors ostensibly exceeded their authority in having the EVCP Release cover them.

17. During these pre-suit discussions, the only specific basis Mr. Boies and Ms. McCawley provided for their suggestion of fraud was that Mr. Kahn's deposition testimony in *Doe v. JP Morgan Chase Bank*, *N.A.,* No. 1:22-cv-10019 (S.D.N.Y.), taken on May 18, 2023, somehow formed the basis for an allegation of "fraudulent inducement" or "fraudulent concealment." Mr. Boies conceded that Ms. Bensky had no substantive conversations with either Mr. Indyke or Mr. Kahn.

18. In response to Mr. Boies and Ms. McCawley's pre-suit threats and rationales attempting to avoid the binding legal effect of the EVCP Release, I and other counsel for the Co-Executors pointed out that the EVCP Release and applicable New York law barred Ms. Bensky's claims.

19. Attached as **Exhibit 10** to this Affirmation is a true and correct copy of a letter I sent to Mr. Boies and Ms. McCawley dated January 5, 2024.

20. On March 18, 20204, I caused to be served a copy of this Affirmation with its accompanying exhibits, Defendants' Notice of Motion for Imposition of Sanctions Pursuant to

Fed. R. Civ. Proc. 11 and Defendants' Memorandum of Law in Support of Their Motion for Rule 11 Sanctions, via email and U.S. mail on Mr. Boies and Ms. McCawley in accordance with FRCP Rule 11(c). Attached as **Exhibit 11** to this Affirmation is a true and correct copy of my cover letter accompanying those documents.

21. Attached as **Exhibit 12** to this Affirmation is a true and correct copy of the Letters Testamentary and Orders for Probate entered on September 6, 2019 by the USVI Superior Court in *In re the Estate of Jeffrey E. Epstein*, Probate No. ST-2019-PB-80 (V.I. Super. Ct.).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2024 in New York, New York.

*/s/ Daniel H. Weiner*
Daniel H. Weiner