# EXHIBIT 1

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
********************************

IN THE MATTER OF THE ESTATE OF )
JEFFREY E. EPSTEIN,                                  )          PROBATE NO. ST-19-PB-80
                                                                )
                                    Deceased.       )          ACTION FOR TESTATE
_____ )          ADMINISTRATION

## *EXPEDITED* MOTION FOR ESTABLISHMENT OF
## A VOLUNTARY CLAIMS RESOLUTION PROGRAM

**COME NOW** the Co-Executors of the Estate of Jeffrey E. Epstein (the "Estate"),

**DARREN K. INDYKE and RICHARD D. KAHN**, and move this Honorable Court for an

expedited order to establish an independent and voluntary claims resolution program (the

"Program") for purposes of resolving sexual abuse claims against Jeffrey E. Epstein, deceased, as

more fully described *infra*. As contemplated by the Co-Executors, the Program would provide all

eligible claimants an opportunity to receive compensation and voluntarily resolve their claims of

sexual abuse against Mr. Epstein through a confidential, non-adversarial alternative to litigation.

To be designed and implemented by independent, nationally recognized claims administration

experts, with input from interested parties including claimants and their representatives, the

Program would seek to timely resolve these claims through a process that is sensitive to the

experiences and concerns of claimants and treats them with compassion, dignity and respect.

## I.      BACKGROUND

As widely reported in the news media, multiple individuals have asserted or expressed their

intent to assert claims of sexual abuse by Mr. Epstein (collectively, the "Sexual Abuse Claims").

To date, twelve lawsuits involving Sexual Abuse Claims have been filed in the state and federal

courts of the State of New York, where claimants assert some of the complained-of conduct

occurred, and which recently amended its statute of limitations to permit such claims.  These

lawsuits name as defendants the Estate, the Co-Executors, and various entities owned or controlled by Mr. Epstein prior to his death, as well as purported agents and employees of Mr. Epstein or those entities.

Pursuant to this Court's order, Notice to Creditors was duly first published on September 18, 2019. However, only one Sexual Abuse Claim has so far been filed in the Virgin Islands. As noted above, claimants have named the Estate and others in various lawsuits in jurisdictions outside the Virgin Islands and, based on media reports and statements by various counsel for plaintiffs, the Co-Executors anticipate that more Sexual Abuse Claims may be filed in various jurisdictions including New York, Florida, New Mexico and France.

Purpose of the Motion

- The Co-Executors believe that the interests of justice require the Estate to fairly address and timely resolve the Sexual Abuse Claims, no matter where filed, as a matter of national and international importance. As much of the value to claimants lies in the fair and timely resolution of their claims, the Co-Executors request that this Court grant the instant Motion expeditiously.

- Guided by independent, nationally recognized claims administration experts, the Co-Executors have worked diligently to begin formulating a comprehensive process for determination and resolution of the Sexual Abuse Claims. If approved by the Court, the Program would provide, to the fullest extent possible, victims of sexual abuse access to a confidential claims resolution process that does not entail the rigors and publicity of litigation. To our knowledge, this Court is the first probate court that has been called upon to approve the establishment of a mass tort-type program for achieving the fair,

independent determination and resolutions of sexual abuse claims filed by multiple claimants against a decedent's estate.  As a matter of public policy alone, the urgency of this matter cannot be overstated.

Development of the Program for evaluation and resolution of the Sexual Abuse Claims, in a manner designed to evaluate those claims in a confidential manner and to streamline their determination by the country's most experienced claims administrators — individuals who have designed, implemented and administered extensive mass tort programs including the September 11th Victim Compensation Fund, the Roman Catholic Church sex-abuse scandal, the BP Deepwater Horizon oil spill in the Gulf of Mexico, the Agent Orange toxic chemical matter, and others — would be in the best interests of claimants, the Estate, its creditors and its beneficiaries. Accordingly, in order to create a mechanism for the just and efficient resolution of the Sexual Abuse Claims that will attract the voluntary participation of claimants, the Co-Executors request the Court's authorization to use the Estate's funds to retain the services of the claims administration experts described below, so that they may properly proceed with preparation of the Program and design of an appropriate protocol to establish a fair, independent claims resolution process.

## II.     PROPOSED EPSTEIN VICTIMS' COMPENSATION PROGRAM

As contemplated by the Co-Executors, the proposed Epstein Victims' Compensation Program would ultimately function as follows:

Participation in the Program by claimants would be entirely voluntary, and would not affect any rights a claimant has, unless and until the claimant accepts the Program's compensation determination and executes a release.  All claimants would be afforded an opportunity to meet with the Program Administrator (described below) if they so desire, and will be treated with compassion, dignity and respect.  The planned situs of the Program would be in New York, where

the majority of the Sexual Abuse Claims thus far have been filed, in order to alleviate the burden of requiring claimants to travel to the Virgin Islands. Proceeding in that forum would also provide claimants and their counsel with easier access to the Program Administrator, who is highly qualified and experienced with this type of claims process, and is therefore likely to reduce the overall costs of Program administration. The Program would be open to claimants wherever they are located, and would use an electronic filing system to make the process available regardless of the claimant's location.

## A.  PROPOSED MECHANICS AND ADMINISTRATION OF THE PROGRAM

If this Court authorizes the Co-Executors to proceed with development of the proposed Program, a detailed Program protocol (the "Protocol") would be designed by the claims administration experts, with input from the Co-Executors and those with an interest in resolution of the Sexual Abuse Claims (including claimants and their representatives), and submitted to the Court for its approval.

A ten-point summary of the contemplated Program follows:

1. Participation in the Program would be entirely voluntary.

2. The Program would be available to all claimants with sexual abuse claims against Mr. Epstein who satisfy certain eligibility criteria, as defined in the Protocol.

3. While strict confidentiality will be required of the Program Administrator and the Estate, each claimant would be free to disclose any and all information concerning her participation in the Program, at claimant's sole discretion, including information concerning the mechanics of the Program and the resolution of her claim.

4. Claimants who elect to file a claim with the Program would be invited to provide documentation identified in a claim form to be developed by the claims administration experts, and any additional corroborating or supporting information to help substantiate their claim.

5.  All claimants would be afforded a voluntary, confidential opportunity to meet with the Program Administrator to provide additional information that may bear upon evaluation of their claims.

6.  Claims would be processed promptly and efficiently. Claimants would be notified of any deficiency that prevents processing of their claim and provided an opportunity to cure that deficiency.

7.  Once a completed claim has been submitted, the Program Administrator would evaluate that claim based on all available information and would determine whether the claimant is eligible to receive compensation and the amount of compensation to be paid. This independent, individual determination will be based on factors and criteria identified in the Protocol. The Estate will have no authority to reject or modify the independent determination of the Program Administrator.

8.  Upon issuance of a compensation determination by the Program Administrator, the claimant would have complete freedom to accept or reject that determination. If the claimant elects to accept the determination, the claimant would execute a release waiving her right to litigate any claims she may have against any person or entity arising from or related to Mr. Epstein's conduct, as set forth in the Protocol. Upon the Program Administrator's receipt of the claimant's acceptance of the compensation determination and an executed release, the Program Administrator would approve payment. The approval of any claim by the Program Administrator will be deemed to have the effect of a claim "examined and approved" within the meaning of 15 V.I.C. § 394, and, as already indicated, the Co-Executors would have no authority to reject or modify the Program Administrator's determination of any compensatory award made in accordance with the Protocol.

9.  The Program Administrator will submit status reports to the Court on a quarterly basis to provide updated information regarding the progress of the Program, including the number of claims received, the number of claims reviewed, the number of claims approved for payment, the aggregate value of determinations issued, the aggregate value of determinations accepted, and the aggregate value of determinations issued.

10.  Following conclusion of the Program, the Program Administrator would issue a Final Report to the Court and the Co-Executors summarizing the Program.

### B.   PROPOSED CLAIMS PROCESS FOR PROGRAM PARTICIPATION

With respect to the timing and notice of claims, the Program would, if approved by the Court, establish an effective commencement date and deadline for submission of all claims. A claim form would be developed by the Program Administrator and disseminated to all known claimants identified in a confidential database. Instructions for completing the form would be included along with the form. The Program would operate and maintain a website that provides general information about the Program, including the Protocol, Frequently Asked Questions, and information about filing deadlines. Contact information for the Program would also be available on the Program website. That website would also allow claimants, directly or through their representatives, to register a new claim and/or upload their claim form or supporting documents to facilitate submission and processing of individual claims.

### C.   PROPOSED DESIGN, IMPLEMENTATION AND ADMINISTRATION OF THE PROGRAM

To establish the Program and design and implement the Protocol, the Co-Executors propose engaging the services of independent, nationally recognized experts in this field: Jordana H. Feldman, Kenneth R. Feinberg and Camille S. Biros, whose credentials are discussed in Section D below. The Protocol developed by these experts, with input from the Co-Executors and those with an interest in resolution of the Sexual Abuse Claims (including claimants and their representatives), would include eligibility criteria, the methodology for determining compensatory damages, proof requirements and claims procedures, and timing, as follows:

- *Eligibility*. Identifying the criteria to determine whether a claimant is eligible to receive compensation under the Program.

- *Determination Methodology*. Defining the factors and considerations to be used to determine the amount of compensation to be offered to any eligible claimant.

- ***Proof Requirements and Claims Procedures.*** Determining what types of supporting documentation or other evidence each individual may be required to submit to substantiate the claim, satisfy Protocol requirements, and allow the Program Administrator to review, process and evaluate the claim.

- ***Timing***. Expressly stating the timeframe of the Program, including an effective commencement date and deadline for submission of all claims.

In addition to leading the design and implementation of the Program, Ms. Feldman would serve as the Program Administrator and would administer the Program and process all claims. The Program Administrator would have final decision-making authority relating to the administration, evaluation and valuation of claims. As noted above, the approval of any claim by the Program Administrator will be deemed to have the effect of a claim "examined and approved" within the meaning of 15 V.I.C. § 394.

## D.    CREDENTIALS OF PROGRAM ADMINISTRATOR AND DESIGNERS

The Program Administrator and Program Designers' qualifications for participation in the Program are set forth below.

       1.    <u>Jordana H. Feldman</u> (Program Administrator & Designer)

- Ms. Feldman has spent her career engaged in the design, implementation and administration of mass tort claims programs and complex settlements as effective and creative alternatives to litigation.

- Until recently, Ms. Feldman served as the Deputy Special Master and Director of the New York Office of the September 11th Victim Compensation Fund ("VCF"), the litigation-alternative program established in 2001 and reopened in 2011 to compensate individuals who have become sick or died as a result of their September 11th-related exposure, and administered by the United States Department of Justice. She has worked on the VCF for over ten years, playing a key role in developing guidelines for eligibility and the valuation of losses, and adjudicating thousands of claims, valued in the aggregate over $12 billion. In that position, she has extensive experience interviewing victims of the September 11 tragedy.

- Before joining the Justice Department to work on the VCF, Ms. Feldman worked in the complex dispute resolution practice at the law firm Dickstein Shapiro, LLP, where she represented clients in the design, implementation and administration of complex settlements and mass claims resolution programs arising out of class actions, legislation and Chapter 11 bankruptcy reorganizations. Before working at Dickstein Shapiro, LLP, Feldman worked as a litigation associate at Fried, Frank, Harris, Shriver & Jacobson.

- Ms. Feldman is the co-author of the *Master Guide to Mass Claims Resolution Facilities* (2011) and graduated in 2000 from the University of Pennsylvania Law School. She received her undergraduate degree *magna cum laude* in 1997 from the University of Pennsylvania.

2.    Kenneth R. Feinberg (Program Designer)

- Mr. Feinberg is the nation's leading expert in mediation and alternative dispute resolution, and the founder of the Law Offices of Kenneth R. Feinberg, PC. He has been appointed to administer numerous high-profile compensation programs, having served as special master of the September 11th Victim Compensation Fund, the Troubled Asset Relief Program ("TARP") Executive Compensation Program, and the Agent Orange Victim Compensation Program.

- Mr. Feinberg and his colleague Camille Biros have designed and implemented the New York Archdiocese Independent Reconciliation and Compensation Program for resolution of claims of sexual abuse of minors by members of the clergy, as well as similar compensation funds for the Dioceses of Brooklyn and Rockville Centre, New York and for Dioceses in the states of California, Colorado, New Jersey and Pennsylvania.

- Mr. Feinberg has served as adjunct professor of law at Harvard Law School, Columbia Law School, University of Pennsylvania School of Law, Georgetown University Law Center, New York University School of Law, University of Virginia School of Law, and Benjamin N. Cardozo School of Law. Before his academic career, he served as an Assistant U.S. Attorney for the Southern District of New York, special counsel for the U.S. Senate Committee on the Judiciary, and founding partner of the Washington office of the law firm Kaye Scholer LLP, among other positions.

- Mr. Feinberg graduated from New York University School of Law in 1970 and received his undergraduate degree in 1967 from the University of Massachusetts.

3.    <u>Camille S. Biros</u> (Program Designer)

- Ms. Biros is a nationally recognized expert in the design, implementation and administration of public and private compensation programs. She currently serves as Director, Claims Administration, at the Law Offices of Kenneth R. Feinberg, P.C.

- Ms. Biros and Mr. Feinberg have designed and implemented the New York Archdiocese Independent Reconciliation and Compensation Program for resolution of claims of sexual abuse of minors by members of the clergy, as well as similar compensation funds for the Dioceses of Brooklyn and Rockville Centre, New York and for Dioceses in the states of California, Colorado, New Jersey and Pennsylvania. Ms. Biros has served as the primary Administrator of these various funds.

- Ms. Biros has also served as Administrator of the DuPont Medical Monitoring Program, Deputy Administrator of the Gulf Coast Claims Facility after the BP Deepwater Horizon oil spill, Deputy Administrator of the GM Ignition Switch Compensation Program and Deputy Special Master of the September 11th Victim Compensation Fund.

## III.    REQUEST FOR RELIEF

In their fiduciary capacity, the Co-Executors have engaged in discussions with relevant parties in interest regarding the independent, fair and timely resolution of the Sexual Abuse Claims. It is their understanding that many existing and potential claimants would prefer to participate in the Program, if fairly and expeditiously administered, rather than proceeding with litigation. Furthermore, although there would be significant expense in developing and administering the Program, the Co-Executors anticipate that the Program would substantially reduce the expenses to the Estate of litigating multiple lawsuits in numerous jurisdictions, and thus would ultimately reduce expenses to the benefit of all parties with an interest in the Estate,

including claimants and creditors.[1]  The expedited nature of the planned Program would also ensure resolution and compensation to claimants in a far more timely manner than through litigation.  Additionally, the Protocol associated with the Program would be designed to ensure the proportionate restitution of approved claims for all claimants, in a manner that would provide similar compensation to similarly situated claimants.  The Co-Executors submit that such a Program is in the best interests of both the claimants and the Estate because, among other things, it avoids the potential of disproportionate and inconsistent awards and should help to reduce the time, expense and burden of handling claims through the courts, which could involve years of litigation and appeals and consume enormous resources, along with inflicting costs attendant to delay and uncertainty on all affected parties.

Rule 1 of the Virgin Islands Probate and Fiduciary Rules states that, "[w]here no procedural provision is included herein, procedures set forth in the Virgin Islands Rules of Civil Procedure may be adapted by the court as appropriate."  In this regard, Rule 90 of the Virgin Islands Rules of Civil Procedure evinces a clear intent in favor of the use of alternative dispute resolution to resolve civil disputes.  Thus, it is respectfully submitted that the establishment here of a voluntary claims resolution program is within the Court's authority and would serve the interests of justice. Furthermore, development and implementation of the Program, and the claims process contemplated therein, is within the Court's sound discretion to establish a process by which the rights of claimants will be fairly and efficiently ascertained and administered. *See* 5 V.I.C. § 1264

---

1.  Such lawsuits have already begun to generate substantial costs and fees for both the Estate and claimants.  The expenses of litigation are expected to ratchet up significantly in coming months, absent implementation of the Program as an alternative path for resolution of the Sexual Abuse Claims.

(allowing the court to declare rights, status and other legal relations of various classes of creditors or other interested parties of a trust or estate).

At this juncture, the Co-Executors seek the Court's authorization to use Estate funds to retain the services of the proposed Program Administrator and Program Designers — Ms. Feldman, Mr. Feinberg and Ms. Biros — so that they may promptly proceed with preparation of the Program and design of the Protocol to establish a fair, independent claims resolution process. Once the Protocol is developed and finalized, the Co-Executors would submit it to the Court for approval and would seek an order to formally commence claims resolution proceedings under the Program.

Finally, the Co-Executors seek the Court's approval to submit under seal the proposed engagement agreement of the Program Administrator and Program Designers, as it is proprietary to the extent it establishes a methodology and formula for their compensation. Given the very small group of people sufficiently qualified to design, implement and administer the proposed Program and contemplated Protocol, the terms under which they are engaged would be subject to intense scrutiny and may have the unintended effect of distracting from the Program. The Co-Executors will of course disclose the fees for services rendered by the Program Administrator and Program Designers as they are accounted for by the Estate.

   **WHEREFORE,** the Co-Executors request the expedited entry of an Order granting the

relief requested herein substantially in the form of the attached proposed order.

         Respectfully,

Dated: November 14, 2019

         **CHRISTOPHER ALLEN KROBLIN, ESQ.**
         **ANDREW W. HEYMANN, ESQ.**
         **WILLIAM L. BLUM, ESQ.**
         **SHARI N. D'ANDRADE, ESQ.**
         **MARJORIE WHALEN, ESQ.**
         V.I. Bar Nos. 966, 266, 136, 1221 & R2019
         KELLERHALS FERGUSON KROBLIN PLLC
         Royal Palms Professional Building
         9053 Estate Thomas, Suite 101
         St. Thomas, V.I. 00802
         Telephone: (340) 779-2564
         Facsimile: (888) 316-9269
         Email: ckroblin@kellfer.com
           aheymann@solblum.com
           wblum@solblum.com
           sdandrade@kellfer.com
           mwhalen@kellfer.com

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN
********************************

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF | ) | |
| JEFFREY E. EPSTEIN, | ) | **PROBATE NO. ST-19-PB-80** |
| | ) | |
| **Deceased.** | ) | **ACTION FOR TESTATE** |
| | ) | **ADMINISTRATION** |

## O R D E R

**THIS MATTER** is before the Court on the Co-Executors' Expedited Motion for Establishment of a Voluntary Claims Resolution Program. Having reviewed the motion, the Court will grant the same.

Accordingly, it is hereby:

**ORDERED** that the Co-Executors' Motion is **GRANTED**; and it is further

**ORDERED** that the Co-Executors shall submit to the Court, under seal, the proposed engagement agreement for the Program Administrator and Designers (as defined in the Motion) for approval and authorization; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: _____          _____

**CAROLYN P. HERMON-PERCELL**
Magistrate Judge of the Superior Court
of the Virgin Islands

**ATTEST: ESTRELLA H. GEORGE**
Clerk of the Court

**BY:** _____

Court Clerk Supervisor _____/_____/_____