# EXHIBIT 6

**From:** Tomback, Andrew <andrew.tomback@whitecase.com>
**Sent:** Thursday, March 26, 2020 3:06 PM
**To:** 'Josh Schiller' <JiSchiller@BSFLLP.com>; 'Sigrid McCawley' <Smccawley@BSFLLP.com>; 'David Boies2' <xboies@gmail.com>
**Cc:** Tomback, Andrew <andrew.tomback@whitecase.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>
**Subject:** FW: Epstein Victims' Compensation Program

**CAUTION: This email was sent by someone outside of the Firm.**

Dear Mr. Boies:

Ken Feinberg shared with me your recent communication with USVI Attorney General Denise George on the subject of the Epstein Victims' Compensation Program. On behalf of the Co-Executors, we want to clear up any misunderstanding regarding (1) the proposed role of Professor Marci Hamilton in the Program, and (2) the third-party release required by the Estate as part of its establishment of the Program.

Regarding Ms. Hamilton, our clients' position is the one set forth in my email to you of March 23, 2020, reproduced below. If she is to have any role in the Program, it would be on that basis. The Co-Executors are also of course prepared to proceed with the Program without Ms. Hamilton's participation, since the nationally recognized experts who designed and will implement the Program have extensive experience in handling claims of child sexual abuse. We understand that plaintiffs' counsel by and large feel the same way, since none raised any objection to Ms. Feldman, Mr. Feinberg and Ms. Biros.

As for the third-party release, that requirement allows the Co-Executors to comply with their fiduciary obligations to the Estate by ensuring finality in resolving claims through the Program, and avoids the Estate being dragged back into litigation through third-party impleader claims based on theories of contribution, indemnity, respondeat superior or otherwise. Accordingly, a third-party release has been a part of the proposed Program Protocol since it was first circulated in mid-December 2019. It was discussed by both Ms. Feldman and Mr. Feinberg during their testimony before the USVI Probate Court on February 4, 2020. (See February 4 Hearing Tr. at 118:25-119:13, 127:20-128:24 (Ms. Feldman); 179:12-180:22 (Mr. Feinberg).) It was also the subject of extensive discussion, without objection, in our face-to-face meeting with the Attorney General's representatives and Brad Edwards in Miami on March 5, 2020. For your information, we attach the form release we shared with the Attorney General on March 16, 2020. We received no comments on it from her or her representatives.

Sincerely,
Andrew E. Tomback

**Andrew E. Tomback** | Partner
T  +1 212-819-8428   M  +1 917-301-1285   E  andrew.tomback@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095
**WHITE & CASE**

1

## EPSTEIN VICTIMS' COMPENSATION PROGRAM ("EVCP")

### GENERAL RELEASE

This General Release is made this _____ day of _____ 20____.

**WHEREAS,** _____ (the "Claimant"), submitted a claim for compensation to the Epstein Victims' Compensation Program ("EVCP") asserting that she is a victim of sexual abuse by Jeffrey E. Epstein; and

**WHEREAS,** the EVCP Program Administrator (the "Administrator") determined pursuant to the EVCP Protocol that Claimant is eligible to participate in the EVCP; and

**WHEREAS,** after reviewing Claimant's submissions and after careful consideration of documentation and proof, and after due deliberation, the Administrator issued a compensation determination to Claimant ("Compensation Offer"); and

**WHEREAS,** several jurisdictions within the United States have enacted claims revival statutes concerning the timeliness of claims of sexual abuse; and

**WHEREAS,** Claimant is aware that, by accepting this Compensation Offer from the EVCP, Claimant waives and releases certain individuals and entities from any and all claims or causes of action arising from Mr. Epstein's conduct, whether pursuant to claims revival statutes or otherwise; and

**WHEREAS,** after careful consideration of the proposed Compensation Offer, including consultation with her legal counsel regarding the Compensation Offer, Claimant informed the Administrator that Claimant has decided to accept the Compensation Offer.

**NOW THEREFORE,**

Claimant, _____, for and on behalf of herself and her heirs, devisees, legatees, distributees, executors, administrators, trustees, personal representatives, successors and assigns (collectively, "Releasor"), for and in consideration of _____ Dollars ($_____ ) (the Compensation Offer) to be received from the EVCP, the adequacy and sufficiency of which are hereby acknowledged, hereby releases and forever discharges the Co-Executors of the Estate of Jeffrey E. Epstein (the "Epstein Estate"), the Co-Trustees of The 1953 Trust, the Epstein Estate, any entities owned or controlled in whole or part by the Epstein Estate (the

1

"Epstein Entities") and their respective current and former principals, officers, directors, stockholders, managers, members, partners, limited partners, trustees, beneficiaries, administrators, agents, employees, attorneys, predecessors, successors, assigns and affiliates, and any entities or individuals who are or have ever been engaged by (whether as independent contractors or otherwise), employed by, worked in any capacity for, or provided any services to Mr. Epstein, the Epstein Entities or the Epstein Estate (jointly and severally, the "Releasees"), from any and all claims, demands, actions, causes of action, suits, debts, dues, sums of money, accounts, variances, trespasses, damages and judgments, whether sounding in equity, tort, common law, contract, statute, regulation or otherwise and whether now existing, hereafter existing or revived in the future whatsoever in law, admiralty, equity or otherwise, including without limitation any and all claims or causes of action that arise or may arise from or which otherwise concern acts of sexual abuse by Mr. Epstein (the "Claims") which against the Releasees, Releasor ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of this General Release.

This General Release is a broad release of any and all Claims of Releasor against any and all Releasees, including without limitation any and all causes of action, lawsuits, claims, demands, damages and liability whatsoever, and also including without limitation to the extent of their respective liability for the same, any and all such claims against any and all Releasees for contribution as to any other person or persons who may be determined to have been joint tortfeasors arising out of or in any way related to any and all known and unknown personal injuries, and also including without limitation any derivative claims for loss of consortium, under any federal, state or local law, without limitation. This General Release is all-encompassing and is specifically made and given on the premise that any and all Claims by Releasor are hereby released and extinguished, whether said Claims arose in Florida, New Mexico, New York, the United States Virgin Islands, France or any other country, state, territory, possession or jurisdiction, or otherwise.

This General Release extends to released Claims that Releasor does not know or suspect to exist in her favor, which, if known by Releasor, would have materially affected her decision to enter into this General Release, and Releasor understands and agrees that she is releasing any and all such unknown or unsuspected Claims in Releasor's favor. Releasor acknowledges that she is familiar with Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Releasor expressly waives and relinquishes any right or benefit that Releasor has or may have under Section 1542 of the California Civil Code and under any other statute or legal principle with similar effect. In connection with such waiver and relinquishment, Releasor acknowledges that she is aware that, after executing this General Release, Releasor or Releasor's attorneys or agents may discover released Claims or facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of this General Release, but that it is Releasor's intent hereby to fully, finally and forever settle and release all of the Claims, whether known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore may have existed. In furtherance of this intent, this General Release shall be, and remain in effect as, a full and complete release of the Claims notwithstanding the discovery or existence of any such additional or different Claims or facts.

The Administrator of the EVCP has retained _____ to confirm that the Centers for Medicare and Medicaid Services ("CMS") and Medicaid will not assert any reimbursement claim or lien with respect to compensation awarded to any participating claimant under the EVCP; provided, however, that if either entity does assert any such interest, _____ is hereby authorized to act on behalf of the EVCP to verify and resolve such lien or reimbursement claim. Releasor agrees to allow the Administrator to provide to _____ certain information as to Releasor, including: (1) first name, last name and middle initial, (2) Social Security number; (3) date of birth, (4) gender and (5) basic information regarding the nature of Releasor's Claims, and hereby authorizes the Administrator and _____ to use, exchange and report this information to Medicare, if necessary, for purposes of ensuring compliance with the Medicare Secondary Payer Act, 42 U.S.C. § 1395(y)(b), and its accompanying regulations.

Releasor represents and acknowledges that she is voluntarily and freely granting this General Release in exchange for payment of the Compensation Offer, and that she is legally competent to execute and deliver this General Release. Releasor further represents that she is represented by legal counsel and has received legal advice prior to entering into this General Release and that she has been advised by said attorney regarding the terms and conditions of this General Release, which she has completely read and fully understands, including that accepting the Compensation Offer and signing

3

this General Release is a full and final compromise, adjustment and resolution of any and all Claims that Releasor may now have or ever will have against Releasees.

Pursuant to the EVCP Protocol, the Administrator will maintain the confidentiality of all information and documentation relating to claimants who participate in the EVCP Program. This General Release does not require participating claimants to maintain such confidentiality and Releasor may -- at Releasor's voluntary and sole option -- disclose such information regarding the claims process and/or the Compensation Offer and any other information pertaining to her claim.

This General Release specifically does not include _____ as a Releasee or released party under this Agreement, and all parties expressly acknowledge, agree and understand that any and all claims that Releasor has or may have against _____ are expressly preserved.

Releasor represents and warrants that she has not assigned any Claims released pursuant to this General Release.

As soon as is reasonably practicable after payment of the Compensation Offer is made, and in no event later than three (3) business days from the date thereof, Releasor will dismiss with prejudice any legal actions -- whether lawsuits, probate claims or otherwise – that Releasor has filed against any of Releasees, with each party to bear her, his or its own costs and attorneys' fees.

This General Release contains the entire understanding of the Releasor and the Co-Executors of the Epstein Estate. Any modification of any of the provisions of this General Release shall be effective only if made in writing and executed by Releasor and the Co-Executors of the Epstein Estate with the same formality as this General Release.

IN WITNESS WHEREOF, Claimant has executed this General Release on the date below her signature.

_____
(Signature: Claimant)

_____
(Date)

STATE OF _____)

                                 ss:

COUNTY OF _____)

On _____, 20\_\_, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent is the Releasor who executed the foregoing General Release.

_____
Notary Public

Reviewed and approved:

    Type (or print) Name of Claimant: _____

Attorney for Releasor:

    Type (or print) Name of Attorney: _____

    Signature: _____