**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated,

        *Plaintiffs*,

v.

DARREN K. INDYKE and RICHARD D. KAHN,

        *Defendants*.

Civil Action No. 24 Civ. 1204 (AS)
[rel. 1:24-cv-02192 (AS)]

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING**
**RESOLUTION OF DEFENDANTS' MOTION TO DISMISS OR STRIKE**

---

**HUGHES HUBBARD & REED LLP**

Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Fax: (212) 299-6874
Fax: (212) 299-6460

*Attorneys for Defendant Darren K. Indyke*

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel S. Ruzumna, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: tnorris@pbwt.com
Fax: (212) 336-1205
Fax: (212) 366-1297

*Attorneys for Defendant Richard D. Kahn*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................3

I. Defendants Have Made a Strong Showing that the Court Should Dismiss All But One of Doe's Claims and Strike the Class Allegations ..................................................................4

II. Discovery at This Stage Will Be Unduly Burdensome and Unfairly Prejudicial to Defendants. ...........................................................................................................................8

III. Plaintiffs Will Not Be Unfairly Prejudiced by a Stay........................................................10

CONCLUSION............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adhikari v. Daoud & Partners*,
   No. 09-cv-1237, 2013 WL 4511354 (S.D. Tex. Aug. 23, 2013) ................................................6

*Am. Web, Inc. v. Flom Corp.*,
   No. 11-cv-02444-WYD-KMT, 2012 WL 3129196 (D. Colo. July 31, 2012) ...................4, 8, 9

*In re Bausch & Lomb, Inc. Secs. Litig.*,
   183 F.R.D. 78 (W.D.N.Y. 1998) ............................................................................................10

*BCM Development, LLC v. Oprandy*,
   490 F. App'x 409 (2d Cir. 2013) ............................................................................................10

*Boelter v. Hearst Commc'ns, Inc.*,
   No. 15 Civ. 03934 (AT), 2016 WL 361554 (S.D.N.Y. 2016) ..................................................9

*Camacho v. City of New York*,
   No. 19cv11096 (DLC), 2020 WL 4014902 (S.D.N.Y. July 16, 2020) .....................................5

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
   236 F.R.D. 113 (E.D.N.Y. 2006) .............................................................................................3

*Chowdhury v. Brioni Am., Inc.*,
   16 Civ 344 (HBP), 2017 WL 5953171 (S.D.N.Y. Nov. 29, 2017) .........................................10

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ............................................................................................8, 9

*Davito v. AmTrust Bank*,
   743 F. Supp. 2d 114 (E.D.N.Y. 2010) ......................................................................................5

*Doe 1 v. Deutsche Bank Aktiengesellschaft*,
   671 F. Supp. 3d 387 (S.D.N.Y. 2023) ...................................................................................6, 7

*Freeman v. Jacobson*,
   No. 20-CV-10040 (SN), 2021 WL 3604754 (S.D.N.Y. Aug. 13, 2021) ..................................5

*Gilbert v. U.S. Olympic Comm.*,
   423 F. Supp. 3d 1112 (D. Colo. 2019) .....................................................................................7

*Huff v. Canterbury Park Holding Corp.*,
   No. 22-cv-1922, 2023 WL 5403472 (D. Minn. Aug. 22, 2023) ............................................10

# TABLE OF AUTHORITIES
# (CONTINUED)

**Page(s)**

*Ingenito v. Bermec Corp.*,
   376 F. Supp. 1154 (S.D.N.Y. 1974) ................................................................................5

*Jean-Charles v. Perlitz*,
   937 F. Supp.2d 276 (D. Conn. 2013) ..............................................................................7

*O'Sullivan v. Deutsche Bank AG*,
   No. 17-CV-8709, 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018) ..................................10

*Othart Dairy Farms, LLC v. Dairy Farmers of Am., Inc.*,
   No. 22-cv-0251 MIS/SMV, 2022 WL 2966615 (D.N.M. July 27, 2022) ................4, 8

*Ratha v. Phatthana Seafood Co., Ltd.*,
   Case No. CV 16-4271-JFW, 2023 WL 2762044 (C.D. Cal. Mar. 3, 2023) ...................7

*Reyes v. W.D. Henry & Sons, Inc.*,
   No. 18-CV-1017V(F), 2019 WL 483318 (W.D.N.Y. Feb. 7, 2019) ..............................9

*In re Roman Catholic Diocese*,
   650 B.R. 58 (Bankr. S.D.N.Y. 2023) ............................................................................10

*Romero v. Flaum Appetizing Corp.*,
   No. 07 Civ. 7222(BSJ)(JCF), 2011 WL 812157 (S.D.N.Y. Mar. 1, 2011) ....................5

*Solis v. 666 Fifth Assocs. LLC*,
   20 Civ. 5105 (AKH), 2021 WL 5998416 (S.D.N.Y. Dec. 20, 2021) .............................4

*Spann v. AOL Time Warner, Inc.*,
   219 F.R.D. 307 (S.D.N.Y. 2003) ....................................................................................5

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
   206 F.R.D. 367 (S.D.N.Y. 2002) ....................................................................................4

*St. Louis v. Perlitz*,
   No. 3:13-CV-1132, 2016 WL 1408076 (D. Conn. Apr. 8, 2016) ..................................6

*United States v. Farah*,
   766 F.3d 599 (6th Cir. 2014) ..........................................................................................7

*VanHorn v. U.S. Postal Serv.*,
   No. 21-1067-DDC-GEB, 2021 WL 3722275 (D. Kan. Aug. 23, 2021) ........................8

*Walker v. Asea Brown Boveri, Inc.*,
   214 F.R.D. 58 (D. Conn. 2003) ......................................................................................5

*Whitehead v. Pine Haven Operating LLC*,
   201 N.Y.S.3d 697 (N.Y. App. Div. 2023) .....................................................................8

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

**Statutes**

18 U.S.C. § 1591(d) ....................................................................................................................... 7

18 U.S.C. § 1591(a) ....................................................................................................................... 6

Pub. L. 117-347, Title I, § 102 ...................................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 12(f) ....................................................................................................................... 5

Fed. R. Civ. P. 23 ........................................................................................................................... 5

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 9

N.Y.C. Admin Code § 10-1103 .................................................................................................... 8

Defendants Darren K. Indyke and Richard D. Kahn respectfully submit this memorandum of law pursuant to Federal Rule of Civil Procedure 26(c) in support of their Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss or Strike. For the following reasons, the Court should grant the Motion and stay discovery.

## PRELIMINARY STATEMENT

Defendants seek a stay of discovery pending resolution of their motion to dismiss and to strike (Dkt. 29) (the "Motion to Dismiss") based on the high likelihood that the Court will dismiss all claims of Plaintiff Danielle Bensky and all but one claim of Plaintiff Jane Doe 3, and further that the Court will strike the class allegations. This case is unique in that Bensky and 187 other women—the vast majority of the putative class—executed broad, binding releases that "release and forever discharge" Defendants with respect to the seven claims brought in Plaintiffs' complaint (the "Complaint") and all other claims up through the date of releases. Allowing discovery to proceed in the face of these releases would disincentivize defendants from ever resolving cases since one of the purposes of settling claims is to avoid the burden and expense of pretrial discovery. Though Plaintiff Doe did not execute a release, all but one of her claims are statutorily barred or unsupported by the allegations in the Complaint. Once the Court rules on Defendants' Motion to Dismiss, the case will look very different from the claims alleged in the Complaint and the scope of appropriate discovery will be correspondingly narrowed.

Plaintiffs will not suffer from a stay of discovery. Bensky and Doe bring this action on behalf of themselves and a putative class of individuals abused by Jeffrey Epstein from 1995 through the time of his death five years ago. Bensky alleges that she was abused from 2004 to 2005, nearly twenty years ago. Doe does not offer specific dates of her abuse, except to reference one occasion from 2014, ten years ago. Staying discovery to allow the Court to resolve Defendants' Motion to Dismiss will not materially add to the time Doe will wait for any possible

relief. (Bensky already secured substantial relief from the Estate of Jeffrey Epstein (the "Epstein Estate") and released claims against Defendants in January 2021.) Doe chose not to pursue claims through the victim relief fund Defendants set up for Epstein's victims, the Epstein Victim's Compensation Program ("EVCP"), or to pursue her claims otherwise until very recently. She will not be prejudiced by a modest delay in discovery so the issues can be properly narrowed. Moreover, Plaintiffs' counsel already obtained extensive discovery into Jeffrey Epstein's financial dealings, including a deposition of Defendant Kahn, in the class action litigations against JPMorgan Chase and Deutsche Bank. A short delay in seeking additional discovery in this litigation will have little effect on Plaintiffs.

## BACKGROUND

Plaintiffs filed the Complaint on February 16, 2024, seeking recovery for injuries they allegedly suffered at the hands of the now-deceased Jeffrey Epstein. *See generally* Dkt. 1, Compl. Plaintiffs filed the Complaint shortly after Plaintiffs' counsel negotiated settlements on behalf of classes of Epstein victims against Epstein's former financial institutions, Deutsche Bank and JPMorgan Chase Bank. *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, 22-cv-10018, Dkt. 91, 122; *Doe 1 v. JPMorgan Chase*, 22-cv-10019, Dkt. 182, 284, (collectively, the "Bank Litigation"). In connection with the Bank Litigation, Plaintiffs' counsel, who represented the named plaintiffs in those class actions, obtained extensive discovery via Rule 45 subpoenas from the Epstein Estate and Epstein-related entities. The Epstein Estate and Epstein-related entities produced approximately 28,000 documents in response to those subpoenas, including documents specifically intended to identify potential class members.

Plaintiffs now bring claims against Indyke, formerly a lawyer for Epstein, and Kahn, formerly an accountant for Epstein, for purportedly facilitating Epstein's trafficking and abuse. On behalf of themselves and a putative class, Plaintiffs plead causes of action for (1) aiding, abetting,

2

Case 1:24-cv-01204-AS   Document 36   Filed 04/08/24   Page 8 of 18

and facilitating battery; (2) intentional infliction of emotional distress; (3) negligence; (4) knowingly benefitting from participation in a sex-trafficking venture in violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1595 (the "TVPA"); (5) obstruction of the enforcement of the TVPA; (6) conspiracy to violate the TVPA; and (7) perpetrating a "crime of violence motivated by gender" in violation of the New York City Gender-Motivated Violence Protection Act ("GMVPA"). Compl. ¶¶ 199–309.

On April 8, 2024, Defendants moved to dismiss all claims other than Doe's negligence claim and to strike the class allegations. Dkt. 29. Defendants' motion presents a threshold legal question as to whether the Court possesses subject matter jurisdiction over Bensky's claims, given her prior execution of a binding release through the EVCP that expressly waives and forever discharges Defendants from the claims brought in this action, or over claims against Defendants by the putative class, given that 187 other putative class members executed substantively identical releases (the "Releases") to Bensky's. Defendants' motion also addresses the retroactive inapplicability of the TVPA and GMVPA, as well as Plaintiffs' failure to adequately allege the necessary elements of these and their intentional tort claims. Defendants respectfully submit that the Court will dismiss all but Doe's negligence claim and will strike the class allegations, rendering this action materially different from the claims that Plaintiffs allege in the Complaint.

## ARGUMENT

The Court should stay discovery pending resolution of Defendants' Motion to Dismiss because there is a high likelihood that it will dismiss the vast majority of Plaintiffs' claims and strike the class allegations. Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court has broad discretion to stay discovery "for good cause shown." Good cause requires a showing of facts militating in favor of the stay. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (cleaned up). "Factors that courts have considered when

determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.*; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Courts have held that a stay of discovery is also appropriate where a partial motion to dismiss will materially alter the scope of discovery or where the motion challenges the Court's jurisdiction. *Othart Dairy Farms, LLC v. Dairy Farmers of Am., Inc.*, No. 22-cv-0251 MIS/SMV, 2022 WL 2966615, at *3 (D.N.M. July 27, 2022); *Am. Web, Inc. v. Flom Corp.*, No. 11-cv-02444-WYD-KMT, 2012 WL 3129196, at *2 (D. Colo. July 31, 2012). Here, all factors militate in favor of granting a stay.

## I. Defendants Have Made a Strong Showing that the Court Should Dismiss Bensky's Claims and All But One of Doe's Claims and Strike the Class Allegations

The Court should stay discovery here because the Motion to Dismiss "appears to be not unfounded in the law" and Defendants have presented "substantial arguments for dismissal." *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. at 368. Defendants have identified multiple grounds to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.

As an initial matter, Bensky and 187 other putative class members signed Releases whose terms unambiguously bar claims against Defendants. Because those Releases discharge all claims against Defendants, Bensky's claims are moot and the Court lacks subject matter jurisdiction over them. *See Solis v. 666 Fifth Assocs. LLC*, 20 Civ. 5105 (AKH), 2021 WL 5998416, at *3 (S.D.N.Y. Dec. 20, 2021) ("[W]hen a party has already been made whole for damage it claims to have suffered, the case is ordinarily moot. . . . A settlement has the effect of mooting subsequent claims by a third party contemplated in the settlement agreement."); *see also* Wright & Miller, Federal

4

Practice and Procedure § 3533.2 (settlement "removes the necessary element of adversariness and moots the action").

Further, because 187 other members of the putative class signed substantively identical releases to Bensky's Release, the Court should strike the class allegations since Plaintiffs cannot plausibly allege numerosity, typicality, predominance, or superiority. *See* Fed. R. Civ. P. 12(f), 23(a), (b)(3), and (d)(1)(D); *see also Camacho v. City of New York*, No. 19cv11096 (DLC), 2020 WL 4014902, at *3–4 (S.D.N.Y. July 16, 2020) (striking class allegations where plaintiffs could not "meet the numerosity requirement of Rule 23"); *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 116–17 (E.D.N.Y. 2010) (striking class allegations where members of the proposed class had not exhausted the administrative claims process and thus would not be able to sustain claims as part of a class). In cases where some putative class members have signed releases that may be applicable to their claims, courts have declined to certify a class on the grounds that an "attack on the settlements or releases executed . . . would clearly present individual issues as to the circumstances surrounding the obtaining of the release." *Ingenito v. Bermec Corp.*, 376 F. Supp. 1154, 1171 (S.D.N.Y. 1974); *see also Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222(BSJ)(JCF), 2011 WL 812157, at *5 (S.D.N.Y. Mar. 1, 2011) (collecting cases); *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 318 (S.D.N.Y. 2003); *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58, 65 (D. Conn. 2003).

Even setting aside the preclusive effect of the Releases, the vast majority of Plaintiffs' causes of action fail to state a claim on which relief can be granted.

First, Plaintiffs' claims for aiding, abetting, and facilitating battery should be dismissed for failure to establish Defendants' knowledge of, or "substantial assistance" in any battery. *Freeman v. Jacobson*, No. 20-CV-10040 (SN), 2021 WL 3604754, at *9 (S.D.N.Y. Aug. 13, 2021).

Specifically, the Complaint is devoid of facts that "the acts of [defendants] were specifically and intentionally directed at causing harm to the [Plaintiffs]." *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 416 (S.D.N.Y. 2023); Dkt. 30 at 18–20.

Second, Plaintiffs' intentional infliction of emotional distress claim should be dismissed as duplicative of their negligence claim. *See Doe 1*, 671 F. Supp. 3d at 415; Compl. ¶¶ 223–34. Further, there are no allegations in the Complaint that Defendants were even aware of Bensky's or Doe's existence, let alone that Defendants "directed their conduct at [Plaintiffs] specifically," as required to plead a claim for intentional infliction of emotional distress. *Doe 1*, 671 F. Supp. 3d at 416–17; Dkt. 30 at 20–21.

Third, Bensky (along with all other putative class members allegedly trafficked before December 2008) cannot sustain her TVPA claim arising out of Defendants' purported status as "knowing beneficiaries" of a sex-trafficking venture under 18 U.S.C. § 1595(a). *See* Compl. ¶¶ 72, 83, 237. Prior to December 2008, the TVPA permitted claims only against "perpetrators" of sex trafficking; though the TVPA was amended in December 2008 to also permit claims against those who "knowingly benefit" from sex trafficking, that liability does not apply retroactively. *St. Louis v. Perlitz*, No. 3:13-CV-1132 (RNC), 2016 WL 1408076, at *3 (D. Conn. Apr. 8, 2016) (secondary liability prong against knowing beneficiaries does not apply retroactively); *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2013 WL 4511354, at *9 (S.D. Tex. Aug. 23, 2013) ("[F]or conduct from 2003 to 2008, only perpetrators were subject to liability [under § 1595.]"). Moreover, Plaintiffs fail to plead facts sufficient to plausibly claim that Defendants knew, or should have known, that Epstein was causing any person (including Plaintiffs) to engage in a commercial sex act by force, fraud, or coercion. *See* 18 U.S.C. § 1591(a); Dkt. 30 at 21–24.

6

Fourth, Plaintiffs fail to plead a claim for obstruction of the TVPA in violation of 18 U.S.C. § 1591(d).  Section 1591(d) does not criminalize acts taken with the intent to shield illegal activity from discovery; rather, a violation cannot be established unless a defendant knows about an effort by the government to enforce the substantive provisions of § 1591—such as an investigation into or case against a sex trafficker—and intentionally obstructs or attempts to obstruct that effort.  *See, e.g.*, *United States v. Farah*, 766 F.3d 599, 612–13 (6th Cir. 2014); *Jean-Charles v. Perlitz*, 937 F. Supp.2d 276, 287–88 (D. Conn. 2013); *Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1142–44 (D. Colo. 2019) ("Obstruction of a private investigation does not give rise to liability under Section 1590(b) or 1591(d).").  Plaintiffs do not allege that Defendants were aware of government efforts to enforce the TVPA against Epstein, much less that they acted with the intent to obstruct such efforts.  *See* Dkt. 30 at 24–25.

Fifth, Plaintiffs improperly attempt to hold Defendants liable for conspiracy to violate the TVPA, even though the civil remedy provision of the TVPA that permits conspiratorial liability, § 1595(a), was not added to the statute until 2023.  Pub. L. 117-347, Title I, § 102 ("Section 1595(a) of title 18, United States Code, is amended by inserting 'or attempts or conspires to benefit,' after "whoever knowingly benefits.").  The injuries giving rise to Plaintiffs' claims occurred many years before the 2023 amendment.  *See* Compl. ¶¶ 69, 72, 83, 109.  The 2023 amendment does not apply retroactively to Defendants' decades-old conduct.  *See Ratha v. Phatthana Seafood Co., Ltd.*, Case No. CV 16-4271-JFW (ASx), 2023 WL 2762044, at *4–5 (C.D. Cal. Mar. 3, 2023); *see also* Dkt. 30 at 26–27.  Additionally, Plaintiffs fail to plausibly allege that Defendants had an "an agreement with Epstein and/or others to further his sex-trafficking operation"—a necessary element of their conspiracy claim.  *Doe 1*, 671 F. Supp. 3d at 412 (dismissing TVPA conspiracy claim brought against JPMorgan Chase and Deutsche Bank); Dkt. 30 at 27–28.

7

Finally, Plaintiffs cannot sustain a claim under the GVMPA because they do not allege that Defendants themselves committed any crimes of violence.  Although the GVMPA extended civil liability to parties who "direct[], enable[], participate[] in, or conspire[] in" a crime of violence motivated by gender in January 2022, that amendment does not apply retroactively to Defendants' pre-2022 conduct.  *See* N.Y.C. Local L. 21/2022; *see also Whitehead v. Pine Haven Operating LLC*, 201 N.Y.S.3d 697, 700 (N.Y. App. Div. 2023) (describing the presumption against retroactivity).  Plaintiffs also do not allege that Defendants acted "because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender."  N.Y.C. Admin Code § 10-1103.  This claim, too, must be dismissed. Dkt. 30 at 28–30.

In sum, substantial grounds exist for the Court to dismiss all of Bensky's and all but one of Doe's claims, and to strike the class allegations.

## II. Discovery at This Stage Will Be Unduly Burdensome and Unfairly Prejudicial to Defendants.

Proceeding with discovery while Defendants' Motion to Dismiss or Strike is pending would be unduly burdensome and unfairly prejudicial to Defendants.  As described above, Defendants have moved to dismiss or strike all of Bensky and the putative class's claims and all but one of Jane Doe 3's claims.  To avoid unnecessary expense, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).  Stays are appropriate where a partial motion to dismiss will materially alter the scope of discovery or where the motion presents a question as to the Court's jurisdiction to avoid needless costs and expenses associated with discovery.  *Othart Dairy Farms LLC*, 2022 WL 2966615, at *3; *VanHorn v. U.S. Postal Serv.*, No. 21-1067-DDC-GEB, 2021 WL 3722275, at *1 (D. Kan. Aug. 23, 2021); *Am. Web, Inc. v. Flom Corp.*, No. 11-cv-02444-WYD-KMT, 2012 WL 3129196, at *2 (D. Colo. July

8

31, 2012). Pre-discovery winnowing of claims also presents an opportunity to preserve judicial and party resources by focusing potential discovery disputes on those issues that may affect the outcome of the case.

Defendants have challenged the Court's subject matter jurisdiction over Bensky and the putative class's claims. *See supra* at 4-5. Discovery on Bensky's claims and broad class-related discovery would subject Defendants to "undue burden or expense" should the Court conclude it lacks jurisdiction and that the class claims should be stricken. *Am. Web, Inc.*, 2012 WL 3129196, at *1; *see also Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. 2016) (granting stay of discovery when movant asserted the Court lacked subject matter jurisdiction).[1] The outcome of Defendants' Motion to Dismiss will materially alter the scope of discovery, including the relevant time period and applicable search terms. Whether discovery proceeds solely on a single Plaintiff's negligence claim or a wide-ranging class action will also affect whether particular discovery requests are "proportional to the needs of the case" under Rule 26(b)(1). The substantial change in the scope of this litigation (from a seven-count class action on behalf of a class of women based on conduct from 1995 to 2019, to a single negligence claim on behalf of a single plaintiff) militates in favor of a stay. *See Chudasama*, 123 F.3d at 1368. The Court's ruling on these issues will allow the parties to frame the scope of discovery and to avoid the needless burden of reviewing irrelevant documents. Accordingly, the Court should stay discovery until it rules on Defendants' pending Motion to Dismiss.

---

[1] Courts have recognized that responding to class discovery is especially burdensome while a dispositive motion is pending on such claims. *Reyes v. W.D. Henry & Sons, Inc.*, No. 18-CV-1017V(F), 2019 WL 483318, at *3 (W.D.N.Y. Feb. 7, 2019) (finding stay of class discovery appropriate in light of pending summary judgment motion and expansive class discovery sought).

Further, forcing Defendants to shoulder the burden of discovery related to claims that have already been released is particularly unwarranted. "[A] release 'should never be converted into a starting point for renewed litigation,'" *In re Roman Catholic Diocese*, 650 B.R. 58, 69 (Bankr. S.D.N.Y. 2023), as "settlement [agreements] are favored by the courts and not lightly cast aside," *BCM Development, LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013) (quoting *Hallock v. State*, 64 N.Y.2d 224, 230 (1984)). Settlement is a means to avoid burdensome discovery and costly litigation, as well as to preserve judicial resources. *See Chowdhury v. Brioni Am., Inc.*, 16 Civ 344 (HBP), 2017 WL 5953171 (S.D.N.Y. Nov. 29, 2017); *In re Bausch & Lomb, Inc. Secs. Litig.*, 183 F.R.D. 78, 81 (W.D.N.Y. 1998). Depriving Defendants (and the Court) of a critical benefit of settlement agreements pursuant to which Bensky and 187 other women released their claims against Defendants would unfairly prejudice Defendants. *See Huff v. Canterbury Park Holding Corp.*, No. 22-cv-1922 (WMW/ECW), 2023 WL 5403472, at *3 (D. Minn. Aug. 22, 2023) (finding that where the parties had "already incurred substantial expense and time" reaching settlement, a stay of discovery was warranted).

### III.    Plaintiffs Will Not Be Unfairly Prejudiced by a Stay.

Finally, Plaintiffs will not be unfairly prejudiced by a stay of discovery. While Plaintiffs may complain of a delay in prosecuting their claims, delay alone is not sufficient prejudice to defeat a stay. "[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). Considering that the alleged abuse giving rise to Plaintiffs' claims occurred nearly twenty years ago for Bensky and ten years ago for Doe, Plaintiffs cannot reasonably argue that a few months' additional delay will be unfairly prejudicial.

10

Here, there is simply no other form of prejudice. Plaintiffs' counsel already possesses at least 28,000 documents that the Epstein Estate and Epstein-related companies produced in response to third-party subpoenas in the Bank Litigation, and Defendant Kahn was deposed in the Bank Litigation by Plaintiffs' counsel's co-counsel. Dkt. 31, Declaration of Daniel S. Ruzumna ("Ruzumna Dec.") ¶¶ 6–9. As in the Bank Litigation, Plaintiffs' and the putative class's claims here focus on conduct that allegedly enabled Epstein's abuse: opening bank accounts, facilitating financial transactions, and helping create Epstein's "complex financial infrastructure." *Compare* Compl. ¶ 7 ("Indyke and Kahn also personally assisted with creating the Epstein Enterprise's complex financial infrastructure, which involved dozens of bank accounts at various banking institutions, many of which were held in the name of corporate entities with no legitimate business purpose and that appear to have been created to simply facilitate the illegal sex-trafficking venture."), *to Doe 1 v. Deutsche Bank Aktiengesellschaft*, 22-cv-10018, Dkt. 42 ¶ 37 ("The Epstein sex-trafficking …. venture had everything a sex-trafficking organization needed—funding, infrastructure, the appearance of legitimacy, and, most importantly, a complicit banking institution to ensure the illegal operation could continue to grow undetected by law enforcement."), and *Doe 1 v. JPMorgan Chase Bank*, 22-cv-10019, Dkt. 36 ¶ 50 ("Epstein's sexual abuse and sex-trafficking operation continued [after 2007] as it had in the past, although it became more elaborate, creating more phony companies, opening more bank accounts, withdrawing excessive amounts of cash, and delivering money to victims through wires, payroll, direct deposits, and other means known to his financial institution as evidence of the continuation of his criminal sex trafficking scheme.").

In the Bank Litigation, the Estate and the defendant banks produced—and thus Plaintiffs' counsel has access to—bank account statements, QuickBooks reports, and other financial records

detailing payments Epstein made to women and other financial transactions, whether those payments were made with cash or otherwise. *See* Ruzumna Dec. ¶ 6. The Estate produced additional records for the purpose of allowing Plaintiffs' counsel to identify putative class members. *Id.* ¶ 6–9. And Kahn was deposed for seven hours about, among other things, Epstein's financial records, specific payments to women, his position in Epstein-related entities, and the nature of his relationship with Epstein. *Id.* ¶ 7. Given the substantial discovery that Plaintiffs' counsel already have in their possession, Plaintiffs will suffer no attendant prejudice sufficient to overcome a stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery pending its determination of Defendants' Motion to Dismiss.

Dated:      New York, New York
            April 8, 2024

                                    Respectfully submitted,

                                    */s/ Daniel S. Ruzumna*
                                    Daniel S. Ruzumna, Esq.
                                    Tara J. Norris, Esq.
                                    Patterson Belknap Webb & Tyler LLP
                                    1133 Avenue of the Americas
                                    New York, New York 10583
                                    Telephone: (212) 336-2034
                                    Email: druzumna@pbwt.com/tnorris@pbwt.com

                                    *Counsel for Richard D. Kahn*

*/s/ Daniel H. Weiner*
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6874
Email: daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com

*Counsel for Darren K. Indyke*