UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Danielle Bensky and Jane Doe 3,
individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

Darren K. Indyke and Richard D. Kahn,

       Defendants.

CASE NO:   1:24-cv-01204-AS
[rel: 1:24-cv-02192-AS]

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RULE 11 SANCTIONS

Plaintiffs Danielle Bensky and Jane Doe 3, individually and on behalf of all others similarly situated, submit this memorandum of law in support of their motion for sanctions against Defendants' counsel pursuant to Federal Rule of Civil Procedure ("FRCP") 11.

### PRELIMINARY STATEMENT

Defendants have filed a meritless motion for sanctions that is itself deserving of sanctions. ECF No. 33 (hereinafter "Mot."). Defendants' motion wrongly speculates about, misstates, and ignores the bases of the Complaint; fails to cite a single case sanctioning a party for filing claims barred by a release; and misstates Plaintiffs' obligations. Rather than having bona fide grounds under Rule 11, Defendants' motion was itself filed with the improper purpose of threatening, harassing, and intimidating Plaintiffs and their counsel. Defendants' decision to resort to a strategy of deflecting and distracting rather than litigating the merits of Plaintiffs' case is not only disappointing, but sanctionable.

1

## FACTUAL BACKGROUND

On February 16, 2024, Plaintiffs filed their Complaint against Defendants Kahn and Indyke for damages and other relief under (among other provisions of law): the Trafficking Victim Protection Act, 18 U.S.C. § 1591, et seq. ("TVPA"); common law causes of action; the New York Adult Survivors Act, N.Y. CPLR §214-j; and the Victims of Gender-Motivated Violence Protection Act ("GMVPA"), New York City Administrative Code § 10-11.

Plaintiffs bring these claims after an extensive investigation into Defendants' activities as Epstein's personal lawyer and accountant, respectively, and as a result of their personal participation in the Epstein Enterprise from approximately 1995 onward. The Complaint details how Defendants earned millions of dollars in exchange for facilitating Epstein's sex abuse and trafficking and provides many specific factual allegations about how Defendants facilitated the conduct.

Still, on March 25, 2024, just over a month after the Complaint was filed and before any dispositive briefing began in this case, Defendants sent Plaintiffs an unfounded sanctions motion (the "Motion") and notified Plaintiffs of their intent to file the motion in 21 days.

## STANDARD

"[W]here a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court [may] find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney." *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003); *Lee v. Grand Sichuan E. (N.Y.) Inc.*, 2014 WL 199512, at *1 (S.D.N.Y. Jan. 17, 2014) ("a Rule 11 motion that itself does not comply with Rule 11 can warrant sanctions against the moving party."); *see also On Time Aviation, Inc. v. Bombardier Cap. Inc.*, 570 F. Supp. 2d 328, 334 (D. Conn. 2008), *aff'd*, 354 F. App'x 448 (2d Cir. 2009). The Advisory

Committee Notes for Rule 11 explain that "Rule 11 motions . . . should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments).

## **ARGUMENT**

Defendants' motion misstates Plaintiffs' position and ignores law that supports Plaintiffs' claims. This court has sanctioned parties where the parties' "bases for sanctions centered on objectively unreasonable statements which lacked factual support" and are "duplicative" of merits motions in the case. *Lee*, 2014 WL 199512, at *3 (citing *On Time Aviation, Inc.*, 570 F. Supp. 2d at 332, 335). Defendants' motion is full of misstatements that are patently unreasonable. For example, Defendants state that Plaintiff Bensky "ignores her own signed agreement." Mot. at 6. This is not true. Prior to filing the Complaint, Plaintiffs' counsel researched the effects of the "release" that the Motion claims bars her claims. Defendants also misstate that Plaintiffs' only basis for their fraud claims was Defendant Kahn's deposition testimony in the *JP Morgan* case. *See* Mot. at 19. Plaintiffs' bases for bringing this action are tied to various different facts that had been intentionally concealed by Defendants during the EVCP process, which Plaintiffs learned after negotiating the EVCP compensation fund, not simply deposition testimony in a single action.

Remarkably, Defendants' Motion fails to cite any case law showing that sanctions are appropriate when a plaintiff files claims that are purportedly barred by a release or covenant. Indeed, Defendants misstate Plaintiffs' obligations. The existence of a covenant not to sue or a release is an affirmative defense, *Bowling v. Johnson & Johnson*, 2019 WL 1760162, at *5 (S.D.N.Y. Apr. 22, 2019), and a plaintiff has no obligation to anticipate affirmative defenses in a complaint. *See* Fed. R. Civ. P. 8(c) (defendant must plead any "matter constituting an avoidance

3

or affirmative defense"); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("We see no basis for imposing on the plaintiff an obligation to anticipate such a defense").

Defendants' motion exaggerates the risks of the Court accepting Plaintiffs' arguments, claiming that allowing this lawsuit to proceed would somehow "jeopardize all future victims' compensation funds." Mot. at 1 (citing as past examples funds involving the Catholic Church and sexual abuse of student athletes at USC, Michigan, and Baylor). This case is factually unique from the examples Defendants provide, however, because Defendants' direct involvement in facilitating Epstein's criminal affairs after he was charged with sex crimes was unknown to the EVCP's participants at the time any releases were signed.

Defendants' arguments about the legal insufficiency and lack of particularity of our allegations are certainly more appropriate for a motion to dismiss, as Defendants' own cases reveal. *See Butala v. Agashiwala*, 916 F. Supp. 314 (S.D.N.Y. 1996) (addressing particularity argument on motion to dismiss); *In re WorldCom, Inc.*, 296 B.R. 115, 123–24 (S.D.N.Y. 2003) (addressing particularity argument during merits determination in bankruptcy). "Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss" *Safe-Strap Co.*, 270 F. Supp. 2d at 416.

## CONCLUSION

For all these reasons (and the reasons to be set forth in the parties' motion to dismiss briefing), it is Defendants' motion, not the Complaint, that is deserving of sanctions. Plaintiffs therefore respectfully request that the Court grant this motion and impose appropriate sanctions on Defendants' counsel.

DATED: April 19, 2024                                     Respectfully submitted,

/s/ *Sigrid McCawley*
David Boies
Boies Schiller Flexner
LLP 55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com