# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Danielle Bensky and Jane Doe 3,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.

Darren K. Indyke and Richard D. Kahn,

       Defendants.

Case No.: 1:24-cv-01204-AS
[rel: 1:24-cv-02192-AS]

### PLAINTIFFS' CHART IDENTIFYING ELEMENTS PLAUSIBLY ALLEGED IN THE COMPLAINT

| Aiding and Abetting Battery pursuant to New York Law (Count I)[1] | | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| A wrongful act produced an injury to Plaintiffs; | Not disputed for purposes of Motion to Dismiss. | |
| Defendants were aware of their role as a part of an overall illegal or tortious activity, *i.e.*, battery, at the time they provided assistance; and | Disputed. | Compl. ¶¶ 1–12, 25, 26, 35, 93, 117, 123, 124, 126–188, 204–211 |
| Defendants knowingly and substantially assisted in the principal violation. | Disputed. | Compl. ¶¶ 1, 3, 4, 6, 7–12, 25, 26, 35, 93, 117, 123, 124, 126–184, 204–211 |

---

[1] *See Naughtright v. Weiss*, 826 F. Supp. 2d 676, 691 (S.D.N.Y. 2011) (quoting *Scollo v. Nunez*, 847 N.Y.S.2d 899 (N.Y. Sup. Ct. 2007)).

1

| | Intentional Infliction of Emotional Distress pursuant to New York Law (Count II)[2] | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| Defendants engaged in extreme and outrageous conduct; | Disputed. | Compl. ¶¶ 1–12, 22, 25, 26, 35, 36, 93, 97, 117, 123, 124, 126–184, 216–222 |
| Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress; | Disputed | Compl. ¶¶ 1–12, 22, 25, 26, 35, 93, 97, 117, 123, 124, 126–184, 185–188, 216–222 |
| A causal connection exists between Defendants' conduct and the emotional distress; and | Disputed. | Compl. ¶¶ 1–12, 25, 26, 35, 36, 93, 97, 117, 123, 124, 126–184, 216–222 |
| Plaintiffs suffered severe emotional distress. | Not disputed for purposes of Motion to Dismiss. | |

---

[2] *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 415 (S.D.N.Y. 2023) (quoting *Eskridge v. Diocese of Brooklyn*, 180 N.Y.S.3d 179, 181 (N.Y. App. Div. 2022)).

| Negligence pursuant to New York Law (Count III)[3] | | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| Defendants owed Plaintiffs a duty; | Not disputed for purposes of Motion to Dismiss. | |
| Defendants breached their duty; and | Not disputed for purposes of Motion to Dismiss. | |
| Plaintiffs sustained an injury as a proximate result of the breach. | Not disputed for purposes of Motion to Dismiss. | |

---

[3] *See Doe 1*, 671 F. Supp. 3d at 414 (quoting *Solomon ex rel. Solomon v. City of New York*, 489 N.E.2d 1294, 1294-95 (N.Y. 1985)).

| Knowingly Benefitting from Participation in a Sex Trafficking Venture (Count IV)[4] | | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| The 2008 amendments to the TVPA apply retroactively to Defendants' alleged conduct; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| Plaintiffs' claims are not barred by the 10-year statute of limitations; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | Compl. ¶¶ 102–114, 130–134, 139–141, 163–164, 187, 188 |
| The existence of a commercial sex trafficking venture; | Not disputed for purposes of Motion to Dismiss. | |
| Defendants participated in the venture knowing or in reckless disregard of the fact that means of force, fraud or coercion would be used to cause the trafficked person to engage in a commercial sex act; and | Disputed. | Compl. ¶¶ 7–12, 25, 26, 35, 36, 49, 52, 93, 97, 123, 124, 126–184 |
| Defendants knowingly benefited from their participation. | Not disputed for purposes of Motion to Dismiss. | |

---

[4] *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 523-24 (S.D.N.Y. 2018) (quoting *United States v. Afyare*, 632 F. App'x 272, 283 (6th Cir. 2016)).

| Obstruction of the TVPA (Count V)[5] | | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| Plaintiffs' claims are not barred by the 10-year statute of limitations; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | Compl. ¶¶ 130–134, 139–141, 163–164, 187, 188 |
| Defendants knew about an effort by the government to enforce the substantive provisions of the TVPA; and | Disputed | Compl. ¶¶ 260–273 |
| Defendants intentionally obstructed or attempted to obstruct the government's effort. | Disputed. | Compl. ¶¶ 1, 3, 262–273 |

---

[5] *See United States v. Farah*, 766 F.3d 599, 612–13 (6th Cir. 2014); *Jean-Charles v. Perlitz*, 937 F. Supp.2d 276, 287–88 (D. Conn. 2013); *Gilbert v. United States Olympic Committee*, 423 F. Supp. 3d 1112, 1142–44 (D. Colo. 2019)).

| Conspiracy to Violate the TVPA (Count VI)[6] | | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| The 2023 amendments to the TVPA apply retroactively to Defendants' alleged conduct; | Disputed. | *See* Opposition to Motion to Dismiss. |
| Plaintiffs' claims are not barred by the 10-year statute of limitations; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | Compl. ¶¶ 130–134, 139–141, 163–164, 187, 188 |
| Defendants entered into an agreement to participate in a sex-trafficking venture; | Disputed. | Compl. ¶¶ 276, 281–283, 289, |
| Defendants were conscious of and had the intent to further the sex-trafficking venture; and | Disputed. | Compl. ¶¶ 7–12, 25, 26, 35, 36, 49, 52, 93, 97, 123, 124, 126–184, 301 |
| An overt act was taken in furtherance of that conspiracy. | Not disputed for purposes of Motion to Dismiss. | |

---

[6] *See United States v. Unpradit*, 35 F.4th 615, 624 (8th Cir. 2022); *Doe 1*, 671 F. Supp. 3d at 412.

| Gender Motivated Violence Prevention Act (Count VII)[7] | | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| Plaintiffs have not released and discharged the claim; | Disputed as to Plaintiff Bensky and similarly situated members of the proposed class. | *See* Opposition to Motion to Dismiss. |
| The 2022 amendments to the GMVPA apply retroactively to Defendants' alleged conduct; | Disputed. | *See* Opposition to Motion to Dismiss. |
| Defendants committed [or directed, enabled, participated in, or conspired in] a crime of violence; | Not disputed for purposes of the Motion to Dismiss as to post-2022 version; disputed as to pre-2022 version of this element. | *See* Opposition to Motion to Dismiss. |
| The crime was committed against Plaintiffs; | Disputed as to Defendants' alleged crime. | Compl. ¶¶ 305, 306, 307, 308, 309 |
| The crime presented a serious risk of physical injury; | Disputed as to Defendants' alleged crime. | Compl. ¶ 308 |
| The crime was perpetrated because of Plaintiffs' gender; | Disputed as to Defendants' alleged crime. | Compl. ¶¶ 306, 307 |
| The crime was perpetrated in part because of animus against Plaintiffs' gender; | Disputed as to Defendants' alleged crime. | Compl. ¶¶ 1, 6, 7, 29, 94, 99, 100, 118, 119, 123, 124, 306, 307 |
| The crime caused injury to Plaintiffs. | Disputed as to Defendants' alleged crime. | Compl. ¶¶ 89, 90, 125, 308 |

---

[7] *See* N.Y.C. Admin Code 10-1103; N.Y.C. Admin Code 10-1104; *Breest v. Haggis*, 115 N.Y.S. 3d 322, 326-31 (N.Y. App. Div. 2019); *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, at *25 (S.D.N.Y., Sep. 9, 2021).

| | **Class Allegations**[8] | |
|---|---|---|
| **Elements** | **Defendants' Position** | **Supporting Allegations** |
| The putative class is so numerous that joinder of all members is impracticable; | Disputed. | Compl. ¶¶ 189, 191 |
| There are questions of law or fact common to the putative class; | Not disputed for purposes of Motion to Dismiss. | |
| Plaintiffs' claims or defenses are typical of the claims or defenses of the putative class; | Disputed. | Compl. ¶ 192 |
| Plaintiffs will fairly and adequately protect the interests of the putative class; | Not disputed for purposes of Motion to Dismiss. | |
| Questions of law or fact common to the putative class predominate over questions affecting individual members of the putative class; and | Disputed. | Compl. ¶¶ 193–95 |
| A class action is superior to other available methods for fairly and efficiently adjudicating the controversy. | Disputed. | Compl. ¶ 198 |

---

[8] *See* Fed R. Civ P. 23(a); 23(b)(3).

Dated: May 23, 2024

Respectfully submitted,

/s/ *Sigrid McCawley*
David Boies
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com