June 20, 2024

<u>**Via ECF**</u>

The Honorable Arun Subramanian
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

      Re: Joint Pre-Conference Letter, *Bensky et al. v. Indyke et al*, No. 1:24-cv-01204-AS

Dear Judge Subramanian,

      In anticipation of the June 26, 2024, Initial Pretrial Conference, and pursuant to the Court's February 26, 2024 Order (Dkt. 15), the parties respectfully submit this joint letter.

1. **Brief Statement of the Action**

    a. **Plaintiffs' Brief Statement of the Action:** This putative class action arises out of Defendant Darren K. Indyke and Richard D. Kahn's yearslong involvement with notorious sex offender Jeffrey Epstein's sex-trafficking operation and enterprise. Since 1995, Indyke and Kahn, Epstein's personal lawyer and accountant, respectively, worked closely with Epstein through every step of the sex-trafficking operation's expansion and growth and reaped multi-million-dollar rewards for their participation. After Epstein's death, Defendants were named co-executors of his Estate. They hid their integral involvement with the Epstein Enterprise from Plaintiffs through concealments, false denials, and other efforts.

      Plaintiffs Danielle Bensky and Jane Doe 3, individually and on behalf of a putative Class of Epstein survivors, have brought suit against Defendants for their integral role in Epstein's sex-trafficking enterprise. The Complaint alleges causes of action for aiding, abetting, and facilitating battery; intentional infliction of emotional distress; negligence; violations of the Trafficking Victims Protection Act (beneficiary liability, obstruction liability, and conspiracy to violate); and violation of New York City's Victims of Gender-Motivated Violence Protection Law.

    b. **Defendants' Brief Statement of the Action:** This action arises out of Plaintiffs' claims that Defendants Richard Kahn and Darren Indyke are personally liable for abuse suffered at the hands of Jeffrey Epstein and his trafficking enterprise, both to Plaintiffs individually and to a proposed class of Epstein's victims. In their Motion to Dismiss or Strike (Dkt. No. 29, the "Motion to Dismiss"), Defendants raised the following defenses: (1) Plaintiff Bensky and at least 187 other putative class members (a group that encompasses the vast majority, if not the entirety, of the proposed class) already released their claims against Defendants; (2) Plaintiffs fail to plead cognizable New York battery or intentional infliction of emotional distress claims; (3) Plaintiffs fail to plead cognizable Trafficking Victims Protection Act ("TVPA") claims; (4) Plaintiffs may not retroactively impose liability on Defendants for an alleged conspiracy to violate the TVPA; (5) Plaintiff Bensky's TVPA claims are barred by the statute of limitations on the face of the complaint; and (6) Plaintiffs fail to plead cognizable New York City Gender Motivated Victims Protection Act

claims.  In addition, Defendants argue that the class allegations should be stricken because the class is facially deficient and cannot meet the requirements of Rule 23.

2.  **Jurisdiction**

  **a.  Plaintiffs' Position:**  The Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims under the federal TVPA statute and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because Epstein, his co-conspirators, and Defendants all conducted substantial activities in this District.

  **b.  Defendants' Position:**  As explained in Defendants' Motion to Dismiss, the Court lacks subject-matter jurisdiction over Plaintiff Bensky's claims and the putative class's claims, which have been mooted by releases of claims (the "Releases") signed by Bensky and the putative class members, upon the advice of counsel, for which they received valuable consideration.  Therefore, neither Bensky nor the putative class can satisfy the case or controversy requirement of Article III.  Defendants do not dispute that the Court has subject-matter jurisdiction over Plaintiff Jane Doe 3's individual claims.

3.  **Existing Deadlines:**  There are no existing deadlines.

4.  **Outstanding Motions**

  a.  Defendants' Motion to Dismiss (Dkt. 29, 30); Plaintiffs' Memorandum in Opposition (Dkt. 60); and Defendants' Reply Memorandum in Support (Dkt. 65)

  b.  Stipulation and Proposed Order Regarding Production of Documents and ESI (Dkt. 63)

5.  **Discovery**

  **a.  Plaintiffs' Position:**  Pursuant to the Court's April 23, 2024, Order (Dkt. 53), the parties have held their Rule 26(f) conference, exchanged initial disclosures, negotiated a protective order and ESI protocol, and served discovery demands.  The parties are currently in the process of conferring regarding negotiating search terms and custodians and the collection of documents for production.  Plaintiffs have also served third party subpoenas for documents.

  Plaintiffs object to Defendants' vague proposal to "bifurcate" discovery, which appears calculated to permit Defendants to conduct intrusive discovery into individual class members' (each an Epstein victim) lives for three months *before* they are required to produce documents and testify under oath concerning their own involvement in Epstein's sex trafficking.  The proposed bifurcation into "class" and "merits" phases would also needlessly delay and duplicate the proceedings, in particular where the same documents relevant to the identification of victims would be relevant to Defendants' liability in their victimization.  *See Cunningham v. Big Think Cap. Inc.*, at *3 (E.D.N.Y. Sept. 27, 2021) ("Bifurcation is the exception, not the rule," and "courts are likely to deny bifurcation where discovery relating to class issues overlaps substantially with merits discovery," resulting in "duplication of efforts and needless line-drawing disputes" (cleaned up)).  In the class action cases brought by Epstein victims against JPMorgan and Deutsche Bank,

Judge Rakoff rejected those defendants' release arguments and entered a scheduling order requiring all discovery to be completed in four months.  *See Doe 1 v. Deutsche Bank Aktiengesellschaft et al*, 1:22-cv-10018-JSR, Dkt. 23 (Dec. 5, 2022); *Doe 1 v. JP Morgan Chase & Co.*, 1:22-cv-10019-JSR, Dkt. 16 (Dec. 5, 2022).  Plaintiffs' proposed scheduling order (attached as Exhibit A hereto) is consistent with the ones Judge Rakoff entered in those cases.  The Court should follow suit and reject Defendants' proposal to "bifurcate" discovery.

**b.  Defendants' Position:**  At present, discovery is partially stayed by the Court's order (Dkt. 53).  As Defendants argued in their Motion to Stay Discovery (Dkt. 36 at 8–10), resolution of Defendants' Motion to Dismiss—and particularly resolution of the dispositive issue of the Releases—will have a material impact on the scope of discovery and, therefore, discovery should continue to be stayed until the Motion is decided.  Assuming only Plaintiff Jane Doe 3's negligence claim remains, the parties should be able to complete the relatively circumscribed fact discovery within the Court's standard four-month time frame.  Defendants' proposed scheduling order is attached as Exhibit B hereto.

If the Court denies Defendants' Motion to Dismiss or orders discovery to proceed while it is pending, discovery should proceed in two phases:  class discovery (Phase I) and plenary discovery (Phase II).  In Phase I, discovery should focus on determining whether there exists a cognizable class of women with non-released claims against Defendants arising out of alleged abuse by Jeffrey Epstein and whether the named Plaintiffs are adequate and typical class representatives.  At the close of Phase I, Plaintiffs may seek class certification.

It would be inefficient and unfair to Defendants for the parties to engage in discovery spanning nearly three decades and delving into the merits of at least 188 released claims unless the Court grants class certification.  While Defendants maintain that Plaintiffs' extremely broad discovery requests are improper even if Plaintiffs are permitted to litigate as a class, the relevance and proportionality analysis will be materially different depending on the outcome of Plaintiffs' class certification motion.  Completing class discovery and resolving Plaintiffs' class certification motion in advance of plenary discovery would streamline the scope of discovery; clarify the specific individuals, time periods, claims, and events at issue in this action; and place the parties in a better position to engage in fruitful settlement negotiations.

**6.  Settlement Discussions:**  The parties engaged in unsuccessful settlement discussions prior to Plaintiffs filing the Complaint.  The parties believe that further settlement discussions are likely to be unproductive until after the Court's resolution of the Motion to Dismiss.

**7.  ADR Mechanisms:**  The parties discussed the possibility of mediation prior to filing of the Complaint.  The parties do not believe that a settlement conference before a Magistrate Judge, participation in the District's Mediation Program, or retention of a privately retained mediator is appropriate at this time.  The parties may be open to considering ADR mechanisms after resolution of the pending Motion to Dismiss, a determination regarding class certification, or after the close of fact discovery, depending on the posture of the case at that juncture.

The parties do not believe there is any other relevant information about which the Court should be informed at this time.

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

/s/ *David Boies*
David Boies
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Attorneys for Plaintiffs*

HUGHES HUBBARD & REED LLP

/s/ *Daniel H. Weiner*
Daniel H. Weiner
Marc A. Weinstein
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Email:  daniel.weiner@hugheshubbard.com
Email:  marc.weinstein@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB & TYLER LLP

/s/ *Daniel S. Ruzumna*
Daniel S. Ruzumna
Tara J. Norris
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email:  druzumna@pbwt.com
Email:  tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*