# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>*Defendants*. | 24-cv-1204(AS)<br>[rel. 1:24-cv-02192 (AS)]<br><br><u>Civil Case Management Plan and Scheduling Order</u> |

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. All parties [consent ☐ /do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining Paragraphs should not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO3.pdf.]

2. The case [is ☑ / is not ☐] to be tried to a jury.

3. Joinder of additional parties must be accomplished by July 31, 2024.

4. Amended pleadings may be filed without leave of Court until July 31, 2024.

5. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

   a. <u>Documents</u>. The parties have already served their first requests for production of documents. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 5(i) below.

1

b. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by <u>July 1, 2024</u>. No other interrogatories are permitted except upon prior express permission of the Court. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross- claim, third-party claim, or class claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>45 days prior to the relevant discovery deadline</u> (Phase I for class certification issues, Phase II for merits issues). Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>15 days prior to the relevant discovery deadline</u> (Phase I for class certification issues, Phase II for merits issues). No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

d. <u>Depositions</u>. All depositions (including any expert depositions, see item 5(c) above) must be completed by the discovery deadlines set forth in paragraphs 5(g) and 5(h). Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

e. <u>Request to Admit</u>. Requests to Admit, if any, must be served by 30 days prior to date of close of Phase II discovery as set forth in item 5(h) below.

f. <u>Phased Discovery</u>. Discovery is to proceed in two phases. Phase I discovery shall relate to the proposed class. Phase II discovery shall be plenary discovery.

g. All Phase I discovery is to be completed by <u>90 days after an order denying Defendants' motion to dismiss Plaintiff Danielle Bensky's claims, if such an order is entered</u>.

   i) Plaintiffs may move for class certification no later than <u>30 days after the close of Phase I discovery</u>. Answering papers shall be served <u>30 days</u> after opening papers, and reply papers <u>14 days</u> later. Each party must file its respective papers on the same date that such papers are served.

2

      h. All Phase II discovery is to be completed by <u>120 days after an order is entered on Plaintiffs' motion for class certification</u>.

      i. Interim deadlines for items 5(a-e) above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion dates set forth in paragraphs 5(g) and 5(h). The discovery completion dates may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

6. Summary judgment motions in the form prescribed by the Court's Individual Practices shall be served by <u>60 days after the close of Phase II discovery</u>, answering papers <u>60 days</u> after opening papers, and reply papers <u>30 days</u> later. Each party must file its respective papers on the same date that such papers are served.

7. A final pre-trial conference shall be held on [<u>date to be inserted by the Court</u>]. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Practices.

8. Jury selection (if applicable) and trial shall commence on [<u>date to be inserted by the Court</u>].

9. All motions and applications shall be governed by Judge Subramanian's Individual Practices. Counsel shall promptly familiarize themselves with all of the Court's Individual Practices, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

Dated:
New York, New York

                          ARUN SUBRAMANIAN
                          United States District Judge