

BOIES
SCHILLER
FLEXNER

**VIA ECF**                                                          July 29, 2024

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:    ***Bensky, et al v. Indyke, et al*, Case No. 24-cv-1204 (AS);**
       ***Jane Doe 3 v. Indyke, et al*, Case No. 24-cv-2192 (AS)**

Dear Judge Subramanian:

Pursuant to Federal Rule of Civil Procedure 45,[1] Plaintiffs move to compel third-party Bella Klein ("Klein," and together with "Plaintiffs" herein, the "Parties") to produce documents in compliance with Plaintiffs' April 26, 2024, subpoenas in each of the consolidated matters. *See* Ex. A, B. Klein, an individual employed by Defendant Kahn, was an integral part of the Epstein sex-trafficking venture for which she served, among other roles, as a bookkeeper. Klein, on Epstein's orders, gave cash to Plaintiff Jane Doe 3 and other victims contemporaneous with their abuse. Accordingly, Plaintiffs seek to enforce their document requests against any personal email addresses or personal cell phones that Klein utilized while working for Epstein and for which she is the sole custodian. The Court should reject Klein's invocation of the Fifth Amendment in response to Plaintiffs' subpoenas and any relevance or burden arguments.

<u>Procedural History</u>

Plaintiffs served Klein on April 26, 2024. On May 15, 2024, Klein transmitted her responses and objections where she asserted a purported Fifth Amendment privilege to each request. *See* Ex. C, D. As the Court is aware, discovery was stayed at that time. On June 26, 2024, the stay of discovery was lifted. On July 1, 2024, Plaintiffs requested a meet-and-confer with Klein's counsel to seek a compromise for Klein to produce documents to which Plaintiffs are plainly entitled. On July 11, 2024, the Parties had a 30-minute initial conference via Zoom attended by Daniel Crispino and Alexander Law for Plaintiffs and Fran Hoffinger and Mark Geisler for Klein. The Parties were not able to reach a resolution, as Klein refused to represent that she had conducted any systematic search of her documents and that she maintained her purported Fifth Amendment privilege.

On July 24, 2024, the Parties held a second 30-minute conference via Zoom attended by lead trial counsel Sigrid McCawley, Daniel Crispino, and Alexander Law for Plaintiffs; and Fran Hoffinger and Mark Geisler for Klein. Although Klein offered what she styled as a compromise, it was illusory. In short, Klein's compromise proposed that after Plaintiffs received productions

---

[1] Fed. R. Civ. P. 45 Advisory Committee Note ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34.").

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



from all other parties and once Plaintiffs informed Klein of exactly what Plaintiffs received, Klein would then consider making a production of documents in Klein's possession that Plaintiffs had not yet received. However, when Plaintiffs pressed whether that meant Klein was representing that she would (1) waive her Fifth Amendment privilege for such documents and (2) pre-emptively search for documents that Plaintiffs could readily identify would not be in possession of other sources (i.e., her cell phone records or communications with non-Epstein entities), Klein declined. Accordingly, the Parties determined that they were at an impasse, and Plaintiffs informed Klein that they would exercise their rights by moving to compel production. Because both Ms. Hoffinger and Mr. Geisler informed Plaintiffs they will both be unavailable from August 2 until August 26, Plaintiffs have moved expeditiously to allow for them to respond prior to their unavailability. If the Court requires a conference on these matters, Plaintiffs are amenable to a reasonable delay to accommodate Klein's counsel's schedule or to conducting any conference telephonically.

<u>The Court Should Grant Plaintiffs' Motion to Compel.</u>

As Plaintiffs are entitled to Klein's documents, Plaintiffs request the Court to compel her to make a production for the following reasons.

<u>First</u>, Klein's invocation of her Fifth Amendment privilege against self-incrimination is inapposite. "The Fifth Amendment provides that no person shall be compelled in a criminal case to be a witness against himself." *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020). But this privilege does not apply ordinarily to "documents voluntarily prepared prior to the issuance of a summons." *Id.* Because the documents are "not compelled testimony," there is "no Fifth Amendment protection for the contents of these records." *Id.* Indeed, the production of records "does not compel oral testimony; nor would it ordinarily compel the [party] to restate, repeat, or affirm the truth of the contents of the documents sought." *Fisher v. United States*, 425 U.S. 391, 409 (1976). Here, Klein's personal email and personal phone records were voluntarily prepared years prior to the issuance of the subpoenas in present matters, and nothing in the subpoenas compels Klein to give any testimony. Klein's invocation of the Fifth Amendment privilege against self-incrimination fails and Plaintiffs are entitled to Klein's documents.

Additionally, while the Supreme Court has recognized a narrow exception to the prohibition against asserting a Fifth Amendment privilege to avoid properly executed subpoenas, that so-called "act-of-production" exception does not apply here. The act-of-production privilege recognizes that "the witness's simple act of producing the documents could be used against the witness—for example, in those cases when the simple fact that the witness possessed the documents would be incriminating." *In re Grand Jury Subpoena*, 741 F.3d 339, 343 (2d Cir. 2013). A determination of whether the act of production communicates an incriminatory statement, and is thus protected, "depends on the facts and circumstances of particular cases." *Knopf v. Esposito*, 517 F. Supp. 3d 187, 189 (S.D.N.Y. 2021) (internal citation omitted). In *United States v. Hubbell*, the Supreme Court determined "[i]t was unquestionably necessary for [Hubbell] to make extensive use of the contents of his own mind in identifying the hundreds of documents responsive to the requests in the subpoena," such that the defendant was "being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence." 530 U.S. 27, 43 (2000). To determine whether the privilege applies, the Second Circuit created a test that evaluates whether the party compelling production can prove



that it is a "foregone conclusion" that (1) the documents existed, (2) were in the person's control, and (3) could be independently authenticated.

Here, Plaintiffs know precisely which email addresses and phones numbers should be searched and that those documents are in Klein's control. There is no credible allegation that Klein's production of documents in a civil matter, subject to a protective order, is designed to uncover incriminating evidence against her. Additionally, Klein has stated on several occasions in the conferences that in her view that many of the documents Plaintiffs are seeking are also in the possession of other parties, admitting their existence and authenticity. Because it is a "foregone conclusion" that Klein is in possession of relevant documents, the act-of-production privilege cannot shield Klein from complying with Plaintiffs' subpoenas.

<u>Second</u>, Plaintiffs' subpoenas comply with Rule 26. Rule 26(b)(1) allows discovery of non-privileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." The party seeking discovery must first demonstrate relevance. *Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch. Dist.*, 2018 WL 11260468, at *2 (S.D.N.Y. Apr. 27, 2018). Then, "[t]he party opposing discovery has the burden of demonstrating an undue burden to justify curtailing discovery." *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). Here, the documents sought are plainly relevant to Plaintiffs' claims, as they provide first-hand communications from the innermost workings of Epstein's sex-trafficking venture. To sustain a Rule 26 objection to Plaintiffs' subpoenas, Klein must overcome her burden to show the subpoenas represent an undue burden.

Across the two conferences, Klein has expressed two main arguments regarding an alleged undue burden. First, Klein has represented that other parties likely have some of the documents at issue. This argument fails for several reasons, not the least of which is the inescapable reality that Klein has several tranches of documents that no other parties could have. Even if that were not the case, this court has rejected similar arguments by third parties trying to escape their duty to produce. *See, e.g.*, *Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (granting motion to compel third-party discovery despite overlapping documents available to be obtained from the defendant). Second, Klein has represented that she is a simple bookkeeper with limited funds, and to make her do a significant production would be unduly burdensome. This argument also fails. Epstein's employees (like Klein) are infamous for hiding wealth they siphoned from years participating in his lucrative scheme. This Court requires evidence supporting financial distress for such a claim to be considered. *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984). Plaintiffs' counsel suspect that Klein may be entitled to indemnification or payment from Defendants for her efforts in responding to these subpoenas. Finally, Plaintiffs are confident that reasonable search terms can materially reduce the cost to make a production.

Plaintiffs respectfully ask the court to compel Klein to comply with her obligations under the duly served subpoenas.

Sincerely,

*/s/ Sigrid S. McCawley*

3



Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Counsel for Plaintiffs*

cc:     All counsel of record (via ECF)
        Fran Hoffinger – Counsel for Third-Party Bella Klein (via email)