# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Doe 3,

    Plaintiffs,

v.

Darren K. Indyke and Richard D. Kahn,
in their capacities as co-executors of
the Estate of Jeffrey Edward Epstein,

    Defendants.
_____/

CASE NO:   1:24-cv-02192-AS
[rel: 1:24-cv-01204-AS]

### PLAINTIFF'S NOTICE OF SERVICE OF RULE 45 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION UPON BELLA KLEIN

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Jane Doe 3, by and through undersigned counsel, hereby provide this Notice of Service of Subpoena upon Bella Klein. A copy of the Subpoena is attached to this Notice.

Dated: April 26, 2024

Respectfully submitted,

/s/ *Sigrid McCawley*
David Boies
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011

1

Fax: (954) 356-0022<br>Email: smccawley@bsfllp.com

## **CERTIFICATE OF SERVICE**

I certify that on April 26, 2024, the foregoing was served on all counsel of record via email.

/s/ *Sigrid McCawley*
Sigrid McCawley

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Jane Doe 3, <br> *Plaintiff* <br> v. <br> Darren K. Indyke and Richard D. Kahn, in their capacities as co-executors of the Estate of Jeffrey E <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:24-cv-02192 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Bella Klein, 2772 E 63rd St., Brooklyn, New York, 11234

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.

| Place: Boies Schiller Flexner LLP <br> 55 Hudson Yards <br> New York, NY 10001 | Date and Time: <br> 05/26/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/26/2024

| *CLERK OF COURT* | OR | /s/ Sigrid McCawley |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Jane Doe 3 , who issues or requests this subpoena, are:

Sigrid McCawley, Boies Schiller Flexner LLP, 401 E. Las Olas Blvd., Ste. 1200, Fort Lauderdale, Florida, 33316, smccawley@bsfllp.com, (954) 356-0011

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-02192

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                                *Server's signature*

                                                    _____
                                                                *Printed name and title*

                                                    _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

## SCHEDULE "A"

## DEFINITIONS

Wherever they hereafter appear the following words and phrases have the following meanings:

1. "1953 Trust" means the trust referenced in paragraph 156 of the Complaint.

2. "Above-captioned matter" means *Bensky et al v. Indyke et al*, 1:24-cv-01204-AS (S.D.N.Y.).

3. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting, or purporting to act, at the direction of or on behalf of another.

4. "Bensky" means plaintiff Danielle Bensky in the above-captioned matter.

5. "Butterfly Trust" means the trust referenced in paragraph 159 of the Complaint.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to telephone calls, in-person conversations, emails, or otherwise.

7. "Complaint" means the operative complaint in the above-captioned matter (DE 1).

8. "Concerning" means relating to, referring to, describing, evidencing, or constituting. A document may concern a specific person whether or not it mentions that person by name.

9. "Defendants" means the defendants Darren K. Indyke and Richard D. Kahn collectively in the above-captioned matter.

10. "DFS Consent Order" means the 2020 Consent Order from the New York State Department of Financial Services as referenced in paragraph 128 of the Complaint.

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

11. "Document" means any documents or electronically stored information—including any writing, drawing, graph, chart, photograph, sound recording, image, or other data or data compilation—stored in any medium (including email, text messages, or chats) from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

12. "Employee" includes a past or present officer, director, agent, or servant, including any attorney (associate or partner) or paralegal.

13. "Epstein-related entity" includes any corporate entity of any type (formal or informal, including associations in fact and charitable entities) which is commonly or formally associated with Jeffrey Epstein or understood to have been related to him. These entities include, but are not limited to: HBRK Associates; LSJE, LLC; Freedom Air Petroleum, LLC; Michelle's Transportation, LLC; L.S.J., LLC; Zorro Management, LLC; Neptune, LLC; NES, LLC; Plan D, LLC; JEGE, LLC; Hyperion Air, LLC; Thomas World Air, LLC; LSJ Emergency, LLC; Southern Financial, LLC; Southern Trust Company, Inc.; The Butterfly Trust; Lyn and Jojo, LLC; Great ST. Jim, LLC; Poplar, Inc.; Laurel, Inc.; Maple, Inc.; Cypress, Inc.; Nautilus, Inc.; FT Real Estate, Inc.; Southern Country International, Ltd.; HazeTrust; SCI JEP; IGY-AYH ST. Thomas Holdings, LLC (d/b/a American Yacht Harbor); Prytanee, LLC; CDE, Inc.; VT&T, LLC; Little St. Jim, LLC; Financial Ballistics, LLC; Southern Country Opportunity Fund, LLC; Financial Ballistics Trust; JSC Interiors, LLC; FSF, LLC; and Jeepers, Inc. "Epstein-related entity" shall also include any corporate of any type which is commonly or formally associated with agents or representative of Epstein (including Darren K. Indyke and Richard D. Kahn), including but not limited to The Butterfly Trust and HBRK Associates. Epstein-related entity shall also include all forty (or more) entities and individuals referred to in Paragraph 24 of the DFS Consent Order discussed above.

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

*See* DFS Consent Order, Paragraph 24 ("Over the course of the relationship, Mr. Epstein, his related entities, and associates would eventually open and fund more than 40 accounts at the Bank."). The term "entity" includes any and all forms of organizations, including trusts of any types (including charitable trusts) and partnerships and sole proprietorships and other business organizations. The term "Epstein-related entity" also includes individuals associated with Epstein, including Darren K. Indyke and Richard D. Kahn and all individuals mentioned or described in the DFS Consent Order and in the immediately following paragraph. An Epstein-related entity includes any accounts held by any agents acting on Jeffrey Epstein's behalf.

14.  "Epstein-related individual" includes Darren K. Indyke, Richard D. Kahn, Ghislaine Maxwell, James Edward "Jes" Staley, Leslie Herbert Wexner, Sarah Kellen, Adriana Ross, Lesley Groff, Nadia Marcinkova, Paul Morris, Bella Klein, and Harry Beller. The term also includes any individual acting as an agent for or representative of Jeffrey Epstein or any Epstein-related entity, including any person, agent, associate, nominee, attorney, anyone one acting with power of attorney, counsel, accountant, consultant or representative of Jeffrey Epstein or any Epstein-related entity.

15.  "Indyke" means defendant Darren K. Indyke in the above-captioned matter.

16.  "Jane Doe 3" means plaintiff Jane Doe 3 in the above-captioned matter.

17.  "Jeffrey Epstein" or "Epstein" includes Jeffrey Epstein and any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein.

18.  "Kahn" means defendant Richard D. Kahn in the above-captioned matter.

19.  "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

20. "You," "your," or "Klein" means Bella Klein, as well as any present or former employee, agent, attorney, consultant, related entities, or other representative of Bella Klein.

## INSTRUCTIONS

1. Unless otherwise indicated, the relevant period for this request for documents is from January 1, 1995, to the present.

2. This request calls for the production of all responsive documents in your possession, custody, or control without regard to the physical location of such documents.

3. If any document requested was in your possession or control, but is no longer in your possession or control, state what disposition was made of said document, the reason for such disposition, and the date of such disposition.

4. For the purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a. The terms "all," "any," and "each" shall each be construed as encompassing any and all;

   b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c. The use of the singular form of any word includes the plural and vice versa;

   d. The masculine, feminine, or neutral pronoun shall not exclude other genders;

   e. The word "including" shall be read to mean including without limitation;

   f. The present tense shall be construed to include the past tense and vice versa;

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

       g.    References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

5.    If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full. If the recipient has no documents responsive to a particular request, the recipient shall so state.

6.    Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation.

7.    In producing documents, if the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

8.    Any copy of a document that is not identical shall be considered a separate document.

9.    If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document and stating whatever information, knowledge, or belief which you have concerning the portion not produced.

10.    If any document requested was at any one time in existence but is no longer in existence, then so state, specifying for each document (a) the type of document; (b) the types of information contained thereon; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

11. All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of business.

12. You are requested to produce all drafts and notes, whether typed, handwritten, or otherwise, made or prepared in connection with the requested documents, whether or not used.

13. Documents attached to each other shall not be separated.

14. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found, and business address of each document's custodian(s).

15. If any document responsive to the request is withheld, in all or part, based upon any claim of privilege or protection, whether based on statute or otherwise, state separately for each document, in addition to any other information requested: (a) the specific request which calls for the production; (b) the nature of the privilege claimed; (c) its date; (d) the name and address of each author; (e) the name and address of each address and/or individual to whom the document was distributed, if any; (f) the title (or position) of its author; (g) type of tangible object, *e.g.*, letter, memorandum, telegram, chart, report, recording, disk, etc.; (h) its title and subject matter (without revealing the information as to which the privilege is claimed); (i) with sufficient specificity to permit the Court to make full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege; and (j) whether the document contained an attachment and to the extent you are claiming a privilege as to the attachment, a separate log entry addressing that privilege claim.

16. If any document requested herein is withheld, in all or part, based on a claim that such document constitutes attorney work product, provide all of the information described in

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

Instruction No. 15 and also identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

17. Plaintiffs do not seek and do not require the production of multiple copies of identical documents.

18. This request is deemed to be continuing. If, after producing these documents, you obtain or become aware of any further information, documents, things, or information responsive to this request, you are required to so state by supplementing your responses and producing such additional documents to Plaintiffs.

## **DOCUMENTS REQUESTED**

1. All documents and communications concerning:

    a. Indyke;

    b. Kahn;

    c. Bensky;

    d. Jane Doe 3;

    e. any Class member as defined in paragraph 189 of the Complaint;

    f. Epstein and Epstein's Estate;

    g. any Epstein-related individual;

    h. any Epstein-related entity; or

    i. the Epstein Enterprise, as defined in paragraph 1 of the Complaint.

2. Except as otherwise produced in response to Request 1, all documents concerning any communications to or from you and any person included in Request 1(a)–(g).

3. All documents evidencing requests for cash payments to be made on behalf of or at the request of Jeffrey Epstein to any female.

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

4. All documents evidencing cash payments to be made on behalf of or at the request of Jeffrey Epstein to any female.

5. All documents evidencing any cash payments made on behalf of Jeffrey Epstein other than those responsive to Requests 3 and 4.

6. All documents evidencing credit card payments made on behalf of any female known by you to be associated with Jeffrey Epstein.

7. All documents evidencing the identities of any residents of the Epstein related apartments located at 301 East 66 Street and the dates on which each such individual was a resident.

8. All documents related to the marriages of Karyna Shuliak, Renata Bolotova, or any other marriage known by you to have been arranged by Jeffrey Epstein.

9. Except as otherwise produced in response to Requests 1 and 2, all emails between you or anyone in your office and Jeffrey Epstein, Lesley Groff, or anyone else known to you to be associated with Jeffrey Epstein.

10. Except as otherwise produced in response to Requests 1 and 2, all documents and communications concerning any payments between you and the 1953 Trust.

11. Except as otherwise produced in response to Requests 1 and 2, all documents and communications concerning any payments between you and the Butterfly Trust.

12. Except as otherwise produced in response to Requests 1 and 2, all documents and communications concerning payments you made on behalf of Jeffrey Epstein to any Plaintiff.

13. Except as otherwise produced in response to Requests 1 and 2, all communications between you and Jeffrey Epstein.

To: Bella Klein – *Jane Doe 3 v. Indyke et al*, 1:24-cv-02192-AS (S.D.N.Y.)

14. Except as otherwise produced in response to Requests 1 and 2, all documents and communications between you and any Plaintiff or Class member (as defined in paragraph 189 of the Complaint) concerning marriage.

15. Except as otherwise produced in response to Requests 1 and 2, all documents and communications between you and any Plaintiff or Class member (as defined in paragraph 189 of the Complaint) concerning rental or housing arrangements.

16. All non-privileged communications prior to the commencement of this lawsuit between you and defendants.

17. All documents related to allegations of sexual misconduct by Jeffrey Epstein.

18. All documents related to the arrest, criminal charges, or incarceration of Jeffrey Epstein in Florida.

19. All documents related to the arrest, criminal charges, or incarceration of Jeffrey Epstein in New York.

20. All documents related to the arrest, criminal charges, prosecution or trial of Ghislaine Maxwell.

21. All documents related to the potential criminal conduct or exposure of anyone other than Jeffrey Epstein who was ever known to you as affiliated with Jeffrey Epstein.