# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| JANE DOE 3, | CASE No. 1:24-cv-02192-AS |
| Plaintiff, | Objections and Responses of Nonparty Bella Klein |
| v. | To Plaintiff's Subpoena |
| DARREN K. INDYKE and RICHARD D. KAHN, In their capacities as co-executors of the Estate of Jeffrey Epstein, | |
| Defendants. | |

------------------------------------------------------------X

### OBJECTIONS AND RESPONSES OF NON-PARTY BELLA KLEIN
### TO SUBPOENA DATED APRIL 26, 2024

Nonparty Bella Klein ("Nonparty Klein") hereby submits the following responses and objections to the Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated April 26, 2024 (the "Subpoena").

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated by reference in each individual response herein.

1. Nonparty Klein objects to the Subpoena as improperly seeking information and documents in another case. The Subpoena defines the "Complaint" as the "above-captioned matter" which, in turn, is defined as *"Bensky et al. v Indyke, et al.*, 1:24-cv-01204-AS," which is not the matter in which the within Subpoena was issued. Accordingly, it should be treated as a nullity. In addition, the Subpoena defines "Bensky" as the plaintiff "in the above-captioned matter," although she is not a plaintiff in the matter in which the Subpoena was issued. Further, the Subpoena's definitions and certain Requests refer to paragraphs of the Complaint in the

1

*Bensky, et al. v Indyke, et al.* matter, which also is inappropriate. Moreover, the Subpoena defines "Defendants" as Darren K. Indyke and Richard D. Kahn collectively although Mr. Indyke and Mr. Kahn, as the caption on the Subpoena indicates, are sued by Jane Doe 3 "in their capacities as co-executors of the Estate of Jeffrey E[pstein]," and not in their individual capacities.

2. Nonparty Klein objects to the Subpoena as unduly burdensome and requiring the expenditure of substantial resources.

3. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it calls for the production of documents or information already in the possession, custody or control of Plaintiff.

4. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent that it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive.

5. Nonparty Klein objects to the Subpoena, and each and every request therein, as it appears that Plaintiff has issued an identical subpoena to nonparty HBRK Associates, Inc., an entity for which Nonparty Klein works, and, therefore, any non-objectionable and discoverable documents and information should be sought in the first instance from HBRK Associates, Inc., rather than burdening Nonparty Klein. Indeed, by letter dated May 9, 2024, Plaintiff's counsel represented to the Court that HBRK Associates, Inc. "controls all of the critical documents relevant to this matter." Case No. 1:24-cv-02192-AS, ECF Doc. No. 20, p. 1. Further, Rule 26(b)(2)(C)(i) of the Federal Rules of Civil Procedure provides, "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Accordingly, the Subpoena and its requests violate Rule 26 and are improper on their face.

2

6. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it calls for the production of information or documents that are irrelevant.

7. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it is vague, ambiguous, overbroad, duplicative or unduly burdensome.

8. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it imposes duties and/or obligations on her beyond those properly imposed pursuant to the Federal Rules of Civil Procedure.

9. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it presumes facts that may be disputed by parties in the litigation.

10. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it calls for documents or information that is protected from disclosure by the attorney-client privilege, work product doctrine, and other applicable privileges and protections.

11. Nonparty Klein objects to the overbroad and unduly burdensome nature of the Subpoena, requesting documents and information over a more than a 29 year period. This, in and of itself, is overbroad and overly burdensome, and improperly seeks irrelevant material. Jane Doe 3 asserts she was abused in 2014 and that she was subjected to "months of sexual abuse." Complaint, ¶ 2. The Subpoena's request for documents and information covering a more than 29 year period is overbroad, unduly burdensome and seeks irrelevant documents and information.

12. Nonparty Klein objects to the definition of "communication" in definition no. 6 as not conforming to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Joint Local Rules").

13. Nonparty Klein objects to the second sentence of the definition of "concerning" in no. 8 as not included in the Joint Local Rules.

14. Nonparty Klein objects to the definition in no. 13 as defining "Epstein-related entity" to

3

include "any corporate entity of any type ... which is commonly or formally associated with Jeffrey Epstein or understood to have been related to him" as vague, indefinite and incapable of response.

15. Nonparty Klein objects to the definition in no. 13 as defining "Epstein-related entity" to include "any corporate of any type which is commonly or formally associated with agents or representative of Epstein" as vague, indefinite and incapable of response.

16. Nonparty Klein objects to the definition in no. 13 as defining "Epstein-related entity" to include "all forty (or more) entities and individuals referred to in Paragraph 24 of the DFS Consent Order discussed above" as vague, indefinite and incapable of response, particularly since it is not Nonparty Klein's burden to search out the "DFS Consent Order" and determine what "forty ... or more ... entities and individuals" are referred to therein; indeed, as framed, Plaintiff's request indicates that she does not know how many entities or individuals are referred to in the "DFS Consent Order."

17. Nonparty Klein objects to the definition in no. 13 as defining "Epstein-related entity" to include "individuals associated with Epstein" including Indyke, Kahn, and "all individuals mentioned or described in the DFS Consent Order and in the immediately following paragraph" as vague, indefinite and incapable of response; see also the preceding objection.

18. Nonparty Klein objects to the definition in no. 13 as defining "Epstein-related entity" to include "individuals associated with Epstein" including Indyke, Kahn, and "all individuals mentioned or described in the DFS Consent Order and in the immediately following paragraph" as vague, indefinite and incapable of response; see also the preceding objection.

19. Nonparty Klein objects to the definition in no. 13 as defining "Epstein-related entity" to include "any accounts held by any agents acting on Jeffrey Epstein's behalf" as vague, indefinite and incapable of response.

4

20. Nonparty Klein objects to the definition in no. 14 of "Epstein-related individual" to include herself which, in turn, renders Request Nos. 1(g) and 2 overbroad, unduly burdensome, of a harassing nature and improperly seeking personal and irrelevant information.

21. Nonparty Klein objects to the definition in no. 4 of "Epstein-related individual" to include "any individual acting as an agent for or representative of Jeffrey Epstein or any Epstein-related entity, including any person, agent, associate, nominee, attorney, anyone acting with power of attorney, counsel, accountant, consultant or representative of Jeffrey Epstein or any Epstein-related entity," as vague, indefinite and incapable of response.

22. Nonparty Klein objects to the definition in no. 17 of "Jeffrey Epstein" or "Epstein" to include Jeffrey Epstein and "any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein" as vague, indefinite and incapable of response.

23. Nonparty Klein objects to the definition in no. 20 of "Bella Klein" to include "any present or former employee, agent, attorney, consultant, related entities, or other representative of Bella Klein" as vague, indefinite, overbroad, unduly burdensome, of a harassing nature, improperly seeking personal and privileged information, and incapable of response.

24. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it seeks documents and information relating to "Jane Doe 3," who is not identified, and therefore is vague, indefinite and incapable of response.

25. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it seeks documents and information relating to what it calls the "Epstein Enterprise," incorporating a purported definition from paragraph 1 of a complaint in a different matter; said paragraph's reference to a "complex, sophisticated sex-trafficking venture" is vague, indefinite and incapable of response.

5

26. Nonparty Klein objects to the Subpoena, and each and every request therein, to the extent it seeks documents and information relating to "Class member (as defined in paragraph 189 of the Complaint)" as said "Class member(s)" are not identified, no Class members are referred to in the complaint in the within action – which is not a putative class action -- and therefore it is improper, vague, indefinite and incapable of response.

27. Nonparty Klein expressly incorporates the foregoing General Objections into the Responses below.

## **RESPONSES**

1. All documents and communications concerning:

    a. Indyke;

    b. Kahn;

    c. Bensky;

    d. Jane Doe 3;

    e. any Class member as defined in paragraph 189 of the Complaint;

    f. Epstein and Epstein's Estate;

    g. any Epstein-related individual;

    h. any Epstein-related entity; or

    i. the Epstein Enterprise, as defined in paragraph 1 of the Complaint.

Response to Request No. 1:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

2. Except as otherwise produced in response to Request 1, all documents concerning any communications to or from you and any person included in Request 1(a)-(g).

6

Response to Request No. 2:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

    3. All documents evidencing requests for cash payments to be made on behalf of or at the request of Jeffrey Epstein to any female.

Response to Request No. 3:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

    4. All documents evidencing cash payments to be made on behalf of or at the request of Jeffrey Epstein to any female.

Response to Request No. 4:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

    5. All documents evidencing any cash payments made on behalf of Jeffrey Epstein other than those response to Requests 3 and 4.

Response to Request No. 5:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

    6. All documents evidencing credit card payments made on behalf of any female known by you to be associated with Jeffrey Epstein.

Response to Request No. 6:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

7. All documents evidencing the identities of any residents of the Epstein related apartments located at 301 East 66 Street and the dates on which each such individual was a resident.

Response to Request No. 7:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

8. All documents relating to the marriages of Karyna Shuliak, Renata Bolotova, or any other marriage known by you to have been arranged by Jeffrey Epstein.

Response to Request No. 8:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

9. Except as otherwise produced in response to Requests 1 and 2, all emails between you and anyone in your office and Jeffrey Epstein, Lesley Groff, or anyone else known to you to be associated with Jeffrey Epstein.

Response to Request No. 9:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

10. Except as otherwise produced in response to Requests 1 and 2, all documents and

8

communications concerning any payments between you and the 1953 Trust.

Response to Request No.10:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

11. Except as otherwise produced in response to Requests 1 and 2, all documents and communications concerning any payments between you and the Butterfly Trust.

Response to Request No. 11:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

12. Except as otherwise produced in response to Requests 1 and 2, all documents and communications concerning payments you made on behalf of Jeffrey Epstein to any Plaintiff.

Response to Request No. 12:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

13. Except as otherwise produced in response to Requests 1 and 2, all communications between you and Jeffrey Epstein.

Response to Request No. 13:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

14. Except as otherwise produced in response to Requests 1 and 2, all documents and

9

communications between you and any Plaintiff or Class member (as defined in paragraph 189 of the Complaint) concerning marriage.

Response to Request No. 14:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

15. Except as otherwise produced in response to Requests 1 and 2, all documents and communications between you and any Plaintiff or Class member (as defined in paragraph 189 of the Complaint) concerning rental or housing arrangements.

Response to Request No. 15:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

16. All non-privileged communications prior to the commencement of this lawsuit between you and defendants.

Response to Request No. 16:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

17. All documents relating to allegations of sexual misconduct of Jeffrey Epstein.

Response to Request No. 17:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

18. All documents relating to the arrest, criminal charges or incarceration of Jeffrey Epstein in Florida.

Response to Request No. 18:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

19. All documents relating to the arrest, criminal charges or incarceration of Jeffrey Epstein in New York.

Response to Request No. 19:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

20. All documents relating to the arrest, criminal charges, prosecution or trial of Ghislaine Maxwell.

Response to Request No. 20:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

21. All documents relating to the potential criminal conduct or exposure of anyone other than Jeffrey Epstein who was ever known to you as affiliated with Jeffrey Epstein.

Response to Request No. 21:

Nonparty Klein asserts her rights against self-incrimination under the Fifth Amendment to the Constitution of the United States, including but not limited to her Act of Production Privilege, and declines to respond to this Request.

Dated: New York, New York
May 15, 2024

                                                    THE HOFFINGER FIRM, PLLC

                                                    By: Fran Hoffinger
                                                    150 East 58th Street, 16th Floor
                                                    New York, New York 10155
                                                    212-421-4000
                                                    fhoffinger@hoffingerlaw.com
                                                    *Attorneys for Nonparty Bella Klein*

To:    Andrew Villacastin, Esq.
        Sigrid McCawley, Esq.
        Daniel Crispino, Esq.
        Boies Schiller Flexner LLP
        Attorneys for Plaintiff
        55 Hudson Yards
        New York, New York 10001
        212-446-2300
        (via email)