# THE HOFFINGER FIRM, PLLC

150 EAST 58TH STREET, 16TH FLOOR

NEW YORK, NEW YORK 10155

TELEPHONE: (212) 421-4000

**FRAN HOFFINGER**
**PARTNER**

**MARK W. GEISLER**
**OF COUNSEL**

July 31, 2024

**VIA ECF**
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:    *Bensky, et al. v. Indyke, et al.*, Case No. 24-cv-1204 (AS)
             *Jane Doe 3 v. Indyke, et al.*, Case No. 24-cv-2192 (AS)

Dear Judge Subramanian:

      We represent nonparty Bella Klein ("Klein"), who was served with nonparty subpoenas in the above matters. We write in response to the letter motion from Plaintiffs' counsel dated July 29, 2024 to compel compliance with the nonparty subpoenas.

      At the outset, it should be noted that the two Klein subpoenas are identical. Further, the subpoenas to Klein are identical to the subpoenas issued by Plaintiffs' counsel to nonparty HBRK Associates Inc. ("HBRK") (Exhibits 1 and 2, attached). Previously, Plaintiffs' counsel represented to this Court that HBRK "controls all of the critical documents relevant to this matter." Letter dated May 9, 2024, ECF Doc. No. 20, p. 1. It is our understanding that HBRK is in the process of producing documents in response to the identical subpoenas issued by Plaintiffs. And, of course, Plaintiffs are aware that Rule 26(b)(C)(i) provides, "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that ... the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See Delta Air Lines v. Lightstone Group, LLC*, 2021 WL 2117247 (S.D.N.Y. 2021) cited by Plaintiffs. The subpoenas name Klein in her individual capacity and primarily seek business documents of HBRK. It is our position that Plaintiffs should first seek the identically sought information from HBRK, which may obviate consideration of any Fifth Amendment issues raised by Klein. To the extent that relevant and responsive documents exist, they are likely in the custody of HBRK and parties Kahn and Indyke (whom we assume are responding to discovery requests as well). To continue to insist that Klein, an individual employee, produce them is unduly burdensome and will lead to duplicative productions.

THE HOFFINGER FIRM, PLLC
Page 2
July 31, 2024

      Moreover, the requests themselves are overbroad and overreaching, asking, for example, for every document and communication in Klein's possession going back 29 years (from 1995) to the present relating to defendants Indyke and Kahn, for whom Klein works and has worked for years, to Klein herself, to Jane Doe 3 whose identity is unknown to Klein, relating to "any Class member" – whose identities are unknown to Klein, documents relating to "any female" … and the list goes on. Plaintiffs Ex. A, Definitions Par. 14, Instructions Par. 1 and Documents Requested Pars. 1, 4-6; Plaintiffs Ex. B, Definitions Par. 14, Instructions Par. 1 and Documents Requested Pars. 1, 4-6. These are just a few of the requests contained in the two identical subpoenas (with twenty-one separate requests, most of which relate to multiple individuals or entities) requiring Klein to produce two sets of documents going back to 1995. To suggest that such requests to a nonparty individual are not overburdensome is simply not credible.

      More critically, Klein has asserted her right under the Fifth Amendment not to produce documents. Plaintiffs effectively confirm the validity of Klein's doing so, conclusorily claiming that Klein (and other unnamed persons) "are infamous for hiding wealth they siphoned from years participating in [Epstein's] lucrative scheme." Pltfs. ltr., p. 3. Plaintiffs' accusation raises, at a minimum, potential risks under the Trafficking Victims Protection Act ("TVPA"); indeed, the Plaintiffs also assert civil claims under the TVPA in their complaints. At any rate, Plaintiffs' allegations implicate criminality, thereby confirming the propriety of Klein's assertion of the Fifth Amendment privilege.

      The cases cited by Plaintiffs in this area are either inapposite, relating to subpoenas for documents relating to tax returns – documentation required by law – or helpful to Klein. For example in, *Knopf v. Esposito*, 517 F.Supp.3d 187 (S.D.N.Y. 2021, Cote, J.), the Court held that the Fifth Amendment Act of Production privilege was not available where the nonparty's attorney referred to specific phone calls in a letter to the NY Inspector General's Office and the subpoena requested records relating to phone calls received and calls placed, from the numbers cited in the letter – documents not prepared by the nonparty in any event – and the nonparty's prior testimony about the calls. As the Court noted in that case, the nonparty "does not need to make extensive use of the contents of her own mind in identifying the very specifically described telephone records that the plaintiffs seek." *Id.* at 190-191. Here, by contrast, Klein would have to make very extensive use of the contents of her own mind to respond to the two subpoenas. *See also, U.S. v. Hubbell*, 530 U.S. 27 (2000) (indictment dismissed where Government's use of subpoenaed documents violated the Fifth Amendment Act of Production privilege).

      In addition to impermissibly requiring Klein to use the contents of her mind in responding (authenticity), compliance would implicate the act of production privilege by requiring her to provide information regarding the existence and control over the documents. Plaintiffs cannot plausibly argue the foregone conclusion exception applies, as they cannot establish with reasonable particularity their knowledge as to (1) existence of the documents, (2) Klein's possession or control of the documents and (3) the authenticity of the documents – particularly that the documents existed 29 years ago and still exist. The extraordinary temporal aspect of the subpoenas cannot be ignored, and further undermines their position. *See United States v. Greenfield*, 831 F.3d 106, 124-128 (2d Cir. 2016).

THE HOFFINGER FIRM, PLLC
Page 3
July 31, 2024

    Beyond Plaintiffs' mischaracterizing Klein's rightful assertion of the Fifth Amendment, Plaintiffs' stance regarding Plaintiffs' burden under FRCP Rule 45 is also incorrect. Rule 45(d)(1) makes clear that the party issuing and serving a subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." We have tried to work with Plaintiffs' counsel to minimize the burden on our client, a nonparty to the actions, and to minimize duplication of productions. The cases cited by Plaintiffs on this issue are also inapposite as they deal with subpoenas to parties, large companies and/or much more limited requests. *See, Delta Air Lines v. Lightstone Group, LLC*, 2021 WL 2117247 (S.D.N.Y. 2021) (subpoena to a large company party was narrowed to one request over a one-year period). Our client is an individual employee, not a party to either action, and if forced to comply with the overbearing, overreaching, duplicative and unduly burdensome demands of two sets of Plaintiffs with identical requests for 29 years of documents, our client could be facing many thousands of dollars in legal fees, search and copying costs when the same requests were made of our client's employer, HBRK, whose counsel has confirmed is complying. The instructions contained in the subpoenas as to the format of production are unduly burdensome as well.

    Finally, Plaintiffs informed the Court that I will be unavailable to appear in this matter due to my vacation which begins this Friday, when I will be away with my family. Plaintiffs' counsel agreed to accommodate my vacation schedule and consented to an adjournment to accommodate me in its July 29 letter to this Court. Accordingly, I respectfully request that the Court schedule the conference in this matter to a date on or after August 20. I welcome the opportunity to seek the Court's guidance in this matter.

Respectfully,

Fran Hoffinger, Esq.
The Hoffinger Firm, PLLC
150 East 58th Street, 16th Floor
New York, NY 10155
212-421-4000
ffhoffinger@hoffingerlaw.com

cc: All Counsel of Record
    via ECF

The Court will hold a conference on this dispute on August 21, 2024, at 11:00 AM in Courtroom 15A, 500 Pearl Street, New York, NY. Before then, plaintiffs' counsel and counsel for Klein must meet and confer for at least one hour in person in an attempt to resolve or narrow the dispute.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 1, 2024