## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Civil Action No. 1:24-cv-01204 (AS) |
| v. | |
| DARREN K. INDYKE and RICHARD D. KAHN, | |
| *Defendants*. | |
| JANE DOE 3, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:24-cv-02192 (AS) *(consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes*) |
| DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN, | |
| *Defendants*. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DARREN K. INDYKE, TO DANIELLE BENSKY AND JANE DOE 3'S INDIVIDUAL AND CLASS COMPLAINT

Darren K. Indyke, by his undersigned counsel, submits this Answer and Affirmative Defenses in response to Plaintiffs Danielle Bensky and Jane Doe 3's (the "Plaintiffs") Individual and Class Complaint (the "Complaint") in the action captioned *Bensky et al. v. Indyke et al.*, Case No. 1:24-cv-01204 (AS), based on his current knowledge. All allegations in the Complaint not specifically admitted are denied. To the extent the headings in the Complaint are not included in the numbered paragraphs, no response is required. To the extent a response is required, Mr. Indyke denies the allegations in the headings or lacks knowledge or information

sufficient to form a belief as to the truth of such allegations. With respect to the numbered paragraphs in the Complaint, Mr. Indyke answers as follows:

## AS TO "NATURE OF THE CASE"

1.    To the extent the allegations contained in Paragraph 1 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 1.

2.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.    Mr. Indyke admits that Epstein was arrested by the FBI for sex trafficking in 2019 and died on August 10, 2019. To the extent the remaining allegations contained in Paragraph 3 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 3.

4.    To the extent the allegations contained in Paragraph 4 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 4.

5.    Mr. Indyke admits that he provided legal services for Epstein beginning in 1996. Mr. Indyke further admits that he and Mr. Kahn are co-executors of Epstein's estate. Mr. Indyke denies the remaining allegations contained in Paragraph 5.

6.    Mr. Indyke denies the allegations contained in Paragraph 6.

7.    Mr. Indyke denies the allegations contained in Paragraph 7.

8.      Mr. Indyke admits that he received compensation from Epstein for legal services. To the extent the allegations contained in Paragraph 8 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 8.

9.      Mr. Indyke denies the allegations contained in Paragraph 9.

10.     Mr. Indyke denies the allegations contained in Paragraph 10.

11.     Mr. Indyke denies the allegations contained in Paragraph 11.

12.     Mr. Indyke denies the allegations contained in Paragraph 12.

### AS TO "JURISDICTION, VENUE, AND TIMELINESS"

13.     The allegations contained in Paragraph 13 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 14.  Mr. Indyke further states that, to the extent the allegations contained in Paragraph 14 of the Complaint characterize the referenced statute, the statute speaks for itself, and Mr. Indyke refers to the referenced statute for its full text, terms, and meanings.

15.     To the extent the allegations contained in Paragraph 15 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 15 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in

Paragraph 15.  Mr. Indyke further states that, to the extent the allegations contained in Paragraph 15 of the Complaint characterize the referenced statutes, the statutes speak for themselves, and Mr. Indyke refers to the referenced statutes for their full text, terms, and meanings.

16.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except admits that at the time of his death, Epstein beneficially owned interests in entities that held real properties located in New York.

17.    To the extent the allegations contained in Paragraph 17 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 17.

18.    The allegations contained in Paragraph 18 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 18.  Mr. Indyke further states that, to the extent the allegations contained in Paragraph 18 of the Complaint characterize the referenced statutes, the statutes speak for themselves, and Mr. Indyke refers to the referenced statutes for their full text, terms, and meanings.

**<u>AS TO "PARTIES"</u>**

19.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    The allegations contained in Paragraph 21 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except denies that Jane Doe 3's use of a pseudonym is appropriate in this matter.

22.    The allegations contained in Paragraph 22 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 22.

23.    The allegations contained in Paragraph 23 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 23.

24.    The allegations contained in Paragraph 24 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 24.

25.    The allegations contained in Paragraph 25 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke admits that he lives in Florida, is co-executor of the Estate of Jeffrey E. Epstein and co-trustee of The 1953 Trust, and provided legal services to Epstein.  To the extent the remaining allegations contained in Paragraph 25 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 25.

26.    The allegations contained in Paragraph 26 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke admits that Richard D. Kahn is co-executor of the Estate of Jeffrey E. Epstein and co-trustee of The 1953 Trust.  To the extent the remaining allegations contained in Paragraph 26 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient

to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 26.

27.     To the extent the allegations contained in Paragraph 27 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 27 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 27.

## AS TO "FACTUAL ALLEGATIONS"

### A. As to "The Epstein Sex-Trafficking Enterprise and Conspiracy"

28.     Mr. Indyke admits that Epstein beneficially owned interests in entities that held multiple real properties in the United States and abroad, including in New York City, Palm Beach, France, and the U.S. Virgin Islands, and that Epstein accumulated substantial wealth. Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29.     The allegations contained in Paragraph 29 state a legal conclusion to which no response is required.  To the extent that a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     To the extent the allegations contained in Paragraph 31 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31. Mr. Indyke denies the remaining allegations contained in Paragraph 31.

32.     The allegations contained in Paragraph 32 state a legal conclusion to which no response is required. To the extent a response is required and the allegations contained in Paragraph 32 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32. Mr. Indyke denies the remaining allegations contained in Paragraph 32.

33.     The allegations contained in Paragraph 33 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     The allegations contained in Paragraph 34 state a legal conclusion to which no response is required. To the extent a response is required and the allegations contained in Paragraph 34 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. Mr. Indyke denies all remaining allegations contained in Paragraph 34.

35.     Mr. Indyke denies that he was a member or a key member of the alleged Epstein Enterprise. Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36.     To the extent the allegations contained in Paragraph 36 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36. Mr. Indyke denies all remaining allegations contained in Paragraph 36.

37.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.    To the extent the allegations contained in Paragraph 39 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39. Mr. Indyke denies all remaining allegations contained in Paragraph 39.

40.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49.     To the extent the allegations contained in Paragraph 39 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.  Mr. Indyke denies all remaining allegations contained in Paragraph 49.

50.     To the extent the allegations contained in Paragraph 50 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.  Mr. Indyke denies all remaining allegations contained in Paragraph 50.

51.     Mr. Indyke admits that Jeffrey Epstein provided housing for some adult women (along with other adults, such as pilots and housekeepers) in a building on East 66th Street in Manhattan.  To the extent the remaining allegations contained in Paragraph 51 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.  Mr. Indyke denies the remaining allegations contained in Paragraph 51.

52.     To the extent the allegations contained in Paragraph 52 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52. Mr. Indyke denies all remaining allegations contained in Paragraph 52.

53.    To the extent the allegations contained in Paragraph 53 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53. Mr. Indyke denies all remaining allegations contained in Paragraph 53.

54.    To the extent the allegations contained in Paragraph 54 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54. Mr. Indyke denies all remaining allegations contained in Paragraph 54.

55.    Mr. Indyke admits the existence of a complaint received by the Palm Beach Police Department in or around 2005 and refers to that complaint for its full text, terms, and meaning. Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55.

56.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.    Mr. Indyke denies the truth of the allegations contained in Paragraph 57, except admits: (i) the existence of the referenced non-prosecution agreement and refers to that agreement for its full text, terms, and meaning; and (ii) that Epstein served a jail sentence pursuant to a 2008 plea agreement, and refers to that agreement for its full text, terms, and meaning.

58.    Mr. Indyke denies that Epstein's criminal case in Florida nor any "related news reports" "made clear" that Epstein was operating a sex-trafficking enterprise. Mr. Indyke denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58.

59.    Mr. Indyke admits the existence of public lawsuits against Epstein.  Mr. Indyke denies that any information of which he is aware "made clear" that Epstein was operating a sex-trafficking enterprise.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59.

60.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, except admits the existence of civil complaints against Epstein and refers to those complaints for their full text, terms, and meaning.

61.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, except admits the existence of civil complaints against Epstein and refers to those complaints for their full text, terms, and meaning.

62.    Mr. Indyke admits that Jeffrey Epstein paid to settle sexual-abuse lawsuits.  Mr. Indyke denies the allegations that he knew that Epstein abused any individuals.  Mr. Indyke further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62.

63.    Mr. Indyke admits that a suit was filed against the United States under 18 U.S.C. § 3771 in connection with Epstein's non-prosecution agreement.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63.

64.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67.     Mr. Indyke admits the existence of the referenced indictment and refers to that indictment for its full text, terms, and meanings.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67.

68.     Mr. Indyke admits that Epstein was arrested in 2019, but denies that arrest took place on July 8, 2019.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68.

69.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, except admits that Epstein died on August 10, 2019 while incarcerated at the Metropolitan Correctional Center.

70.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, except admits (i) that Maxwell was arrested in July 2020 and (ii) the existence of the referenced case against Maxwell and refers to the indictment therein for its full charges, text, terms, and meaning.

71.      Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, except admits that Maxwell was convicted on December 29, 2021 and refers to the verdict, judgment, and sentencing decision related thereto for their full text, terms, and meaning.

**B. As to "Danielle Bensky's Abuse"**

72.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76.     To the extent the allegations contained in Paragraph 76 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76.  Mr. Indyke denies all remaining allegations contained in Paragraph 76.

77.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     To the extent the allegations contained in Paragraph 78 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78.  Mr. Indyke denies all remaining allegations contained in Paragraph 78.

79.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     To the extent the allegations contained in Paragraph 91 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 91.

92. To the extent the allegations contained in Paragraph 92 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 92.

93. To the extent the allegations contained in Paragraph 93 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 93.

94. The allegations contained in Paragraph 94 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95. The allegations contained in Paragraph 95 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96. The allegations contained in Paragraph 96 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.    The allegations contained in Paragraph 94 state a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 97 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 97.

98.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98.

99.    To the extent the allegations contained in Paragraph 99 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 99.

100.    To the extent the allegations contained in Paragraph 100 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 100.

101.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.

**C.  As to "Jane Doe 3's Abuse"**

102.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102.

103.    To the extent the allegations contained in Paragraph 103 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 103.

104.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104.

105.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    To the extent the allegations contained in Paragraph 107 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 107.

108.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    To the extent the allegations contained in Paragraph 114 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 114.

115.    To the extent the allegations contained in Paragraph 115 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 115.

116.    To the extent the allegations contained in Paragraph 116 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 116.

117.    To the extent the allegations contained in Paragraph 117 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 117.

118.    The allegations contained in Paragraph 118 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    The allegations contained in Paragraph 119 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    The allegations contained in Paragraph 120 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    The allegations contained in Paragraph 121 state a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 121 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 121.

122.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    To the extent the allegations contained in Paragraph 123 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 123.

124.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125.

**D.  As to "Defendants' Roles in the Epstein Sex-Trafficking Enterprise"**

126.    To the extent the allegations contained in Paragraph 126 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 126.

127.    To the extent the allegations contained in Paragraph 127 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 127.

128.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  Mr. Indyke denies sufficient knowledge or information to form a belief as to contents of that order and to whom its pseudonymous descriptions refer and therefore denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 128.

129.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  Mr. Indyke denies the remaining allegations contained in Paragraph 129.

130.    Mr. Indyke admits that he cashed checks at Deutsche Bank for $7,500 in and around the period between 2014 and 2016.  Mr. Indyke does not recall how many checks he cashed during that period, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130.

131.     Mr. Indyke admits that he cashed a check for $100,000 in or around 2018.  Mr. Indyke further admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  To the extent the remaining allegations contained in Paragraph 131 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 131.

132.     Mr. Indyke admits that he occasionally wrote checks for the purpose of withdrawing Euros from an account owned by Epstein.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132.

133.     Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134.     To the extent the allegations contained in Paragraph 134 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 134.

135.     To the extent the allegations contained in Paragraph 135 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 135.

136.     Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and

meaning.  To the extent the remaining allegations contained in Paragraph 136 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 136.

137.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  Mr. Indyke denies all remaining allegations contained in Paragraph 137.

138.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  Mr. Indyke denies all remaining allegations contained in Paragraph 138.

139.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  Mr. Indyke denies all remaining allegations contained in Paragraph 139.

140.    To the extent the allegations contained in Paragraph 140 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies all remaining allegations contained in Paragraph 140.

141.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and meaning.  To the extent the remaining allegations contained in Paragraph 141 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 141.

142.    Mr. Indyke denies the allegations contained in Paragraph 142.

143.    Mr. Indyke denies the allegations contained in Paragraph 143.

144.    Mr. Indyke denies the allegations contained in Paragraph 144.

145.    Mr. Indyke denies the allegations contained in Paragraph 145.

146.    Mr. Indyke admits that he possessed signatory authority on certain bank accounts held by Epstein or entities that Epstein owned or beneficially owned.  To the extent the allegations contained in Paragraph 146 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 146.

147.    Mr. Indyke denies the allegations contained in Paragraph 147.

148.    Mr. Indyke denies the allegations contained in Paragraph 148.

149.    Mr. Indyke admits that he was an authorized signatory for LSJE, LLC.  To the extent the allegations contained in Paragraph 149 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 149.

150.    Mr. Indyke denies the allegations contained in Paragraph 150.

151.    Mr. Indyke denies the allegations contained in Paragraph 151.

152.    To the extent the allegations contained in Paragraph 152 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 152.

153.    Mr. Indyke admits that he was, at times, an officer or director of the named entities.  To the extent the allegations contained in Paragraph 153 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 153.

154.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154.

155.    To the extent the allegations contained in Paragraph 155 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 155.

156.    To the extent the allegations contained in Paragraph 156 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 156.

157.    Mr. Indyke admits that, on September 6, 2019, the Honorable Carolyn P. Hermon-Percell of the USVI Superior Court appointed him and Mr. Kahn as co-executors of the Epstein Estate and authorized the co-executors to administer the Epstein Estate in the proceeding entitled *In re Estate of Jeffrey E. Epstein*, Probate No. ST-2019-PB-80 (V.I. Super. Ct.), that Mr. Indyke executed an oath to serve in that capacity, and that, since his appointment, he has been acting as a co-executor of the Epstein Estate pursuant to the jurisdiction, authorization, and supervision of the Probate Court of the United States Virgin Islands.  Mr. Indyke further admits that, as co-executors, he and Mr. Kahn have approved payment of estate funds to pay for various costs and

obligations of the Estate, including costs of settlements with Ms. Bensky and nearly 200 other putative class members, legal fees, and administrative costs. Mr. Indyke denies the remaining allegations contained in Paragraph 157.

158.    Mr. Indyke admits that he is and has been a co-trustee of The 1953 Trust. Mr. Indyke further admits the existence of Epstein's last will and testament and refers to that document for its full text, terms, and meaning. Mr. Indyke further admits that on August 26, 2019, he caused to be filed a Certificate of Trust in the proceeding entitled *In re Estate of Jeffrey E. Epstein*, Probate No. ST-19-PB-80 (V.I. Super. Ct.) and refers to that document for its full text, terms, and meaning. Mr. Indyke denies the remaining allegations contained in Paragraph 158.

159.    To the extent the allegations contained in Paragraph 159 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke admits that he is a beneficiary of The Butterfly Trust. Mr. Indyke denies the remaining allegations contained in Paragraph 159.

160.    To the extent the allegations contained in Paragraph 160 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 160.

161.    To the extent the allegations contained in Paragraph 161 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Indyke denies the remaining allegations contained in Paragraph 161.

162.    To the extent the allegations contained in Paragraph 162 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 162.

163.    To the extent the allegations contained in Paragraph 163 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 163.

164.    To the extent the allegations contained in Paragraph 164 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 164.

**E.   As to "Defendants' Knowledge of the Epstein Sex-Trafficking Enterprise"**

165.    To the extent the allegations contained in Paragraph 165 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 165.

166.    Mr. Indyke admits that, at the time of his death, Epstein beneficially owned interests in entities that held real property located at the New York address listed and that Mr. Indyke lived in an apartment at that address for a period of time.  To the extent the remaining allegations contained in Paragraph 166 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as

to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 166.

167.    Mr. Indyke admits that he was aware that Epstein beneficially owned interests in entities that held certain real property located at the New York address listed and that he occasionally visited certain real properties beneficially owned by Mr. Epstein.  To the extent the allegations contained in Paragraph 167 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 167.

168.    Mr. Indyke admits that he traveled several times on a private plane that Epstein indirectly owned.  To the extent the allegations contained in Paragraph 168 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 168.

169.    To the extent the allegations contained in Paragraph 169 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 169.

170.    To the extent the allegations contained in Paragraph 170 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 170.

171.    Mr. Indyke admits that he learned, at some time subsequent to Epstein's arrest in 2006, that Epstein had been arrested and subsequently pled guilty to certain offenses.  To the extent the remaining allegations contained in Paragraph 171 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 171.

172.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172.

173.    Mr. Indyke denies the allegations contained in Paragraph 173.

174.    Mr. Indyke denies the allegations contained in Paragraph 174.

175.    Mr. Indyke admits that he learned, at some time subsequent to Epstein's arrest in 2006, that Epstein was arrested and subsequently pled guilty to certain offenses.  To the extent the allegations contained in Paragraph 175 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 175.

176.    Mr. Indyke admits that he visited Epstein during Epstein's imprisonment to provide legal services.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 176.

177.    Mr. Indyke admits that lawsuits were filed against Epstein after his arrest and refers to those suits for the allegations made therein.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177.

178.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178.

179.    Mr. Indyke admits that he provided legal services related to certain of Epstein's civil settlements with victims.  To the extent the allegations contained in Paragraph 179 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 179.

180.    Mr. Indyke admits the existence of a 2008 Non-Prosecution Agreement entered between Epstein and the U.S. Department of Justice and refers to that agreement for its full text, terms, and meaning.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 180.

181.    To the extent the allegations contained in Paragraph 181 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 181.

182.    Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182.

183.    To the extent the allegations contained in Paragraph 183 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 183.

184.    Mr. Indyke admits the existence of a 2020 Consent Order from the New York State Department of Financial Services and refers to that document for its full text, terms, and

meaning.  To the extent the allegations contained in Paragraph 184 refer to the beliefs, knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 184.

**F.  As to "Defendants' Financial Incentives for Participating in the Epstein Enterprise"**

185.    To the extent the allegations contained in Paragraph 185 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 185.

186.    Mr. Indyke admits that he was paid through Birch Tree BR, LLC and Darren K Indyke, PLLC.  To the extent the allegations contained in Paragraph 186 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 186.

187.    Mr. Indyke denies the allegations contained in Paragraph 187.

188.    Mr. Indyke admits that he and Mr. Kahn are entitled to future compensation for their roles as co-executors.  Mr. Indyke denies the remaining allegations contained in Paragraph 188.

**AS TO "CLASS ACTION ALLEGATIONS"**

189.    The allegations contained in Paragraph 189 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 189 except admits that Plaintiffs purport to proceed as stated therein.

190.    The allegations contained in Paragraph 190 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 190 except admits that Plaintiffs purport to proceed as stated therein.

191.    The allegations contained in Paragraph 191 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 191.

192.    The allegations contained in Paragraph 192 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 192.

193.    The allegations contained in Paragraph 193 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 193.

194.    The allegations contained in Paragraph 194 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 194.

195.    The allegations contained in Paragraph 195 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 195.

196.    The allegations contained in Paragraph 196 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196.

197.    The allegations contained in Paragraph 197 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 197.

198.    To the extent the allegations contained in Paragraph 198 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 198 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 198.

## AS TO "CAUSES OF ACTION"

## AS TO "COUNT I:  AIDING, ABETTING, AND FACILITATING BATTERY"

199.    Mr. Indyke incorporates by reference Paragraphs 1 – 198 of this answer.

200.    The allegations contained in Paragraph 200 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 200 except that Mr. Indyke admits that Plaintiffs purport to proceed as stated therein.

201.    The allegations contained in Paragraph 201 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201.

202.    To the extent the allegations contained in Paragraph 202 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations

contained in Paragraph 202 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 202.

203.    The allegations contained in Paragraph 203 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 203.

204.    To the extent the allegations contained in Paragraph 204 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 204 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 204.  Mr. Indyke further states that, to the extent the allegations contained in Paragraph 204 of the Complaint characterize the referenced statutes, the statutes speak for themselves.  Mr. Indyke refers to the referenced statutes for their full text, terms, and meanings.

205.    To the extent the allegations contained in Paragraph 205 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 205 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 205.

206.    To the extent the allegations contained in Paragraph 206 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations

contained in Paragraph 206 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 206.

207.    To the extent the allegations contained in Paragraph 207 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 207 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 207.

208.    To the extent the allegations contained in Paragraph 208 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 208.

209.    To the extent the allegations contained in Paragraph 209 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 209 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 209.

210.    To the extent the allegations contained in Paragraph 210 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 210 further state a legal conclusion to which no response is required.  To

the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 210.

211.    To the extent the allegations contained in Paragraph 211 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 211 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 211.

212.    To the extent the allegations contained in Paragraph 212 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 212 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 212.

## AS TO "COUNT II:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"

213.    Mr. Indyke incorporates by reference Paragraphs 1 – 212 of this answer.

214.    The allegations contained in Paragraph 214 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 214 except that Mr. Indyke admits that Plaintiffs purport to proceed as stated therein.

215.    The allegations contained in Paragraph 215 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 215.

216.    To the extent the allegations contained in Paragraph 216 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 216 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 216.

217.    To the extent the allegations contained in Paragraph 217 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 217 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 217.

218.    To the extent the allegations contained in Paragraph 218 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 218 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 218.

219.    To the extent the allegations contained in Paragraph 219 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 219 further state a legal conclusion to which no response is required.  To

the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 219.

220.    To the extent the allegations contained in Paragraph 220 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 220 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 220.

221.    To the extent the allegations contained in Paragraph 221 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 221 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 221.

222.    The allegations contained in Paragraph 222 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 222.

## AS TO "COUNT IIII:  NEGLIGENCE"

223.    Mr. Indyke incorporates by reference Paragraphs 1 – 222 of this answer.

224.    The allegations contained in Paragraph 224 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 224 except that Mr. Indyke admits that Plaintiffs purport to proceed as stated therein.

225.     The allegations contained in Paragraph 225 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 225.

226.     To the extent the allegations contained in Paragraph 226 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 226 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 226.

227.     To the extent the allegations contained in Paragraph 227 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 227 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 227.

228.     To the extent the allegations contained in Paragraph 228 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 228 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 228.

229.     To the extent the allegations contained in Paragraph 229 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations. The allegations contained in Paragraph 229 further state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 229.

230.    To the extent the allegations contained in Paragraph 230 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. The allegations contained in Paragraph 230 further state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 230.

231.    The allegations contained in Paragraph 231 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 231.

232.    The allegations contained in Paragraph 232 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 232.

233.    The allegations contained in Paragraph 233 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 233.

234.    The allegations contained in Paragraph 234 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 234.

## AS TO "COUNT IV:  PARTICIPATING IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1591(a)(2), 1595"

235.    Mr. Indyke incorporates by reference Paragraphs 1 – 234 of this answer.

236.    The allegations contained in Paragraph 236 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 236 except that Mr. Indyke admits that Plaintiffs purport to proceed as stated therein.

237.    The allegations contained in Paragraph 237 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 237.

238.    To the extent the allegations contained in Paragraph 238 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 238 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 238.

239.    To the extent the allegations contained in Paragraph 239 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 239 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 239.

240.    To the extent the allegations contained in Paragraph 240 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 240.

241.    To the extent the allegations contained in Paragraph 241 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 241.

242.    To the extent the allegations contained in Paragraph 242 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 242.

243.    To the extent the allegations contained in Paragraph 243 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 243 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 243.

244.    To the extent the allegations contained in Paragraph 244 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 244 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 244.

245.     To the extent the allegations contained in Paragraph 245 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 245 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 245.

246.     To the extent the allegations contained in Paragraph 246 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 246 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 246.

247.     To the extent the allegations contained in Paragraph 247 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 247 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 247.

248.     To the extent the allegations contained in Paragraph 248 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 248 further state a legal conclusion to which no response is required.  To

the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 248.

249.    To the extent the allegations contained in Paragraph 249 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 249 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 249.

250.    To the extent the allegations contained in Paragraph 250 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 250 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 250.

251.    To the extent the allegations contained in Paragraph 251 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 251 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 251.

252.    To the extent the allegations contained in Paragraph 252 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations

contained in Paragraph 252 further state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 252.

253.    To the extent the allegations contained in Paragraph 253 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations. The allegations contained in Paragraph 253 further state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 253.

254.    The allegations contained in Paragraph 254 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 254.

255.    The allegations contained in Paragraph 255 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 255.

## AS TO "COUNT V: OBSTRUCTION OF THE ENFORCEMENT OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. § 1591(d)"

256.    Mr. Indyke incorporates by reference Paragraphs 1 – 255 of this answer.

257.    The allegations contained in Paragraph 257 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 257 except that Mr. Indyke admits that Plaintiffs purport to proceed as stated therein.

258.    The allegations contained in Paragraph 258 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 258.

259.    The allegations contained in Paragraph 259 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 259.

260.    Mr. Indyke admits that the United States Department of Justice investigated Epstein and Maxwell and brought charges against both.  Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 260.

261.    Mr. Indyke denies the allegations contained in Paragraph 261.

262.    To the extent the allegations contained in Paragraph 262 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 262.

263.    To the extent the allegations contained in Paragraph 263 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 263.

264.    To the extent the allegations contained in Paragraph 264 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 264.

265.     To the extent the allegations contained in Paragraph 265 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 265.

266.     Mr. Indyke admits that he is aware that Epstein pleaded guilty to certain offences and served time in jail.  To the extent the remaining allegations contained in Paragraph 266 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 266.

267.     To the extent the allegations contained in Paragraph 267 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 267 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 267.

268.     To the extent the allegations contained in Paragraph 268 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 268 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 268.

269.    The allegations contained in Paragraph 269 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 269.

270.    The allegations contained in Paragraph 270 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 270.

271.    The allegations contained in Paragraph 271 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 271.

272.    The allegations contained in Paragraph 272 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 272.

273.    The allegations contained in Paragraph 273 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 273.

### AS TO "COUNT VI: CONSPIRACY TO COMMIT VIOLATIONS OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. §§ 1594(c), 1591, 1595"

274.    Mr. Indyke incorporates by reference Paragraphs 1 – 273 of this answer.

275.    The allegations contained in Paragraph 275 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 275 except that Mr. Indyke admits that Plaintiffs purport to proceed as stated therein.

276.    The allegations contained in Paragraph 276 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 276.

277.    The allegations contained in Paragraph 277 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 277.

278.    The allegations contained in Paragraph 278 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 278.

279.    To the extent the allegations contained in Paragraph 279 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 279 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 279.

280.    To the extent the allegations contained in Paragraph 280 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 280 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 280.

281.    To the extent the allegations contained in Paragraph 281 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 281 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 281.

282.    To the extent the allegations contained in Paragraph 282 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 282 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 282.

283.    To the extent the allegations contained in Paragraph 283 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 283 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 283.

284.    To the extent the allegations contained in Paragraph 284 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 284 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 284.

285.    The allegations contained in Paragraph 285 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 285.

286.    To the extent the allegations contained in Paragraph 286 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 286 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 286.

287.    To the extent the allegations contained in Paragraph 287 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 287.

288.    To the extent the allegations contained in Paragraph 288 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 288.

289.    To the extent the allegations contained in Paragraph 289 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 289.

290.    To the extent the allegations contained in Paragraph 290 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the

remaining allegations contained in Paragraph 290.

291.    Mr. Indyke denies the allegations contained in Paragraph 291.

292.    To the extent the allegations contained in Paragraph 292 refer to the knowledge,

conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the

remaining allegations contained in Paragraph 292.

293.    Mr. Indyke denies the allegations contained in Paragraph 293.

294.    To the extent the allegations contained in Paragraph 294 refer to the knowledge,

conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  The allegations

contained in Paragraph 294 further state a legal conclusion to which no response is required.  To

the extent a response is required, Mr. Indyke denies the remaining allegations contained in

Paragraph 294.

295.    To the extent the allegations contained in Paragraph 295 refer to the knowledge,

conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  The allegations

contained in Paragraph 295 further state a legal conclusion to which no response is required.  To

the extent a response is required, Mr. Indyke denies the remaining allegations contained in

Paragraph 295.

296.    To the extent the allegations contained in Paragraph 296 refer to the knowledge,

conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or

information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 296.

297.    To the extent the allegations contained in Paragraph 297 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 297 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 297.

298.    To the extent the allegations contained in Paragraph 298 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 298 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 298.

299.    To the extent the allegations contained in Paragraph 299 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 299.

300.    To the extent the allegations contained in Paragraph 300 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 300.

301.    To the extent the allegations contained in Paragraph 301 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Indyke denies the remaining allegations contained in Paragraph 301.

302.    The allegations contained in Paragraph 302 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 302.

303.    The allegations contained in Paragraph 303 further state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 303.

### AS TO "COUNT VII:  GENDER-MOTIVATED VIOLLENCE PROTECTION ACT, ADMINISTRATIVE CODE OF CITY OF N.Y. § 10-1101 *et seq.*"

304.    Mr. Indyke incorporates by reference Paragraphs 1 – 303 of this answer.

305.    The allegations contained in Paragraph 305 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 305.

306.    The allegations contained in Paragraph 306 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 306.

307.    To the extent the allegations contained in Paragraph 307 refer to the knowledge, conduct or actions of persons other than Mr. Indyke, Mr. Indyke denies knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations contained in Paragraph 307 further state a legal conclusion to which no response is required.  To

the extent a response is required, Mr. Indyke denies the remaining allegations contained in Paragraph 307.

308.    The allegations contained in Paragraph 308 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 308.

309.    The allegations contained in Paragraph 309 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Indyke denies the allegations contained in Paragraph 309.

The "REQUEST FOR RELIEF" and "JURY DEMAND" following Paragraph 309 of the Complaint purport to state Plaintiffs' request for relief and jury demand, respectively, to which no response is required.  To the extent that a response is required, the Mr. Indyke, based on lack of knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations, deny that Plaintiffs are entitled to any of the relief described therein, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Mr. Indyke asserts the following defenses, without assuming any burden of proof that would otherwise rest with Plaintiffs.  In listing the defenses below, Mr. Indyke does not knowingly or intentionally waive any defenses, including arguments about which issues fall within Plaintiffs' burden of proof.  Mr. Indyke reserves the right to rely on any other defense or claim that may subsequently come to light, and reserves the right to amend his Answer to assert such additional defenses or claims.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims, as well as the claims of putative class members, are barred, in whole or in part, by the applicable statutes of limitations.

3.      Plaintiffs' claims, as well as the claims of putative class members, are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, *in pari delicto*, and/or related common law doctrines.

4.      Plaintiffs and/or the putative class members released, discharged, and/or waived the claims upon which Plaintiffs now seek relief as well as all other claims against Mr. Indyke. Plaintiffs' claims on behalf of putative class members and putative class members' claims are brought in breaches of valid settlement agreements and releases and are therefore barred by the terms of those agreements.

5.      Plaintiffs' claims are barred by Plaintiffs' failure to take reasonable steps to avoid or otherwise mitigate the alleged damages, to the extent any were in fact sustained.

6.      Plaintiffs' injuries and damages, and/or any injuries and damages of putative class members, to the extent any were in fact sustained, are the result of the conduct of third parties over whom Mr. Indyke exercised no control.

7.      Plaintiffs' injuries and damages, and any injuries and damages of putative class members, to the extent any were in fact sustained, are the result of contributory and comparative negligence.

8.      In the event that Plaintiffs and/or putative class members prevail against Mr. Indyke in this action, Mr. Indyke is entitled to a set-off and reduction of any damages awarded to or recovery by Plaintiffs or putative class members from other sources, including but not limited to from the Estate of Jeffrey Epstein, the Epstein Victim's Compensation Program, other Epstein-related entities, JP Morgan Chase and its affiliates, and Deutsche Bank and its affiliates.

9.      Plaintiffs' claims and any damages claimed are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than Mr. Indyke, including, but not limited to, as provided by Article 16 of the New York Civil Practice Law and Rules.

10.      Plaintiffs are not proper, typical, or suitable representatives of the class Plaintiffs purport to represent and, accordingly, this action is not properly brought as a class action.

11.      Plaintiffs' claims and any damages claimed are barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.  To the extent Plaintiffs' claims rely upon an extension of the limitations period pursuant to The New York Adult Survivors Act, such reliance violates the Due Process Clauses of the New York and United States Constitutions.

WHEREFORE, Mr. Indyke respectfully demands judgment as follows: (a) judgment in favor of Mr. Indyke and against Plaintiffs dismissing the Complaint in its entirety; and (b) such other further relief as this Court deems just and proper.

Dated:  New York, New York
August 19, 2024

HUGHES HUBBARD & REED LLP

*/s/      Daniel H. Weiner*
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Fax: (212) 299-6874
Fax: (212) 299-6460

*Attorneys for Defendant Darren K. Indyke*