# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>*Defendants*. | Civil Action No. 1:24-cv-01204 (AS) |
| JANE DOE 3,<br><br>*Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>*Defendants*. | Civil Action No. 1:24-cv-02192 (AS) (*consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes*) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DARREN K. INDYKE AND RICHARD D. KAHN, IN THEIR CAPACITIES AS CO-EXECUTORS OF THE ESTATE OF JEFFREY EDWARD EPSTEIN, TO PLAINTIFF JANE DOE 3'S COMPLAINT

Darren K. Indyke and Richard D. Kahn, in their capacities as Co-Executors of the Estate of Jeffrey Edward Epstein (the "Co-Executors"), by their undersigned counsel, submit this Answer and Affirmative Defenses in response to Plaintiff Jane Doe 3's (the "Plaintiff") Complaint (the "Complaint") in the action captioned *Jane Doe 3 v. Indyke, et al.*, Case No. 1:24-cv-02192 (AS) (consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes), based on their current knowledge. All allegations in the Complaint not specifically admitted are denied.

To the extent the headings in the Complaint are not included in the numbered paragraphs, no response is required.  To the extent a response is required, the Co-Executors deny the allegations in the headings or lack knowledge or information sufficient to form a belief as to the truth of those allegations.  With respect to the numbered paragraphs in the Complaint, the Co-Executors answer as follows:

<u>**AS TO "NATURE OF THE ACTION"**</u>

1.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Insofar as the references to "organized ring" or "co-conspirators" in paragraph 2 of the Complaint include the Co-Executors, the Co-Executors deny the allegations contained in paragraph 2 of the Complaint.  To the extent the references to "organized ring" and "co-conspirators" do not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

3.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit the existence of the referenced court decision and refer thereto for the full text, terms, and meaning thereof. The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

5.      The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

6.      Insofar as the references to "others" and "staff" in the first sentence of paragraph 6 of the Complaint include the Co-Executors, the Co-Executors deny the allegations in the first sentence of paragraph 6 of the Complaint.  To the extent the references to "others" and "staff" do not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 of the Complaint.  The Co-Executors admit that, at the time of Epstein's death, he beneficially owned interests in entities that held real property located in New York, Florida, New Mexico, the United States Virgin Islands, and Paris.  The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 6 of the Complaint.   The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

7.      Insofar as the references to "lawyers" in the second and third sentences of paragraph 7 of the Complaint or "potential co-conspirators" in the third sentence of paragraph 7 of the Complaint include either of the Co-Executors, the Co-Executors deny the allegations in the second and third sentences of paragraph 7 of the Complaint.  To the extent the references to "lawyers" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit: (i) the existence of the referenced non-prosecution agreement and refer to that agreement for its full text, terms, and meaning; and (ii) that Epstein served a jail

sentence pursuant to a 2008 plea agreement, and refer to that agreement for its full text, terms, and meaning.

8.      The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admit the existence of the referenced non-prosecution agreement and refer to that agreement for its full text, terms, and meaning.

9.      The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admit the existence of the referenced article and refer to that publication for its full text, terms, and meaning.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

10.      The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admit the existence of the referenced article and refer to that publication for its full text, terms, and meaning.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

11.      Paragraph 11 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

### AS TO "PARTIES"

12.      The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors deny that Jane Doe 3's use of a pseudonym is appropriate in this matter.

14.     Paragraph 14 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors deny the allegations contained in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors deny that Jane Doe 3's use of a pseudonym is appropriate or necessary in this matter.

16.     Paragraph 16 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors deny that Jane Doe 3's use of a pseudonym is appropriate in this matter or the Jane Doe 3's concerns outweigh any prejudice to the Co-Executors.

17.     The Co-Executors admit the allegations contained in paragraph 17 of the Complaint.

18.     The Co-Executors admit the allegations contained in paragraph 18 of the Complaint.

## AS TO "JURISDICTION, VENUE, AND TIMELINESS"

19.     The Co-Executors admit the allegations in the first sentence of paragraph 19 of the Complaint.  The second sentence of paragraph 19 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 19 of the Complaint, except admit that, at the time of his death,

Epstein beneficially owned entities that held interests in real property located in New York

County.  The third sentence of paragraph 19 of the Complaint states a legal conclusion to which

no response is required.  To the extent a response is required, the Co-Executors deny the

allegations in the third sentence of paragraph 19 of the Complaint insofar as they purport to

characterize C.P.L.R. § 302(a) or 28 USC § 1332, and refer to those statutory provisions for their

full text, terms, and meaning.

20.     Paragraph 20 of the Complaint states a legal conclusion to which no response is

required.  To the extent a response is required, the Co-Executors lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the

Complaint, except admit that, at the time of his death, Epstein beneficially owned entities that

held interests in real property located in New York.

21.     Paragraph 21 of the Complaint states a legal conclusion to which no response is

required.  To the extent a response is required, the Co-Executors lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the

Complaint.

22.     Paragraph 22 of the Complaint states a legal conclusion to which no response is

required.  The Co-Executors further state that, to the extent the allegations contained in

paragraph 22 of the Complaint characterize the referenced statute, the statute speaks for itself.

The Co-Executors refer to the referenced statute for the full text, terms, and meanings thereof.

To the extent a response is required, the Co-Executors deny the allegations in paragraph 22 of

the Complaint.

23.     Paragraph 23 of the Complaint states a legal conclusion to which no response is

required.  The Co-Executors further state that, to the extent the allegations contained in

paragraph 23 of the Complaint characterize the referenced statutes and legislation, their provisions speak for themselves. The Co-Executors refer to the referenced statutes and legislation for their full text, terms, and meanings.

24.     Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors deny the allegations contained in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors deny the allegations contained in paragraph 25 of the Complaint. The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

## AS TO "FACTUAL ALLEGATIONS"

26.     Insofar as the reference to "co-conspirators" in paragraph 26 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 26 of the Complaint. To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint. The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

28.     Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     The Co-Executors deny that any bail hearing for Decedent took place on July 24, 2019 and therefore deny that any statements were made at that alleged bail hearing.  Insofar as the reference to "co-conspirators" in paragraph 29 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 29 of the Complaint, except admit that, at the time of his death, Epstein beneficially owned interests in entities that held real property located at the New York and New Mexico addresses listed as well as in the U.S. Virgin Islands, Florida and France.  To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admit that at the time of his death, Epstein beneficially owned interests in entities that held real property located at the New York and New Mexico addresses listed, as well as in the U.S. Virgin Islands, Florida and France.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

30.     The Co-Executors admit that, at the time of his death, Epstein beneficially owned interests in entities that held real property located at the New York address listed.  Insofar as the reference to "co-conspirators" in paragraph 30 of the Complaint includes either of the Co-Executors, the Co-Executors deny the remaining allegations contained in paragraph 30 of the Complaint.  To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint.

31.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.    Insofar as the references to "co-conspirators" in the first and last sentence of paragraph 33 of the Complaint include either of the Co-Executors, the Co-Executors deny the allegations in the first and last sentences of paragraph 33 of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of other allegations contained in paragraph 33 of the Complaint.  To the extent the references to "co-conspirators" do not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.  The Co-Executors further note that Plaintiff was in her 30s when she alleges that she first met Epstein.

34.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

35.    Insofar as the reference to "the sex-trafficking ring" in paragraph 35 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations in the first sentence of paragraph 35 of the Complaint.  To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35 of the Complaint.  The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 35 of the Complaint, except admit the existence of the referenced indictment, and refer thereto for the full text, terms, and meaning thereof.

36.     The Co-Executors admit that Epstein was arrested pursuant to the New York indictment, but deny that arrest took place on July 8, 2019.

37.     The Co-Executors admit the allegations of paragraph 37 of the Complaint.

38.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admit that Epstein died on August 10, 2019 while incarcerated at the Metropolitan Correction Center.

39.     The Co-Executors deny the allegations contained in paragraph 39 of the Complaint except admit that, on August 15, 2019, they filed a petition for probate and for letters testamentary *In the Matter of the Estate of Jeffrey E. Epstein* in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John; and the Co-Executors refer to that petition for its full text, terms, and meaning.

40.     The Co-Executors deny the allegations in paragraph 40 of the Complaint, except admit the existence of the cited court filing and refer to that filing for its full text, terms and meaning.

41.     The Co-Executors admit the allegations contained in paragraph 41 of the Complaint.

42.     The Co-Executors deny the allegations contained in paragraph 42 of the Complaint, except admit the existence of Epstein's Last Will and Testament and refer to that document for its full text, terms, and meaning.

43.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Insofar as the reference to "employees" in paragraph 44 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 44 of

the Complaint.  To the extent the reference to "employees" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Insofar as the reference to "employees" in paragraph 48 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 48 of the Complaint.  To the extent the reference to "employees" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.    Insofar as the reference to "co-conspirators" in paragraph 55 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 55 of the Complaint.  To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.    Insofar as the reference to "co-conspirators" in paragraph 56 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 56 of the Complaint.  To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.  The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

57.    Insofar as the references to "co-conspirators" or the "Epstein sex abuse and trafficking venture" in paragraph 57 of the Complaint include either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 57 of the Complaint.  To the extent the references to "co-conspirators" and or the "Epstein sex abuse and trafficking venture" do not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.    Insofar as the references to "Epstein's sex-trafficking venture," "everyone surrounding Epstein" or "others doing Epstein's bidding" in paragraph 58 of the Complaint

includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 58 of the Complaint. To the extent the references to "Epstein's sex-trafficking venture," "everyone surrounding Epstein" and "others doing Epstein's bidding" do not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint. The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

59.     Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and insofar as the reference to "supporting team of co-conspirators" in paragraph 62 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 62 of the Complaint. To the extent a response is required and the reference to "supporting team of co-conspirators" does not include

either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.    Insofar as the reference to "co-conspirators" in paragraph 64 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 64 of the Complaint.  To the extent the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.    The Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

<u>AS TO "FIRST CAUSE OF ACTION</u>
<u>(Participating in a Sex-Trafficking Venture in Violation of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591 (a)(1), 1595)"</u>

66.    The Co-Executors incorporate their answers to paragraphs 1-65 of the Complaint as if set forth fully herein.

67.    Paragraph 67 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.  The Co-Executors further state that, to the extent the allegations contained in paragraph 67 of the Complaint characterize the referenced statute, that statute speaks for itself. The Co-Executors refer to the referenced statute for its full text, terms, and meanings.

68.    Paragraph 68 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.  The Co-Executors further state that, to the extent the allegations contained in paragraph 71 of the Complaint characterize the referenced statutes, those statutes speak for themselves, and the Co-Executors refer to the referenced statutes for their full text, terms, and meanings.

72.     Paragraph 72 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.  The Co-Executors further state that, to the extent the allegations contained in paragraph 72 of the Complaint characterize the referenced statutes, those statutes speak for

themselves.  The Co-Executors refer to the referenced statutes for their full text, terms, and meanings.

73.    Paragraph 73 of the Complaint asserts Plaintiff's prayer for punitive damages, which the Court struck from the Complaint in its August 5, 2024 Opinion and Order (ECF No. 38).  No response is therefore needed to paragraph 73 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION**
**(Knowing Beneficiary in a Sex-Trafficking Venture in Violation of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591(a)(2), 1595)"**

74.    The Co-Executors incorporate their answers to paragraphs 1-65 of the Complaint as if set forth fully herein.

75.    Paragraph 75 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required and insofar as the references to "a sex-trafficking venture" or "others" in paragraph 75 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 75 of the Complaint.  To the extent a response is required and the references to "a sex-trafficking venture" and "others" do not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.  The Co-Executors further state that, to the extent the allegations contained in paragraph 75 of the Complaint characterize the referenced statute, that statute speaks for itself.  The Co-Executors refer to the referenced statute for its full text, terms, and meanings.

76.    Paragraph 76 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required and insofar as the reference to "an enterprise of lawyers, accountants, and business services" in paragraph 77 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 77 of the Complaint.  To the extent a response is required and the reference to "an enterprise of lawyers, accountants, and business services" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required and insofar as the references to a "sex-trafficking venture" or "co-conspirators" in paragraph 80 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 80 of the Complaint. To the extent a response is required and insofar as the references to a "sex-trafficking venture" or "co-conspirators" in paragraph 80 of the Complaint do not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 80 of the Complaint. The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

81.     Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint. The Co-Executors further state that, to the extent the allegations contained in paragraph 81 of the Complaint characterize the referenced statutes, the statutes speak for themselves. The Co-Executors refer to the referenced statutes for the full text, terms, and meanings thereof.

82.     Paragraph 82 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint. The Co-Executors further state that, to the extent the allegations contained in paragraph 82 of the Complaint characterize the referenced statutes, the statutes speak for themselves. The Co-Executors refer to the referenced statutes for the full text, terms, and meanings thereof.

83.     Paragraph 83 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint. The Co-Executors further state that, to the extent the allegations contained in paragraph 83 of the Complaint characterize the referenced statutes, the statutes speak for themselves. The Co-Executors refer to the referenced statutes for the full text, terms, and meanings thereof.

84.     Paragraph 84 of the Complaint asserts Plaintiff's prayer for punitive damages, which the Court struck from the Complaint in its August 5, 2024 Opinion and Order.  No response is therefore needed to paragraph 84 of the Complaint.

### AS TO "THIRD CAUSE OF ACTION
### (Violation of New York City Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code § 10-1101, *et seq.*)"

85.     The Co-Executors incorporate their answers to paragraphs 1-65 of the Complaint as if set forth fully herein.

86.     Paragraph 86 of the Complaint states a legal conclusion to which no response is required.  The Co-Executors further state that, to the extent the allegations contained in paragraph 86 of the Complaint characterize the referenced statutes, the statutes speak for themselves.  The Co-Executors refer to the referenced statutes for the full text, terms, and meanings thereof.

87.     Paragraph 87 of the Complaint states legal conclusions to which no response is required.

88.     Paragraph 88 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint asserts in part Plaintiff's prayer for punitive damages, which the Court struck from the Complaint in its August 5, 2024 Opinion and Order.

No response is therefore needed to this portion of paragraph 90 of the Complaint. The remainder of Paragraph 90 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint. The Co-Executors further state that, to the extent the allegations contained in paragraph 90 of the Complaint characterize the referenced statute, the statute speaks for itself. The Co-Executors refer to the referenced statute for the full text, terms, and meanings thereof.

### AS TO "FOURTH CAUSE OF ACTION
### (Battery)"

91.     The Co-Executors incorporate their answers to paragraphs 1-65 of the Complaint as if set forth fully herein.

92.     Paragraph 92 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint. The Co-Executors note that Plaintiff was in her 30s when she alleges that she first met Epstein.

93.     Paragraph 93 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint. The Co-Executors further state that, to the extent the allegations contained in paragraph 93 of the Complaint characterize the referenced statute, the statute speaks for itself. The Co-Executors refer to the referenced statute for the full text, terms, and meanings thereof.

94.     Paragraph 94 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.    Paragraph 95 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required and insofar as the reference to "co-conspirators" in paragraph 95 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 95 of the Complaint.  To the extent a response is required and the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, but deny that such allegations toll any applicable statutes of limitations.

96.    Paragraph 96 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors deny that they are estopped from asserting any or all applicable statutes of limitations.

## AS TO "FIFTH CAUSE OF ACTION
## (Intentional Infliction of Emotional Distress)"

97.    The Co-Executors incorporate their answers to paragraphs 1-65 of the Complaint as if set forth fully herein.

98.    Paragraph 98 of the Complaint states a legal conclusion to which no response is required.

99.    Paragraph 99 of the Complaint states legal conclusions to which no response is required.

100.    Paragraph 100 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required and insofar as the reference to "co-conspirators" in paragraph 103 of the Complaint includes either of the Co-Executors, the Co-Executors deny the allegations contained in paragraph 103 of the Complaint.  To the extent a response is required and the reference to "co-conspirators" does not include either of the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint, but deny that such allegations toll any applicable statutes of limitations.

104.    Paragraph 104 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors deny that they are estopped from asserting any or all applicable statutes of limitations.

The "PRAYER FOR RELIEF," "WHEREFORE" paragraph, and "JURY DEMAND" following paragraph 104 of the Complaint purport to state Plaintiff's prayer for relief and jury

demand, respectively, to which no response is required.  To the extent that a response is required, the Co-Executors, based on lack of knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, deny that Plaintiff is entitled to any of the relief described therein, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The Co-Executors, to the extent required by Fed. R. Civ. P. 8(c), assert the following affirmative defenses.  By pleading these defenses, the Co-Executors do not assume the burden of proving any fact, issue, or element of a cause of action where that burden belongs to Plaintiff. Moreover, nothing stated herein is intended to or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1.    **Failure to State a Claim**.  The Complaint fails, in whole or in part, to state a claim against the Co-Executors upon which relief can be granted.

2.    **No Damages and Failure to Mitigate**.  Plaintiff's claims against the Co-Executors are barred to the extent Plaintiff has not suffered any damages; alternatively, Plaintiff's claims against the Co-Executors are barred to the extent Plaintiff has not been damaged to the extent alleged, or Plaintiff failed to mitigate any damages she may have suffered.

3.    **Comparative Fault of Third Parties**.  If and to the extent that the Co-Executors are subjected to any liability to Plaintiff due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and intentional misconduct of persons or entities other than Epstein, any recovery obtained by Plaintiff against the Co-Executors should be reduced in proportion to the respective negligence and fault and legal responsibility of all such other persons and entities, and their agents, servants and employees who contributed to or caused any such

injury or damages, in accordance with the law of comparative negligence; the liability of the Co-Executors, if any, is limited in direct proportion to the percentage of fault actually attributed to Epstein.

4.    **Statute of Limitations**.  The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including without limitation because: (i) the January 9, 2022 amendment to New York City's Victims of Gender-Motivated Violence Protection Law is inapplicable to this action; and (ii) the doctrines of equitable tolling and estoppel are unavailable to Plaintiff and otherwise inapplicable to this action.

5.    **Waiver, Estoppel, Laches**.  Plaintiff's claims against the Co-Executors are barred by the doctrines of waiver, estoppel, and laches.

The Co-Executors have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such affirmative defenses as may become available or apparent during discovery.  The Co-Executors further reserve the right to amend their Answer and Affirmative Defenses accordingly and to correct any errors and omissions.

WHEREFORE, the Co-Executors respectfully demand judgment as follows: (a) judgment in favor of the Co-Executors and against Plaintiff dismissing the Complaint in its entirety; and (b) such other further relief as this Court deems just and proper.

Dated:  New York, New York
          August 19, 2024


 /s/  Daniel H. Weiner                                     /s/  Daniel S. Ruzumna

Daniel H. Weiner, Esq.                          Daniel S. Ruzumna, Esq.
Marc A. Weinstein, Esq.                         Tara J. Norris, Esq.

**HUGHES HUBBARD & REED LLP**          **PATTERSON BELKNAP WEBB & TYLER LLP**

One Battery Park Plaza                          1133 Avenue of the Americas
New York, New York 10004                        New York, New York 10036
Telephone: (212) 837-6000                       Telephone: (212) 336-2000
Email: daniel.weiner@hugheshubbard.com          Email: druzumna@pbwt.com
Email: marc.weinstein@hugheshubbard.com         Email: tnorris@pbwt.com
Fax: (212) 299-6874                             Fax: (212) 336-1205
Fax: (212) 299-6460                             Fax: (212) 366-1297

*Attorneys for Defendant Darren K. Indyke*      *Attorneys for Defendant Richard D. Kahn*