Danielle Bensky and Jane Doe 3,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.                                                    Case No. 1:24-cv-01204 (AS)

Darren K. Indyke and Richard D. Kahn,

        Defendants

_____

Jane Doe 3,

        Plaintiff,

v.                                                    Case No.: 1:24-cv-02192-AS

Darren K. Indyke and Richard D. Kahn,
in their capacities as co-executors of
the Estate of Jeffrey Edward Epstein,

        Defendants.

_____

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR DISCLOSURE OF THE IDENTITY OF JANE DOE 3

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    I.   The Nature of Plaintiff's Sex-Trafficking Allegations Are Highly Sensitive and
        Personal............................................................................................................ 3

    II.  Identification of Plaintiff Poses Serious Risk of Mental Harm and She Is Particularly
        Vulnerable to this Harm. ................................................................................... 4

    III. Defendants Fail to Demonstrate Prejudice. ....................................................... 8

    IV. Defendants Fail to Show Prejudice to Putative Class Members...................... 10

    V.  Plaintiff Has Not Revealed Her Identity. ........................................................ 13

    VI. The Public Interest Weighs in Favor of Plaintiff's Pseudonymity.................. 13

    VII. Less Drastic Methods Are Not Available. ....................................................... 15

CONCLUSION ..................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Doe 1 v. Branca USA, Inc.*,
    2022 WL 2713543 (S.D.N.Y. July 13, 2022) ........................................................................ 14

*Doe 1 v. Deutsche Bank Aktiengesellschaft et al.*,
    No. 22 Civ. 10018 (S.D.N.Y. Dec. 5, 2022) ................................................................... 6, 10

*Doe 1 v. JP Morgan Chase & Co.*,
    No. 22 Civ. 10019 (S.D.N.Y Dec. 8, 2022) ............................................................... 6, 10, 11

*Doe 1 v. United States*, 2024 WL 1885188 (S.D.N.Y. Apr. 30, 2024), *reconsideration denied*,
    2024 WL 3738626 (S.D.N.Y. Aug. 8, 2024) .................................................................. passim

*Doe 1000 v. Indyke at al.*,
    No. 19 Civ. 10577 (S.D.N.Y. Jan. 24, 2020) ...................................................................... 6

*Doe 11 v. Jarecki*,
    2024 WL 2946058 (S.D.N.Y. June 11, 2024) ............................................................ 6, 14, 15

*Doe 17 v. Indyke et al.*,
    No. 19 Civ. 9610 (S.D.N.Y. Nov. 8, 2019) ......................................................................... 6

*Doe v. Epstein*,
    No. 08 Civ. 80119 (S.D. Fla. Aug. 7, 2009) ...................................................................... 6

*Doe v. Bedford Cent. Sch. Dist.*,
    2019 WL 493819 (S.D.N.Y. Feb. 8, 2019) ...................................................................... 13

*Doe v. Black*,
    2023 WL 5334642 (S.D.N.Y. Aug. 18, 2023) ............................................................... 4, 13

*Doe v. City of Apple Valley*,
    2020 WL 1061442 (D. Minn. 2020) ................................................................................. 11

*Doe v. City Univ. of N.Y.*,
    2021 WL 5644642 (S.D.N.Y. Dec. 1, 2021) ...................................................................... 7

*Doe v. Colgate University*,
    2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) .................................................................. 5, 8

*Doe v. Cruz*,
    2024 WL 1465928 (S.D.N.Y. Apr. 4, 2024) ........................................................... 4, 5, 9, 13

*Doe v. Epstein*,
    No. 08 Civ. 80893 (S.D. Fla. Oct. 6, 2008) ...................................................................... 6

*Doe v. Freydin*,
   2021 WL 4991731 (S.D.N.Y. Oct. 27, 2021)................................................................. 7

*Doe v. Hunter*,
   2024 WL 3742546 (S.D.N.Y. Aug. 9, 2024)............................................................... 4, 9

*Doe v. Leonelli*,
   2022 WL 2003635 (S.D.N.Y. June 6, 2022) ........................................................... 4, 6, 7

*Doe v. Sarah Lawrence Coll.*,
   2022 WL 2866473 (S.D.N.Y. July 20, 2022)............................................................... 14

*Doe v. Smith,*
   105 F. Supp. 2d 40 (E.D.N.Y. 1999) ........................................................................... 7

*Doe v. Telemundo Network Group LLC*,
   2023 WL 6259390 ................................................................................................ 14, 15

*Doe v. United States*,
   2017 WL 2389701 (S.D.N.Y. June 1, 2017) ................................................................ 6

*Doe v. Vanderbilt University,*
   2021 WL 6496833 (M.D. Tenn. Mar. 11, 2021) ......................................................... 12

*Doe v. Vassar Coll.,*
   2019 WL 5963482 (S.D.N.Y. Nov. 13, 2019)......................................................... 3, 13

*Doe v. Weinstein*,
   484 F. Supp. 3d 90 (S.D.N.Y. 2020) ................................................................... passim

*Doe v. Zeumer*,
   2024 WL 1586032 (S.D.N.Y. Mar. 6, 2024)....................................................... 4, 8, 9, 16

*Does I thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000)..................................................................................... 11

*EW v. New York Blood Ctr.*,
   213 F.R.D. 108 (E.D.N.Y. 2003)................................................................................. 9

*In re Ashley Madison Customer Data Sec. Breach Litig.*,
   2016 WL 1366616 (E.D. Mo. Apr. 6, 2016) ............................................................... 12

*Jane Doe 43 v. Epstein et al.*,
   No. 17 Civ. 616 (S.D.N.Y. Apr. 5, 2017) .................................................................... 6

*Jane Doe No. 103 v. Epstein*,
   No. 10 Civ. 80309 (S.D. Fla. Mar. 9, 2010)................................................................. 6

*Katlyn Doe v. Darren K. Indyke, et al.*,
　No. 19 Civ. 7771 (S.D.N.Y. Sept. 12, 2019) ..................................................... 6

*Michael v. Bloomberg L.P.*,
　2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) ................................................... 11, 12

*R.F.M. v Nielson,*
　365 F. Supp. 3d 350 (S.D.N.Y. 2019) .................................................................. 11

*Rapp v. Fowler*,
　537 F. Supp. 3d 521 (S.D.N.Y. 2021) ......................................................... 4, 7, 14

*Sealed Plaintiff v. Sealed Defendant*,
　537 F.3d 185 (2d Cir. 2008) ..................................................................... 3, 13

*Sherman v. Trinity Teen Sols., Inc.*,
　339 F.R.D. 203 (D. Wyo. 2021) .......................................................................... 12

Plaintiff, by and through her undersigned counsel, respectfully submits this Opposition to Defendants' Motion for Disclosure of the Identity of Jane Doe 3, Dkt. 82.

## PRELIMINARY STATEMENT

After months of litigating this case through motion to dismiss and discovery uninhibited by Plaintiff's pseudonymity, Defendants now seek to force Plaintiff to reveal herself. Plaintiff—a foreign woman who was sexually trafficked by Jeffrey Epstein, who has never revealed herself as a victim of Epstein publicly or disclosed her abuse to *anyone* other than her lawyers, and whose stability and mental condition are already fragile—is the paradigmatic plaintiff whose identity ought to be protected. Additionally, the public has an interest in protecting the anonymity of plaintiffs like Jane Doe 3 to prevent chilling similar lawsuits from going forward. Defendants, in contrast, have only identified speculative arguments that they may be prejudiced in the future as smokescreens for their naked attempt to intimidate and embarrass victims of sex trafficking such as Jane Doe 3 from participating in this litigation.

On February 22, 2024, Plaintiff filed a Motion for Leave to Proceed Anonymously, Dkt. 10. In the Motion, Plaintiff explained that using her name would cause her significant harm and distress. The Court granted the Motion and permitted Plaintiff to "proceed under pseudonym until such time as the Court orders her name to be disclosed." Dkt. 12. The Court should permit Plaintiff to continue proceeding under a pseudonym because of the particularized harm to Plaintiff's safety, stability, and well-being that would result from a revelation of her identity.

As evidenced by the Declaration of Dr. Chitra Raghavan, Ph.D., attached hereto as Exhibit A, Plaintiff experiences particularized and serious mental health conditions, and her stability and safety will be jeopardized if her identity is revealed. Dr. Raghavan's declaration establishes that Plaintiff suffers from clinical levels of anxiety, fear, shame, and hypervigilance. Raghavan Decl.

1

¶ 3. These conditions are "associated with sexual trauma and captive abuse, both of which Jane Doe 3 experienced" and "are core emotions that form the basis of post traumatic stress disorder and a variety of anxiety and depressive disorders." *Id.* ¶¶ 3, 6. Based on Dr. Raghavan's professional opinion and experience, public identification of Plaintiff "would increase her current levels of trauma, escalate her current levels of distress, and threaten her already fragile family and work stability, as well as her personal and emotional safety." *Id.* ¶ 5.

In contrast, the risk of prejudice to Defendants is speculative at best. Defendants know Plaintiff's identity and have been uninhibited by her anonymity to date. During discovery, Defendants have received nearly 3,000 documents from Plaintiff's files (roughly four times as many documents as Defendants Kahn and Indyke have produced combined), which contradicts their argument that they somehow need her name published to "have a fair opportunity to investigate Ms. Doe's allegations." Dkt. 82 at 3. And while the public generally may have an interest in open proceedings, the public's greater interest lies in protecting the identities of sexual assault victims to ensure that other victims will not be deterred from seeking justice and reporting similar crimes. Defendants have not pointed to anyone (including other Epstein victims) in the "public" other than themselves who desires or would desire that Jane Doe 3 be forced to reveal herself.

Plaintiff's strong interests in preserving her already fragile stability and safety greatly outweigh the speculative and limited risk of prejudice Defendants may face. The Court should therefore allow Plaintiff to proceed anonymously in her quest for justice against those who facilitated her abuse, following numerous courts in this District that have found that Epstein's victims' identities are deserving of such protection.

## ARGUMENT

Preservation of Plaintiff's anonymity is necessary to ensure her stability and safety. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." *Doe v. Vassar Coll.*, 2019 WL 5963482, at *1 (S.D.N.Y. Nov. 13, 2019) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)). When undertaking this balancing test, district courts consider but are not limited to:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* This balancing test weighs in Plaintiff's favor.

### I.    The Nature of Plaintiff's Sex-Trafficking Allegations Are Highly Sensitive and Personal.

The first factor for determining whether pseudonymity is appropriate, whether the litigation involves matters that are highly sensitive and of a personal nature, strongly favors Plaintiff. Plaintiff was a victim of perhaps the most notorious sex-trafficker and was sexually abused by him on multiple occasions. Courts in this District have concluded ubiquitously that this factor weighs in favor of protecting the identity of victims of sexual abuse. "[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe v. Cruz*, 2024 WL 1465928,

at *2 (S.D.N.Y. Apr. 4, 2024); *see also Doe v. Hunter*, 2024 WL 3742546, at *3 (S.D.N.Y. Aug. 9, 2024); *Doe v. Zeumer*, 2024 WL 1586032, at *1 (S.D.N.Y. Mar. 6, 2024); *Doe v. Black*, 2023 WL 5334642, at *2 (S.D.N.Y. Aug. 18, 2023).  Courts have found that this factor weighs in favor of anonymity even when the victim was over the age of 18 at the time of the abuse.  *Hunter*, 2024 WL 3742546, at *3; *Zeumer*, 2024 WL 1586032, at *1.

Defendants do not even attempt to argue that this factor weighs in their favor.  Instead, they point to cases where courts found that this factor did not outweigh other factors.  *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) ("Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym."); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020); *Doe 1 v. United States*, 2024 WL 1885188, at *2 (S.D.N.Y. Apr. 30, 2024), *reconsideration denied*, 2024 WL 3738626 (S.D.N.Y. Aug. 8, 2024); *Doe v. Leonelli*, 2022 WL 2003635, at *3 (S.D.N.Y. June 6, 2022) ("this factor weighs in Plaintiffs' favor").  In *Doe v. Combs*, for example, the Court found that Plaintiff lacked the "specific support" to proceed pseudonymously.  2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024).  In contrast here, Plaintiff has presented support by way of a medical expert declaration.

## II.    Identification of Plaintiff Poses Serious Risk of Mental Harm and She Is Particularly Vulnerable to this Harm.

The second, third, and fourth factors—whether identification poses a risk of retaliatory physical or mental harm to plaintiff, whether identification presents other harms and the likely severity of those harms, and whether the plaintiff is particularly vulnerable to the possible harms of disclosure—weigh heavily in Plaintiff's favor.  As the declaration of Dr. Raghavan demonstrates, revelation of Plaintiff's identity poses serious risks to her mental health, stability, and safety.  Due to the fact that Plaintiff is currently experiencing clinical levels of anxiety, fear,

shame, and hypervigilance—"core symptoms of post traumatic stress disorder"—she is particularly vulnerable to the serious risks associated with the public attention she will face if her name is revealed. Ex. A ¶ 3. Similarly, Dr. Raghavan attests that "Jane Doe 3's traumatic responses to the sexual abuse would be exacerbated by disclosure of her identity." *Id.* ¶ 4. She further determined that identifying Plaintiff would "threaten her already fragile family and work stability as well as her personal and emotional safety." *Id.* ¶ 5.

The risk of harm to a plaintiff's mental health is recognized as a reason to protect her pseudonymity. In *Doe v. Colgate University*, the court permitted the plaintiff to remain anonymous because "forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges." 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016). Courts also credit the risk of "professional and reputational harm" when allowing a Plaintiff to proceed pseudonymously. *Cruz*, 2024 WL 1465928, at *2 ("Harms to Plaintiff resulting from disclosure include mental and emotional harm . . . as well as professional and reputational harm.").

Plaintiff also articulates risks of retaliatory harm. Defendants point to *Doe 1*, 2024 WL 1885188, at *4, as an example of an Epstein-related case where the Court denied the plaintiff's request to remain anonymous, based on the inadequacy of her fears of retaliation due to Epstein's "tremendous wealth and power." Dkt. 82 at 11. But Plaintiff's risks of mental harm are more serious and particularized. While Plaintiff has "expressed concerns about being physically stalked and threatened . . . if her identity were to become publicly known," Dr. Raghavan has also determined that Plaintiff is currently experiencing symptoms of post-traumatic stress disorder that make her particularly vulnerable to the risk of any retaliatory harm. Ex. A ¶¶ 3, 7. Moreover, Defendants misrepresent and misinterpret the legitimate risk of retaliation that Plaintiff faces due to her unique circumstances. As Dr. Raghavan explains, Epstein has a "network of powerful

individuals in Jane Doe 3's country" that could retaliate against her.  *Id*. ¶ 10.  Thus, the risk of

retaliation is not just tied to Plaintiff's fear of *Defendants* knowing her identity, but others as well.

As a result, this case is distinct from *Weinstein*, 484 F. Supp. 3d at 96; *Leonelli*, 2022 WL 2003635,

at *3; and *Doe v. United States*, 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017); where the

plaintiffs only feared retaliation by the defendants and the defendants already knew their identities,

or the plaintiffs proposed to provide their identities to defendants.

  *Doe 1* also stands in contrast to numerous cases where various courts have allowed

Epstein's victims to proceed anonymously.  *See, e.g., Doe 1 v. Deutsche Bank Aktiengesellschaft*,

No. 22 Civ. 10018 (S.D.N.Y. Dec. 5, 2022), Dkt. 28; *Doe 1 v. JP Morgan Chase & Co.*, No. 22

Civ. 10019 (S.D.N.Y Dec. 8, 2022), Dkt. 22; *Doe 1000 v. Indyke at al.*, No. 19 Civ. 10577

(S.D.N.Y. Jan. 24, 2020), Dkt. 23; *Doe 17 v. Indyke et al*., No. 19 Civ. 9610 (S.D.N.Y. Nov. 8,

2019), Dkt. 25; *Katlyn Doe v. Darren K. Indyke, et al.*, No. 19 Civ. 7771 (S.D.N.Y. Sept. 12, 2019),

Dkt. 28; *Jane Doe 43 v. Epstein et al.*, No. 17 Civ. 616 (S.D.N.Y. Apr. 5, 2017), Dkt. 28*; Jane Doe

No. 103 v. Epstein*, No. 10 Civ. 80309 (S.D. Fla. Mar. 9, 2010), Dkt. 5; *Doe v. Epstein*, No. 08 Civ.

80119 (S.D. Fla. Aug. 7, 2009), Dkt. 253; *Doe v. Epstein*, No. 08 Civ. 80893 (S.D. Fla. Oct. 6,

2008), Dkt. 15 at 2–3.  In *Doe 11 v. Jarecki*, for example, the Court allowed a plaintiff to proceed

pseudonymously against a wealthy associate of Epstein in part because of the plaintiff's allegations

that she was "at serious risk of retaliatory harm, as Defendant possesses tremendous wealth and

power and has demonstrated a clear ability to cause her serious harm."  2024 WL 2946058, at *2

(S.D.N.Y. June 11, 2024).  All the risks of harm that Plaintiff articulates justify her pseudonymity.

  Further, the medical corroboration of Plaintiff's current conditions demonstrates the

severity of the harms she will face (third factor) and that she is particularly vulnerable (fourth

factor).  When a medical professional corroborates a plaintiff's claim that she will suffer mental

harm if her identity is revealed, courts in this Circuit allow the plaintiff to proceed anonymously. In *Doe v. Smith*, for example, the Court, on reconsideration, permitted a plaintiff's request to remain anonymous after the plaintiff presented a psychological evaluation from a medical doctor explaining her need to remain anonymous.  105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999) ("As a result of this newly provided evidence, the court finds that the plaintiff has provided evidence of an exceptional circumstance warranting authorization to proceed anonymously.").

The cases Defendants cite are distinct because the courts explicitly relied on the lack of corroborating medical evidence when determining that pseudonymity was not justified.  *See Combs*, 2024 WL 863705, at *3 ("Where a plaintiff claims that disclosure will harm that person's mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff"); *Leonelli*, 2022 WL 2003635, at *3 ("the potential for embarrassment or public humiliation does not …. suffice to overcome the presumption of identification in judicial proceedings, absent more direct evidence linking disclosure of plaintiff's name to a specific physical or mental injury."); *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (noting that "plaintiff . . . has not submitted any corroborating medical testimony"); *Weinstein*, 484 F. Supp. 3d at 95 ("Without corroboration from medical professionals, however, her general allegation of potential trauma is 'mere speculation.'"); *Doe v. City Univ. of N.Y.*, 2021 WL 5644642, at *9 (S.D.N.Y. Dec. 1, 2021) ("Here, plaintiff has presented no such corroboration from medical professionals or evidence of any specific harm.").  The existence of medical evidence of Plaintiff's conditions here strongly supports her request to remain anonymous.[1]

---

[1] In *Rapp*, the Court denied plaintiff's request to remain pseudonymous even where there were declarations from medical professionals.  537 F. Supp. 3d at 529.  But there, evidence was presented that the plaintiff had already revealed his identity to the media and friends.  *Id.*  Thus, in that unique context, the Court did not credit the medical declarations.  Plaintiff has never revealed

There is no question that Plaintiff will garner media attention if her name is revealed and that will directly harm her already fragile situation. As Defendants acknowledge, Dkt. 82 at 11 & n.4, Epstein's sex-trafficking enterprise, along with Indyke and Kahn's involvement, has become highly publicized. The threat of additional media attention justifies Plaintiff's particularized need for pseudonymity here. In *Colgate University*, for example, in granting the plaintiff's request for pseudonymity, the Court considered that "[r]ecently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." 2016 WL 1448829, at *2. Courts have also credited the risk of retaliatory mental harm due to the risk of exposure to potential online retaliation. In *Zeumer*, the Court protected the plaintiff's pseudonymity when there was a risk that, based on her past experience, she would be "brutally attacked online and verbally in-person for speaking out publicly" as a victim of sexual abuse. 2024 WL 1586032, at *1. The media and online attention that accompanies any case involving Epstein therefore threatens to harm Plaintiff should her name be made public.

In short, the medical evidence here shows that the risks of harm are severe and Plaintiff is particularly vulnerable to the harms that would result from revelation of her identity, which harms would be amplified due to the media attention around this case. The second, third, and fourth factors therefore weigh strongly in favor of protecting Plaintiff's pseudonymity.

### III. Defendants Fail to Demonstrate Prejudice.

The sixth factor of prejudice to Defendants also weighs in favor of anonymity or is neutral. Defendants will not be prejudiced if Plaintiff remains anonymous, and any risk of prejudice is

---

to anyone other than her attorneys that she was a victim of Jeffrey Epstein, rendering *Rapp* inapposite.

mitigated by their knowledge of Plaintiff's identity.  In *Hunter*, the Court concluded that where, as here, "Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly," there is little risk of prejudice.  2024 WL 3742546, at *2.  In *Cruz*, the court found that, since the defendant already knew the plaintiff's identity, there was "no countervailing concern that allowing Plaintiff to proceed anonymously would prejudice Defendant."  2024 WL 1465928, at *2.

In addition to the fact that Defendants have known Jane Doe 3's identity since the case's inception, the Court's Protective Order allows Defendants to seek third-party discovery so long as Plaintiff's identity remains confidential.  *See Zeumer*, 2024 WL 1586032, at *1 (finding this factor weighed in favor anonymity where "the parties have agreed on procedures so that [Defendant] is 'not greatly prejudiced in his ability to conduct discovery.'").  Defendants argue that Plaintiff's anonymity may make it difficult for Defendants to find witnesses who have information relevant to her allegations.  Dkt. 82 at 15.  But Defendants have already been able to identify several potential witnesses from their own files, from Plaintiff's voluminous document production, and from their own investigation.[2]

For the foregoing reasons, Defendants have not established any prejudice resulting from Plaintiff continuing to proceed anonymously.[3]

---

[2] None of the cases Defendants cite for the prejudice factor are analogous, because in each case the courts found that the plaintiffs lacked credible medical corroboration of harm.  *See Combs*, 2024 WL 863705, at *4; *Weinstein*, 484 F. Supp. 3d at 96–97; *Doe 1*, 2024 WL 1885188, at *5. As discussed above, the Raghavan declaration provides the requisite corroboration here.

[3] The fifth factor—whether the suit is challenging the actions of the government or that of private parties—is neutral.  In assessing this factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding."  *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003).  In cases where, as here, Defendants have already suffered negative publicity based on similar allegations made by others and independently of the current action, courts have held that "any additional prejudice to the defendant's reputation or ability to operate merely by the pursuit of the action under a pseudonym appears minimal."  *Id.*  Here, the press has already covered public

IV.    **Defendants Fail to Show Prejudice to Putative Class Members.**

Defendants also assert that allowing Plaintiff to proceed anonymously would unfairly prejudice potential class members.  Dkt. 82 at 9.  This argument is meritless for several reasons. First, Defendants are the worst individuals imaginable to purport to speak on behalf of the interests of other Epstein victims, given Defendants' decades-long involvement in the sex-trafficking venture and their years spent silencing its victims.  Second, Defendants' argument is premature until a class is certified and notice is issued.  Only then would a future class member be able to decide "whether or not to opt out of the class."  *Id*.  Any hypothetical inquiry by a hypothetical class member in the future could be handled at that future time in accordance with Rule 23 and the notice procedures the Court puts into place.

Contrary to Defendants' suggestion that plaintiffs may never proceed anonymously in class cases, Judge Rakoff allowed class representatives to proceed pseudonymously in two Epstein-related cases just over a year ago.  *Doe 1 v. Deutsche Bank Aktiengesellschaft*, No. 22 Civ. 10018 (S.D.N.Y. Dec. 5, 2022), Dkt. 28; *Doe 1 v. JP Morgan Chase & Co.*, No. 22 Civ. 10019 (S.D.N.Y Dec. 8, 2022).  While it is true that the defendants in those cases did not oppose the plaintiffs' anonymity, the court still could have, *sua sponte*, denied plaintiffs' requests to proceed under pseudonyms.  The court did not, however, and just last month reiterated that "[p]rotecting the identity of sexual assault survivors and the details of their assaults is traditionally considered

---

allegations made in prior lawsuits that "Indyke and Kahn [acted] like 'captains' in his pedophile operation, forcing some foreign victims into arranged marriages with his American victims so they could enter the United States."  Stephen M. Lepore, *Two Longtime Jeffrey Epstein Advisors, and Executors of the Pedo Financier's Estate, Accused of Hiding $13 Million to Enrich Themselves and Avoid Paying Out Victims*, DailyMail (July 23, 2022), https://www.dailymail.co.uk/news/article-11041831/Executors-Epsteins-estate-accused-hiding-13-million-avoid-paying-victims.html.  Any further damage to their reputation arising from the fact of Plaintiff's anonymity in this case would therefore be minimal as well.

private and has been widely recognized as a compelling reason to limit public access to judicial documents." *Doe 1 v. JP Morgan Chase Bank, N.A.*, 2024 WL 3597196, at *6 (S.D.N.Y. July 30, 2024). The settlements and claims administration in both of those cases occurred without the need to publish the class representatives' names, rendering Defendants' speculation that absent class members need to know Jane Doe 3's name here baseless.

Courts throughout the country have also allowed class representatives to proceed under pseudonyms in similar cases. *See Doe v. City of Apple Valley*, 2020 WL 1061442, at *3 (D. Minn. 2020). In *R.F.M. v. Nielsen*, the Court allowed a class of young immigrant plaintiffs to proceed with their class action pseudonymously. 365 F. Supp. 3d 350 (S.D.N.Y. 2019). In *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1063 (9th Cir. 2000), the court found that an FLSA collective action could proceed with a class of entirely pseudonymous plaintiffs. In *City Apple Valley*, too, the court allowed the class action to proceed with pseudonymous representatives. 2020 WL 1061442, at *3. The court found that it " w[ould] still hear any motion for class certification . . . and [was] more than capable of ensuring the Plaintiffs are fair representatives of the proposed classes." *Id.* The court rejected "a rule that class representatives must be publicly identified" because it "would likely discourage individuals from stepping forward and seeking redress for their injury." *Id.*

Defendants' authorities are easily distinguished. Defendants cite only one case from this district where a court, in the context of the FLSA, concluded that anonymity "could preclude potential class members from properly evaluating the qualifications of the class representative." *Michael v. Bloomberg L.P.*, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015). In that case, "there was no issue . . . of physical retaliation or mental harm against plaintiff" and the court was concerned that if it did not require disclosure "nearly any plaintiff bringing a lawsuit against an

employer would have a basis to proceed pseudonymously." *Id.* Here, in contrast, there are concrete risks of retaliation and mental harm and the circumstances are unique.

The out-of-district cases that Defendants cite are also distinct. *In re Ashley Madison Customer Data Sec. Breach Litig.*, was a multidistrict litigation involving plaintiffs who were users of the Ashley Madison dating website and claimed they wanted to protect their identities to avoid embarrassment and economic harm but did not offer any medical corroboration. 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016); *see also Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 205 (D. Wyo. 2021) ("[T]he risk of embarrassment is generally insufficient to allow anonymity"). In *Doe v. Vanderbilt University*, the Court found that the plaintiff's fears of retaliation and exposure were "speculative and unsupported." 2021 WL 6496833, at *2 (M.D. Tenn. Mar. 11, 2021). These privacy interests are weaker than the particularized risk of mental health harm that Plaintiff will face if she is forced to reveal her identity to seek justice for the abuse committed against her.

Finally, Defendants assert that publishing Jane Doe 3's name is required because of "allegations that some women were co-conspirators of Mr. Epstein and recruited women to be abused by him," that, according to Defendants, are relevant to "her adequacy and typicality as a class representative." Dkt. 82 at 11–12. These assertions are factually baseless and legally meritless. Any suggestion that Plaintiff was a co-conspirator or recruiter is baseless, unsupported, and irresponsible. In any event, none of these facts implicate Plaintiff's commonality, typicality, or adequacy to represent other victims. In granting class certification in the case against JP Morgan, Judge Rakoff squarely rejected the same adequacy argument, holding that:

> JP Morgan claims that Jane Doe will not adequately represent the class because, it alleges, she helped Jeffrey Epstein to recruit other members of the proposed class. Even if that allegation is true – which Jane Doe largely disputes – it does not undermine Jane Doe's adequacy. Under Rule 23(a)(4), the key question is whether

"the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Even if Jane Doe helped Epstein to recruit other members of the class in the past, she shares a common interest with them now in securing a judgment against JP Morgan …. Since Jane Doe's interests are aligned with those of class members, she is committed to pursuing this case zealously on behalf of the class, and she has retained qualified counsel, the Court finds that Rule 23(a)'s adequacy requirement is satisfied.

*Doe 1 v. JPMorgan Chase Bank, N.A.*, 2023 WL 3945773, at *6–7 (S.D.N.Y. June 12, 2023).

For the foregoing reasons, Defendants arguments concerning asserted harms to putative class members provide no basis for denying Plaintiff's right to proceed anonymously.

**V.    Plaintiff Has Not Revealed Her Identity.**

That Plaintiff has kept her identity protected also weighs in favor of allowing her to proceed pseudonymously. *Sealed Plaintiff*, 537 F.3d at 189 (seventh factor is whether Plaintiff kept her identity private previously). This is not a case in which plaintiff is attempting to gain an advantage by making accusations to the media, then shielding her name in the court. *Black*, 2023 WL 5334642, at *2 (granting motion for leave to proceed anonymously when "Plaintiff has not spoken publicly about the incidents that underly the cause of action in the Complaint"); *Doe v. Bedford Cent. Sch. Dist.*, 2019 WL 493819, at *1 (S.D.N.Y. Feb. 8, 2019) (granting motion for leave to proceed anonymously when "the Court is persuaded plaintiffs have not discussed their claims publicly or in the media"). Plaintiff has never revealed that she was a victim of Epstein's abuse.

**VI.    The Public Interest Weighs in Favor of Plaintiff's Pseudonymity.**

The eighth factor, whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, weighs in favor of Plaintiff, because courts have "recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." *Vassar Coll.*, 2019 WL 5963482, at *2; *see also Cruz*, 2024 WL 1465928, at *2 ("[M]andating disclosure in these circumstances would

be counter to the public interest, as it would 'chill' potential action by 'others who face discrimination based on their highly stigmatized characteristics from seeking judicial relief.'"); *Doe v. Sarah Lawrence Coll.*, 2022 WL 2866473, at *2 (S.D.N.Y. July 20, 2022). Defendants' assertions about the public's interest in outing victims of sexual assault are generalized and conclusory. *See* Dkt 82 at 14.

While the public has an interest in open court proceedings, that interest is outweighed by the public's interest in protecting the identities of victims in cases like these. *See, e.g.*, *Jarecki*, 2024 WL 2946058, at *2 ("[W]hile there may be 'public interest in th[is] litigation because of the notoriety of Epstein and those with whom he associated . . . disclosure of the identity of the plaintiff is not likely to be of a legitimate importance or benefit to the public.'").

Defendants rely on *Doe v. Telemundo*, 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023); *Rapp*, 537 F. Supp. 3d 521; and *Weinstein*, 484 F. Supp. 3d 90. But those cases are clearly distinguishable. First, in *Telemundo* and *Weinstein*, while the court did acknowledge that the public interest factor favored disclosure, the court emphasized the fact that the public has interest in the identity of a victim when the victim is a public figure. *Telemundo*, 2023 WL 6259390, at *7 (plaintiff was a "public figure in her own right"); *Weinstein*, 484 F. Supp. 3d at 97 (public has interest "in the identities of his accusers, some of whom are also public figures"). In *Combs*, as well, the Court did not consider the argument that the public has an interest in protecting plaintiffs' anonymity to prevent against any chilling effect. 2024 WL 863705, at *5; *see also Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022). And in *Rapp*, the court recognized that the public has a general "interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights" but concluded that "it does not follow that the public

has an interest in maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." *Id.*

In contrast, Plaintiff here is the paradigmatic example of a plaintiff whose identity should be protected—she has medical corroboration of the potential for additional harm, and she has consistently kept the details of her abuse private. Granting Plaintiff pseudonymity here does not mean the court will have to grant pseudonymity to *every* person who alleges sexual assault or other highly personal misconduct. Pseudonymity is particularly appropriate here, where Defendants cannot identify anyone in the public who they claim is seeking victims' names.[4]

## VII.    Less Drastic Methods Are Not Available.

Nothing less than anonymity will protect Plaintiff from the threats that public identification would cause. Defendants claim that redactions and sealings would be adequate to protect particularly private information, but revelation of Plaintiff's name is what she is most concerned about. There are no other mechanisms to protect Plaintiff's identity other than permitting her to continue to proceed anonymously. *Jarecki*, 2024 WL 2946058, at *2 ("[T]he Court is unaware of any alternative mechanisms to protect Plaintiff's identity."). While Defendants point to the language of *Doe 1*, there, the plaintiffs did not "address this factor at all in their motion papers." 2024 WL 1885188, at *6. And in *Telemundo*, the plaintiff readily admitted that "there may be other mechanisms in which Plaintiff's interest can be protected, including the redaction of documents and sealing." 2023 WL 6259390, at *7. Plaintiff makes no such admission here. As the Court explained in *Zeumer*, "disclosure is a one-way street: once Plaintiff's identity is revealed,

---

[4] In recent Epstein-related cases, the media has respected victims' privacy interests and not sought disclosure of their names. *See JPMorgan Chase Bank*, 2024 WL 3597196, at *7 (noting that in a recent unsealing motion the New York Times agreed not to seek disclosure of "identifying information" out of respect for "Doe's privacy interest").

it will be impossible to conceal again." 2024 WL 1586032, at *2. Thus, maintaining her anonymity is critically necessary to her health and safety.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Disclosure of the Identity of Jane Doe 3, Dkt. 82, and continue to protect her pseudonymity.

Dated: August 26, 2024                    Respectfully Submitted,


                                          */s/ Sigrid McCawley*
                                          David Boies
                                          Andrew Villacastin
                                          Alexander Law
                                          Boies Schiller Flexner LLP
                                          55 Hudson Yards
                                          New York, New York
                                          Telephone: (212) 446-2300
                                          Fax: (212) 446-2350
                                          Email: dboies@bsfllp.com
                                          Email: avillacastin@bsfllp.com
                                          Email: alaw@bsfllp.com

                                          Sigrid McCawley
                                          Daniel Crispino (*pro hac vice*)
                                          Boies Schiller Flexner LLP
                                          401 E. Las Olas Blvd. Suite 1200
                                          Fort Lauderdale, FL 33316
                                          Telephone: (954) 356-0011
                                          Fax: (954) 356-0022
                                          Email: smccawley@bsfllp.com
                                          Email: dcrispino@bsfllp.com

                                          *Counsel for Plaintiffs*

16