UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENSKY et al., <br><br>                    Plaintiffs, <br><br>          -against- <br><br> INDYKE et al., <br><br>                    Defendants. | 24-cv-1204 (AS) <br><br> <u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

Defendants' motion for issuance of a letter of request for international judicial assistance to obtain evidence is GRANTED IN PART. Defendants may seek testimony from Jane Doe 3's friend and parents.

The motion is denied with respect to Doe's employer. The information Defendants seek from Doe's employer is irrelevant now that Plaintiff has agreed to withdraw her claims for damages related to lost wages. And although Defendants argue that information from Doe's employer would disprove her credibility, "the mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses." *Shih* v. *Petal Card, Inc.*, No. 18-CV-5495, 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 12, 2021) (citation omitted).

As for Doe's husband, the Court is not convinced that his testimony would be relevant, given his lack of knowledge about the abuse. Defendants also seek information about changes in Doe's physical and psychological well-being, but Doe and her parents can testify to this topic, so Doe's husband's testimony would be needlessly duplicative. *See Arkwright Mut. Ins. Co.* v. *Nat'l Union Fire Ins. Co. of Pittsburgh PA*, No. 90 Civ. 7811, 1994 WL 142075, at *5 (S.D.N.Y. Apr. 14, 1994) (denying request to order a deposition when the witness's "observations . . . would be

duplicative of witnesses already deposed). The remaining information that Defendants seek from Doe's husband, including what Doe told him about her relationship with Epstein, is covered by the rule protecting confidential marital communications. *See Trammel* v. *United States*, 445 U.S. 40, 51 (1980). The Court will not impose a request for international judicial assistance to obtain a deposition that is unlikely to lead to any relevant, nonduplicative, or admissible testimony.

Defendants are hereby ORDERED to submit a revised proposed letter of request, which limits the request to testimony from Doe's parents and friend, by **September 5, 2024**. The Defendants shall then contact the Court to arrange an original of the signed Letter Rogatory. The Clerk of Court is directed to terminate the motion at ECF No. 86.

SO ORDERED.

Dated: September 4, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge