# EXHIBIT M

```
            N61BDEUC

            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF NEW YORK
            ------------------------------x

            JANE DOES,

                            Plaintiffs,

                    v.                              22 Civ. 10018 (JSR)

            DEUTSCHE BANK
            AKTIENGESELLSCHAFT, et al,

                            Defendants.
                                                    Conference
            ------------------------------x
                                                    New York, N.Y.
                                                    June 1, 2023
                                                    4:00 p.m.

            Before:

                            HON. JED S. RAKOFF,

                                                    District Judge

                                    APPEARANCES

            BOIES, SCHILLER & FLEXNER, LLP
                 Attorneys for Plaintiffs
            BY:  DAVID BOIES
                 PAUL CASSELL
                 ANDREW VILLACASTIN

                 -AND-

            EDWARDS HENDERSON LEHRMAN, PLLC
                 Attorneys for Plaintiffs
            BY:  BRITTANY HENDERSON
                 BRADLEY J. EDWARDS


            ROPES & GRAY, LLP
                 Attorneys for Defendants
            BY:  JAMES P. DOWDEN
                 ANDREW CASHMORE
                 DAVID B. HENNES
                 LISA H. BEBCHICK
```

N61BDEUC

1              (Case called; appearances noted)
2              THE COURT:  Good afternoon, everyone.  We're here on
3     the proposed preliminary approval of the settlement with
4     Deutsche Bank, and I had some questions -- and I guess I'll
5     direct them first to plaintiffs' counsel, although I'm happy to
6     have answers from either side.  I did not see anywhere in your
7     proposed settlement order, approval order, or anywhere else
8     even in your papers an express statement of who the class
9     consist of; such as a sentence that says, the class consist of
10    X.  Now one would have thought that that would be the most
11    elementary item that should have been included given that this
12    is a proposed settlement of a class.  So if I missed it, point
13    it out to me, but I don't see it.
14             MR. BOIES:  Your Honor, we agree completely.  It is
15    the most elemental thing.  It is stated in the complaint, and
16    we probably should have included it.
17             THE COURT:  This is nothing to do with the complaint.
18    Lots of things are stated in the complaint that are challenged.
19    The closest you come, is near as I can tell, is in your
20    proposed notice where -- let me find that.  Hold on one minute.
21    You say -- you address it to "all victims of Jeffrey Epstein
22    sex trafficking venture during the time period between August
23    19, 2013 to August 10, 2019," but that clearly is not a
24    sufficient definition of a class.
25             Then you say in page two of your proposed notice under

N61BDEUC

the heading "Description of the litigation and the class," you say -- you don't define the class, but you say the proposed settlement if approved by the Court will settle claims of the class as defined on pages blank below.  So then I looked through all the unnumbered pages hoping to find a definition of a class.  And the best I could find on page four under the heading, How do I know if I am a class member.  And you say "If you were abused or trafficked by Jeffrey Epstein and/or his associates during the period between August 19, 2013 and August 10, 2019, inclusive and are not otherwise excluded, you are a class member."

Now, if I'm someone reading this, let's say I'm someone who had consensual sex with Jeffrey Epstein when I was a minor, am I covered?

MR. BOIES:  I think that is an excellent question, your Honor.  I would direct the Court's attention first to page six of the stipulation of settlement.

THE COURT:  All right.  Let me look at that.  Hang on.  I've got your proposed order, and I've got your memorandum of law and this was, if I recall, an exhibit.  Let me see if my law clerk has a copy.

MR. CASHMORE:  Your Honor, we may.  I'll furnish a copy.  May I approach?  Thank you.

THE COURT:  All right.  Page six of the stipulation of settlement.

```
N61BDEUC
```

1            MR. BOIES:  Look under definitions at the bottom of
2    the page, 1.4.
3            THE COURT:  So there -- this of course is not part of
4    the order you gave me asking me to approve this.  But in any
5    event the stipulation says, class means all women who were
6    sexually abused or trafficked by Jeffrey Epstein during the
7    time when Deutsche Bank maintained bank accounts for Epstein
8    from August 19, 2013 to August 10, 2019. Defendants stipulate,
9    agree and consent to the definition of class for the sole
10   purpose of the settlement and without prejudice, etc., etc.
11           So I'll put to you the same question I just put
12   before, if I am a minor and I had during the relevant period
13   consensual sex with Jeffrey Epstein, am I covered or not?
14           MR. BOIES:  You would be covered, your Honor, and I
15   think --
16           THE COURT:  I think it's clear from those who know the
17   statute and all like that that you would be covered, but this
18   is something that's being sent to the victims and they wouldn't
19   have the slightest idea.
20           MR. BOIES:  I think you're exactly right, your Honor.
21   I think that that is a lapse and that should be explained.
22           THE COURT:  And the term "traffic" again is a term of
23   art that some of the victims might understand and some might
24   not.  So the point of this is that I'm disappointed in the
25   notice.  I'm disappointed in the proposed order, and we will

N61BDEUC

need to get them revised promptly to make them more helpful.

Now let me ask a different question which is, if someone puts in a claim, do I understand it's the claims administrator who determines whether they're a member of the class?

MR. BOIES:  There are two tiers.

THE COURT:  Right.  But who determines whether someone is in tier one, tier two, or not in any tier?

MR. BOIES:  The first tier is a tier that we submit to the claims administrator placed on our records, and the claim administrator accepts that unless the claims administrator has some reason to question whether the individual is an eligible member of the class.

With respect to tier two, that is something where a class member has to fill out a form, and the claims administrator will then analyze the form and take into account whatever additional information the class member provides.

THE COURT:  So my question then is, why should I turn this over to a claims administrator?  And what can you tell me as to why I should select this particular claims administrator?

MR. BOIES:  Those are obviously two different questions.

THE COURT:  That's true.

MR. BOIES:  With respect to the second question, this is somebody who I think has done this -- very experienced, has

N61BDEUC

1   done this before.  I think both parties have confidence in her.
2   We can obviously present her to the Court.
3           THE COURT:  Let me ask this, first of all, what does
4   she charge?
5           MR. BOIES:  We have a budget for that, your Honor.
6   She is relatively reasonable and --
7           THE COURT:  Of course you're saying that from the
8   perspective of the lawyers in this case, but I understand that.
9           MR. BOIES:  The defendants are paying half her cost,
10  so they have an incentive to ensure that it is not --
11          THE COURT:  There we go.  Did you or your friends,
12  your former adversaries now your bosom pals, consider anyone
13  else?
14          MR. BOIES:  We did.  There was another person who was
15  involved in the mediation who we considered.  We also
16  considered a number of other people at various stages, and I
17  think that there was a consensus that this was somebody who was
18  very experienced, was relatively reasonable in terms of time.
19          THE COURT:  When I've appointed, for example, special
20  masters, I always insist on two things.  One is that the
21  parties present me with three candidates.  And second that if I
22  don't like any of the three, I'll choose the fourth.  And given
23  that the claims administrator here is going to be making in
24  effect *quasi* legal determinations, under tier two at least, I
25  think that's the way I'd like to proceed.

N61BDEUC

1            MR. BOIES:  Very well, your Honor.  We'll do that.
2            THE COURT:  Okay.  So the last question I have -- and
3   I don't want to be misunderstood.  I thought that there were
4   many, many respects in which this was an excellent settlement,
5   and I appreciate the hard work of counsel in reaching it -- 30
6   percent seems awfully high.
7            MR. BOIES:  I think in some respects it is, your
8   Honor.  It is a number that finds a lot, as the Court is aware,
9   support both in this --
10           THE COURT:  Well, there are cases all over the lot.  I
11  think it turns on many factors and the case law says as much,
12  for example, in the *Petrobas Securities* fraud case where the
13  attorneys ask -- after a very extensive discovery and motion
14  practice, far more than what was involved here -- recover the
15  huge sum of $3.2 billion, they nevertheless felt that the most
16  they should ask for was 10 percent.  And I felt after review
17  that I should give them six percent, six percent of 3.2
18  billion -- one of the main partners involved has since retired.
19  I can well understand why, but I do think this was excellent
20  work.  As I said, I don't want to be misunderstood, but 30
21  percent strikes me as a little rich under the circumstances.
22           MR. BOIES:  I think one of the things is that when we
23  put in our fee application, we obviously will have lodestar
24  cross check.  And I think the Court will see that this is
25  something that -- there's been a tremendous amount of work done

N61BDEUC

1  in this case, including before the case was filed.
2          THE COURT:  That's a fair point.  That actually leads
3  me to, I said the last was my final question, but I lied.  You
4  know now a lot of the victims.  I understand that.  But I'm not
5  so clear how you will effectively reach other victims.
6          MR. BOIES:  We have two basic approaches.  And just as
7  background to the Court, during the years in question, Jeffrey
8  Epstein's focus in terms of the women that he was trafficking
9  and recruiting shifted from what it had been in earlier years,
10 and he was focusing to a very, very large extent on women and
11 girls from Eastern Europe, particularly Poland, the Ukraine.
12         THE COURT:  I saw that in your papers, yeah.
13         MR. BOIES:  So one of the complications of the case
14 was dealing with a class like this, and we have really two ways
15 of approaching that.  First and most important, we have a great
16 deal of information about individuals who had some kind contact
17 with Jeffrey Epstein during this period.  That comes from, not
18 only the claims that were submitted to the estate, it comes
19 from looking at emails, looking at the records from various
20 governmental investigations to the extent we have access to
21 them.
22         The records, we took discovery of Jeffrey Epstein's
23 estate, and we have records from that.  So we have considerable
24 amount of information about women who had some contact.  And
25 what we are going to do is try to contact each one of them,

N61BDEUC

even though they may not be a class member, but to give them notice of this and give them an opportunity to submit a claim.

Second, we've identified newspapers in Poland, the Ukraine and Russia, and assuming that we can get --

THE COURT: Assuming the newspaper is still being published in the Ukraine.

MR. BOIES: And make sure that we don't get sanction for taking an ad in a Russian newspaper, we're going to publish notices there. In addition to that, as part of the investigation of this, we've had investigators who have contacted women in each of these three countries. And we are going to use them to help identify people.

THE COURT: That sounds very helpful. So I'm happy to hear anything any counsel wants to add, but here's my view -- and I will note for the record I very carefully reviewed the submissions. I need to get from you -- and you tell me how long you need, but it shouldn't be a long time -- a revised notice and a revised proposed order that sets out the class, and sets it out with enough specificity and particularity that anyone looking at it who's not a lawyer could understand whether they're a potential member of the class or not.

Secondly, I need a proposal of three people to be the claims administrator, with not only their CVs and experience, but also how much they're charging. And I think for now -- one thing I like was the notice did recite what you were asking for

N61BDEUC

1    in attorney's fees.  I'm not at all sure I'm going to give you
2    30 percent, but I haven't ruled it out, so I think the notice
3    should, as it does, reflect that's what you're asking for. So
4    if anyone wants to object, they can object.  So I don't need
5    anything more now on that, but I will, as you correctly
6    intuited, want to follow-up later on with a lodestar check.  So
7    how quickly can you get me the two things I need?
8             MR. BOIES:  We can get you the revised notice very
9    quickly.  We can give you that on Monday for sure.  The issue
10   in terms of coming up with the three people --
11            MR. DOWDEN:  Your Honor, we would be amendable for ten
12   days to get both of those to you.  I think it's going to take
13   us a little bit of time to make sure the additional --
14            THE COURT:  By my standard that's a little slow, but
15   all right.  So, let's see, today is the 1st, so that will be
16   June 11.  Assuming those are satisfactory to the Court, then I
17   would be inclined to preliminarily approve the settlement, and
18   also of course let you know whether we'll need a hearing on the
19   three candidates or whether I can decide that just from the
20   papers.  So anything else we need to take up today?
21            MR. DOWDEN:  Your Honor, one other thing, I think June
22   11th is a Sunday.
23            THE COURT:  Yes, your normal working day.  So the 12th
24   is the -- is the 12th a holiday?
25            MR. DOWDEN:  No, it's not.

```
N61BDEUC
```

|     |                                                                                 |
|-----|---------------------------------------------------------------------------------|
| 1   | THE COURT:  That's right.  It's the next week.  I'm                             |
| 2   | sorry. What's the next business day?  That would be the 12th or                 |
| 3   | the 13th?                                                                       |
| 4   | MR. DOWDEN:  The 12th, your Honor.                                              |
| 5   | THE COURT:  The 12th then is fine.  Okay.  Very good.                           |
| 6   | Anything else anyone else needs to raise with the Court?                        |
| 7   | MR. BOIES:  No. Thank you, your Honor.                                          |
| 8   | MR. DOWDEN:  Thank you, your Honor.                                             |
| 9   | (Adjourned)                                                                     |
| 10  |                                                                                 |
| ... |                                                                                 |
| 25  |                                                                                 |