# EXHIBIT N

```
N6QQdoeC
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JANE DOES, individually and on
behalf of all others similarly
situated

              Plaintiffs

        v.                              22 Civ. 10019 (JSR)
                                            Conference

JP MORGAN CHASE BANK N.A.

              Defendants

------------------------------x
                                        New York, N.Y.
                                        June 26, 2023
                                        5:30 p.m.

Before:

                  HON. JED S. RAKOFF

                                        District Judge

                     APPEARANCES

BOIES SCHILLER & FLEXNER LLP
     Attorneys for Plaintiffs
DAVID BOIES
SIGRID S. McCAWLEY
ANDREW VILLACASTIN
DANIEL CRISPINO

EDWARDS HENDERSON LEHRMAN PLLC
     Attorney for Plaintiffs
BRITTANY HENDERSON

WILMER CUTLER PICKERING HALE & DORR LLP
     Attorneys for Defendants
FELICIA H. ELLSWORTH
BOYD M. JOHNSON III

MOTLEY RICE LLC
     Attorney for United States Virgin Islands
WILLIAM H. NARWOLD
```

1                   (In open court; case called)
2                   DEPUTY CLERK:  Will everyone please be seated and will
3       the parties please identify themselves for the record.
4                   MR. BOIES:  Good afternoon, your Honor.
5                   David Boies of Boies Schiller & Flexner, counsel for
6       plaintiff.  With me at counsel table are my colleagues, Sigrid
7       McCawley from my firm, Brittany Henderson from Edwards
8       Henderson.  Andrew Villacastin from Boies Schiller and Daniel
9       Crispino from Boies Schiller.
10                  THE COURT:  Good afternoon.
11                  MS. ELLSWORTH:  Good afternoon, your Honor.
12                  Felicia Ellsworth from Wilmer Hale for defendant
13      JP Morgan.  With me is Boyd Johnson.
14                  MR. NARWOLD:  Good afternoon, your Honor.  Bill
15      Narwold, Motely Rice.  We are counsel for the U.S. Virgin
16      Islands in the consolidated case.
17                  THE COURT:  Good afternoon.
18                  So this is a hearing to address preliminary approval
19      of the class action settlement in the case involving Jane Doe
20      v. JP Morgan, and I have already very carefully reviewed the
21      papers and find that so far, as preliminary approval is
22      concerned, all the Rule 23 requirements and all the *Grinnell*
23      requirements are fully satisfied, and the notice, I'm glad to
24      see, has a very good description of the class, so I am glad we
25      were able to work that out.

1                There were only two questions I had.  The first is the
2       parties recommend that Simone Lelchuk be the claims
3       administrator, and, of course, she was who I selected in the
4       Deutsche Bank settlement after looking at the other two
5       candidates, who were very well qualified as well.  Although
6       they were retired judges, but notwithstanding that, they were
7       very well qualified.
8                But I wanted to be sure that if I appointed
9       Ms. Lelchuk here, which makes a lot of sense, that her fees
10      would be the same as in the Deutsche Bank case because that was
11      one of the factors that led to my appointing her, which is that
12      her fees were less than her two competitors, so to speak.
13               Is that the case or have you checked that with her?
14               MR. BOIES:  That is the case, your Honor.
15               THE COURT:  Very good.  So I will appoint her.
16               The other question I had was in the Deutsche Bank
17      settlement, every victim who qualified was guaranteed I think
18      it was $75,000, and here there is no such minimum guarantee so
19      to speak.  Why not?
20               MR. BOIES:  Your Honor, the $75,000 was designed for
21      what we thought were the particular circumstances of the
22      Deutsche Bank settlement.  And I think we talked about at the
23      time of preliminary approval of that settlement.  Because of
24      the nature of Mr. Epstein's sex trafficking during the period
25      of time that he was banking with Deutsche Bank, almost all of

1   the victims were people who had come from Russia and Eastern
2   Europe.  We did not have as good an ability to contact them,
3   and, in addition to that, for a variety of cultural
4   circumstances, we were very concerned they would not respond
5   simply to a notice from the court, and we wanted to (A) --
6           THE COURT:  You thought $75,000 might be an incentive?
7           MR. BOIES:  Exactly, your Honor.  And we did not think
8   that that was necessary with respect to the people covered by
9   this class, which are predominantly people in the United
10  States, and we thought a more traditional class allocation
11  program was more appropriate.
12          THE COURT:  Let me ask you this:  Supposing the claims
13  administrator awards X amount to one victim and a lesser amount
14  to some other victim, and that other victim feels they're
15  similarly situated, as I understand the proposed settlement,
16  they have no remedy.  Is that right?
17          MR. BOIES:  That is right, your Honor.  The way it was
18  done in the Deutsche Bank settlement, and here, and in other
19  settlements like this, is that a qualified claims administrator
20  makes these very difficult choices in terms of allocating
21  portions of the settlement fund to various survivors.  It would
22  be, I think, very difficult administratively to set up a
23  detailed appeal process, for example.  It is not impossible,
24  but both with respect to what we've done in the past, what was
25  done in the Epstein estate claims process, the approach was the

1   approach that we've taken here.
2           THE COURT:  Well, I accept that, and it makes sense
3   because to set up an appellate process I think would be just a
4   waste of the settlement money, as well as delay probably
5   greatly the process.  But I may reserve the right, and I don't
6   think we need to put this into any formal order, but to
7   periodically take a look at how the claims administrator is
8   making her decision just so that I can feel totally comfortable
9   that everything is proceeding well.  So I just mention that,
10  and you can convey that to her.
11          MR. BOIES:  I will, your Honor.  Our view is that this
12  all continues under the Court's jurisdiction.
13          THE COURT:  Very good.
14          So I'm going to approve -- preliminarily approve the
15  settlement.  I'll issue an order tomorrow which will include
16  all the relevant dates.  I say that having been apprised today
17  that I got one or two of the dates wrong in the Deutsche Bank
18  settlement, but you know I only have ten fingers.  But
19  hopefully we will fix that tomorrow as well.  Hopefully I will
20  get the dates right this time.
21          Anything else we need to take up today?
22          MR. BOIES:  Not from us, your Honor.
23          THE COURT:  Anything from the defense?
24          MS. ELLSWORTH:  Nothing from JP Morgan.
25          MR. NARWOLD:  Your Honor, Bill Narwold from Motley

1  Rice for the U.S. Virgin Islands.  I simply wanted to alert the
2  Court and the parties of an issue that may come up down the
3  road, and that's the following:  The settlement agreement --
4  let me start by saying we're very supportive of this settlement
5  and getting relief.
6          THE COURT:  I have to say I am impressed by the
7  settlement.  I might even possibly consider the extraordinary
8  attorneys' fee recommendation of counsel.  But anyway, go
9  ahead.
10         MR. NARWOLD:  The issue I wanted to raise, your Honor,
11 is this:  There is in this settlement agreement --
12         THE COURT:  Hold on.  Maybe go to the podium.
13 Something is wrong your microphone for some reason.
14         MR. NARWOLD:  The issue is this, your Honor:  In this
15 settlement agreement, unlike in the Deutsche Bank settlement
16 agreement, there is a provision that relates to the release,
17 and the release language that is in this settlement agreement
18 could be read to purport to release claims of sovereigns, not
19 only the U.S. Virgin Islands but other sovereigns as well.  And
20 it is very likely that the U.S. Virgin Islands will object to
21 that provision at the time of final approval.  I think it's
22 also possible because of the cap and notice provisions that
23 other attorney generals may as well.  This issue of trying
24 to --
25         THE COURT:  You want to point me to the language?

1               MR. NARWOLD:  Sure.  It's the settlement agreement

2      itself or the stipulation of settlement.  It's paragraph 1.25,

3      which is actually a definitional provision but it contains the

4      language that is --

5               THE COURT:  Let me just take a quick look.  So I see,

6      although Section 1.25 was obviously authored by William

7      Faulkner, since the sentences run on interminably, but,

8      nevertheless, I see how broad they are.  So thank you for

9      raising that.

10              I don't know if plaintiff's counsel or defense counsel

11     wanted to say anything about it now.

12              MR. BOIES:  We can address it at whatever time the

13     Court would like us to, your Honor.  This, although it is very

14     broad in terms of the people covered, it is limited to damages

15     collected or sought to be collected on behalf of a member of

16     the class.  This is not intended to, and I don't think we have

17     the power to, influence what Virgin Islands or what any other

18     sovereign does in its sovereign capacity.

19              THE COURT:  So, if that's the case, why don't you add

20     some language to that effect?

21              MR. BOIES:  We thought that on behalf of a member --

22     what it says is:  Brought to recover damages from the released

23     defendant parties on behalf of a member of the class.

24              THE COURT:  Well, that may be sufficient.  I'm not

25     making any determination now, but what I would suggest is that

1   counsel confer with counsel for the Virgin Islands and whether
2   anything needs to be -- you know, I could conceive, for
3   example, at the time of final approval making a more formal
4   statement with the approval of all parties that this does not
5   include X or something like that, but we don't need to reach
6   that today.
7           MR. BOIES:  For example, as I understand it, your
8   Honor, if the State of New York or the Virgin Islands or any
9   other governmental entity were to sue JP Morgan --
10          THE COURT:  The state of New York or the Virgin
11  Islands, you like to deal in extremes, I see.
12          MR. BOIES:  Well, fall and winter, yeah.  I don't
13  think there's anything that we intend to or could do to stop
14  that, but if what they were doing was saying we're going to
15  collect damages --
16          THE COURT:  Yes, that's clearly the -- so, I'm sorry
17  go ahead.
18          MS. ELLSWORTH:  Your Honor, may I?  I agree with what
19  Mr. Boies said in terms of the limitation that's placed on this
20  clause.  It's only to the extent that a sovereign is seeking
21  damages on behalf of a class member for that class member's
22  injuries, so those are the limitations.
23          I would also note that it says to the maximum extent
24  permitted by law, so we baked in there the idea that to the
25  extent that there is some argument that a sovereign like

1  Mr. Narwold's client or anyone else would make at the
2  appropriate time about this release were it to be proffered
3  against them, that would be the time to interpret it.  So I
4  just wanted to add that one additional point.
5             THE COURT:  Let me ask Virgin Islands counsel.
6             So the damages you were seeking, assuming for the sake
7  of argument that this and the Deutsche Bank settlement are
8  finally approved, are damages for the Virgin Islands.  Yes?
9             MR. NARWOLD:  They are, but they're also under 1595(d)
10 all appropriate relief can be relief that we can in our view
11 obtain on behalf of class; for example, punitive damages, civil
12 penalties.  And what this provision does, is it prohibits class
13 members from being allowed to participate.
14            So if we, for example, had a recovery, and we decided
15 that a portion of that recovery should also go to the victims,
16 the class members, this provision would prohibit us or
17 arguably -- not prohibit us, but prohibit the class member from
18 participating in that distribution which I don't think they do.
19 But let me give you a real world --
20            THE COURT:  But I'm just trying to think of this in
21 practical terms.  I mean, here we have two very large
22 settlements.  The victims on almost any analysis are going to
23 receive a substantial amount of money.  No, now amount of money
24 can compensate them for the crimes that were committed against
25 them by Mr. Epstein, but, nevertheless, what point would there

1    be in having the Virgin Islands say, well, we're going to take
2    a little bit of what we got for the injuries that were visited
3    on the Virgin Islands and add that to what the victims got,
4    even though they have agreed through the settlement to release
5    JP Morgan from any further recovery.  I don't understand why
6    that would in practical terms make any sense.
7            MR. NARWOLD:  Let me give you a real world example
8    that I think will happen here.
9            This is a claims-made settlement, but the entire class
10   is giving a release.  I think we know, given the history of
11   these kinds of cases, that we're not going to see every victim
12   file a claim.  I hope they do, and I hope that solves that
13   problem, but I don't think all 250 or 300 victims will file.
14   Many of them are foreign nationals.  Many of them are going to
15   be difficult to find, despite all the efforts on notice.
16           What's going to happen is those individuals will
17   receive no compensation, and they will have released all of
18   their claims.  I think the Virgin Islands is entitled to
19   protect that.
20           THE COURT:  You've raised some interesting points,
21   which I need to consider.  I do think the time to raise this --
22   I mean, you will talk with each other -- but is at the time of
23   objections to the final approval of the settlement, so not in
24   some subsequent time thereafter.  We might as well deal with
25   this issue upfront and not have it hanging over us for years.

N6QQdoeC

1  So I will look forward to -- if you can't work it out
2  otherwise, I'll look forward to hearing from you then.
3          MR. NARWOLD:  Thank you, your Honor.
4          THE COURT:  Anything else anyone wants to raise?
5          MR. BOIES:  Not from us, your Honor.
6          MS. ELLSWORTH:  No, your Honor.
7          THE COURT:  Very good.  So I do want to say I really
8  do think, thanks to counsel for both sides, that this is a
9  really fine settlement, and of course I will wait to hear what
10 objections, if any, are filed, but I congratulate counsel on
11 their excellent work.  And that adjourns this proceeding.
12         (Adjourned)