

www.pbwt.com

September 18, 2024

Daniel Ruzumna
Partner
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Application GRANTED. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 117 and 122. SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: September 23, 2024

Re:   *Bensky et al. v. Indyke et al.*, No. 1:24-cv-01204-AS

Dear Judge Subramanian:

      Pursuant to Paragraph 11(C)(i) of Your Honor's Individual Practices in Civil Cases, we respectfully submit this letter on behalf of Defendants Darren Indyke and Richard Kahn to explain the need to redact certain categories of information contained in Exhibits B, C, D, E, O, P, T, U, V, and X[1] to the Declaration of Sigrid McCawley in support of Plaintiff's Motion for Class Certification (ECF No. 120), and to seal Exhibit Z attached thereto.  The parties met and conferred by video conference on this issue on September 18, 2024.

      Defendants do not oppose Plaintiff's proposal to redact the names of individuals identified in Plaintiff's letter-motion to seal (*see* ECF No. 117 at 1), as shown in Exhibits B, E, O, P, T, V, and X, because Defendants do not yet know who the putative class members in this action are.  In addition, Plaintiff does not oppose Defendants' proposal to redact the following categories of personal information:

1. The phone numbers, fax numbers, home addresses and email addresses of Defendants and nonparties (Exs. B, C, D, O, and P)

2. Bank account numbers (Ex. B)

3. Credit card numbers (Exs. E and X)

      Courts routinely grant motions to redact these categories of sensitive information where "[s]uch information is not at issue in [the] dispute and the individuals have a countervailing privacy interest in their non-disclosure." *Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (granting redaction of "e-mail addresses, home addresses and

---

[1] The parties have agreed that Exhibits H, Q, R, and S need not be filed under seal.

Hon. Arun Subramanian
September 18, 2024
Page 2

phone numbers"); *see also Mark v. Gawker Media LLC*, 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015) (privacy interests warrant redaction of "email addresses, telephone numbers, [and] bank account information"); *Signify Holding B.V. v. Fohse Inc.*, 2024 WL 2030251, at *1 (S.D.N.Y. Apr. 9, 2024) ("[P]rivacy concerns legitimately counsel against disclosure of the parties' banking information."); *Doe v. Sarah Lawrence Coll.*, 2021 WL 197132, at *9 (S.D.N.Y. Jan. 20, 2021) (ordering redaction of "any personal identifying information from the documents, including … credit card information [and] home addresses"). The categories of information that Defendants seek to redact have no relevance to the facts or laws in dispute in this case, and the individuals whose sensitive personal information is at issue "have a countervailing privacy interest in their non-disclosure." *Cohen*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011).

Moreover, pursuant to Paragraph 11(a) of Your Honor's Individual Practices in Civil Cases, parties are expressly permitted to redact "individual financial information" from public filings without leave of Court. Defendants therefore propose that Exhibit Z, which consists entirely of "individual financial information," remain under seal. Plaintiff nevertheless opposes filing Exhibit Z under seal and has instead proposed that the parties make line-by-line redactions. Because this exhibit consists solely of "individual financial information," line-by-line redactions would be both inefficient and unnecessary.[2]

For the foregoing reasons, Defendants respectfully request that the Court permit the redactions proposed in the exhibits attached hereto, and that Exhibit Z remain under seal.

Respectfully submitted, Sincerely,

Daniel S. Ruzumna

cc: All counsel of record (via ECF)

---

[2] Defendants note that Exhibit Z is not cited by Plaintiff as substantive support for her motion to certify the putative class, but is instead cited only to support her summary recitation of the allegations in her Complaint. *See* ECF No. 119 at 3. Where a supporting document is not at issue in the specific motion to which it is attached, but is cited only for a "tangential" purpose, "the public's interest in the information . . . is not especially strong." *Robinson v. De Niro*, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022).