UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 3, on behalf of herself and those similarly situated,

                Plaintiff,

-against-

DARREN K. INDYKE and RICHARD D. KAHN,

                Defendants.

24-cv-1204 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

    Jane Doe 3 alleges that she was sexually abused by Jeffrey Epstein. In her class case, Doe sues Darren Indyke and Richard Kahn for facilitating the abuse. (This is separate from her individual action against defendants in their capacities as the co-executors of Epstein's estate.) Indyke and Kahn have now moved for public disclosure of Doe's identity. After balancing the competing interests at stake, the Court finds that public disclosure of Doe's name is unwarranted at this stage. However, the Court's determination is subject to modification if Doe is appointed as the named representative of a certified class or if this case survives summary judgment. All of this will be decided soon: Doe's class-certification motion will be fully briefed by October 21, 2024, and summary judgment will be fully briefed by December 9, 2024. For now, defendants' motion is DENIED.

## BACKGROUND

    Shortly after this case was filed, Doe moved *ex parte* for leave to proceed under a pseudonym. Dkt. 9. The Court granted Doe's motion, but "reserve[d] the right to modify th[e] Order as the case progresses." Dkt. 12. The Court also permitted defendants to indicate their opposition to the order within thirty days of service. *Id.* The Court granted defendants' request to extend this deadline to after resolution of defendants' motion to dismiss. Dkt. 26. After the Court ruled on the motion, defendants moved for disclosure of Doe's identity. Dkt. 81.

## LEGAL STANDARDS

    Federal Rule of Civil Procedure 10(a) requires that "[t]he title of [a] complaint . . . name all the parties." "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-89 (2d Cir. 2008). A plaintiff can proceed anonymously only if their "interest in anonymity" outweighs "the public interest in disclosure and

any prejudice to the defendant." *Id.* at 189. Courts in the Second Circuit consider the following factors when conducting this inquiry:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature,
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties,
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age,
> (5) whether the suit is challenging the actions of the government or that of private parties,
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,
> (7) whether the plaintiff's identity has thus far been kept confidential,
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity,
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up). "[T]his list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration." *Id.* at 189-90.

## DISCUSSION

### I. Whether the litigation involves highly sensitive matters

The first factor weighs heavily in Doe's favor. Doe alleges that Epstein raped, sexually assaulted, and trafficked her and numerous other women and that Indyke and Kahn knew about and facilitated the abuse. Sexual assault allegations like these "are undoubtedly of a highly sensitive and personal nature." *Doe v. Cruz*, 2024 WL 1465928, at *2 (S.D.N.Y. Apr. 4, 2024).

### II. Whether disclosure would put Doe at risk of retaliation and mental harm

Doe argues that factor two weighs in her favor because disclosure poses a serious risk to her already fragile mental health. In support of this argument, Doe submitted a declaration from psychologist Dr. Chitra Raghavan, who observed that Doe currently experiences "clinical levels of shame, anxiety, fear, and hypervigilance," which are symptoms of post-traumatic stress disorder. Dkt. 98-1 at 2-3. Raghavan opined that disclosure would worsen these symptoms. *Id.* at 3.

Defendants urge this Court to discount Raghavan's views because she isn't Doe's treating physician and had limited contact with Doe. Raghavan conducted her "first clinical evaluation of [Doe] on July 4, 2024" and signed the declaration a month later. *Id.* at 2, 4. In defendants' view, this shows that the declaration was "hastily prepared in contemplation of [this] litigation" and has limited probative value. *Doe v. Del Rio*, 241 F.R.D. 154, 162 (S.D.N.Y. 2006). Defendants also contend that Raghavan's statements are insufficient to show that disclosure will cause Doe particularized harm. *See id.* at 161 (explaining that medical documentation has little force unless it establishes a "link between *public disclosure of plaintiff's name* and the described psychological risk").

The Court disagrees. Raghavan's declaration "predict[s] a consequence that would specifically result from public disclosure of [Doe's] name." *Id.* (emphasis omitted). Raghavan says that "the revelation of [Doe's] identity would increase her current levels of trauma, escalate her current levels of distress, and threaten her already fragile family and work stability as well as her personal and emotional safety." Dkt. 98-1 at 3. This prediction is supported by several of Raghavan's observations: that Doe fears "shame and humiliation if it were to become publicly known that she was abused by Epstein"; that Doe is "concern[ed] about being physically stalked and threatened" if her name is disclosed; and that Doe fears retaliation from the "vast network of wealthy and powerful individuals" associated with Epstein. *Id.* at 3-4. In short, even the idea of disclosure causes Doe a great deal of distress; disclosure would amplify that harm. The Court declines to disregard these findings entirely just because the declaration was prepared for the purposes of this litigation.

### III.   Whether identification presents other harms

There are no non-speculative allegations that disclosure will cause "other harms" beyond the risks identified above.

### IV.   Whether the plaintiff is particularly vulnerable to the harms of disclosure

Doe argues that she is particularly vulnerable to the harms of disclosure based on Raghavan's observations. The Court takes that harm seriously, but notes that Doe does not allege that the abuse occurred when she was a child, nor is she a child now. In finding a plaintiff particularly vulnerable, courts have focused on age as the "critical factor." *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021) (citation omitted).

### V.   Whether the suit is against the government

Courts are more likely to grant leave to proceed anonymously in actions against the government because "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [the plaintiff's] rights." *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371-72 (S.D.N.Y. 2019) (alteration in original) (citation omitted). This case is not against the government, and so this factor weighs in defendants' favor.

### VI. Whether defendants are prejudiced by Doe's anonymity

Defendants argue that allowing Doe to proceed anonymously unfairly prejudices both defendants and the putative class members Doe represents. The Court considers each argument in turn.

#### A. Prejudice to defendants

Defendants know Doe's identity. And they can disclose it in discovery as needed, so long as Doe's identity remains confidential. (In the context of third-party discovery, potential witnesses must agree to follow the Court's protective order before learning Doe's name.) Defendants have made no argument that they have been constrained in taking discovery by this arrangement.

Instead, defendants say that if Doe's name were made public and plastered over the Internet, then some witness might emerge who would provide evidence that defendants could use to defend themselves. Here, defendants say that there's evidence that Doe introduced other women to Epstein, and they argue that evidence from these women might bear on Doe's suitability as a class representative or provide the basis for an *in pari delicto* defense. Defendants' brief doesn't delve into these issues deeply or explain what discovery has revealed about Doe.

But the important point is that defendants are fully able to follow that discovery (whatever it is) as far as it leads. They have access not only to Doe's produced files, but also to their own, and to documents they've obtained from third parties. They have the extensive public record of names associated with Jeffrey Epstein, all of which they could run down to gather witnesses and evidence to bolster their case. Defendants are already allowed to reveal Doe's identity to third parties in discovery, and if any adjustments to the rules regarding confidentiality would be helpful in chasing things down, defendants can make an application to the Court. (Recall that consideration of "alternative mechanisms" is one of the *Sealed Plaintiff* factors. *Sealed Plaintiff*, 537 F.3d at 190.) The bottom line is that defendants have a variety of tools at their disposal to leave no stone unturned as to witnesses who might support their case. The argument that a silver-bullet witness would come out of the shadows if Doe's name were made public is speculative.

But if this case is one of the rare exceptions, then defendants will have their chance. Because Doe may not be able to proceed under a pseudonym for much longer. If a class is certified or if her case proceeds to trial, then defendants will have a far stronger argument for Doe to reveal her identity. *See Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (concluding that named plaintiffs' anonymity was not prejudicial at the "preliminary stage of the litigation" before the court had ruled on their motion to send notice to all potential plaintiffs). If relevant witnesses then surface, the Court may reopen discovery, and defendants can seek reconsideration of any prior ruling affected by what comes from it.

#### B. Prejudice to putative class members

Defendants also argue that Doe's anonymity has deprived class members of the right to know "who is guiding and directing the litigation." *In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016). If Doe does not disclose her identity,

4

defendants argue, class members can't determine whether she can represent their interests. Doe responds that named plaintiffs routinely proceed anonymously and, in any event, disclosure on this ground is premature given that a class has not yet been certified.

The Court agrees with Doe that ordering disclosure on this ground is premature. But it disagrees that Doe can anonymously represent a certified class. Class members have a "heightened interest in knowing who purports to represent their interests in the litigation," *id.*, because they must be able to "properly evaluat[e] the qualifications of the class representative." *Michael v. Bloomberg L.P.*, 2015 WL 585592, at *4 (S.D.N.Y Feb. 11, 2015); *see also Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021) (explaining that "class members should know who is representing them").

The few cases where courts have nonetheless permitted class representatives to proceed anonymously are distinguishable in important ways. In some, plaintiffs' requests to proceed anonymously were unopposed, so the issue of prejudice to class members was not raised to the court. *See, e.g., Doe 1 v. Deutsche Bank Aktiengesellschaft*, No. 22-cv-10018 (S.D.N.Y Dec. 5, 2022) (order granting leave to proceed anonymously); *Doe 1 v. JP Morgan Chase & Co.*, No. 22-cv-10019 (S.D.N.Y. Dec. 8, 2022) (same). In others, the suits raised only issues of law, so the class members' interest was in seeing their rights vindicated, not in evaluating the class representative's motives and qualifications. *Doe v. City of Apple Valley*, 2020 WL 1061442, at *3 (D. Minn. Mar. 5, 2020) (challenging the constitutionality of an ordinance that restricted where sex offenders could live); *see also R.F.M.*, 365 F. Supp. 3d at 372 (arguing that agency's policy violated the Administrative Procedure Act).

In rare circumstances, a class representative's interest in anonymity could be strong enough to override the class members' heightened interest in disclosure, even if the suit raises issues of fact. In *Does I thru XXII*, for example, the Ninth Circuit allowed class representatives to proceed anonymously with claims brought under the Fair Labor Standards Act because disclosing their identities could lead to "deportation, arrest, and imprisonment." 214 F.3d at 1069-71. Although disclosure may cause hardship for Doe, it will not have the same severe consequences here.

### VII.    Whether the plaintiff's identity has thus far been kept confidential

Doe has never publicly revealed that she was a victim of Epstein's abuse, so this factor weighs in her favor. *See Doe v. Bedford Cent. Sch. Dist.*, 2019 WL 493819, at *1 (S.D.N.Y. Feb. 8, 2019) (allowing plaintiffs to proceed anonymously when they "ha[d] not discussed their claims publicly or in the media").

### VIII.   Whether the public's interest in the litigation is furthered by requiring Doe to disclose her identity

Doe argues that this factor weighs in her favor because "[c]ourts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." *Doe v. Vassar Coll.*, 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019). Defendants say that this factor weighs against Doe because courts

also have recognized the "great public interest in not only the allegations against Epstein, but also in the identities of his accusers." *Doe 1 v. United States*, 2024 WL 1885188, at *5 (S.D.N.Y. Apr. 30, 2024). The Court is skeptical that the interest in the identities of Epstein's accusers overrides the interest in ensuring that sexual assault victims are not deterred from bringing their cases to court. But there is a strong presumption of public access to everything that is happening in the public's courts, and the Court is mindful of that presumption and the important reasons for it. That is one of the reasons why Doe's argument to maintain her anonymity may become more perilous if she is appointed the representative of a class of plaintiffs or if her case proceeds to trial.

### IX. Whether there is an atypically weak interest in disclosure because the issues are legal

This factor weighs against Doe. This case does not raise "abstract questions of law," but rather factual questions about whether Doe was abused by Epstein, what injuries resulted, and whether defendants knew about and facilitated the abuse. *See Doe v. Townes*, 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020).

### X. Whether less drastic remedies are available

Defendants argue that less drastic remedies are available because redaction could be employed to protect particularly sensitive information. Doe claims that no mechanism other than complete anonymity will protect her identity, and "revelation of [Doe's] name is what she is most concerned about." Dkt. 98 at 20.

* * * *

After reviewing the factors and the facts and circumstances of this case, the Court finds that at this juncture, Doe's interest in anonymity outweighs the considerations on the other side of the scale. Doe says that she was a victim of sexual abuse, and backed up by the declaration of Dr. Raghavan, she says that disclosure of her identity will be devastating. The public's interest in making sure victims of sexual abuse aren't deterred from bringing forward their allegations is relevant here too. And in this case, defendants know Doe's identity and can disclose it as necessary in discovery.

No class has been certified in this case, so any prejudice to other class members is, at this stage of the litigation, speculative. But as the Court has noted, Doe should anticipate that if she succeeds on her motion for class certification, she may very well have to reveal her identity so that others can make informed decisions about whether she can represent their interests. The same is true if Doe's case proceeds past summary judgment, where the rights of the class, the defendants, and the public in disclosure of her identity may tip the scales.

## CONCLUSION

For the foregoing reasons, defendants' motion is DENIED. The Clerk of Court is respectfully requested to terminate Dkt. 81. The Clerk of Court is also respectfully requested to amend the caption in 24-cv-1204 to remove plaintiff Bensky's name.

SO ORDERED.

Dated: September 26, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge