Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

# Hughes Hubbard & Reed

September 26, 2024

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   *Bensky, et al. v. Indyke, et al.*, Case No. 24-cv-1204 (AS)

Dear Judge Subramanian:

Pursuant to Paragraphs 11(B) and 11(C)(i) of Your Honor's Individual Practices in Civil Cases and the Court's Protective Order (ECF No. 64, the "Protective Order"), we respectfully submit this letter on behalf of Defendants Darren Indyke and Richard Kahn to (1) explain the basis to file under partial seal Plaintiff's Letter Motion to Compel (ECF No. 126) and under seal Exhibits C and D to the Declaration of Sigrid McCawley in Support of Plaintiff's Letter Motion to Compel[1] (ECF No. 127); and (2) inform the Court that Defendants do not oppose Plaintiff's proposal to redact portions of Exhibits A, B, and E to the McCawley Declaration. The parties met and conferred on this issue by video conference on September 26, 2024.

Exhibit D to the McCawley Declaration is a document produced by Defendants in this litigation and marked as "Confidential" pursuant to Paragraph 3 of the Protective Order. Exhibit C to the McCawley Declaration is an excerpt from the transcript of the deposition of Darren Indyke, portions of which were designated as Confidential" pursuant to Paragraph 3 of the Protective Order. Those Exhibits therefore constitute "Confidential Discovery Material," as that term is defined in the Protective Order. The redacted portions of Plaintiff's Letter Motion to Compel, which quote from and summarize information from those Exhibits, likewise "disclose such Confidential Discovery Material." (Protective Order ¶ 6.) Paragraph 6 of the Protective Order states: "All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court." (*Id.*) Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit D and the portions of Plaintiff's Letter Motion to Compel

---

1. For reasons unknown to Defendants, Plaintiff's counsel filed the Exhibits under seal as attachments to the Motion, then filed them visible only to selected parties as exhibits to the McCawley Declaration; they should be sealed in the same manner wherever they appear.

disclosing the information in those Exhibits should remain under seal and Exhibit C should be redacted as shown in the attached Exhibit C.[2]  Plaintiff does not consent to Defendants' request to seal these Exhibits.

Defendants do not oppose Plaintiff's proposal to redact the names of individuals identified in Plaintiff's letter-motion to seal (ECF No. 125 at 1), as shown in Exhibits A, B, and E to the McCawley Declaration.

For the foregoing reasons, Defendants respectfully request that the Court permit the redactions proposed in the exhibits attached hereto, and that Exhibit D remain under seal.

Respectfully submitted,

Daniel H. Weiner

cc:   All counsel (via ECF)

---

2. Exhibits C and D also contain names, email addresses, and other identifying information of non-parties to this litigation similar to the kind this Court has already ordered remain under seal. (ECF No. 124).  Courts routinely grant motions to prevent the disclosure of such sensitive information on the docket where "[s]uch information is not at issue in [the] dispute and the individuals have a countervailing privacy interest in their non-disclosure." *Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (preventing publication of "e-mail addresses, home addresses and phone numbers").  This information has no relevance to the facts or laws in dispute in this case, and the individuals whose sensitive personal information is at issue "have a countervailing privacy interest in their non-disclosure." *Id.*