# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated, *Plaintiffs*, v. DARREN K. INDYKE and RICHARD D. INDYKE, *Defendants*. | Civil Action No. 24 Civ. 1204 (AS) [rel. 1:24-cv-02192 (AS)] |

## DARREN K. INDYKE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules," and together with the Federal Rules, the "Rules"), Defendant Darren K. Indyke ("Indyke") hereby responds and objects to Plaintiffs Danielle Bensky's and Jane Doe 3's ("Plaintiffs") First Request for Production served on April 10, 2024 (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each Definition, Instruction, and Request, whether or not expressly incorporated by reference in an individual response or objection.

1.      Indyke objects to each and every Definition, Instruction, and Request to the extent that it unilaterally calls for production of documents before the time specified in the Court's April 23, 2024 Order.  Dkt. No. 53.  Indyke will not produce documents responsive to any Request until

further order of the Court.  (Throughout these responses, Indyke refers to the objections contained in this paragraph as "Objection 1.")

2.      Indyke objects to each and every Definition, Instruction, and Request to the extent that it seeks information protected from disclosure by the attorney-client privilege or protection, the attorney work-product doctrine, the joint defense or common interest doctrine, or other applicable privileges and protections.  Should any response by Indyke include such privileged or protected documents, that disclosure is inadvertent and shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to those documents, or any portion of a specific document, or of Indyke's right to object during this litigation or otherwise to the use of any such documents, the information, or the subject matter thereof.  (Throughout these responses, Indyke refers to the objections contained in this paragraph as "Objection 2.")

3.      Indyke objects to each and every Definition, Instruction, and Request to the extent it is overbroad, unduly burdensome, unreasonably cumulative or duplicative of other Requests, seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case, including, without limitation, the production of: (a) electronically stored information from sources that are not reasonably accessible because of undue burden or cost, such as backup tapes or drives; (b) "all" documents when all relevant facts can be obtained from fewer than "all" documents; (c) documents and information within Plaintiffs' possession, custody, or control; or (d) documents and information that are obtainable by Plaintiffs from some other source that is more convenient, less burdensome, or less expensive, including public sources.  (Throughout these responses, Indyke refers to the objections contained in this paragraph as "Objection 3.")

4.      Indyke objects to each and every Definition, Instruction, and Request to the extent it calls for a legal conclusion, or purports to require Indyke to form, read, set forth, or perform a legal analysis.  (Throughout these responses, Indyke refers to the objections contained in this paragraph as "Objection 4.")

5.      Indyke objects to each and every Definition, Instruction, and Request to the extent that it seeks materials that are duplicative of another Request made to him in this litigation.  Indyke will not produce identical copies of documents or things that have already been produced.  (Throughout these responses, Indyke refers to the objections contained in this paragraph as "Objection 5.")

6.      Indyke objects to each and every Definition, Instruction, and Request to the extent it is inconsistent with, or seeks to enlarge upon, his obligations to respond as imposed by law, including, but not limited to the Rules or other agreements, rules and orders governing this matter.  Indyke will conduct reasonable searches for responsive documents as described in this document, but will not endeavor to describe documents that are not in his possession, custody, or control.  (Throughout these responses, Indyke refers to the objections contained in this paragraph as "Objection 6.")

7.      To the extent Indyke states that he "will produce" or "will perform a reasonable search for" certain documents called for by the Requests (or any words of similar import), those statements do not signify that such documents or information exist or are within his possession, custody or control; the words are intended simply to indicate that Indyke intends to conduct a reasonable search of documents in his possession, custody, or control and will produce responsive documents if located, pursuant to the other terms of these Responses and Objections.

8.      Indyke's decision, now or in the future, to identify or produce documents notwithstanding the objectionable nature of any of the Requests, should not be construed as: (a) an agreement that the information is relevant or admissible, (b) an agreement that any identified person is competent to testify concerning any subject, (c) a waiver of the General Objections, Objections to Definitions, Objections to Instructions, or objections asserted in response to specific Requests, or (d) an agreement that Requests requesting similar information or documents will be treated in a similar manner.  All such defenses and objections are expressly reserved.

9.      Indyke reserves the right to supplement, amend, modify, and correct his objections and responses.  In responding to each Request, Indyke does not waive and expressly preserves: (a) all objections to the competence, relevance, materiality, admissibility or use of the documents, the information, or the subject matter thereof in any aspect of this or any other court action, arbitration, mediation, hearing, proceeding, or investigation; and (b) his right to amend, supplement, correct, or clarify his responses or objections.

## OBJECTIONS TO DEFINITIONS

1.      Indyke objects to the definition of "Communication" to the extent that it exceeds the definition set out in Local Rule 26.3(c)(1).  Indyke shall apply the Local Rule's definition of "Communication."

2.      Indyke objects to the definition of "Concerning" to the extent that it exceeds the scope of Local Rule 26.3(c)(7) and is vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, Indyke's obligations under the Rules.  Indyke shall apply the Local Rule's definition of "Concerning."

3.     Indyke objects to the definition of the term "Employee" as overly broad and confusing.  For example, it includes "any attorneys," who are likely not employees.

4.     Indyke objects to the definitions set forth in the Requests as vague and ambiguous to the extent they do not identify actual individuals or entities.  For example, Indyke objects to the definition of "Jeffrey Epstein" and "Epstein" to the extent that it purports to identify persons or anything other than Jeffrey E. Epstein.  Indyke further objects to the definition of "'Jeffrey Epstein' or 'Epstein'" to the extent it is overly broad and unduly burdensome in purporting to require him to determine or speculate about associations between persons and entities named in documents in order to determine whether information is responsive to a Request.  Accordingly, Indyke will interpret "'Jeffrey Epstein' or 'Epstein'" to include only Jeffrey E. Epstein.

5.     Indyke objects to the definition of "Epstein-related entity" to the extent it is vague and ambiguous by encompassing entities other than those specifically identified by Plaintiffs in the Requests and overly broad and unduly burdensome in purporting to require him to determine or speculate about associations between persons and entities named in documents in order to determine whether those documents are responsive to a Request.  Accordingly, Indyke will interpret "Epstein-related entity" to include only: HBRK Associates; LSJE, LLC; Freedom Air Petroleum, LLC; Michelle's Transportation, LLC; L.S.J., LLC; Zorro Management, LLC; Neptune, LLC; NES, LLC; Plan D, LLC; JEGE, LLC; Hyperion Air, LLC; Thomas World Air, LLC; LSJ Emergency, LLC; Southern Financial, LLC; Southern Trust Company, Inc.; The Butterfly Trust; Lyn and Jojo, LLC; Great ST. Jim, LLC; Poplar, Inc.; Laurel, Inc.; Maple, Inc.; Cypress, Inc.; Nautilus, Inc.; FT Real Estate, Inc.; Southern Country International, Ltd.; HazeTrust; SCI JEP; IGY-AYH ST. Thomas Holdings, LLC (d/b/a American Yacht Harbor); Prytanee, LLC; CDE, Inc.; VT&T, LLC; Little St.

Jim, LLC; Financial Ballistics, LLC; Southern Country Opportunity Fund, LLC; Financial Ballistics Trust; JSC Interiors, LLC; FSF, LLC; and Jeepers, Inc.

6.    Indyke objects to the definition of "Epstein-related individual" to the extent it is vague and ambiguous by encompassing individuals other than those specifically identified by Plaintiffs in the Requests and overly broad and unduly burdensome in purporting to require him to determine or speculate about the relationship between individuals named in documents in order to determine whether those documents are responsive to a Request.  Accordingly, Indyke will interpret "Epstein-related individual" to include only: Darren K. Indyke, Richard D. Kahn, Ghislaine Maxwell, James Edward "Jes" Staley, Leslie Herbert Wexner, Sarah Kellen, ███████, Lesley Groff, ███████, Paul Morris, Bella Klein, and Harry Beller.

## OBJECTIONS TO INSTRUCTIONS

1.    Indyke objects to each of the instructions to the extent they seek to impose requirements that are unreasonable, unduly burdensome, non-customary, greater than those imposed by the Rules, the orders of this Court, or any other applicable law, rules, or orders.  Indyke will conduct a reasonable search of documents within his possession, custody or control and will produce documents in a manner consistent with his obligations under applicable rules, law, and orders, including any Stipulation or Order regarding production of documents and electronically stored information entered into between the parties or ordered by the Court.

2.    Indyke objects to the definition of "Relevant Period" as "from January 1, 1995 to the present" because this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case in that it purports to require Indyke to seek for and produce documents or communications across nearly three decades, including approximately a decade before and a decade after the abuse

alleged by Danielle Bensky and Jane Doe 3, and about allegations that are time-barred under any conceivable theory. In addition, for the reasons explained in Defendants' Motion to Dismiss or Strike, the only cognizable claim on which discovery should proceed arises out of Jane Doe 3's alleged abuse, which purportedly occurred in 2014. Documents outside the time period from January 1, 2014, to December 31, 2014, would be irrelevant to this claim and would impose undue burdens on Indyke. Accordingly, except as otherwise noted, Indyke will perform a reasonable search for responsive documents only for the time period from January 1, 2014, to December 31, 2014.

3.     Indyke objects to instructions in paragraphs 3, 7, 9 and 10 as unduly burdensome, not proportional to the needs of the case, and because they seek to impose requirements upon Indyke that are greater or different than the requirements set forth in the Rules, the orders of this Court, or any other applicable law, rules, or orders. Indyke will not provide information regarding documents he does not possess or control.

4.     Indyke objects to the instruction in paragraph 5 to the extent that it purports to require him to specify reasons for his inability to answer any Request or state in writing if there are no documents responsive to any particular Request.

5.     Indyke objects to the instructions in paragraph 15 and 16 as overbroad and unduly burdensome. Indyke will provide Plaintiffs with an appropriate privilege log identifying the basis for the claim of privilege, work product, or other ground of non-disclosure and a reasonable description of the documents so withheld, as required by the applicable Rules.

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

The responses and objections to each Request set forth below shall be deemed to incorporate, as applicable, the General Objections, Objections to Definitions, and Objections to Instructions by

reference, as if each were fully set forth herein. The act of making one or more reservations and objections in response to a specific Request is not, and shall not be construed as, a waiver of other grounds of objection to that Request. Subject to all of the foregoing, Indyke responds to each Request as follows:

## REQUEST FOR PRODUCTION NO. 1

All documents and communications concerning:

      a. Kahn;
      b. Bensky;
      c. Jane Doe 3;
      d. any Class member as defined in paragraph 189 of the Complaint;
      e. Epstein;
      f. any Epstein-related individual;
      g. any Epstein-related entity; or
      h. the Epstein Enterprise, as defined in paragraph 1 of the Complaint.

## RESPONSE TO REQUEST NO. 1

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including to the extent that it seeks "all" documents and communications "concerning" a vague and undefined or poorly defined set of individuals and entities. Indyke further objects to this request as vague and ambiguous to the extent that it includes "any Class member" without identifying the purported class members. Plaintiffs must identify specific individuals and entities for whom Indyke can conduct a reasonable search. Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, including all documents and communications concerning Indyke, Epstein, or various "Epstein-related" individuals or entities without regard to whether those documents or communications relate to the allegations at issue in this case.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive documents and communications in his possession concerning Jane Doe 3 for the relevant time period (between Jan. 1, 2014, and Dec. 31, 2014).  In the event the motion to dismiss Plaintiff Danielle Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning Bensky, between Jan. 1, 2004, and Dec. 31, 2005.  Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 2**

Except as otherwise produced in response to Request 1, all documents concerning any communications to or from you and any Person included in Request 1(a)–(f).

**RESPONSE TO REQUEST NO. 2**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including to the extent that it seeks "all documents concerning any communications" with a vague and undefined or poorly defined set of individuals and entities.  Plaintiffs must identify specific individuals and entities for whom Indyke can conduct a reasonable search.   Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  Indyke further objects to this Request as duplicative of Request No. 1.

Subject to the preceding objections, Indyke refers Plaintiffs to his response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3**

All documents and communications concerning the New York State Department of Financial Services' findings in paragraphs 48–52 of the DFS Consent Order.

**RESPONSE TO REQUEST NO. 3**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including to the extent that it seeks "all documents and communications concerning" the New York State Department of Financial Service's ("DFS") findings.  Indyke further objects to this Request because it requires him to interpret the findings of DFS.  Indyke further objects to this Request on the grounds that it seeks documents and information that are neither relevant to any party's claim or defense nor proportional to the needs of the case; Indyke was not involved with the investigation by the DFS described in the DFS Consent Order and was unaware of that investigation until the DFS issued the DFS Consent Order.

Indyke will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4**

All documents and communications concerning the New York State Department of Financial Services' findings concerning "ATTORNEY-1" as defined in the DFS Consent Order.

**RESPONSE TO REQUEST NO. 4**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including to the extent that it seeks "all documents and communications concerning" DFS's findings.  Indyke further objects to this Request because it requires him to interpret the findings of DFS. Indyke further objects to this Request on the grounds that it seeks documents and information that are neither relevant to any party's claim or defense nor proportional to the needs of the case; Indyke was not involved with the investigation by the DFS described in the DFS Consent Order and was unaware of that investigation until the DFS issued the DFS Consent Order.

10

Indyke will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 5

All documents and communications concerning the New York State Department of Financial Services' findings in paragraphs 44 and 46 of the DFS Consent Order.

## RESPONSE TO REQUEST NO. 5

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including to the extent that it seeks "all documents and communications concerning" DFS's findings. Indyke further objects to this Request because it requires him to interpret the findings of DFS. Indyke further objects to this Request on the grounds that it seeks documents and information that are neither relevant to any party's claim or defense nor proportional to the needs of the case; Indyke was not involved with the investigation by the DFS described in the DFS Consent Order and was unaware of that investigation until the DFS issued the DFS Consent Order.

Indyke will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 6

All documents and communications concerning the New York State Department of Financial Services' findings concerning "ACCOUNTANT-1" as defined in the DFS Consent Order.

## RESPONSE TO REQUEST NO. 6

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including to the extent that it seeks "all documents and communications concerning" DFS's findings. Indyke further objects to this Request because it requires him to interpret the findings of DFS. Indyke further objects to this Request on the grounds that it seeks documents and information that are neither relevant to any party's claim or

defense nor proportional to the needs of the case; Indyke was not involved with the investigation by the DFS described in the DFS Consent Order and was unaware of that investigation until the DFS issued the DFS Consent Order.

Indyke will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7**

All documents and communications concerning any wire transfers between Jeffrey Epstein and any Epstein-related individuals or Epstein-related entities through any financial institution.

**RESPONSE TO REQUEST NO. 7**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications concerning Jeffrey E. Epstein's wire transfers.  Plaintiffs unreasonably seek documents and communications concerning any wire transfer, regardless of their purpose or the recipients.  Due to Epstein's business dealings, the enormous volume of Epstein's wire transfers would be so voluminous as to make review and production untenable.  Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive documents and communications concerning wire transfers between Jan. 1, 2014, and Dec. 31, 2014, from accounts held or controlled by Epstein, or by any entity in which Epstein owned a majority stake, to Jane Doe 3.  In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning any wire transfers between Jan. 1, 2004, and Dec. 31, 2005, from accounts held or controlled by Epstein, or by any entity in which

Epstein owned a majority stake, to Bensky.  Indyke will not produce documents responsive to any

Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications concerning any cash withdrawals made by you, Jeffrey Epstein, any Epstein-related individuals, or any Epstein-related entities from any financial institution.

**RESPONSE TO REQUEST NO. 8**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the

defined terms contained within this Request.  Indyke objects to this Request on the grounds that it

is overly broad and unduly burdensome, including to the extent that it seeks "all" documents and

communications.  Indyke further objects to this Request on the grounds that it seeks information

that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Plaintiffs unreasonably seek documents and communications concerning any cash withdrawals,

regardless of their purpose or who made them.  Due to Epstein's business dealings, the enormous

volume of Epstein's cash withdrawals would be so voluminous as to make review and production

untenable.  Indyke further objects to this Request as duplicative in relevant part of Requests Nos.

12, 15, 16, and 17.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive

documents and communications concerning cash withdrawals by Epstein, Indyke, or Epstein-related

individuals or Epstein-related entities, as those terms are defined in these Responses and Objections,

between Jan. 1, 2014, and Dec. 31, 2014, from accounts held or controlled by Epstein or by any

entity in which Epstein owned a majority stake, for the benefit of Jane Doe 3.  To the extent the

motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and

communications concerning any cash withdrawals made by Epstein, Indyke, or Epstein-related

individuals or Epstein-related entities, as those terms are defined in these Responses and Objections, between Jan. 1, 2004 and Dec. 31, 2005, from accounts held or controlled by Epstein or by any entity in which Epstein owned a majority stake, for the benefit of Bensky.  Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 9**

All records, documents, and communications relating to any account at any financial institution held by or associated with Jeffrey Epstein or any Epstein-related individual or Epstein-related entity (all such accounts hereinafter referred to as "Epstein Accounts").

**RESPONSE TO REQUEST NO. 9**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all" records, documents, and communications.  Indyke further objects to this Request and the definition of the term "Epstein Accounts" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent it purports to concern the bank account of any "Epstein-related individual" whether or not they are alleged to have participated in any misconduct or if those accounts have any connection to Epstein at all, and to the extent that it refers to "any account at any financial institution . . . associated with Epstein . . . ."  Due to Epstein's business dealings, the enormous volume of records, documents, and communications relating to Epstein's accounts would be so voluminous as to make review and production untenable.  Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  Indyke also objects to this Request as duplicative in relevant part to Plaintiffs' Interrogatory No. 3.

Subject to the preceding objections, Indyke refers Plaintiffs to his responses to Requests Nos. 7 and 8.  Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 10**

All communications and documents (including account statements or documents showing balance, deposits, withdrawals, sources of deposited funds, transfers) for any Epstein Account.

**RESPONSE TO REQUEST NO. 10**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications.  Indyke further objects to this Request and the definition of the term "Epstein Accounts" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent it purports to concern the bank account of any "Epstein-related individual" whether or not they are alleged to have participated in any misconduct or if those accounts have any connection to Epstein at all, and to the extent that it refers to "any account at any financial institution . . . associated with Epstein . . . ."  Due to Epstein's business dealings, the enormous volume of records, documents, and communications relating to Epstein's accounts would be so voluminous as to make review and production untenable.  Indyke further objects to this request as vague and ambiguous to the extent it seeks documents and communications "for" any Epstein Account.  Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to the preceding objections, Indyke refers Plaintiffs to his responses to Requests Nos. 7 and 8. Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 11**

Any and all records of or relating to the banking statements for every Epstein Account held at any time at any financial institution, inclusive of any account associated with an Epstein-related individual or Epstein-related entity, evidencing all transfers, deposits, withdrawals, inclusive of the identities of any depositor, payee, payor, transferee, and transferor.

**RESPONSE TO REQUEST NO. 11**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all records of or relating to the banking statements" of every "Epstein Account." Indyke further objects to this Request on the grounds that it vague, ambiguous, overly broad, and unduly burdensome, including to the extent that it purports to concern "any account associated with an Epstein-related individual . . ." whether or not they are alleged to have participated in any misconduct or if those accounts have any connection to Epstein at all, and to the extent that it refers to "any account at any financial institution . . . associated with Epstein . . . ." Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Due to Epstein's business dealings, the enormous volume of documents, and communications relating to Epstein's accounts would be so voluminous as to make review and production untenable. Indyke also objects to this Request as duplicative in relevant part to Plaintiffs' Interrogatory No. 3.

Subject to the preceding objections, Indyke refers Plaintiffs to his responses to Requests Nos. 7 and 8. Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 12**

All documents reflecting any cash withdrawals made from any Epstein Account.

**RESPONSE TO REQUEST NO. 12**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all" documents. Indyke further objects to this Request and the definition of the term "Epstein Accounts" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent it purports to concern the bank account of any "Epstein-related individual" whether or not they are alleged to have participated in any misconduct or if those accounts have any connection to Epstein at all, and to the extent that it refers to "any account at any financial institution . . . associated with Epstein . . . ." Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Plaintiffs unreasonably seek documents and communications concerning any cash withdrawals, regardless of their purpose or who made them. Due to Epstein's business dealings, the enormous volume of Epstein's cash withdrawals would be so voluminous as to make review and production untenable. Indyke further objects to this Request as duplicative in relevant part of Requests Nos. 8, 15, 16, and 17

Subject to the preceding objections, Indyke will perform a reasonable search for responsive documents and communications concerning cash withdrawals from Epstein, Indyke, or Epstein-related individuals or Epstein-related entities, as those terms are defined in these Responses and Objections, between Jan. 1, 2014, and Dec. 31, 2014, from accounts held or controlled by Epstein or by any entity in which Epstein owned a majority stake, for the benefit of Jane Doe 3. In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning any cash withdrawals by Epstein, Indyke, or Epstein-related individuals or Epstein-related entities, as those terms are defined in these Responses and Objections,

between Jan. 1, 2004 and Dec. 31, 2005, from accounts held or controlled by Epstein or by any

entity in which Epstein owned a majority stake, for the benefit of Bensky. Indyke will not produce

documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 13**

Any documents reflecting the identity of any recipient of a wire transfer, direct deposit, or
check payment made from any Epstein Account.

**RESPONSE TO REQUEST NO. 13**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the

defined terms contained within this Request. Indyke objects to this Request on the grounds that it

is overly broad and unduly burdensome, including to the extent that it seeks "any" documents

reflecting the identity of a recipient of a wire transfer from every "Epstein Account." Plaintiffs

unreasonably seek documents and communications concerning any wire transfers, direct deposits,

or check payments, regardless of their purpose or the recipients. Indyke further objects to this

Request and the definition of the term "Epstein Accounts" on the grounds that it is vague,

ambiguous, overly broad, and unduly burdensome, including to the extent it purports to concern the

bank account of any "Epstein-related individual" whether or not they are alleged to have participated

in any misconduct or if those accounts have any connection to Epstein at all, and to the extent that

it refers to "any account at any financial institution . . . associated with Epstein . . . ." Due to

Epstein's business dealings, the enormous volume of Epstein's transactions would be so voluminous

as to make review and production untenable. Indyke further objects to this Request on the grounds

that it seeks information that is neither relevant to any party's claim or defense, nor proportional to

the needs of the case.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive

documents and communications concerning wire transfers, direct deposits, or check payments

between Jan. 1, 2014, and Dec. 31, 2014, from accounts held or controlled by Epstein or by any entity in which Epstein owned a majority stake, to Jane Doe 3. In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning any transfers, direct deposits, or check payments between Jan. 1, 2004, and Dec. 31, 2005, from accounts held or controlled by Epstein or by any entity in which Epstein owned a majority stake, to Bensky. Indyke will not produce documents responsive to any Request until further order of the Court.

## REQUEST FOR PRODUCTION NO. 14

All communications and documents relating to all Epstein Accounts referencing the termination of any Epstein Account.

## RESPONSE TO REQUEST NO. 14

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents and communications relating to all Epstein Accounts." Indyke further objects to this Request and the definition of the term "Epstein Accounts" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent it purports to concern the bank account of any "Epstein-related individual" whether or not they are alleged to have participated in any misconduct or if those accounts have any connection to Epstein at all, and to the extent that it refers to "any account at any financial institution . . . associated with Epstein . . . ." Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to the preceding objections, Indyke will perform a reasonable search for documents sufficient to identify accounts held or controlled by Epstein or by any entity in which Epstein owned

a majority stake that were open between Jan. 1, 2014, and Dec. 31, 2014, subsequently terminated, and the purported reasons for the termination. In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for such documents for accounts open between Jan. 1, 2004, and Dec. 31, 2005. Indyke will not produce documents responsive to any Request until further order of the Court.

## REQUEST FOR PRODUCTION NO. 15

All documents evidencing requests for cash payments to be made on behalf of or at the request of Jeffrey Epstein to any female.

## RESPONSE TO REQUEST NO. 15

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents evidencing requests for cash payments" to "any female." Plaintiffs must identify specific individuals for whom Indyke can conduct a reasonable search. Due to Epstein's business dealings, the enormous volume of Epstein's transactions would be so voluminous as to make review and production untenable. Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Indyke further objects to this Request as duplicative of Requests Nos. 8, 12, 16, and 17.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive documents and communications concerning cash payments between Jan. 1, 2014, and Dec. 31, 2014, made on behalf of or at the request of Epstein to Jane Doe 3. In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning any cash payments between Jan. 1, 2004, and Dec. 31, 2005, made on

behalf of or at the request of Epstein to Bensky.  Indyke will not produce documents responsive to any Request until further order of the Court.

## REQUEST FOR PRODUCTION NO. 16

All documents evidencing cash payments made on behalf of or at the request of Jeffrey Epstein to any female.

## RESPONSE TO REQUEST NO. 16

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents evidencing cash payments" to "any female."  Plaintiffs must identify specific individuals for whom Indyke can conduct a reasonable search.   Due to Epstein's business dealings, the enormous volume of Epstein's transactions would be so voluminous as to make review and production untenable. Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  Indyke further objects to this Request as duplicative of Requests Nos. 8, 12, 15, and 17.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive documents and communications concerning any cash payments between Jan. 1, 2014, and Dec. 31, 2014, made on behalf of or at the request of Epstein to Jane Doe 3.  In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning any cash payments between Jan. 1, 2004, and Dec. 31, 2005, made on behalf of or at the request of Epstein to Bensky.  Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 17**

All documents evidencing any cash payments made on behalf of Jeffrey Epstein other than those responsive to Requests 3 and 4.

**RESPONSE TO REQUEST NO. 17**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents evidencing any cash payments."  Plaintiffs must identify specific individuals for whom Indyke can conduct a reasonable search.  Due to Epstein's business dealings, the enormous volume of Epstein's transactions would be so voluminous as to make review and production untenable.  Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  Indyke further objects to this Request as duplicative of Requests Nos. 8, 12, 15, and 16.

Indyke will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18**

All documents listing the names of women associated with Jeffrey Epstein.

**RESPONSE TO REQUEST NO. 18**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents listing the names of women associated with Jeffrey Epstein."  Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  Due to Epstein's business dealings, the enormous volume of Epstein's associations would be so voluminous as to make review and production untenable.

Indyke will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 19

All documents evidencing credit card payments made on behalf of any female known by you to be associated with Jeffrey Epstein.

## RESPONSE TO REQUEST NO. 19

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all" documents and refers to "any female" who is "associated" with Epstein.  Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to the preceding objections, Indyke will perform a reasonable search for responsive documents concerning any credit card payments between Jan. 1, 2014, and Dec. 31, 2014, made from any account held or controlled by Epstein or an entity in which Epstein owned a majority stake, on behalf of Doe 3.  In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for responsive documents and communications concerning any credit card payments between Jan. 1, 2004, and Dec. 31, 2005, made from any account held or controlled by Epstein or an entity in which Epstein owned a majority stake on behalf of Bensky.  Indyke will not produce documents responsive to any Request until further order of the Court.

## REQUEST FOR PRODUCTION NO. 20

All documents evidencing the identities of any residents of the Epstein related apartments located at 301 East 66th Street and the dates on which each such individual was a resident.

## RESPONSE TO REQUEST NO. 20

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request.  Indyke objects to this Request on the grounds that it

is overly broad and unduly burdensome, including to the extent that it seeks "all" documents. Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to the preceding objections, Indyke will perform a reasonable search for documents sufficient to identify residents of 301 East 66th Street between Jan. 1, 2014, and Dec. 31, 2014. In the event the motion to dismiss Bensky's claims is denied, Indyke will also search for documents sufficient to identify residents of 301 East 66th Street between Jan. 1, 2004, and Dec. 31, 2005. Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 21**

All documents related to allegations of sexual misconduct by Jeffrey Epstein.

**RESPONSE TO REQUEST NO. 21**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents related to allegations" of Epstein's sexual misconduct. Indyke further objects to this Request to the extent it calls for a legal conclusion, or purports to require Indyke to form, read, set forth, or perform a legal analysis. Indyke further objects to the request for "[a]ll documents related to allegations of sexual misconduct by Jeffrey Epstein" from January 1, 1995 to the present as overly broad, unduly burdensome, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, particularly to the extent that it seeks information about allegations of sexual misconduct that are now time-barred or otherwise not relevant to any timely allegation in the Complaint.

Subject to the preceding objections, Indyke is willing to meet and confer regarding an appropriate set of search terms to locate responsive documents between Jan. 1, 2004, and Dec. 31, 2014. Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 22**

All documents related to the arrest, criminal charges, or incarceration of Jeffrey Epstein in Florida.

**RESPONSE TO REQUEST NO. 22**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents related to" Epstein's criminal conviction in Florida. Indyke also objects to this Request as duplicative in relevant part of Request No. 21.

Subject to the foregoing objections, Indyke will perform a reasonable search for documents responsive to this request between January 1, 2004, and Dec. 31, 2014. Indyke will not produce documents responsive to any Request until further order of the Court.

**REQUEST FOR PRODUCTION NO. 23**

All documents related to the arrest, criminal charges, or incarceration of Jeffrey Epstein in New York.

**RESPONSE TO REQUEST NO. 23**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents related to" Epstein's indictment in New York. Indyke further objects to this Request as irrelevant to the claims in this case because Epstein's arrest in 2019 occurred after the alleged abuse of Jane Doe 3, Bensky, and all other putative class members. Indyke further objects to this Request because the

25

arrest, criminal charges, and incarceration of Epstein in New York occurred in 2019, five years after the last alleged harm to Plaintiffs.

Indyke will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24**

All documents related to the arrest, criminal charges, prosecution or trial of Ghislaine Maxwell.

**RESPONSE TO REQUEST NO. 24**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents related to" the conviction of Ghislaine. Indyke objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Indyke objects to this Request as irrelevant to the claims in this case because Maxwell's arrest in 2020 occurred after the alleged abuse of Jane Doe 3, Bensky, and all other putative class members.

Indyke will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25**

All documents related to the potential criminal conduct or exposure of anyone other than Jeffrey Epstein who was ever known to you as affiliated with Jeffrey Epstein.

**RESPONSE TO REQUEST NO. 25**

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all documents related to potential criminal conduct" or documents regarding anyone "affiliated with Jeffrey Epstein." Indyke further objects to this Request on the grounds that it is vague, ambiguous, calls for a legal interpretation, and purports to require Indyke to form, read, set forth, or perform a legal analysis,

including to the extent that it refers to "potential criminal conduct or exposure of anyone . . . affiliated with Jeffrey Epstein." Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Plaintiffs must describe with specificity the alleged criminal conduct they seek documents of. Not all potential criminal conduct of anyone ever associated with Epstein is relevant to Plaintiffs' claims in this case. Additionally, Plaintiffs' must identify specific individuals for whom Indyke can conduct a reasonable search during the relevant time frame.

Indyke is willing to meet and confer to discuss specific individuals and conduct about which Plaintiffs intend for Indyke to conduct a search to locate responsive documents between Jan. 1, 2004, and Dec. 31, 2014. Indyke will not produce documents responsive to any Request until further order of the Court.

## REQUEST FOR PRODUCTION NO. 26

All documents and communications concerning Jeffrey Epstein or Epstein-related entities or Epstein-related individuals provided to or received from any government or regulatory agency, body, or authority (including, but not limited to, the New York State Department of Financial Services, the U.S. Attorney's Office for the Southern District of New York, the U.S. Attorney's Office for the Southern District of Florida, the Attorney General's Office for the U.S. Virgin Islands, the U.S. Treasury Financial Crimes Enforcement Network, or the Financial Conduct Authority).

## RESPONSE TO REQUEST NO. 26

Indyke incorporates by reference Objections 1, 2, 3, 4, 5, and 6 and his objections to the defined terms contained within this Request. Indyke objects to this Request on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications with "any government or regulatory agency, body, or authority" without limitation as to the subject matter of those documents or their relevance to the claims in this case. Indyke further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to the foregoing objections, Indyke refers Plaintiffs to his response to Requests Nos.

3–6.  Indyke will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 27**

All documents and communications related to any insurance policies of you that might cover the losses or damages alleged in the Complaint.

**RESPONSE TO REQUEST NO. 27**

Indyke objects to this Request on the grounds that it is duplicative of his obligation under

Federal Rule of Civil Procedure 26(a).  Indyke is not aware of any insurance policies responsive to

this Request.


Dated:  New York, New York        Respectfully submitted,
       May 10, 2024

HUGHES HUBBARD & REED LLP

*/s/ Daniel H. Weiner*
    Daniel H. Weiner
Marc A. Weinstein
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Email:  daniel.weiner@hugheshubbard.com
Email:  marc.weinstein@hugheshubbard.com


*Attorneys for Defendant Darren K. Indyke*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on May 10, 2024, I caused a true and correct copy of the

foregoing to be served via electronic mail upon the following counsel:

David Boies, II
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Sigrid McCawley
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
smccawley@bsfllp

*/s/ Karen M. Chau*

Karen M. Chau