# EXHIBIT E

| | |
|---|---|
| **From:** | Doxey, Lauren (x2959) |
| **To:** | Daniel Crispino; Portorreal, Newton (x2854); Chau, Karen M.; Burns, Dakotah (x2532); Alexander Law |
| **Cc:** | Weiner, Daniel H.; Weinstein, Marc A.; Tabatabai, Fara; Ruzumna, Daniel (x2034); Norris, Tara (x2847); Sigrid McCawley; benskydoe; Andrew Villacastin |
| **Subject:** | RE: Outstanding discovery issues - Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) |
| **Date:** | Thursday, August 22, 2024 9:04:22 AM |

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel,

Please see Defendants' response to each point you have raised below:

- Karen provided Defendant Indyke's Apple email address yesterday, 8/20.
- Due to a technical difficulty on our eDiscovery vendor's end, Kahn's documents will be done processing today. Indyke's documents will be complete early next week. Defendants reserve their relevance, burden, and proportionality objections as to post-death documents.
- Based on the allegations in the Complaint, certain cash payments are relevant to Plaintiff's claims. But as we have mentioned—and you have not seriously disputed—not all cash-related documents are relevant or appropriate topics of discovery. The examples we offered are not "straw men"; rather, they are just a few of the many examples of irrelevant documents hitting on Plaintiff's patently overbroad search term "cash*", which resulted in over 130,000 hits between Defendants Kahn and Indyke. In an effort to describe the work being done and to come to an agreement on a possible search term, we provided examples and attempted to discuss how best to limit plainly irrelevant documents to minimize the burden to Defendants.
- As explained on the call, the "remaining documents" to which you refer include over 60,000 documents in Defendant Kahn's possession alone, the vast majority of which are irrelevant to your claims.
- We are not sure if your use of the term "responsiveness" here and elsewhere is intended to be a substitute for relevance. Many documents are "responsive" to Plaintiff's overbroad and inappropriate requests for production, but that should not be confused with relevance. The vast majority of documents Plaintiff requested are not relevant to the claims or defenses in this matter. Our concerns with your overbroad search terms concern both relevance and burden, as explained above. Our proposed search string for cash-related documents is: (cash* w/10 gift*) OR (cash* w/10 massag*) OR (cash* w/10 sex*) OR (cash* w/10 girl*) OR (cash* w/10 wom*) OR (cash* w/10 favor*) OR ("JEE Cash") OR ("JE-GM Cash") OR (cash* w/10 "per JE"). Additionally, as cash-related documents are only relevant prior to Epstein's death, we are only reviewing documents that hit on this search term prior to Aug. 10, 2019. We expect to make our production of relevant cash-related documents hitting on the above search term within two weeks. Our proposed terms are reasonably tailored to locate relevant documents and proportional to the needs of the case.
- With respect to the DFS documents, this is largely inaccurate. Defendants have never represented that they were or were not "Attorney-1" or "Accountant-1," as our recently filed answers make clear. We said that Defendants have never been in contact with DFS and do

not know whether they are "Attorney-1" or "Accountant-1" and would not speculate about who else "Attorney-1" or "Accountant-1" could be. We also were not willing to entertain your colleague's repeated efforts to ask for such speculation, as he said "out of curiosity." We have agreed to certain search terms relating to DFS, Attorney-1, and Accountant-1, and offered to run appropriately targeted searches proposed by Plaintiff concerning the allegations in the DFS complaint. Plaintiff has again refused to propose any such terms.

- Our position as to RFPs 23 and 24 is laid out in our 8/19 email. RFP 25 is a much broader request than RFPs 23 and 24 in that it vaguely requests documents concerning "potential criminal conduct" by anyone who was affiliated with Epstein. If Plaintiff specifies the alleged criminal conduct at issue and/or the relevant individuals, Defendants will consider Plaintiff's proposal.
- Please confirm when you will provide your response to our proposal concerning RFP 26.
- Please confirm when you will provide searches concerning media relating to Doe, and please let us know (1) how any requested media that does not depict Doe "relat[es] to" Doe and (2) the relevance of any requested media that does not depict Doe.
- Defendant Kahn will respond to Class ROG 13 and Estate ROG 16. Defendant Kahn expects to provide his response next week.
- Defendants' response to Class ROG 3 should be incorporated to Class ROGs 6, 7, and 9 and Estate ROGs 10, 12, and 13. We reviewed the answer to Class ROG 3 and confirmed that the information related to the time period specified in our answer to Class ROG 3: Jan, 1, 2004 through Dec. 31, 2005 and Jan. 1, 2014 through Dec. 31, 2014. Defendants will revise their responses to Class ROG 3 for the time period dating Jan. 1, 1995 through Aug. 10, 2019, and expect to provide their response next week.
- With respect to Estate ROGs 3 and 5, Defendants are standing on their position. We have offered proposed compromises that Plaintiff has rejected.
- With respect to Estate ROG 15, we are searching for and will produce documents relating to individuals who received immigration assistance at Epstein's request.
- Please confirm when Plaintiff will produce the doctor's note discussed. Please also describe Doe's efforts to locate other medical records so that we can be assured of the completeness of the search.
- Please confirm when you will be able to confirm whether Doe introduced anyone to Epstein other than ▮▮▮▮.
- You indicated for the first time on the call that Plaintiff has not run any ▮▮▮▮ search terms over ▮▮▮▮-language documents, despite the fact that a substantial number of Doe's documents are wholly or partially in ▮▮▮▮. Please confirm when you will provide information about how searches are being conducted over documents in ▮▮▮▮, as well as any search terms Plaintiff has used, or plans to use, to locate responsive documents in ▮▮▮▮. In addition, you agreed to provide all of the search terms that you had run to date. Please provide those search terms.

Best,
Lauren

**From:** Daniel Crispino <dcrispino@bsfllp.com>
**Sent:** Tuesday, August 20, 2024 6:27 PM

**To:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Alexander Law <alaw@bsfllp.com>
**Cc:** Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Sigrid McCawley <smccawley@bsfllp.com>; benskydoe <benskydoe@bsfllp.com>; Andrew Villacastin <AVillacastin@BSFLLP.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Outstanding discovery issues - Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS)

**External: Think before you click.**

All,

Here's where we left off yesterday (8/19).

- You agreed to provide us with Indyke's Apple email address, which we have asked for in writing previously as well as orally on least two prior meet-and-confers. You told us you would send it after the call but did not. Please send and, if you are aware of any other email addresses for Indyke or Kahn that we haven't discussed, let us know.
- You agreed to provide us with an answer as to the status of the post-Epstein-death documents for your clients. Kahn expects to complete loading post-death documents by yesterday; Indyke expects to complete loading post-death documents either this week or early next week (as well as other documents for earlier years that had yet to be loaded). We reserve all rights concerning your months-long delay in loading ~5 email addresses, the difficulty of which you have never articulated.
- You confirmed that cash-related documents were responsive to our RFPs and that it was "obvious" that they were relevant, citing the allegations in our complaint, which your reviewers read and were familiar with. You agreed that cash-related documents concerning payments to women, withdrawals of cash, and cashing or issuing checks were responsive. The examples of cash-related documents that you believed were non-responsive were the use of cash to purchase a TV, "Cash for kids," or scratch-off lottery tickets. You also pointed to thousands of brokerage statements that listed "cash positions." As we are in agreement that it is "obvious" what we are looking for, those types of examples shouldn't be raised as strawmen in the future.
- You agreed to provide us with proposed search terms for cash-related documents, which you expect to send us by the end of this week. However, we stand on our position with respect to the remaining documents from that set as explained in emails and discussion, and believe we are at an impasse here.
- You committed to begin producing cash-related documents hitting your forthcoming search terms within two weeks. The issues you raised concerning cash-related RFPs did not concern responsiveness, but burden.

- We are at an impasse with respect to the DFS documents. You stated that you did not believe that Darren Indyke was Attorney-1 or that Richard Kahn was Accountant-1. Alternatively, you had "no idea" whether they were, but could not identify who else they could be, other than suggesting that one of Plaintiffs' attorneys was Attorney-1. Based on that assertion, you did not agree to search for and produce documents concerning the underlying factual allegations of the DFS consent order.
- We are reviewing your proposal as to RFPs 23, 24, and 25 as referenced in your 8/19 email. But you indicated there and at meet-and-confer that you are still evaluating these with respect to relevance, and that RFP 25 had "separate issues." Please provide your position as to all of these requests.
- We are reviewing your proposals as to RFPs 26 as referenced in your 8/19 email.
- We agreed to send you a list of requested searches for media relating to Doe along with their relevance.
- You agreed to respond to Class ROG 13 and Estate ROG 16.
- For Class ROG 3, you told us that your response to this ROG should be incorporated into your responses to other interrogatories. Please clarify which ROGs those are; we understand those to be Class ROGs 5, 6, 7, and 9 and Estate ROGs 10, 12, and 13. You agreed to review your response to this answer. You should specifically let us know what time period your responses apply to.
- We are at an impasse on Estate ROGs 3 and 5.
- You agreed to provide documents in response to Estate ROG 15. Let us know what those documents are. You should do same for any other interrogatory for which you claim that documents are incorporated into your answer.
- We agreed to produce the doctor's note we discussed.
- We agreed to ask Doe whether she has introduced anyone to Epstein other than ▮.
- We agreed to look into the issue we discussed regarding ▮ search terms.

Danny

**Daniel Crispino**
Associate

**BOIES SCHILLER FLEXNER** LLP

401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(m) +1 954 496 0291
dcrispino@bsfllp.com
www.bsfllp.com