

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

September 30, 2024

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

   Re:  *Bensky, et al. v. Indyke, et al.*, Case No. 24-cv-1204 (AS)

   Pursuant to Paragraphs 11(B) and 11(C)(i) of Your Honor's Individual Practices in Civil Cases and the Court's Protective Order (ECF No. 64, the "Protective Order"), we respectfully submit this letter on behalf of Defendants Darren Indyke and Richard Kahn and third-party HBRK to (1) explain the basis to file under partial seal Plaintiff's Letter Motion to Compel and under seal Exhibits A, B, and C to the Declaration of Sigrid McCawley in Support of Plaintiff's Letter Motion to Compel (ECF No. 132); and (2) inform the Court that Defendants and HBRK believe that the proposed redactions in Plaintiff's Letter Motion to Compel and Exhibits B and C to the McCawley Declaration are proper. The Parties met and conferred by video conference on this issue on September 30, 2024, and Plaintiff indicates she opposes Defendants and HBRK's motion.

   Exhibit A to the McCawley Declaration is an excerpt from the transcript of the deposition of Darren Indyke, portions of which were designated as Confidential" pursuant to Paragraph 3 of the Protective Order. Exhibit A therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order. The redacted portions of Plaintiff's Letter Motion to Compel, which quote from and summarize information from Exhibit A, likewise "disclose such Confidential Discovery Material." (Protective Order ¶ 6.) Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit A and the portions of Plaintiff's Letter Motion to Compel disclosing the information in Exhibit A should remain under seal.[1]

---

1. Defendants note that Plaintiff cites Exhibit A only in a footnote for a single quotation which is contained on a single page of the document, but includes twelve other substantive pages of this document that are not relevant to her motion in the excerpt she attaches as Exhibit A. See ECF No. 132 at 1 (citing page 226), Ex. A (containing substantive pages 216–28.) Where a supporting document is not at issue in the specific motion to which it is attached, but

Exhibits B and C contain the email addresses of a nonparty, Bella Klein. Defendants and HBRK believe that the email addresses of nonparties warrant partial sealing to protect the privacy interests of the individuals in question. Courts routinely grant motions to redact these categories of sensitive information where "[s]uch information is not at issue in [the] dispute and the individuals have a countervailing privacy interest in their non-disclosure." *Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (granting redaction of "e-mail addresses, home addresses and phone numbers"); *see also Mark v. Gawker Media LLC*, 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015) (privacy interests warrant redaction of "email addresses, telephone numbers, [and] bank account information").

For the foregoing reasons Defendants and third-party HBRK respectfully request that the Court permit the redactions proposed in Plaintiff's Letter Motion and Exhibits B and C to the McCawley Declaration, and that Exhibit A remain under seal.

Respectfully submitted,

Daniel H. Weiner

cc: All counsel (via ECF)

---

is cited only for a "tangential" purpose, "the public's interest in the information . . . is not especially strong." *Robinson v. De Niro*, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022).