

www.pbwt.com

October 10, 2024

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re:  <u>*Doe 3 v. Indyke et al.*</u>**, Case No. 24-cv-1204 (AS)**

Dear Judge Subramanian:

  We write in response to Your Honor's directive at the October 9, 2024 telephone hearing that the parties submit letters addressing two specific issues concerning the subpoena (the "Subpoena") Defendants issued to Plaintiff's counsel, Boies Schiller Flexner ("BSF"): (1) whether the protective orders entered in the Bank Litigations (*Jane Doe 1 v. JPMorgan Chase & Co.*, 22-cv-10019 (S.D.N.Y.) at ECF No. 35; *Jane Doe 1 v. Deutsche Bank Aktiengesellschaft, et al.*, 22-cv-10018 (S.D.N.Y.) at ECF No. 41 (the "Protective Orders")) prohibit BSF from producing non-privileged Tier Two forms submitted to the Claims Administrator in those cases on behalf of BSF clients who are members of the putative class in this litigation; and (2) whether any other legal prohibition exists that prohibits a law firm from producing non-privileged documents relating to a client in response to a lawfully-issued subpoena.

### Protective Orders in the Bank Litigations

  As Your Honor anticipated at yesterday's hearing, nothing in the Protective Orders prohibits BSF from producing final Tier Two forms submitted by BSF's clients to the Claims Administrator in the Bank Litigations. The Protective Orders are standard protective orders governing "information of any kind provided in the course of discovery in this action"; they do not address at all documents *not* exchanged in discovery, such as the Tier Two forms.

Hon. Arun Subramanian
October 10, 2024
Page 2

During the meet-and-confer process regarding the Subpoena, Defendants specifically noted – and BSF acknowledged on a call – the inapplicability of the Protective Orders, *see* Ex. A (Sept. 26, 2024 Email from Tara Norris).

Recognizing the Protective Orders do not prohibit the production of non-privileged Tier Two forms, at yesterday's hearing, BSF argued that non-privileged documents submitted to the Class Administrator should nonetheless be cloaked with additional confidentiality protections. Defendants do not object to confidential treatment of the Tier Two forms. But BSF's unsupported assertion that those forms are subject to a special level of confidentiality should not prevent or delay their production. The forms Defendants seek relate to individuals on whose behalf BSF is seeking to bring a class action. These putative class members' submissions are directly relevant to the issues involved in this case, and they should be produced.

## **Subpoenas to a Law Firm for Non-Privileged Client Documents**

Law firms, like any other private party, are not immune to a Rule 45 subpoena calling for the production of non-privileged client documents. Indeed, courts have regularly held that law firms must produce non-privileged documents in their possession, custody, or control in response to a valid subpoena, unless they can establish that the documents are irrelevant to the underlying action or unduly burdensome to produce. *See, e.g.*, *In re Grand Jury Subpoenas*, 959 F.2d 1158 (2d Cir. 1992) (affirming order directing Paul Weiss to produce documents from former client in response to grand jury subpoena); *Sec. & Exch. Comm'n v. Covington & Burling, LLP*, No. 23-MC-00002 (APM), 2023 WL 4706125, at *4 (D.D.C. July 24, 2023) (requiring Covington to produce documents sufficient to identify clients affected by cyberattack in response to a subpoena); *AP Links, LLC v. Russ*, 299 F.R.D. 7, 13 (E.D.N.Y. 2014) (requiring attorney to produce information relating to his clients in response to Rule 45 subpoena because "the information Plaintiffs seek is relevant and . . . non-privileged"). A law firm's obligation to comply with a valid subpoena applies equally to documents relating to a client who is not a party to the case in which the subpoena was issued. *See, e.g.*, *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 464, 466–70 (S.D.N.Y. 2023) (ordering lawyer to produce documents related to clients, who were not parties to underlying case, based on court's conclusion that the documents were not privileged).

As explained in *In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Group, PLLC*:

> Rule 45 uses the disjunctive 'or,' and a party who has *any* of 'possession, custody, or control' must comply with a properly issued subpoena. *See, e.g.*, [*In re Barnwell Enters. Ltd.*, 265 F. Supp. 3d 1, 16 (D.D.C. 2017)] (requiring employer to produce documents it controlled, but did not possess); *see also In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (noting that if party

Hon. Arun Subramanian
October 10, 2024
Page 3

      has control, but not possession or custody that party must still comply with Rule 45 subpoena); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (noting that "legal ownership of the document is not determinative" for evaluating whether a party has "possession, custody or control" for purposes of Federal Rule of Civil Procedure 34(a)).

*Cooke Legal Group*, 333 F.R.D. 291, 295 (D.D.C. 2019) (rejecting law firm's contention that subpoenaed documents on its email system "belong[ed] to" others). Indeed, relevant ethical rules specifically contemplate situations in which a lawyer may provide their client's confidential documents "when permitted by these Rules or required by law or court order," including a subpoena. *See id.* at 296 (concluding that D.C. Bar Rule 1.6(e)(2)(A) "specifically permits the [law] firm" to comply with a subpoena by producing non-privileged documents); *see also* N.Y. Bar Rule 1.6(b)(6). That holds especially true here, where there is no less burdensome source than BSF to obtain the Tier Two forms. Defendants do not have the names of the individuals who participated in the Bank Litigations and, therefore, cannot subpoena them directly—nor would it be less disruptive or burdensome for Defendants to personally serve each and every one of BSF's clients.

*   *   *   *   *

      BSF has no legal basis to refuse to produce all non-privileged Tier Two forms in its possession, custody, or control that were submitted in connection with the claims administration process in the Bank Litigations. BSF cannot fairly or reasonably advocate for certification of a putative class that includes its former clients while refusing to produce non-privileged documents relating to those putative class members. BSF should be ordered to produce all Tier Two forms in its possession, control, or custody immediately.

      Thank you for your consideration of this matter.

Respectfully submitted,<br><br>Daniel S. Ruzumna

cc: All counsel of record (via ECF)