# Exhibit A

| | |
|---|---|
| **From:** | Norris, Tara (x2847) |
| **To:** | Andrew Villacastin; Sigrid McCawley; benskydoe |
| **Cc:** | Ruzumna, Daniel (x2034); Brandon, Jacqueline L.(x2355); Weiner, Daniel H.; Weinstein, Marc A.; Chau, Karen M.; Tabatabai, Fara; _cg Kahn JD3 |
| **Bcc:** | _K0125_000005_KAHN_RICHARD_SDNY ACTION 00_Emails_K0125_000005_ |
| **Subject:** | RE: Bensky et al. v. Indyke et al. (24-cv-1204) - Notice of Rule 45 Subpoena |
| **Date:** | Thursday, September 26, 2024 11:47:45 AM |

Andrew,

We're surprised and disappointed by Boies Schiller's refusal to produce clearly relevant documents in response to a valid third-party subpoena, and seek a lead-counsel meet and confer conference to discuss Boies's responses and objections.

Most of your objections are basic boilerplate with no real connection to or acknowledgement of the unique situation we find ourselves in: you are attempting to litigate a class action a second time on behalf of the same class against new defendants, but refuse to provide any information about the class gleaned from your first go-round. This kind of asymmetry is not contemplated by the Federal Rules and, in fact, is precisely what the discovery process is intended to combat. To the extent you object that the relevance of the documents provided or contend that our requests are vague, we cannot see a good-faith basis for those objections: the categories of documents sought are specifically identified and narrowly tailored to allow us to identify the individuals who (1) were contacted as potential class members in the bank class actions and failed to respond or opted out (suggesting that they would not join this class either); (2) applied to become a member of the class in the bank class actions and were rejected (suggesting that they are not valid members of the class you seek to certify in this litigation either); and (3) applied to become a member of the class in the bank class actions and were accepted (which would be relevant, although not dispositive, to whether they might seek to join the class in this case); as well as (4) for those members of the bank classes who you allege are members of the putative class in this case, a copy of the sworn statements that they provided in that litigation (which are plainly relevant to whether the class can be certified in this case). Given the centrality of the numerosity question here, these documents are critical to this case and should be produced in advance of the 10/14 deadline for Defendants' opposition to class certification.

Your other objections are similarly baseless. The documents are all ones that have been shared with third-parties and are obviously not attorney-client privileged. Your invocation of the attorney work product privilege over these documents is misplaced, including because the work product privilege protects only documents prepared "in anticipation of litigation," Fed. R. Civ. P. 26(b)(3), which the documents sought in this subpoena—all of which were created after the settlement of the bank litigations as part of an effort to locate class members—were not. To the extent that you suggest that the documents sought cannot be produced due to the applicable Protective Orders in the bank litigations, I do not understand how you have arrived at that conclusion. As far as I can tell, the relevant Protective Orders in the bank litigations are at *Deutsche Bank* ECF No. 41 and *JP Morgan Chase* ECF No. 35. Those Protective Orders govern Discovery Material (defined as "information of any kind provided in the course of discovery in this action"), which the information that we seek in this subpoena is not. (Additionally, the suggestion that the Protective Order disallows any cross-over between the bank cases and this case is at odds with your 9/13 email stating "We have evidence of

thousands of transactions reflecting payments to women." If you are using Confidential Material, such as material produced by the banks, to inform your prosecution of Jane Doe 3's claims in this case, that would in fact be a violation of the Protective Orders in those cases—unlike the production of class-related documents that we seek in this subpoena—as would the fact that you have apparently retained Confidential Discovery Material that is neither "filings" nor "work product" for more than 30 days after the termination of the litigation.) In any event, the existence of the bank Protective Orders would not absolve your obligation to produce documents in this case; to the extent you need to seek court approval to produce the documents, we expect that you do so promptly.

Finally, if Boies takes the position that no responsive documents are in its possession, custody, or control, you should state that clearly, and there is no reason for you to refuse to conduct a search or to produce responsive documents on other grounds.

Best,
Tara

---

**From:** Andrew Villacastin <AVillacastin@BSFLLP.com>
**Sent:** Wednesday, September 25, 2024 11:31 PM
**To:** Norris, Tara (x2847) <tnorris@pbwt.com>; Sigrid McCawley <smccawley@bsfllp.com>; benskydoe <benskydoe@bsfllp.com>
**Cc:** Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Brandon, Jacqueline L.(x2355) <jbrandon@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>
**Subject:** RE: Bensky et al. v. Indyke et al. (24-cv-1204) - Notice of Rule 45 Subpoena


**External: Think before you click.**


Counsel,

Please see attached.

Best,
Andrew


Andrew Villacastin (he/him/his)
Partner

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards
New York, NY 10001

(t) +1 212 909 7628
avillacastin@bsfllp.com
www.bsfllp.com

---

**From:** Norris, Tara (x2847) <tnorris@pbwt.com>
**Sent:** Wednesday, September 11, 2024 12:03 PM
**To:** Sigrid McCawley <smccawley@bsfllp.com>; benskydoe <benskydoe@bsfllp.com>
**Cc:** Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Brandon, Jacqueline L.(x2355) <jbrandon@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>
**Subject:** Bensky et al. v. Indyke et al. (24-cv-1204) - Notice of Rule 45 Subpoena

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Sigrid,

Attached please find a Notice of Rule 45 Subpoena to Boies Schiller Flexner LLP. Please confirm whether you will accept service on behalf of BSF; otherwise, we will proceed to serve this subpoena later today.

Best,
Tara Norris

**Tara J. Norris**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: 212.336.2847
tnorris@pbwt.com
www.pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]