

October 10, 2024

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

Re: *Bensky et al. v. Indyke et al.,* Case No. 1:24-cv-01204-AS

Dear Judge Subramanian:

Non-party Boies Schiller Flexner LLP ("BSF") submits this letter pursuant to Rule 5E of Your Honor's Individual Practices in Civil Cases in response to the Court's October 9, 2024, request for briefing regarding issues connected to Defendants' Subpoena to BSF.

The Court should deny Defendants' motion to compel. The information sought rests with the claims administrator, and this Court should not force a law firm, in response to a third-party subpoena, to turn over its own former clients' confidential information when there is an independent source who has that same information.

First, compliance with the motion to compel would override the safeguards that Judge Rakoff put in place for the class settlements in the Banks Cases.[1] The motion seeks to compel confidential information from the victims of Jeffery Epstein without any notice to the women impacted. These women—survivors of sexual assault—participated in the settlement in the Banks Cases relying on the promise that their most personal, sensitive information would remain confidential. The forms were never intended to be disclosed to anyone other than the claims administrator (and certainly not to Epstein's trusted advisors), and participants were assured by the court process that their information would not be distributed and would instead be held confidential. For example:

- The Notice of Proposed Settlement of Class Action form which was approved by Judge Rakoff, which all claimants received, noted that when allocations are complete (which

---

[1] *Jane Doe 1 v. JP Morgan Chase*, 22-cv-10019 (S.D.N.Y.), and *Jane Doe 1 v. Deutsche Bank Aktiengessellschaft, et al.*, 22-cv-10018 (S.D.N.Y.)

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

- they are not currently), any information provided to the parties should be "in a manner that ensures confidentiality." *See* JP Morgan Dkt. 181-2; Deutsche Bank Dkt. 83-2.

- The Tier Two Questionnaires, which all claimants in the *Deutsche Bank* case were required to complete, specifically highlights the importance of confidentiality in multiple places. First, it states that class counsel "will keep your conversation(s) with her and all information provided to her confidential." Dkt. 142-1 at 2. In addition, it notes that "any information shared with the Claims Administrator" if a claimant chooses to contact them "will be kept confidential," *id.* at 3. Most importantly, the final question notes that "Everything that you submit to the Claims Administrator will be kept completely confidential unless you provide the Claims Administrator with express permission to share your information." *Id.* at 4. It then asks the claimant specifically if they "authorize the release of information related to your claim to anyone if deemed appropriate by the Claims Administrator." *Id.*

- In addition, Class Counsel's memorandum of law in support of its motion for final approval of class settlement specifically notes that "Class Members have expressed meaningful gratitude to Class Counsel for the approach that has been taken to ensure confidentiality and to treat survivors with dignity and respect." JP Morgan Dkt. 234 at 13; Deutsche Bank Dkt. 101 at 21.

Absent explicit permission from Judge Rakoff, who oversees the settlements in the Bank Cases, it is improper for BSF to hand over confidential documents to Indyke and Kahn.

Second, compelling a law firm to provide confidential information from its former clients[2] is a particularly sensitive request. In this scenario, the court should offer more protection and require that Defendants show the court that they cannot seek the information through any other means other than through the law firm subpoena. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) ("Courts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery.").

Here, Defendants can, and are in the process of, seeking that same confidential information from the claim's administrator. There is no need for Defendants to seek it out from Plaintiff's confidential client files. In addition, the documents were submitted as part of a confidential settlement and should be subject to heightened protections by the settlement privilege. *See, e.g.*, *Accent Delight Int'l Ltd. v. Sotheby's*, 505 F. Supp. 3d 281, 287 (S.D.N.Y. 2020) (motion to compel

---

[2] To the extent the Court directs BSF to produce this confidential information from its client files, BSF should be entitled to redact the both the names of the implicated individuals and any other highly personal identifying information to protect their privacy as abuse victims. Any redactions would still allow Indyke and Kahn to see the underlying information in the forms, which they proffered as their intent in seeking this subpoena.

denied, and "extending a heightened standard to disclosure of information or materials from a confidential private mediation").

At the October 9 conference, Defendants made much of another case of theirs pending in the Middle District of North Carolina, which they represented dealt with the same issue. However, a closer review of the docket shows otherwise. In that case, *Azama v. Del Rosso and Vital Management Services, Inc.*, Case No. 1:20-cv-00954 (M.D.N.C.), the court granted a motion to compel documents from a law firm when the moving party sought documents "belonging to Plaintiff," Dkt. 248 at 18, not a non-party, as is the case here. And in that case, there also was nothing suggesting the moving party had the ability to seek the documents from a different source, which is the case here.

For the foregoing reasons, the Court should deny Defendant's motion to compel.

Respectfully submitted,

*/s/ Sigrid McCawley*
Sigrid McCawley