



www.pbwt.com

October 14, 2024

Daniel Ruzumna
Partner
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Doe 3 v. Indyke et al.*, **Case No. 24-cv-1204 (AS)**

Dear Judge Subramanian:

Pursuant to Paragraphs 11(c)(ii)-(iii) of Your Honor's Individual Practices in Civil Cases, Defendants Darren Indyke and Richard Kahn seek leave to file under partial seal Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification (the "Brief"), along with Exhibit R to the Brief, and entirely under seal, Exhibits A-P and Exhibit S to the Brief.

Exhibits A and B are excerpts of the depositions of Defendants Indyke and Kahn, respectively. The depositions have been marked Confidential pursuant to the parties' Protective Order in this action, so their sealing is warranted pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases.

Exhibit C is a copy of financial records tracking the income and expenses of LSJ, LLC, from January through December 2008. Exhibit C should be sealed pursuant to Paragraph 11(a) of Your Honor's Individual Practices in Civil Cases, which provides that parties are expressly permitted to redact "individual financial information" from public filings without leave of Court.

Exhibits D through I contain copies of the 136 individual settlement agreements executed in connection with the Epstein Victims' Compensation Program ("EVCP"). Exhibits J through N contain copies of the 55 General Releases and Settlement Agreement executed by individual women outside of the EVCP. Sealing is warranted for Exhibits D through J because the settlement agreements contain confidentiality provisions that prohibit Defendants from filing

The Honorable Arun Subramanian
October 14, 2024
Page 2

the agreements publicly.[1]  *See IIT v. Int'l Controls Corp*., 2009 WL 3094942, at *1 (S.D.N.Y. Sept. 28, 2009) ("the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases.").  In addition, the settlement agreements contain the names of non-parties to this case who "have a countervailing privacy interest in their non-disclosure." *Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011).

Exhibit O is the Tier Two Questionnaire submitted by Plaintiff Jane Doe 3 in connection with the prior class action lawsuit brought by her counsel, *Jane Doe 1 v. Deutsche Bank Aktiengesellschaft et al.*, 22-cv-10018 (S.D.N.Y.).  Exhibit P contains excerpts from the deposition transcript of Plaintiff Jane Doe 3 in this action.  Exhibit S is the damages expert report of Marianne L. DeMario, served by Plaintiff Jane Doe 3 in this action on September 30, 2024.  Exhibits O, P, and S have been designated Confidential by Plaintiff.  Defendants will meet and confer with Plaintiff to narrow the scope of this request, but Defendants believe that some sealing of Exhibits O, P, and S is warranted to comply with the Court's Order requiring the parties to keep Plaintiff's identity confidential because the Exhibits contain information that could be used to identify Plaintiff, including her name.  *See* Dkt. No. 21.

Exhibit R contains email correspondence between Jeffrey Epstein and various women between 2012 and 2019.  Defendants have redacted the names and email addresses of the women (who are not parties to this case) because those categories of information have no relevance to the facts or laws in dispute in this case, and, as explained *supra*, the individuals whose sensitive personal information is at issue "have a countervailing privacy interest in their non-disclosure." *Cohen*, 2011 WL 4336679, at *2 (granting redaction of "e-mail addresses, home addresses and phone numbers"); *see also Mark v. Gawker Media LLC*, 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015) (privacy interests warrant redaction of "email addresses, telephone numbers, [and] bank account information").

For the foregoing reasons, Defendants also seek leave to redact the portions of the Brief that contain descriptions of the Exhibits, as well as information gleaned therefrom.

Defendants will meet and confer with Plaintiff pursuant to Paragraph 11(C)(i) of Your Honor's Individual Practices in Civil Cases in an effort to narrow the scope of the request.  Defendants' counsel advises Plaintiff's counsel that they must file, within three business days, a letter explaining the need to redact the Letter Motion to Compel and Exhibits O, P, and S.

---

[1] Defendants have also redacted the amounts of the settlements for certain individuals, which are irrelevant to the Brief, pursuant to a request from their counsel.

The Honorable Arun Subramanian
October 14, 2024
Page 3

Respectfully submitted,

Daniel S. Ruzumna

cc: All counsel of record (via ECF)