UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 3, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>Darren K. Indyke and Richard D. Kahn,<br><br>    Defendants. | Case No. 1:24-cv-01204-AS |
| Jane Doe 3,<br><br>    Plaintiff,<br><br>    v.<br><br>Darren K. Indyke and Richard D. Kahn, in their capacities as co-executors of the Estate of Jeffrey Edward Epstein,<br><br>    Defendants. | Case No. 1:24-cv-02192-AS<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER
MOTION FOR CLASS CERTIFICATION**

Jeffrey Epstein abused hundreds of women, enabled by his long-time attorney, Darren Indyke and accountant, Richard Kahn. Plaintiff seeks to certify this class of survivors against these two individuals, Epstein's right-hand men. *See* Dkt. 80 (citing Compl. ¶ 126). Defendants have never previously been held accountable nor have they paid any damages to Epstein's survivors, despite having earned ▮▮▮▮▮▮▮▮ from their loyal service to the world's most notorious sex offender, Ex. A at 192:11-22; Ex. B at 188:18-192:5; Ex. C; Ex. D; Ex. E at 7 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), and the evidence demonstrating their knowledge and direct facilitation of his abuse and trafficking, *see, e.g.*, Ex. A at 148:17-25, 152:3-154:22, 159:2-170:7; Ex. B at 84:16-89:1, 263:25-265:10; Exs. F-L. This case seeks to change that.

Class certification is appropriate and just in this case. The number of class members satisfies the numerosity requirement. Further, common issues of law and fact exist, and Jane Doe 3's claims are typical of the class and predominate over any individualized inquiries. Indeed, class certification is perhaps the only way for Defendants' ill-gotten gains to make their way into the hands of Epstein's survivors.

I. **The Class Is Sufficiently Numerous.**

Defendants have no argument that this class would be insufficiently numerous since ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. A at 92:5-10. Still, they insist that this case cannot satisfy numerosity based on the hundreds of releases they have apparently signed with Epstein's victims. The fact remains, however, that Defendants simply "don't know" the answer as to "how many victims are there that didn't execute releases with the estate." June 26, 2024, Hr'g Tr. at 37. And while Defendants assert that Plaintiff has a burden to "affirmatively demonstrate" that the putative class satisfies numerosity, Dkt. 181 at 8-9, Plaintiff is only required to "show some evidence of, or reasonably estimate, the number of class members." *Nelipa v. TD Bank, N.A.*,

1

2024 WL 3017141, at *13–14 (E.D.N.Y. June 17, 2024) (quoting *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)). Here, class counsel affirms she has identified a class of more than 40 putative class members who do not appear to have releases based on the releases Defendants produced to date. S. McCawley Decl. dated Oct. 21, 2024 at ¶ 3. Plaintiff is not required to provide additional substantiation, and Defendants have not identified any case where courts have required Plaintiff to do so. Plaintiff will provide a list of these women for the Court's *in camera* review if the Court would like her to do so. *Id.* ¶ 4. In Defendants' October 17, 2024 Letter, they argued Plaintiff's putative class cannot possibly have more than 40 women. Dkt. 191 at 2. But the releases in last year's litigations against Deutsche Bank and JPMorgan do not preclude a victim's participation in this case, and Defendants' analysis ignores that a number of Epstein's victims did not seek compensation in the Banks cases for various reasons.

Even if the class is closer to the number of class members proposed by Defendants in their Letter — ▮ — the Court should still certify it. *Odom v. Hazen Transp., Inc.*, 275 F.R.D. 400, 407 (W.D.N.Y. 2011) (certifying class of 16 members). The putative class should be certified for judicial economy, due to the geographic dispersion and limited financial resources of the putative class members, and due to the inability to file individual suits. *Williams v. KuCoin*, 2021 WL 5316013, at *10-11 (S.D.N.Y. Oct. 21, 2021), *report and recommendation adopted*, 2022 WL 392404 (S.D.N.Y. Feb. 9, 2022). The intense discovery disputes, vigorous briefing, and need for anonymity all support the judicial economy of resolving victims claims on a class basis. The putative class members are geographically disbursed around the world and many of them are deeply afraid of being publicly associated with Epstein. Absent class resolution, it is highly unlikely many would be able to successfully litigate against Defendants powered by Epstein's ill-gotten fortune.

Finally, Defendants misstate what is required for putative class members to qualify to participate in this case. For example, they make the outlandish claim that Jane Doe 3 would not qualify to participate because ███████████████████████████████████████ ██████████. Opp. at 15. This is baseless because Defendants omit testimony that puts this answer in context, Ex. M at 155:13-156:25, 160:10-161:5, and because the commercial sex element of TVPA claims does not require that ███████████████████. Instead, any enticement with benefits, including "promises of career advancement," is enough and the sexual activity need not be consensual. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 168 (S.D.N.Y. 2019); *see also Ardolf v. Weber*, 332 F.R.D. 467, 474 (S.D.N.Y. 2019); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 514 (S.D.N.Y. 2018). Here, Jane Doe 3's receipt of payment from Epstein for work as his "assistant," as well as other benefits he provided such as travel and accommodation, satisfy TVPA requirements even though she never would have willingly accepted any of this had she known in advance that Epstein would abuse her.

## II. The Class Is Ascertainable.

Plaintiff satisfies the requirement that the class be ascertainable, the standard for which is not demanding. *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566–67 (S.D.N.Y. 2014). This case is not like *Brecher v. Republic of Argentina*, 806 F.3d 22, 24–25 (2d Cir. 2015), where there was no temporal limitation on the class and it was thus deemed "ever-changing." This case also is not like *In re Avon AntiAging Skincare Creams*, 2015 WL 5730022, at *5 (S.D.N.Y. Sept. 30, 2015), where the Court determined that the records needed to identify class members likely did not exist. Here, as Judge Rakoff found in *JPMorgan*, "[w]hile the class is defined by reference to a factual question — namely, whether Jeffrey Epstein sexually abused or trafficked each member — that question can be answered by consulting publicly available records, prior legal proceedings, and,

3

plaintiff represents, documentation provided by her." *JPMorgan Chase Bank, N.A.*, 2023 WL 3945773, at *5. Defendants' argument that the class is not ascertainable because of the need for individual fact inquiries is unavailing; "the need for individual inquiries to determine class membership is irrelevant to ascertainability." *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2022 WL 3971006, at *3 (S.D.N.Y. Aug. 31, 2022).

### III. Common Questions Of Law And Fact Predominate.

The Court should find that common questions of fact and law predominate here. Defendants' argument about the individualized aspects of Plaintiff's claims ignores that "[e]ven a single common question of law or fact may suffice to satisfy the commonality requirement." *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97, 105 (S.D.N.Y. 2011). When uniform conduct affected all the class members, courts will find commonality. *JPMorgan Chase Bank, N.A.*, 2023 WL 3945773, at *4. "This case raises not just one but many questions that are capable of classwide resolution" pertaining to Epstein's abuse and Defendants' conduct. *Id.* The temporal differences are insignificant and do not negate the issues that are common. For the same reasons, a class action rather than separate actions is the superior means of resolving this dispute.

### IV. Jane Doe 3's Claims Are Typical.

Defendants' arguments for why Jane Doe 3's claims are not typical of the class are incorrect. As described above, ~~[redacted]~~ is not relevant since any benefit can support the commercial sex element of her TVPA claim. *See Geiss*, 383 F. Supp. 3d at 168 (holding "that the TVPA extends to enticement of victims by means of fraudulent promises of career advancement" and includes "non-consensual sexual activity").

### V. Jane Doe 3 Is An Adequate Class Representative.

Defendants' attempts to attack Plaintiff's credibility fail to demonstrate why Jane Doe 3, a survivor of abuse at the hands of the same man who victimized and abused all of the other putative

4

class members, is an inadequate representative of the class. . Dkt. 184-15 at 4 (" " (emphasis added)). The forms were intended to benefit victims through a trauma-informed settlement process; victims were not required to provide every detail of their abuse. . Ex. M at 42:9-50:2, 73:10-74:1, 77:12-85:15, 120:14-130:5.[1]

Moreover, Jane Doe 3's desire to stay anonymous does not detract from her adequacy as a class representative. Indeed, in this case it demonstrates her similarity to the other class members who share her fears of proceeding publicly and would support her pseudonymity. And in any event, Plaintiff has moved to amend the complaint to add an additional named representative.

## VI. In The Alternative, An Issues Class Is Appropriate.

While Plaintiff maintains that this action should be certified in its entirety under Rule 23(b), in the alternative, the Court should certify a class on the common issues under Rule 23(c)(4) including, as examples, the following issues: whether Defendants knowingly benefited from Epstein's sex-trafficking venture; and whether Defendants' intentionally aided, abetted and facilitated Epstein's commission of intentional tortious conduct and crimes.

---

[1] *Savino v. Computer Credit* is different because in that case the named representative offered no explanation for the inconsistent facts and allegations. 164 F.3d 81, 87 (2d Cir. 1998). *Kline v. Wolf* is even less similar because there were findings that the named representative had engaged in misconduct during discovery having lied about the existence of a report that he relied on for his complaint. 702 F.2d 400, 403 (2d Cir. 1983). There are no allegations of discovery misconduct here.

Dated: October 21, 2024                          Respectfully submitted,

/s/ *Sigrid McCawley*
David Boies
Andrew Villacastin
Alex Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley
Daniel Crispino
Megan Nyman
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com
Email: mnyman@bsfllp.com