

October 23, 2024

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

    Re: *Jane Doe 3 v. Indyke et al.,* Case No. 1:24-cv-01204-AS
      *Jane Doe 3 v. Indyke et al.,* Case No. 1:24-cv-02192-AS

Dear Judge Subramanian,

  Pursuant to Paragraph 5.c of the Scheduling Order (Dkt. 74) and Paragraph 3(A) of Your Honor's Individual Practices in Civil Cases, Plaintiff Jane Doe 3 hereby seeks (1) leave to offer a rebuttal to the Expert Report of Gail E. Cohen, transmitted to Plaintiff on October 14, 2024 ("Cohen Report") (attached as Exhibit A hereto) and (2) modification to the discovery schedule to allow for the rebuttal expert to be deposed before November 6, 2024.

  On October 14, 2024, Defendants served the Cohen Report, which opines that sixteen of Epstein's "single-purpose entities" are not "shams" because "they can serve the very real purposes of limiting their owner's potential financial liability, reducing the substantial costs of household administration, saving estate probate fees, limiting local estate taxes and keeping track of expenses and income." Ex. A at 7. On October 16, 2024, Plaintiff requested Defendants' consent to offer a rebuttal witness to the Cohen Report. On October 18, 2024, Defendants refused. On October 22, Andrew Villacastin, Daniel Crispino, Megan Nyman, and Alexander Law attended for Plaintiffs and Daniel Ruzumna, Daniel Weiner, Tara Norris, Karen Chau, and Fara Tabatabai attended for Defendants conducted a 60-minute teleconference to discuss, among several topics, Plaintiff's requests to offer a rebuttal expert and to narrowly modify the discovery schedule. Defendants again refused to consent to Plaintiff's requests.

  The Court should grant Plaintiff leave to file an expert report for the Plaintiff for the following reasons.

  First, rebuttal experts are regularly permitted. *See, e.g., Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 509 (S.D.N.Y. 2019) (extending deadline for and allowing plaintiff's rebuttal expert). Indeed, the Federal Rules contemplate parties offering evidence to "contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiff has important evidence to offer to contradict and rebut the Cohen Report and is prepared to do so expeditiously.

  Second, under Federal Rule 16, a discovery schedule may be modified "for good cause and with the judge's consent." "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff, the moving

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



party, has been exceedingly diligent in advancing a rebuttal expert and makes this request within the deadline set forth in the case's scheduling order.

      Here, Plaintiff was unaware Defendants would be offering the Cohen Report until October 14. Within just two days, Plaintiff approached Defendants to ask for their consent to serve a rebuttal report. Defendants responded two days later with their refusal, which required a meet and confer on October 22 to comply with Your Honor's Individual Rules. At meet and confer, Defendants again refused notwithstanding Plaintiff's offer to serve her expert's report and be deposed on an expedited basis.

      Plaintiff has worked diligently to comply with all rules and deadlines and will be positioned to offer a rebuttal expert report by October 26 if the Court grants leave to do so. To the extent Defendants claim they need more time to digest Plaintiff's rebuttal expert report and schedule a deposition, the class should not be disadvantaged by their need for more time. Plaintiff is prepared to offer her rebuttal expert for a deposition by Zoom prior to the end of the currently scheduled discovery period (October 28), but also consents to a limited modification of the discovery period to allow for Plaintiff's rebuttal expert to be deposed in person before November 6, 2024.

      In light of the foregoing, Plaintiff respectfully requests that the Court (1) grant Plaintiff leave to offer a rebuttal expert to the Expert Report of Gail E. Cohen and (2) modify the discovery schedule to allow for the rebuttal expert to be deposed before November 6, 2024.

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 206.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: October 24, 2024

Respectfully submitted,

*/s/ Sigrid McCawley*
David Boies
Andrew Villacastin
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Daniel Crispino
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com