# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 3, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>Darren K. Indyke and Richard D. Kahn,<br><br>   Defendants. | Case No. 1:24-cv-01204-AS |
| Jane Doe 3,<br><br>   Plaintiff,<br><br>   v.<br><br>Darren K. Indyke and Richard D. Kahn, in their capacities as co-executors of the Estate of Jeffrey Edward Epstein,<br><br>   Defendants. | Case No. 1:24-cv-02192-AS |

**PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION**

PLEASE TAKE NOTICE that Plaintiff, JANE DOE 3, through the undersigned counsel, pursuant to Fed. R. Civ. P. 30(b)(6), will take the deposition of HBRK Associates, Inc. ("HBRK") by oral examination through a designated owner(s), officer(s), or agent(s) including any predecessor, successor, parent, subsidiary, division, d/b/a and affiliated companies or other entities. The deposition will be taken before a court reporter authorized by law to administer oaths. The deposition will continue day-to-day until the examination is complete. The deposition will occur as indicated below or at such other location, time, and date as is mutually agreed upon by

1

counsel or ordered by the Court, before an associated or deputy court reporter who is not of counsel to the parties or interested in the events of this cause:

| | |
|---|---|
| **NAME:** | **The designated Corporate Representative(s) of HBRK ASSOCIATES, INC. with the most knowledge** |
| **DATE & TIME:** | **October 28 at 10:30 am EST** |
| **LOCATION:** | **Zoom** |
| **PLAINTIFF'S ATTORNEY:** | **Megan Nyman** |

The deposition will proceed in accordance with Fed. R. Civ. P. 30(b)(6), and the designee(s) will be examined on the topics listed below.

The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or for such other purposes as permitted under the Fed. R. Civ. P. The deposition(s) will continue from day to day until completed.

**THE WITNESS IS REQUIRED TO PRODUCE AT LEAST SEVEN (7) DAYS PRIOR TO THE DEPOSITION ALL DOCUMENTS REVIEWED IN PREPARATION FOR TESTIFYING AS TO THE TOPICS LISTED IN EXHIBIT A HERETO.**

Dated:  October 21, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Sigrid McCawley*
　　　　　　　　　　　　　　　　　　　　　　David Boies
　　　　　　　　　　　　　　　　　　　　　　Andrew Villacastin
　　　　　　　　　　　　　　　　　　　　　　Boies Schiller Flexner LLP
　　　　　　　　　　　　　　　　　　　　　　55 Hudson Yards
　　　　　　　　　　　　　　　　　　　　　　New York, NY
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 446-2300
　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 446-2350
　　　　　　　　　　　　　　　　　　　　　　Email: dboies@bsfllp.com
　　　　　　　　　　　　　　　　　　　　　　Email: avillacastin@bsfllp.com

　　　　　　　　　　　　　　　　　　　　　　Sigrid McCawley
　　　　　　　　　　　　　　　　　　　　　　Boies Schiller Flexner LLP
　　　　　　　　　　　　　　　　　　　　　　401 E. Las Olas Blvd. Suite 1200
　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33316
　　　　　　　　　　　　　　　　　　　　　　Telephone: (954) 356-0011
　　　　　　　　　　　　　　　　　　　　　　Fax: (954) 356-0022
　　　　　　　　　　　　　　　　　　　　　　Email: smccawley@bsfllp.com

**EXHIBIT A**

**DEFINITIONS**

1. "Above-captioned matter" means *Jane Doe 3 v. Indyke et al*, 1:24-cv-01204-AS (S.D.N.Y.) and *Jane Doe 3 v. Indyke, et al*, 1:24-cv-02192-AS (S.D.N.Y.).

2. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting, or purporting to act, at the direction of or on behalf of another.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, but not limited to, telephone calls, in-person conversations, emails, or otherwise.

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting. A Document may concern a specific Person whether or not it mentions that Person by name.

5. "Defendants" means the defendants Darren K. Indyke and Richard D. Kahn in their individual capacities and capacities as co-executors of the Estate of Jeffrey Epstein collectively in the above-captioned matter.

6. "Document" means any documents or electronically stored information—including any writing, drawing, graph, chart, photograph, sound recording, image, or other data or data compilation—stored in any medium (including email, text messages, or chats) from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

7. "Employee" includes a past or present officer, director, agent, or servant, including any attorney (associate or partner) or paralegal.

8.     "Epstein-related entity" includes any corporate entity of any type (formal or informal, including associations in fact and charitable entities) which is commonly or formally associated with Jeffrey Epstein or understood to have been related to him. These entities include, but are not limited to: HBRK Associates; LSJE, LLC; Freedom Air Petroleum, LLC; Michelle's Transportation, LLC; L.S.J., LLC; Zorro Management, LLC; Neptune, LLC; NES, LLC; Plan D, LLC; JEGE, LLC; Hyperion Air, LLC; Thomas World Air, LLC; LSJ Emergency, LLC; Southern Financial, LLC; Southern Trust Company, Inc.; The Butterfly Trust; Lyn and Jojo, LLC; Great ST. Jim, LLC; Poplar, Inc.; Laurel, Inc.; Maple, Inc.; Cypress, Inc.; Nautilus, Inc.; FT Real Estate, Inc.; Southern Country International, Ltd.; HazeTrust; SCI JEP; IGY-AYH ST. Thomas Holdings, LLC (d/b/a American Yacht Harbor); Prytanee, LLC; CDE, Inc.; VT&T, LLC; Little St. Jim, LLC; Financial Ballistics, LLC; Southern Country Opportunity Fund, LLC; Financial Ballistics Trust; JSC Interiors, LLC; FSF, LLC; and Jeepers, Inc. "Epstein-related entity" shall also include any corporate of any type which is commonly or formally associated with agents or representative of Epstein (including Darren K. Indyke and Richard D. Kahn), including but not limited to, The Butterfly Trust and HBRK Associates. "Epstein-related entity" shall also include all forty (or more) entities and individuals referred to in paragraph 24 of the DFS Consent Order discussed above. *See* DFS Consent Order, Paragraph 24 ("Over the course of the relationship, Mr. Epstein, his related entities, and associates would eventually open and fund more than 40 accounts at the Bank."). The term "entity" includes any and all forms of organizations, including trusts of any types (including charitable trusts) and partnerships and sole proprietorships and other business organizations. The term "Epstein-related entity" also includes individuals associated with Epstein, including Darren K. Indyke and Richard D. Kahn and all individuals mentioned or described in

the DFS Consent Order and in the immediately following paragraph. An "Epstein-related entity" includes any accounts held by any agents acting on Jeffrey Epstein's behalf.

9. "Epstein-related individual" includes Darren K. Indyke, Richard D. Kahn, Ghislaine Maxwell, James Edward "Jes" Staley, Leslie Herbert Wexner, Sarah Kellen, Adriana Ross, Lesley Groff, Nadia Marcinkova, Paul Morris, Bella Klein, and Harry Beller. The term also includes any individual acting as an agent for or representative of Jeffrey Epstein or any Epstein-related entity, including any person, agent, associate, nominee, attorney, anyone acting with power of attorney, counsel, accountant, consultant or representative of Jeffrey Epstein or any Epstein-related entity.

10. "Identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11. "Identify" with respect to Documents means to give, to the extent known, the (a) type of Document; (b) general subject matter; (c) date of the Document; and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

12. "Including" means including without limitations.

13. "Indyke" means defendant Darren K. Indyke in the above-captioned matter.

14. "Jane Doe 3" means plaintiff Jane Doe 3 in the above-captioned matter.

15. "Jeffrey Epstein" or "Epstein" includes Jeffrey Epstein, and any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein.

16. "Kahn" means defendant Richard D. Kahn in the above-captioned matter.

17. "Epstein's Estate" means the Estate of Jeffrey Edward Epstein.

18. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

19. "You" or "your" hereinafter means defendants in the above-captioned matters.

## INSTRUCTIONS

1. Unless otherwise indicated, the Relevant Period is from the date of formation of HBRK to the present.

2. For the purposes of reading, interpreting, or construing the scope of these Topics, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a. The terms "all," "any," and "each" shall each be construed as encompassing any and all;

   b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c. The use of the singular form of any word includes the plural and vice versa;

   d. The masculine, feminine, or neutral pronoun shall not exclude other genders;

   e. The word "including" shall be read to mean including without limitation;

    f.  The present tense shall be construed to include the past tense and vice versa;

    g.  References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

6. Unless instructed otherwise, each Topic shall be construed independently and not by reference to any other Topic for the purpose of limitation.

## TOPICS

1. HBRK's document retention policies including but not limited to process for retention of Harry Beller's documents.

2. HBRK's email policies, email addresses, and collection and/or management of personal email addresses used to conduct HBRK work.

3. The email accounts of Bella Klein, Richard Kahn, and Harry Beller.

4. Any intentional destruction of documents (including emails) and the reason for destroying those documents.

5. All documents and communications concerning New York Strategy Group and HBRK's process for retaining these documents during the time when Epstein's business was transitioned from New York Strategy Group to HBRK.

6. All communications between Epstein and his agents and agents of HBRK.

7. The transition of Epstein's records from PC to Apple computers described by Richard Kahn during his deposition on October 10, 2024.

8. All non-privileged communications between Defendant Darren Indyke and agents of HBRK.

9. All account records showing payments to females for expenses categorized as gifts.

10. All clients and associates of Epstein who HBRK provided accounting services or financial services for.

11. Epstein's trusts, including but not limited to, the Butterfly Trust and 1953 Trust, which had HBRK agents as beneficiaries.

12. All communications between agents of HBRK and females associated with Epstein concerning cash and wire payments.

13. The circumstances of Harry Beller leaving HBRK in 2014.

## **CERTIFICATE OF SERVICE**

    I certify that on October 21, 2024, the foregoing was served on all counsel of record via email.

/s/ *Sigrid McCawley*
Sigrid McCawley

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Jane Doe 3, Individually and on behalf of all others similarly situated<br>*Plaintiff*<br>v.<br>Darren K. Indyke and Richard D. Kahn<br>*Defendant* | )<br>)<br>)   Civil Action No.   1:24-CV-01204 (AS)<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   The designated Corperate Representative(s) of HBRK ASSOCIATES, INC. with the most knowledge

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Zoom | Date and Time: 10/28/2024 10:30 am |
|---|---|

The deposition will be recorded by this method:   audio, video, and court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 21, 2024

| CLERK OF COURT | OR | *Megan Nyman* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jane Doe 3 and the putative class , who issues or requests this subpoena, are:

Megan Nyman, Boies Schiller Flexner LLP, 401 E. Las Olas Blvd. Suite 1200, Fort Lauderdale, FL, 33301; mnyman@bsfllp.com,; 954-356-0011

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:24-CV-01204 (AS)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).