# Exhibit D

| | |
|---|---|
| **From:** | Portorreal, Newton (x2854) |
| **To:** | Alexander Law; Weiner, Daniel H.; Ruzumna, Daniel (x2034); Norris, Tara (x2847); Weinstein, Marc A.; Chau, Karen M. |
| **Cc:** | benskydoe; Daniel Crispino; Burns, Dakotah (x2532); Doxey, Lauren (x2959) |
| **Subject:** | RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol |
| **Date:** | Monday, September 9, 2024 3:17:02 PM |

Alex,

The chronology of our representations regarding Ms. Klein's emails is inaccurate or, at a minimum, highly misleading. As we explained to your team at our July 30 meet and confer, we collected Ms. Klein's HBRK-related email mailbox from the account ███████@gmail.com, which is the email account that Ms. Klein used for HBRK-related work during the majority of the relevant time period. That Gmail mailbox contains emails sent to and from *other* email addresses that Ms. Klein previously used for Epstein-related work. As we explained then (and since then), outside counsel was not involved in the process of merging Ms. Klein's email addresses. Her previous work-related email account was transferred into the ███████@gmail.com account in approximately 2011, when HBRK stopped using the "@hbrkassociates" email accounts. After that time, emails addressed to ███@hbrkassociates.com and ██@hbrkassociates.com were forwarded to Ms. Klein's work-related email accounts: first, ███████@me.com, and later, ███████@gmail.com. Accordingly, by collecting Ms. Klein's Gmail mailbox, HBRK has collected all emails in Ms. Klein's possession related to HBRK business. Other than the Gmail inbox and the accounts merged into that account, we are not in possession of any other email account of Ms. Klein's.

As to your questions about HBRK_JD3_003726, we assume you are referring to ███@hbrkassociates.com, not ██.████@hbrkassociates.com, based on the referenced document. We are not aware of an actual account with the address of ██.████@hbrkassociates.com. As noted above, the ███@hbrkassociates.com email was merged into the Gmail inbox that we collected alongside the other accounts. The custodian for HBRK_JD3_003726 is identified as HBRK because this document was produced from the non-custodial HBRK Sync data source.

Your statements of our description regarding the time period of Ms. Klein's emails also bears very little resemblance to what was discussed in our most recent meet & confer. As we explained then, the earliest contents of Ms. Klein's ███████@gmail.com account, which includes other email accounts merged into it, are from October 2006. No date limitation was imposed when collecting Ms. Klein's email inbox; all of Ms. Klein's HBRK-related emails were collected. And, as we said in the meet & confer, we are producing all responsive emails from Ms. Klein's accounts, even if they precede HBRK. Relevant, non-privileged documents of Mr. Kahn's, Ms. Klein's, or in HBRK's non-custodial Sync data source will be produced, including any that belonged to New York Strategy Group. Ms. Klein has not provided her cell phone or cell-phone records to us, though we have requested all such records related to her work for HBRK. If we gain access to those records, we will produce relevant and responsive records.

Your recitation of our position with respect to other potential email addresses of Ms. Klein is not accurate. We informed you that we do not know if Ms. Klein has any personal email addresses that

are and were used for non-HBRK-related purposes.  It is our understanding that all work-related emails that she sent or received went through the bklein575@gmail account or the accounts that were merged into that account.  Because Ms. Klein's relationship with Epstein was professional, not personal, the categories of documents you describe would be part of her work for HBRK.  We are not sure what "HBRK-related" means; the categories you asked about (to the extent related to any work done on behalf of Epstein) were professional in nature.

Likewise, your recitation of our discussion regarding Messrs. Beller, Hanna, and Murphy is simply wrong.  HBRK is not in custody or control of any former employees' data.  As to the suggestion that we should somehow anticipate your questions about when Mr. Beller's affiliation with HBRK ended, or be aware of Mr. Hanna or Mr. Murphy, you are mistaken.  We cannot anticipate every question that you may ask and meet & confers are not depositions of attorneys.  We have informed you of the materials that HBRK has in its possession and control.

To be clear, the email addresses ▮▮▮▮▮@hbrkassociates.com, ▮▮▮▮▮@hbrkassociates.com, and ▮▮▮▮▮@hbrkassociates.com are not in HBRK's possession, custody, or control.  We are not in possession of any documents from Messrs. Hanna, Beller, or Murphy, and they have not worked for HBRK for many years.  Further, neither Emad Hanna, a property manager for Epstein properties, nor William Murphy, who worked in Information Technology, would be appropriate custodians.  We will not be producing documents from any of these individuals.  We are not aware of other HBRK email accounts, and the HBRK-specific email accounts have not been used since approximately 2011.

**Newton Portorreal, Jr. | Patterson Belknap Webb & Tyler LLP | T: 212.336.2854 |**
nportorreal@pbwt.com

**From:** Alexander Law <alaw@bsfllp.com>
**Sent:** Friday, September 6, 2024 10:36 AM
**To:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** Re: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

**External: Think before you click.**

Thanks, Newton. Have a great weekend.

Alex

**Alex Law**
Associate

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
(t) +1 (914) 749-8227
(m) +1 (609) 217-4602
alaw@bsfllp.com
www.bsfllp.com

---

**From:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>
**Sent:** Friday, September 6, 2024 10:21:58 AM
**To:** Alexander Law <alaw@bsfllp.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Alex,

Good morning. We plan to respond substantively to your email on Monday.

Best,
Newton

**From:** Alexander Law <alaw@bsfllp.com>
**Sent:** Thursday, September 5, 2024 4:57 PM
**To:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

**External: Think before you click.**

Newton, I am following up on the below chain.  Thank you.

Alex

**Alex Law**
Associate

**BOIES SCHILLER FLEXNER** LLP

333 Main Street
Armonk, NY 10504
(t) +1 (914) 749-8227
(m) +1 (609) 217-4602
alaw@bsfllp.com
www.bsfllp.com

---

**From:** Alexander Law
**Sent:** Friday, August 30, 2024 4:05 PM
**To:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

Newton,

As Dan requested, here are follow up questions regarding the Klein documents; your answers today also raised questions that are likely better directed to your own handling of the HBRK subpoena:

1. You told us on August 9 that you had collected only one email address for Ms. Klein ███████@gmail.com).  When asked about the ███████@me.com address that was included for some documents in your production, you introduced the concept of "merging," through which you stated that someone (Fran Hoffinger and perhaps Bella Klein herself) represented to you that the collection of one of Bella Klein's many email addresses ███████@gmail.com) somehow contained several other email addresses as well. Regarding the "merging" of email addresses, can you describe that process with more specificity?  For example, who completed the merging?  What software was used to merge the inboxes?  Who has made the determination that everything from the merged accounts is now in the master account?  You are required to forensically collect each email address that you possess or are claiming the ability to possess; your obligations are not fulfilled by repeating vague and

confusing "representations" concerning what Fran Hoffinger gave you in March 2023.

2. You claimed that although there may be other email addresses that Ms. Klein used in her "personal" capacity, you would be responsible for their review and production if they were "HBRK-related." You stated that documents concerning (i) payments to women; (ii) communications with Epstein; and (iii) communications with Epstein's victims were HBRK-related. You are unaware of any other email addresses but did not provide any basis for that understanding other than a representation from either Fran Hoffinger (who you remembered) and possibly Ms. Klein herself (you are not sure if you confirmed his with her).

3. Will the ███████@hbrkassociates.com email be produced in its entirety? You appear to have not been aware of its existence prior to this afternoon's call, despite having produced a document that revealed its existence (HBRK_JD3_003726). The facts that you did not identify Bella Klein as a custodian for that document and have not produced other documents from that email address suggests that you have not identified it as a Bella Klein email address, and therefore did not access it or collect it. Please confirm that you will now access the email address, collect it, and produce responsive documents from those email addresses as well.

4. Aside from the email addresses you've previously identified ███████@gmail address, ███████@me.com, ███████@hbrkassociates.com) and the one mentioned on today's call ███████@hbrkassociates.com), will you be producing documents from any of her other email accounts? She has several other email addresses that are responsive to our subpoena, so if you will not be collecting them, we will need to get them from Ms. Klein.

5. Confirm if Ms. Klein will be providing you her cell phone(s) and cell phone(s) records for collection and review, and that you will search for and review them for documents responsive to our subpoenas.

6. Confirm whether you will be producing documents from the following HBRK-owned email addresses:
   a. ███████@hbrkassociates.com
   b. ███████@hbrkassociates.com
   c. ███████@hbrkassociates.com

7. Confirm whether there are other yet to be identified HBRK employees that ever had HBRK email addresses. If so, tell us who they are.

8. Confirm whether you intend to collect other email addresses from Emad Hanna, Harry Beller, and William Murphy in a similar manner that you are doing for Bella Klein. For the benefit of all parties, we are trying to avoid the unnecessary expense and delay of repeating the Bella Klein process with other relevant third-party witnesses. As to the Harry Beller documents, the fact that we have noticed our intent to serve him with a subpoena has no bearing on whether his emails and communications from the time he was affiliated with HBRK are not in your custody, possession, or control. Obviously, your refusal to include him as a custodian is completely inconsistent with the positions you have taken with the Court regarding the Bella

Klein subpoena. On today's call, you did not know when Mr. Beller stopped being affiliated with HBRK, who the other HBRK employees were, or what the basis was for limiting HBRK's production to being only Bella Klein as the custodian. These implicate your obligations vis-à-vis the HBRK subpoena.

9. Please let us know when you will be producing responsive Klein documents from before May 29, 2009. We understand your position that you have possession of Ms. Klein's documents from October 2006 and are controlling their production even Ms. Klein was not affiliated with HBRK until on or about 2009 because HBRK was not formed until on or about 2009.

10. You represented that Bella Klein did not use emails before 2006. You may have clarified later that Bella Klein may not have "had" emails from before 2006 even if she used emails before then. You later said that the lack of earlier emails for her was perhaps because you did not know what HBRK's retention policy was. Generally, just state the reason that there are no emails from before October 2006.

11. Confirm whether the documents from New York Strategy Group, which you claim HBRK is now in possession of, included documents from other employees. If so, confirm whether you will be producing them.

**Alex Law**
Associate

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
(t) +1 (914) 749-8227
(m) +1 (609) 217-4602
alaw@bsfllp.com
www.bsfllp.com

---

**From:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>
**Sent:** Wednesday, August 28, 2024 4:24 PM
**To:** Alexander Law <alaw@bsfllp.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

Alex,

Sure thing, we can talk about HBRK tomorrow. The Patterson team can stay on until shortly before

4.

Best,
Newton

**Newton Portorreal, Jr. | Patterson Belknap Webb & Tyler LLP |** T: 212.336.2854 **|**
nportorreal@pbwt.com

---

**From:** Alexander Law <alaw@bsfllp.com>
**Sent:** Wednesday, August 28, 2024 12:29 PM
**To:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

**External: Think before you click.**

Thank you, Newton.  Can we reserve a few minutes at the end of the meet and confer tomorrow to discuss HBRK?

Best,

Alex

**Alex Law**
Associate

---

BOIES SCHILLER FLEXNER LLP

333 Main Street
Armonk, NY 10504
(t) +1 (914) 749-8227
(m) +1 (609) 217-4602
alaw@bsfllp.com
www.bsfllp.com

---

**From:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>
**Sent:** Monday, August 26, 2024 9:27 AM
**To:** Alexander Law <alaw@bsfllp.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>;

Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel,

Below are responses to your questions.

1. We have collected the contents of the ▮▮▮▮▮@gmail address.  Two other email accounts, ▮▮▮▮▮@me.com and ▮@hbrkassociates.com were merged into that inbox.
2. Other than what is described in Response No. 1, we are in possession of no other email address of Ms. Klein's.
3. We collected Ms. Klein's emails from: October 2006 to March 2023.
4. We are not in possession of any cell phones records of Ms. Klein's.
5. As we relayed during our meet and confer of July 30, 2024, HBRK would be providing documents from Bella Klein, as custodian, and from the non-custodial "Sync" source.  Defendant Richard Kahn's documents are being produced in connection with party discovery.  Harry Beller was previously affiliated with HBRK, but we do not have access to his files.  We understand that Plaintiff has subpoenaed Mr. Beller and will therefore have access to any relevant records directly from him.  HBRK has no other custodians' records to produce.
6. We are in possession of HBRK phone records from dedicated landlines.  There are no HBRK cell phone records to collect as HBRK did not provide company cell phones.
7. We are in the process of revising Plaintiff's 100+ patently overbroad search terms and drafting appropriately focused search inquiries that are responsive to responsive to Plaintiff's request to HBRK and Ms. Klein.  We plan to begin rolling out productions rolling productions of HBRK documents, consistent with those reasonable search terms, by the end of this week.
8. To the extent there are responsive documents withheld from production on privilege grounds, we can discuss whether there is a need to produce a privilege log.

Best,
Newton

**Newton Portorreal, Jr. | Patterson Belknap Webb & Tyler LLP |** T: 212.336.2854 **|**
nportorreal@pbwt.com

**From:** Alexander Law <alaw@bsfllp.com>
**Sent:** Wednesday, August 21, 2024 3:35 PM

**To:** Portorreal, Newton (x2854) <nportorreal@pbwt.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Ruzumna, Daniel (x2034) <druzumna@pbwt.com>; Norris, Tara (x2847) <tnorris@pbwt.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Chau, Karen M. <karen.chau@hugheshubbard.com>
**Cc:** benskydoe <benskydoe@bsfllp.com>; Daniel Crispino <dcrispino@bsfllp.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Doxey, Lauren (x2959) <ldoxey@pbwt.com>
**Subject:** RE: Bensky et al v. Indyke et al (1:24-cv-01204-AS); Jane Doe 3 v. Indyke et al (1:24-cv-02192-AS) – Protective Order/ESI Protocol

**External: Think before you click.**

Counsel,

On August 9, Mr. Portorreal noted that "HBRK is in possession of the email address that Bella Klein used for her work at HBRK ▓▓▓▓@gmail.com), as well as an electronic filing cabinet (the "Sync" repository) containing non-custodial documents."  After reviewing HBRK's first production, we have several questions.

First, we are unsure as to what you mean by "in possession."  We understand "in possession" to mean you are in full custodial control of the email address, such that you have the login information and are able to search and review all data affiliated with that email address.  If that does not accurately describe your possession, please clarify what you mean by "in possession."

Second, please confirm whether you are in possession of any other Bella Klein email address.

Third, for the ▓▓▓▓@gmail.com email address, please provide the date ranges for the emails you have collected.  Specifically, when was that email address created and are you are in possession of emails on that account or any other Bella Klein email address prior to May 29, 2009, which is the earliest email we saw in your production.

Fourth, please confirm whether you are in possession of any Bella Klein cell phone records, including text, call, and messaging app access.

Fifth, please confirm whether HBRK is in possession of email addresses for other HBRK employees other than Richard Kahn or Bella Klein.  We were surprised to see that Bella Klein was the only custodian whose documents you produced.

Sixth, please confirm whether HBRK is in possession of any company or individual phone records, whether landline or cell phone.

Seventh, Ms. Klein's counsel informed us that HBRK is planning to make a subsequent production. Please confirm when you anticipate making that production and whether you expect that to be HBRK's final production.

<u>Eighth</u>, please confirm when you plan to produce a privilege log for HBRK.

Thank you,

**Alex Law**
Associate

BOIES SCHILLER FLEXNER LLP

333 Main Street
Armonk, NY 10504
(t) +1 (914) 749-8227
(m) +1 (609) 217-4602
alaw@bsfllp.com
www.bsfllp.com