

www.pbwt.com

October 24, 2024

Daniel Ruzumna
Partner
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re: <u>*Doe 3 v. Indyke et al.*, Case No. 24-cv-1204 (AS)</u>

Dear Judge Subramanian:

  We request a conference to address Plaintiff's October 21, 2024 subpoena to non-party HBRK Associates (the "Subpoena"), purporting to compel the deposition of a Rule 30(b)(6) witness on October 28, 2024. Ex. A. The Subpoena requires testimony on topics for which information is either not available, has already been provided, or is improperly sought under the Rule. Counsel for HBRK and Plaintiff met and conferred on this issue, among others, via video conference on October 22 for one hour. HBRK's compromise proposal has been rejected. Ex. B. For the reasons below, the Subpoena should be quashed.

  **I.** **The Subpoena is Untimely**

  As a preliminary matter, the Subpoena is facially flawed, as it purports to compel a deposition with less than two weeks' notice. *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020); Fed. R. Civ. P. 45(d)(3)(A)(i). This is particularly true here, given the October 28 close of discovery. This is not a matter of late-breaking evidence justifying a last-minute notice: Plaintiff first served a document subpoena on HBRK in April 2024, and Your Honor raised the possibility of serving a Rule 30(b)(6) subpoena on HBRK at the October 2 conference.[1] The Subpoena was preceded by a "Notice of 30(b)(6) Deposition" on October 11, but "[a]s a non-party, [HBRK] . . . cannot be compelled to appear for deposition by notice, but rather must be subpoenaed." *Agence France Presse v. Morel*, 2011 WL 5127506 (S.D.N.Y. Oct. 27, 2011). As a practical matter, the deposition cannot go forward on October 28: HBRK's only employee who could serve as a corporate representative, Richard Kahn, is not available to testify that day due to a previously-scheduled medical appointment.

---

[1] Your Honor suggested that Plaintiff should "talk to" HBRK to get information about document discovery, and "[i]f you don't get the answers that you want, you can . . . take a 30(b)(6) deposition on documents . . . ." Oct. 2, 2024 Tr. at 11:15–20. HBRK offered to provide verified responses to the best of HBRK's knowledge to questions about HBRK's recordkeeping and retention processes, but Plaintiff has refused this offer.

Hon. Arun Subramanian
October 24, 2024
Page 2

## II. The Proposed Deposition Would Be Duplicative of Richard Kahn's Deposition

HBRK also objects to producing a corporate representative witness for deposition because it would be entirely duplicative of the testimony already provided. In his deposition, Mr. Kahn provided a trove of information about the topics described in the Rule 30(b)(6) subpoena, and a deposition of HBRK would just be an unwarranted second run at Mr. Kahn. Specifically, Mr. Kahn has already testified as to Topic 1, *see, e.g.*, Ex. C, Kahn Dep. Tr. 140:10–142:9 and 241:18–242:11 (describing Mr. Beller's documents at HBRK), Topic 3, *see, e.g.*, *id.* at 240:19–241:10 and 243:25–244:15 (describing Mr. Kahn's email accounts), Topic 4, *see e.g.*, *id.* at 151:7–11 (discussing Mr. Kahn's email retention) and 241:18–243:17 (describing the destruction of Harry Beller's paper binders and paper bills for AT&T and ConEd and denying that any emails were intentionally deleted), Topic 5, *see, e.g.*, *id.* at 127:24–130:23 (stating that HBRK maintained New York Strategy Group's files), Topic 7, *see e.g.*, *id.* at 243:20–245:7 (describing transition of email records), Topic 9, *see, e.g.*, *id.* at 254:8–276:4 and 287:20–289:3 (describing recordkeeping practices related to gifts), Topic 10, *see, e.g.*, *id.* at 68:2–70:23 (identifying Epstein's clients), Topic 11, *see, e.g.*, *id.* at 211:1–215:2 (describing distributions from trusts), Topic 12, *see, e.g.*, *id.* at 223:12–224:17 (describing petty cash distributions), and Topic 13, *see, e.g.*, *id.* at 146:25–147:21 (describing Mr. Beller's departure from HBRK).

Any corporate representative of HBRK would simply repeat information Mr. Kahn has already provided at his deposition because no additional information is available. The only individual currently associated with HBRK, besides Mr. Kahn, from whom additional information might be obtained to educate a Rule 30(b)(6) witness is Bella Klein, who recently asserted her Fifth Amendment rights at her own deposition. Former employee Harry Beller, who left HBRK in 2014, also intends to invoke his Fifth Amendment privilege when he is deposed on October 28. The proposed Rule 30(b)(6) deposition thus serves as a roundabout attempt to obtain substantive testimony that is not available. But this is not a permissible use of Rule 30(b)(6). Where "the only remaining knowledge of the corporation, other than what has already been disclosed, is what may be known by" individual employees who have asserted their Fifth Amendment rights, a court may not compel those individuals "to respond to inquiries by the 30(b)(6) deponent." *City of Chicago v. Reliable Truck Parts Co., Inc.*, 768 F. Supp. 642, 644, 646 (N.D. Ill. 1991); *In re: New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, 2015 WL 13715289, at *9 (D. Mass. July 31, 2015) (denying motion to order production of a Rule 30(b)(6) witness where employees indicated an intention to invoke their Fifth Amendment rights). The only information available to any HBRK corporate representative is the information already provided by Mr. Kahn in discovery, including during his deposition. To the extent that Mr. Kahn testified about limits to his knowledge, HBRK's Rule 30(b)(6) witness would necessarily have the same limits.

This "wasteful procedure" is not required by the Federal Rules. *Presse v. Morel*, 2011 WL 5129716, at *1–2 (S.D.N.Y. Oct. 28, 2011) (refusing to compel Rule 30(b)(6) witness where corporation represented that it would proffer previously deposed fact witnesses as corporate representatives); *Corker v. Costco Wholesale Corp.*, 2022 WL 92979, at *2 (W.D. Wash. Jan. 10, 2022) ("An organization 'may also satisfy its Rule 30(b)(6) obligation by offering to be bound by prior deposition testimony regarding a noticed Rule 30(b)(6) topic."); *see also DSM Desotech Inc. v. 3D Sys. Corp.*, 2011 WL 117048, at *10 (N.D. Ill. Jan. 12, 2011); *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001).

Hon. Arun Subramanian
October 24, 2024
Page 3

A Rule 30(b)(6) deposition would not only serve as a do-over of Mr. Kahn's deposition, but it also would not provide Plaintiff with admissible evidence (nor, since she proposes taking the testimony on the very last day of discovery, could the testimony help her locate other admissible evidence). Because HBRK is a non-party, its corporate representative's deposition testimony would not be admissible at trial. Any testimony that is not within Mr. Kahn's personal knowledge—in other words, any testimony beyond what Mr. Kahn has already provided—would be inadmissible hearsay. *See AngioDynamics, Inc. v. C.R. Bard, Inc..*, 2022 WL 4333555, at *3 (N.D.N.Y. Sept. 19, 2022) (holding that testimony from a corporate representative regarding matters outside their personal knowledge is hearsay); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912, at *4 (M.D. Fla. Oct. 6, 2014) ("Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement.").

### III.     The Proposed Topics Are Improper and Overly Broad

In addition to Mr. Kahn's substantive deposition testimony about these topics, HBRK has already provided ample information about HBRK's electronic documents (Topics 1–5 and 7), and its document collection process, in response to counsel's inquiries in the course of responding to Plaintiff's Rule 45 subpoena. *See* Ex. D. These topics are "discovery about discovery" and not relevant to any claim in the case, *see Orillaneda v. French Culinary Institute*, 2011 WL 4375365, *6 (S.D.N.Y. Sept. 19, 2011), particularly given that they relate to a *non-party's* discovery efforts.

Moreover, Topics 6, 8, 9 and 12, which would require HBRK's corporate representative to be prepared on "all communications" or "all account records," are facially inappropriate for a Rule 30(b)(6) deponent. Where a purported topic seeks "comprehensive" information about a topic (as indicated by the word "all"), it is "nearly impossible" for a witness to prepare. *See United States v. HVI Cat Canyon*, 2016 WL 11683593, at *9–10 (C.D. Cal. Oct. 26, 2016). Such topics would invariably require detailed review of the nearly 67,000 documents that HBRK has produced in this litigation, including gift reports reflecting transactions involving Epstein and various entities owned by Epstein (Topic 9), and more than 10,000 documents related to wire transfers (Topics 9, 12). A corporate representative is not required to undertake such a task. *See, e.g.*, *Romex Textiles, Inc. v. HK World, LLC*, 2019 WL 8163476, at *8 (C.D. Cal. Oct. 18, 2019) ("[D]esignation as a Rule 30(b)(6) deponent does not require [the deponent] to conduct detailed investigations beyond what is reasonably known to the company. That, in essence, would be to investigate Plaintiff's case for him."). To the extent these topics seek testimony about "all communications" involving HBRK and someone else (Topics 6, 8), they are also overbroad, since many communications relate to topics that are irrelevant to this case. Plaintiff has offered to strike the word "all" from the Subpoena, but that does not address the issue. It is unreasonable and impossible for HBRK to prepare any witness even on a limited set of communications or account transactions without specifically identifying them in advance.

Finally, Topic 11 is particularly inappropriate as a proposed Rule 30(b)(6) topic. The mere fact that HBRK employed beneficiaries of trusts does not make an HBRK corporate deposition the appropriate discovery vehicle for unbounded questions about those trusts.

For these reasons, HBRK respectfully requests that the Subpoena be quashed.

15345246

Hon. Arun Subramanian
October 24, 2024
Page 4

Respectfully submitted,

Daniel S. Ruzumna

cc: All counsel of record (via ECF)

GRANTED. Federal Rule of Civil Procedure 45(d)(3) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . fails to allow a reasonable time to comply . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). "[N]otice of a week or less has generally been considered unreasonable." *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2020 WL 4700910, at *2 (S.D.N.Y. 2020). Here, Doe served the subpoena on October 21, 2024, while discovery was set to close on October 28, 2024. So the subpoena is presumptively unreasonable.

After the subpoena was served, the Court extended discovery to November 6, 2024 for unrelated reasons. ECF No. 208. Even so, quashing is also appropriate because the subpoena is "unnecessary, duplicative, and seeks information . . . [either] available from other sources" or not available at all. *Angelo*, 2020 WL 4700910, at *3. All three individuals who HBRK would offer as or use to educate Rule 30(b)(6) representatives have been or are being deposed in their individual capacities. Richard Kahn already has testified to HBRK's recordkeeping practices, and the other two have invoked their Fifth Amendment privilege. "This court cannot directly compel [individuals] to testify in a manner inconsistent with their Fifth Amendment privilege," even if they are testifying as a corporate representative. *See City of Chicago v. Reliable Truck Parts Co., Inc.*, 768 F. Supp. 642, 646 (N.D. Ill. 1991).

The corresponding motion to seal is granted. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 215 and 216.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 28, 2024

15345246