Case 1:24-cv-01204-AS   Document 229   Filed 10/30/24   Page 1 of 2



VIA ECF                                                                                                  October 30, 2024

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:     *Jane Doe 3 v. Indyke, et al*, Case No. 24-cv-1204 (AS)

Dear Judge Subramanian:

On behalf of Plaintiff Jane Doe 3, we write Your Honor to request a conference to move for reconsideration of the Court's October 28 order granting Defendants' motion for reconsideration and permitting them to take the deposition of Plaintiff's husband (Dkt. 212). We respectfully seek reconsideration of this order and propose a reasonable alternative to alleviate the Court's concern about potential damages relating to the impact on Plaintiff's marriage.

As noted in the Court's order and in Plaintiff's letter opposing reconsideration, Plaintiff is willing to stipulate that she and her husband have a good relationship (which no witnesses, including Plaintiff's experts, parents and friend, dispute). While Plaintiff disputes that she or her expert ever sought or intended to imply that there were "damages for injury" to "her relationship with her husband" as Defendants assert, to avoid there being any issue as to damages relating to her marriage, and to avoid her husband from having to be informed and deposed in this matter, Plaintiff is also willing to stipulate to a jury instruction that the jury should not consider any impact on Plaintiff's marriage when assessing damages in any way. This includes not introducing evidence concerning nightmares in which Defendants would be prejudiced without Plaintiff's husband's testimony. Such a stipulation alleviates any impact relating to the marriage. The Court noted in its Order that Defendants proposed that Plaintiff stipulate away her entire claim for emotional distress damages and treatment damages but given that Plaintiff already agreed not to seek damages relating to her employment to avoid her employer being informed of the sexual abuse she suffered, the newest proposed stipulation would strip Plaintiff of the majority of her compensatory damages leaving only punitive damages in the class action case. This result would be particularly inequitable in that Plaintiff's emotional distress damages encompass areas of her life that are completely outside of her marriage. The alternative of allowing the Court to provide a jury instruction to disregard any impact on the marriage when assessing damages alleviates the Court's concern about the Defendants being able to defend themselves and still allows Plaintiff to proceed with her claims. Given that this Court has before it both Plaintiff's claims against Jeffrey Epstein's estate and the Plaintiff and the putative classes' claims against Indyke and Kahn, this type of stipulation also appropriately limits any impact on the class.

Pursuant to the Court's October 28, 2024, order, the parties conducted two Lead Trial Counsel meet and confers on October 29 and 30. Defendants rejected Plaintiff's proposal as insufficient, asserting that Plaintiff would need to drop her emotional distress and treatment costs in their entirety. Plaintiff believes that Defendants' demand is overbroad but would be amenable to any appropriately worded stipulation or jury instruction that would clarify that she is not seeking

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



damages for harm that Epstein's abuse caused to her marriage or any other relationship. Given the abuse she suffered, Plaintiff would be entitled to some amount of emotional distress damages even had she never married or if she had chosen from 2014 to the present to withdraw entirely from all social interactions.

In the alternative, Plaintiff respectfully asks Your Honor to stay enforcement of its October 28 order or ruling on any letters rogatory submitted until the Court has ruled on Plaintiff's motion for leave to amend the complaint to add Allyson Ward as a plaintiff and putative class representative. Given the briefing schedule on that motion, which gives Defendants until November 6 to respond, and that any order requiring the deposition of Plaintiff's husband will likely require her to dismiss her claims, it is in the best interest of judicial economy to wait and see whether Ms. Ward will need to file a new lawsuit or whether she can proceed in the current litigation. If the Court does not stay enforcement of the Order, then the result will be a waste of judicial resources because Plaintiff will be forced to dismiss her case to avoid informing her husband and Ms. Ward will have to refile the class action lawsuit. In the interest of judicial economy and to preserve the Court's and the parties' resources, the Court should stay enforcement of any orders pertaining to Plaintiff's husband's deposition (which the Court has already given Defendants until November 30 to take) including staying any issuance of letters rogatory to her home country, until it has decided on whether Ms. Ward should be added as a named plaintiff.

Respectfully Submitted,

 */s/ Sigrid S. McCawley*

Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Counsel for Plaintiff*