UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>　　　　　　　　　　*Defendants*. | Civil Action No. 1:24-cv-01204 (AS) |
| JANE DOE 3,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>　　　　　　　　　　*Defendants*. | Civil Action No. 1:24-cv-02192 (AS)<br>(*consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes*) |

**LETTER OF REQUEST**

Request for International Judicial Assistance
*Pursuant to the Hague Convention of 18 March 1970 on
the Taking of Evidence in Civil or Commercial Matters*

By the United States District Court, Southern District of New York
Hon. Arun Subramanian

**TO THE MINISTRY OF JUSTICE OF** ▮ **:**

The United States District Court for the Southern District of New York presents its compliments to the Ministry of Justice of ▮ and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented in the United States of America at 28 U.S.C. § 1781, and in ▮ ▮ (the "Hague Convention"). This Court, the United States District Court for the Southern District of New York, is a competent court of law and equity, which properly has jurisdiction over this proceeding.

This Court seeks judicial assistance from the ▮ courts pursuant to Chapter I of the Hague Convention as necessary in the interests of justice. Specifically, this Court requests that the competent judicial authority of ▮ compel ▮ to appear before such judicial authority to provide oral testimony. That testimony is intended for use at trial in Civil Action Nos. 1:24 cv 01204 (AS) and 1:24-cv-02192 (AS), two litigations brought by Plaintiff ▮ ▮, currently proceeding anonymously as Jane Doe 3) against Defendants Darren K. Indyke and Richard D. Kahn, which are pending before this Court. For these purposes, this Court requests that, pursuant to Article 2 of the Hague Convention, the ▮ transmit this Letter of Request to the judicial authority of ▮ that is competent to execute the request. In the view of this Court, the testimony of Mr. ▮ will be relevant to the issues raised in those litigations.

This Court also requests that the judicial authority of ▮ permit counsel for the parties in the referenced litigations to appear before the judicial authority of ▮ and take the oral

testimony of Mr. ▇ by asking questions and having him answer those questions while under oath. With the permission of the competent judicial authority of ▇ counsel for the parties will travel to ▇ to conduct in-person examination of Mr. ▇. This Court requests that, in addition to counsel for the parties, a court reporter be present during the examination to make a transcript of Mr. ▇'s testimony.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| 1. | Sender | The Honorable Arun Subramanian<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>Courtroom 15A<br>New York, NY 10007-1312<br>United States of America |
| 2. | Central Authority of the Requested State | ▇ |
| 3. | Person to whom the executed request is to be returned | Daniel H. Weiner<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>United States of America<br>Tel.: (212) 837-6000<br>Email: daniel.weiner@hugheshubbard.com |
| 4. | Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request | |
| | Date | 15 November 2024 |
| | Reason for Urgency | This matter is proceeding on an expedited discovery schedule. The parties are required to obtain testimony from Mr. ▇ during the month of November 2024. |

| | | |
|---|---|---|
| **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:** | | |
| **5a.** Requesting judicial authority (Article 3,a) | The Honorable Arun Subramanian<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>Courtroom 15A<br>New York, NY 10007-1312<br>United States of America | |
| **5b.** To the competent authority of (Article 3,a) | ███ | |
| **5c.** Names of the case and any identifying number | • *Jane Doe 3 (individually and on behalf of all others similarly situated) v. Darren K. Indyke and Richard D. Kahn*, Civil Action No. 1:24-cv-01204 (AS)<br><br>• *Jane Doe 3 v. Darren K. Indyke and Richard D. Kahn*, Civil Action No. 1:24-cv-02192 (AS) | |
| **6. Names and addresses of the parties and their representatives** | | |
| a. **Plaintiff** | ███, currently proceeding anonymously as Jane Doe 3) | |
| **Representatives** | David Boies<br>Andrew Villacastin<br>Alexander Law<br>Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY 10001<br>United States of America<br><br>Sigrid McCawley<br>Daniel Crispino<br>Boies Schiller & Flexner LLP<br>401 E. Las Olas Blvd. Suite 1200<br>Fort Lauderdale, FL 33301<br>United States of America | |
| b. **Defendants** | Darren K. Indyke and Richard D. Kahn | |

3

| | |
|---|---|
| **Representatives** | Daniel H. Weiner<br>Marc A. Weinstein<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>United States of America<br><br>*Attorneys for Darren K. Indyke*<br><br>Daniel S. Ruzumna<br>Tara J. Norris<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>United States of America<br><br>*Attorneys for Richard D. Kahn* |

7. **Nature of the Proceedings**

The proceeding concerns two civil litigations brought by ███████████, currently proceeding anonymously as Jane Doe 3) against Defendants Darren K. Indyke and Richard D. Kahn in connection with claims that Ms. ███████ was sexually abused by the late Jeffrey Epstein. Messrs. Indyke and Kahn are currently co-executors of Mr. Epstein's estate (the "Epstein Estate"). Prior to Mr. Epstein's death in August 2019, Mr. Indyke was an attorney for Mr. Epstein, and Mr. Kahn was an accountant for him. Both actions brought by Ms. ███████ are pending in the United States District Court for the Southern District of New York. Because the two litigations concern the same subject matter, the Court consolidated them for purposes of discovery.

The first proceeding is a civil class action litigation by Ms. ███████ on behalf of herself and an alleged class of similarly situated individuals against Messrs. Indyke and Kahn in their individual capacities (*i.e.*, not in their capacities as co-executors of the Epstein Estate). Ms. ███████'s complaint, filed on 16 February 2024, alleges that (i) Mr. Epstein operated a sex trafficking venture; (ii) Messrs. Indyke and Kahn knowingly or negligently facilitated that venture by providing legal and bookkeeping services to Mr. Epstein; and (iii) Ms. ███████ and a class of other women like her were abused by Mr. Epstein as part of that venture and suffered physical, psychological, and other harm as a result. Ms. ███████ claims damages on behalf of the alleged class in an unspecified amount to be determined at trial.

The second proceeding is a civil litigation by Ms. ███████ against Messrs. Indyke and Kahn in their capacities as co-executors of the Epstein Estate. In her complaint, filed on 13 March 2024, Ms. ███████ alleges that she met Mr. Epstein in 2014 and that he sexually abused and controlled her over the course of months, during which time Ms. ███████ traveled with Mr. Epstein and stayed in his properties across the world. Ms. ███████ alleges that, following her final trip

with Mr. Epstein in 2014, she permanently cut off contact with him. Ms. ███ claims damages in her individual action of at least US $11.5 million for alleged physical, psychological, and psychiatric injuries; harm to her career and employment, including past and future lost wages and past and future loss of earnings and earning capacity; and past, present, and future pain and suffering, humiliation and embarrassment, loss of self-esteem, and loss of dignity.

Messrs. Indyke and Kahn assert several defenses to Ms. ███'s claims in both actions, including that (i) the facts do not support Ms. ███'s claims that she was abused by Mr. Epstein; (ii) the facts do not support Ms. ███'s claims that she suffered physical or psychological injuries, harm to career or earnings, or any other damages from her contact with Mr. Epstein; (iii) the facts do not support Ms. ███'s claims that Messrs. Indyke and Kahn, in their individual capacities, were aware of or should have been aware of any sex trafficking venture operated by Mr. Epstein, or in any way facilitated that venture; (iv) nearly all of the women who allege that they were abused by Mr. Epstein have already brought claims against the Epstein Estate, received compensation from the Estate, and signed releases that bar them from bringing claims in a class action, thereby defeating the requirement that an alleged class contain "numerous" members; (v) some or all of the conduct Ms. ███ alleges is barred by the statute of limitations; and (vi) Ms. ███'s claims are not typical of the claims of other class members because, among other things, Ms. ███ was not a minor at the time she met Mr. Epstein and is not from a vulnerable background.

| 8a. Evidence to be obtained or other judicial act to be performed (Article 3,d) | The Court requests that the competent judicial authority of ███ compel ███ to appear before such judicial authority to provide oral testimony for use at trial in Civil Action Nos. 1:24 cv 01204 (AS) and 1:24-cv-02192 (AS), which are pending before the Court. |
|---|---|
| 8b. Purpose of the evidence or other judicial act sought | While the Court expresses no view as to the merits or otherwise of the claims or defenses in the litigations described above, the Court is of the view that the testimony requested will be relevant to and probative of the issues at the heart of those litigations.<br><br>Testimony from Ms. ███'s husband is relevant to establishing the veracity of Ms. ███'s allegations regarding her sexual abuse by Mr. Epstein and its impact on her life.<br><br>███<br><br>Mr. ███ will have relevant information regarding what Ms. ███ told him – both |

| | |
|---|---|
| | at the time of the alleged abuse and subsequently – about her relationship with Mr. Epstein.<br><br>Mr. ▇▇▇ will also have relevant information regarding his observation of any impact on Ms. ▇▇▇ of her encounters with Mr. Epstein, including whether he is aware of or has observed Ms. ▇▇▇ suffering from any psychological, psychiatric, emotional, or other injuries as a result of those encounters and whether and how any alleged injuries have affected her life, health, career, or relationships. |
| 9. Identity and address of any person to be examined (Article 3,e) | ▇▇▇ |
| 10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f) | ▇▇▇ is Ms. ▇▇▇'s husband. The subjects of his testimony will be:<br>• What Ms. ▇▇▇ told him about her encounters with Mr. Epstein, what happened during those encounters, and how they affected her, including whether she told Mr. ▇▇▇ that Mr. Epstein sexually abused her;<br>• What, if anything, Mr. ▇▇▇ learned from any other source about contact between Ms. ▇▇▇ and Mr. Epstein or the nature of the relationship between them;<br>• Whether Mr. ▇▇▇ has observed any of Ms. ▇▇▇'s claimed psychological, psychiatric, emotional, or other injuries and what he observed about those injuries and their cause(s);<br>• Whether Mr. ▇▇▇ is aware of any incident or factor not related to the allegations in this matter that may have caused or contributed to Ms. ▇▇▇'s claimed psychological, psychiatric, emotional, or other injuries; and<br>• Whether and how such alleged injuries have affected Ms. ▇▇▇'s life, health, career, or relationships. |

6

| | |
|---|---|
| 11. Documents or other property to be inspected (Article 3,g) | None. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h) | The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the laws of ▮▮▮▮. The testimony shall be given under oath. |
| 13. Special methods or procedure to be followed (Articles 3,i and 9) | The Court further requests that the parties' representatives and a court reporter be permitted to be present during the examination and make a verbatim transcript of the proceedings, and that the parties' representatives be permitted to examine and cross-examine the witnesses directly.<br><br>In addition, because the Court has permitted Ms. ▮▮▮▮ to proceed in the litigations under the pseudonym of Jane Doe 3, the Court requests that the Ministry of Justice and any other instrumentalities of ▮▮▮▮ involved in the execution of the Letter of Request maintain, to the extent practicable, the confidentiality of Ms. ▮▮▮▮'s identity and the identity of all witnesses referenced herein.<br><br>The ▮▮▮▮ may provide the Letter of Request to the judicial authority competent to execute that request with an instruction that the Letter of Request and the information contained therein is confidential and should not be shared with any person other than Mr. ▮▮▮▮. When executing the request for judicial assistance, the competent judicial authority of ▮▮▮▮ may provide the Letter of Request to Mr. ▮▮▮▮ with an instruction to the witness that the Letter of Request and the information contained therein is confidential and may not be shared with anyone other than his wife, ▮▮▮▮. |

| | |
|---|---|
| **14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)** | This Court requests that Mr. ███ testimony be taken no later than 26 November 2024 at such place, date, and time as scheduled by counsel for the parties and agreed by the witness.<br><br>This Court requests that notification regarding execution of the Letter of Request be provided to:<br><br>Daniel H. Weiner<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>United States of America<br>Email: daniel.weiner@hugheshubbard.com<br><br>Sigrid McCawley<br>Boies Schiller & Flexner LLP<br>401 E. Las Olas Blvd. Suite 1200<br>Fort Lauderdale, FL 33301<br>United States of America<br>Email: smccawley@bsfllp.com |
| **15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)** | None, except to the extent required under the laws or procedures of ███. |
| **16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11,b)** | Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and his or her attorney made for the purpose of obtaining legal advice.<br><br>Parties enjoy limited privileges relating to certain communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.<br><br>United States law also recognizes a testimonial privilege against criminal self-incrimination. As a general matter, that privilege does not apply to production of documents. |

8

|  | Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created by attorneys in anticipation of litigation. |
|---|---|
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Defendants Darren K. Indyke and Richard D. Kahn |

DATE OF REQUEST: _____

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:

(Affix Seal Here)

_____
Hon. Arun Subramanian
United States District Court
for the Southern District of New York