

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Daniel H. Weiner
Partner
Direct Dial: +1 (212) 837-6874
Direct Fax: +1 (212) 299-6874
daniel.weiner@hugheshubbard.com

October 30, 2024

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:    *Jane Doe 3 v. Indyke et al.*, Case No. 1:24-cv-01204-AS
             *Jane Doe 3 v. Indyke et al.*, Case No. 1:24-cv-02192-AS

Dear Judge Subramanian:

Pursuant to Rule 7.1(d) of the Local Rules of the United States District Court for the Southern District of New York and Rule 8(J) of Your Honor's Individual Practices in Civil Cases, Defendants seek a conference on their request that the Court strike a substantial portion of the Rebuttal Expert Report of Jane Khodarkovsky dated October 26, 2024 as improper rebuttal. Rather than "rebutting" Defendants' narrowly focused expert report — as Plaintiff's counsel represented she would in her request to the Court to submit an out-of-time expert report — Ms. Khodarkovsky's report ranges far afield of the report it purports to rebut and introduces multiple subjects that appear nowhere in that report. Because Defendants are unfairly prejudiced by the 12th-hour submission of Ms. Khodarkovsky's report, the Court should limit or strike it entirely.

1. **The Cohen Expert Report Is Narrowly Limited in Scope.**

The Court's Scheduling Order in these actions required Plaintiff to submit her expert reports by September 30, 2024, with Defendants' expert reports due October 14, 2024. (ECF No. 74.) Defendants timely filed the 7-page expert report of Gail E. Cohen, which addresses a single issue: whether the creation and operation of multiple single-purpose corporate entities formed by Epstein during his lifetime – described by Plaintiff as "corporate entities with no legitimate purpose" or "sham" entities (*Bensky* Compl. ¶¶ 7, 152, 169) – is *in itself* evidence of wrongdoing, including as a vehicle to accomplish sex-trafficking or sexual abuse. *See* Expert Report of Gail E. Cohen ¶ 8; copy annexed as Exhibit A.

Ms. Cohen's expert report expresses the following opinion, based on her nearly 40 years' experience as a trusts and estates attorney and advisor to high-net-worth individuals: "It

is incorrect to allege that, *by their very existence*, single-purpose corporate entities 'have no legitimate purpose' or are 'shams' — rather, they can serve the very real purposes of limiting their owner's potential financial lability, reducing the substantial costs of household administration, saving estate probate fees, limiting local estate taxes and keeping track of expenses and income. Nor can one fairly or legitimately conclude that the creation and operation of multiple corporate entities, all ultimately owned by a single high-net-worth individual, is *in itself* evidence of any wrongdoing." (Cohen Report ¶¶ 16-17) (emphasis supplied).)

Ms. Cohen's expert opinion is an uncontroversial statement about how corporate entities are commonly used, which is widely accepted by lawyers but may well be unfamiliar to members of the jury who have little occasion to learn about corporate forms. Her report (1) offers no opinions whatsoever on the purposes for which Epstein *actually* used his multiple corporate entities, (2) does not describe the *actual* business or operations of any of those entities, and (3) nowhere mentions either Defendant Darren Indyke or Defendant Richard Kahn.

2. **The Khodarkovsky Report Is Not Rebuttal.**

On October 23, 2024, Plaintiff sought the Court's permission to file an out-of-time rebuttal expert report, representing to the Court that she had "important evidence to offer to contradict and rebut the Cohen report." (ECF No. 206.) The Court granted that application the following day without hearing from Defendants. (ECF No. 208.) On October 26, 2024, Plaintiff served the 26-page single-spaced (plus exhibits) Khodarkovsky Report on defense counsel.

The Khodarkovsky Report is no more "rebuttal" than an onion is a snowball: while both outwardly appear round and white, their content is completely different. In her Report (copy annexed as Exhibit B), Ms. Khodarkovsky, a former prosecutor, spends page upon page explaining the factual, regulatory and statutory framework for prosecuting human trafficking in the United States — none of which is mentioned at all in Ms. Cohen's Report. She also



Ms. Khodarkovsky concedes that the great bulk of her opinions are *not* rebuttal to the opinions contained in Ms. Cohen's report;

While the Khodarkovsky Report opines that single-purpose corporate entities are sometimes used to facilitate sex-trafficking, it does not dispute (nor can it) that such corporate entities are also commonly used by wealthy individuals who are not sex traffickers—just as it cannot dispute

3

that, although sex-traffickers may exploit trafficking victims by "[p]urchase of goods, including real property" (*id.* ¶ 48), not everyone who owns real property is a sex-trafficker.

### 3. Defendants Are Unfairly Prejudiced By The Khodarkovsky Report.

Plaintiff's tender of the Khodarkovsky Report on false pretenses comes nearly one month after the deadline for Plaintiff's submission of expert reports, well after briefing on class certification closed, and only one week before summary judgment motions are due. Had that Report been timely submitted on September 30, 2024, Defendants would have dealt with its flaws. But now, Defendants have no time left to search for an expert witness to refute what is essentially Plaintiff's closing argument to the jury, marshalling statutes, regulations, anecdotal experience and cherry-picked evidence in the guise of an expert report that *itself concedes it covers ground that Ms. Cohen's report does not address*. Such litigation by ambush unfairly prejudices Defendants and violates the scope of the rebuttal report the Court permitted Plaintiff to serve.[1]

Courts in this Circuit have not hesitated to strike all or portions of rebuttal expert testimony that exceeds the proper scope of rebuttal. *See, e.g., Secs. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2023 WL 5670711 at *19, 25-26 (S.D.N.Y. Mar. 6, 2023) (excluding two expert rebuttal opinions because "the rebuttal opinion strays far from the original testimony in [the SEC expert's] opening report, introducing new arguments and testimony"); *McBeth v. Porges*, No. 15-CV-2742 (JMF), 2018 WL 5997918 (S.D.N.Y. Nov. 15, 2018) (holding testimony from rebuttal expert inadmissible and noting that "a rebuttal report is limited to the same subject matter identified by another party"). The Court should do so here.[2]

\* \* \* \* \*

On October 29, 2024, Defendants' counsel conferred on this issue by telephone with Plaintiff's counsel. Later that day, Defendants proposed that they would not move to strike the Khodarkovsky Report <u>provided that</u> Plaintiff limits that report to Ms. Khodarkovsky's qualifications (¶ 1-29) and her opinions referencing the subject matter of Ms. Cohen's expert report (¶¶ 30(A), 41-42 and 80(A)). Earlier today, Plaintiff rejected that proposal.

---

[1] Plaintiff's belated production of what is essentially an affirmative, not rebuttal, expert report is pure gamesmanship: Plaintiff's counsel engaged Ms. Khodarkovsky well over a year ago in the bank litigation before Judge Rakoff to provide an extensive affirmative expert report on the same sex-trafficking topics, yet strategically chose not to proffer her as an affirmative expert here. Moreover, once Plaintiff's counsel attempted to characterize her expert opinions here as "rebuttal," they inexplicably omitted any reference in her report to her work in the bank litigation, including — as required under FRCP 26(a)(2)(B)(V) — that she was deposed in that litigation.

[2] In the event the Court declines to strike the Khodarkovsky Report in whole or in part, Defendants reserve their right to seek to preclude Ms. Khodarkovsky's opinions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its line of cases and Rules 702-705 of the Federal Rules of Evidence. Given Plaintiff's late filing of the Khodarkovsky Report, and that her deposition cannot be taken before the November 4, 2024 deadline for dispositive motions, Defendants request additional time to do so.

Respectfully submitted,

*[signature]*

Daniel H. Weiner
Counsel for Defendant Darren Indyke