

October 31, 2024

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

      Re: *Jane Doe 3 v. Indyke et al.,* **Case No. 1:24-cv-01204-AS**
          *Jane Doe 3 v. Indyke et al.,* **Case No. 1:24-cv-02192-AS**

Dear Judge Subramanian,

      In their motion, Defendants present the Cohen Report as an "uncontroversial statement" meant to educate members of the jury on "corporate forms". This delusive description could not be further from the truth. The Cohen Report explicitly identifies paragraphs[1] in the Complaint (the "Compl. Paragraphs") that her report was solicited to contradict. *See* Dkt. 233-1 at ¶ 8. The Compl. Paragraphs unambiguously allege that the specific sham entities created by Defendants and Jeffrey Epstein did not have "any real business purpose other than facilitating sex trafficking" and that Defendants "were personally aware". The Khodarkovsky Report narrowly supports that proposition and rebuts the analysis in the Cohen Report that will be used by Defendants to contradict the Compl. Paragraphs. Despite Defendants' assertions that the Cohen Report merely offers the nugatory conclusion that in the abstract single-purpose entities are not evidence of wrongdoing, the Cohen Report will undoubtedly be used to imply to the jury the extraordinarily controversial point that Epstein and Defendants created dozens of shell companies for a purpose other than to facilitate one of the most devious and widespread sex trafficking schemes in history. As such, Plaintiff would be prejudiced if she was not afforded the opportunity to rebut the Cohen Report and defend the Compl. Paragraphs. For the following reasons, the Court should reject Defendants' request to strike the Khodarkovsky Report.

      First, Plaintiff's rebuttal expert report is intended solely to contradict and disprove the Cohen Report. "Rebuttal evidence is properly admissible when it will explain, repel, counteract or

---

[1] Compl. ¶ 7, "Indyke and Kahn also personally assisted with creating the Epstein Enterprise's complex financial infrastructure, which involved dozens of bank accounts at various banking institutions, many of which were held in the name of corporate entities with no legitimate business purpose and that appear to have been created to simply facilitate the illegal sex-trafficking venture."; *Id.* ¶ 152, "Corporate filings indicate that one, and frequently both, Defendants were involved in the creation and/or management of several of Epstein's sham entities, including the C.O.U.Q. Foundation, Gratitude America Ltd., the J. Epstein Virgin Islands Foundation; FT Real Estate Inc.; Hyperion Air, Inc.; Jeepers, Inc.; Mort, Inc.; and Zorro Development Corporation. Just as Epstein himself had no discernible profession, none of these sham entities had any real business purpose other than facilitating sex trafficking."; *Id.* ¶ 169, "As Epstein's lawyer and accountant, Defendants were personally aware that the majority of the corporate entities he had them create were shams created for the purposes of facilitating his sex-trafficking enterprise. As individuals who created and/or managed several of those entities, and oversaw withdrawals and payments from their accounts, Defendants knew that there were no legitimate business reasons for those transactions."

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



disprove the evidence of the adverse party." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (citation omitted). As an initial matter, Defendants concede that portions of the Khodarkovsky Report are proper rebuttal. Dkt. 233 at 3. The remainder of the Khodarkovsky Report is similarly proper rebuttal as it will be used to explain, repel, counteract, and disprove the inference Defendants will use the Cohen Report to communicate to the jury that the allegations made by Plaintiff in the Compl. Paragraphs are false. Defendants note the length of the Khodarkovsky Report as evidence that Ms. Khodarkovsky strayed from rebuttal. However, the length of the Khodarkovsky Report is not due to any impermissible roaming outside the narrow focus of rebuttal, but rather due to (1) the vastness of the scheme Defendants participated in and (2) the unexplainable failures of the Cohen Report to consider relevant and available documents that should have impacted her opinion.

Second, Plaintiff's rebuttal expert report is limited to the same subject matter discussed in the Cohen report. "The scope of a rebuttal is limited to the same subject matter encompassed in the opposing party's expert report, but district courts have been reluctant to narrowly construe the phrase same subject matter beyond its plain language." *Allen v. Dairy Farmers of America, Inc.*, 2013 WL 211303, at *5 (D. Vt. Jan. 18, 2013) (internal citations and quotations omitted); *see also S.W. v. City of New York*, 2011 WL 3038776, at *4 ("Even assuming that portions of plaintiffs' experts' reports should have been included in their initial reports, there is no prejudice to [defendant] by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set."). In *Allen*, the court noted that even reports that did not lend themselves to a point-by-point comparison were still within the same "general subject matter" and found that courts often leave such concerns regarding subject matter "to exposure on cross-examination rather than excluding supplemental opinions as improper rebuttal." *Id.* at *6. Here, the Khodarkovsky Report is undoubtedly regarding the same subject matter as the Cohen Report as it is narrowly focused on the assertions made in the Cohen Report and how Defendants would be wrong to use those assertions to try and disprove, even in part, the Compl. Paragraphs. And, Defendants not only have an opportunity for cross-examination of Ms. Khodarkovsky at trial, but also have an upcoming deposition scheduled for next week. At this stage, granting a motion to strike would deprive the jury of an opportunity to decide the weight of Ms. Khodarkovsky's rebuttal testimony after a thorough deposition and cross-examination.

Third, the Khodarkovsky Report is permitted to use different methodologies from those used in the Cohen Report. *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y.2009). In *Park*, the court found plaintiff's expert rebuttal report could contain "new assertions and analysis." *Id.* The court noted that Defendants were not prejudiced by any new methodology, as they still had an opportunity depose the rebuttal witness. *Id.* Similarly, here, Defendants have an opportunity to depose Ms. Khodarkovsky and are not prejudiced by any more thorough analysis methodologies she used.

Fourth, the cases cited by Defendants are inapposite. In *Ripple*, the court excluded limited portions of an expert's rebuttal opinion that offered testimony regarding a legal doctrine the original testimony never mentioned and whether the original testimony satisfied prongs of that new test. *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 5670711, at *26 (S.D.N.Y. Mar. 6, 2023). Here, Ms. Khodarkovsky does not discuss or rely upon undiscussed legal doctrine. While Ms. Khodarkovsky uses more factual development to make her arguments than Ms. Cohen does, unlike in *Ripple*, she is not using her reply rebuttal to offer disguised briefing on new legal



theories. In *McBeth v. Porges*, 2018 WL 5997918, at *7 (S.D.N.Y. Nov. 15, 2018), the court excluded limited portions of an expert's rebuttal opinion that offered testimony on an entirely different topic than the original testimony. Here, the Khodarkovsky Report is dedicated to the same subject as Ms. Cohen's report, namely whether the entities described in the Compl. Paragraphs could have had any legitimate business purpose other than sex trafficking. Defendants offer no cases where a rebuttal expert report on the same subject as the original testimony and that does not explore previously undiscussed legal doctrines should be stricken in whole or in part.

At bottom, Defendants were surprised Plaintiff was able to offer a robust rebuttal report in such a short time and now seek to exclude it, as though Plaintiff's diligence somehow unfairly disadvantages Defendants. Defendants opened the door to Plaintiff retaining an expert to vigorously rebut the Cohen Report and any obvious implications of it. Defendants cannot hide behind a defense that the Cohen Report is actually about a totally unimpactful, abstract truism to escape rebuttal scrutiny. Indeed, Defendants ought not be able to close the door that they themselves opened now that they do not like what is on the other side.

In light of the foregoing, Plaintiff respectfully requests the Court reject Defendants' request to strike Plaintiff's rebuttal expert report.

Respectfully submitted,

*/s/ Sigrid McCawley*
David Boies
Andrew Villacastin
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Daniel Crispino
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com