

October 31, 2024

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

> Re: *Jane Doe 3 v. Indyke et al.,* Case No. 1:24-cv-01204-AS
> *Jane Doe 3 v. Indyke et al.,* Case No. 1:24-cv-02192-AS

Pursuant to the Court's Order on October 3, 2024 (Dkt. 167), Plaintiff Jane Doe 3, through the undersigned counsel, submits this Letter to respectfully request that certain portions of the October 2, 2024 transcript be kept under seal.

Keeping this information under seal is necessary because the information would identify the client (who is protected by the Court's February 23, 2024 Order (the "Pseudonym Order")). The Court's Pseudonym Order permits the Parties to designate as Confidential:

> any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate. This category includes, but is not limited to, the identity of Plaintiff Jane Doe 3 until such time as the Court orders her name to be disclosed.

The redactions Plaintiff proposes cover information that is protected by this order, because the information threatens to reveal Plaintiff's identity.

The narrowly-tailored redactions and requests for sealing are justified under the First Amendment and the common law. While the documents at issue are judicial documents, Plaintiff's privacy interests as a victim of sex abuse and human trafficking are strong and outweigh the presumption of public access here. In *Giuffre v. Maxwell*, Judge Preska repeatedly recognized the "gravity of the privacy interests" of "victims of Jeffrey Epstein's abuse." *Giuffre v. Maxwell*, No. 15-CV-7433, Dkts. 1113, 1161. The Court explained that "[t]hose interests are particularly acute given that the psychological and emotional wellbeing of survivors of alleged sexual assaults may be implicated by such a broad disclosure." *Giuffre v. Maxwell*, No. 15-CV-7433, Dkt. 1113. In *Doe 1 v. JP Morgan Chase Bank, N.A.*, Judge Rakoff recently found that the privacy interest of a victim of Epstein justified sealing because "[p]rotecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents." 2024 WL 3597196, at *6 (S.D.N.Y. July 30, 2024). Thus, Plaintiff's privacy interests as a yet-to-be-identified victim of Epstein weigh heavily in favor of the requested redactions and sealing.



\*          \*          \*

In light of the foregoing, Plaintiff respectfully requests that the Court permit certain portions of the October 2, 2024, transcript be kept under seal, as identified in Exhibit A.

| | |
|---|---|
| SO ORDERED.<br><br>*[signature]*<br><br>Arun Subramanian, U.S.D.J.<br>Date: November 4, 2024 | Respectfully submitted,<br><br>*/s/ Andrew Villacastin*<br>David Boies<br>Andrew Villacastin<br>Alexander Law<br>Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY<br>Telephone: (212) 446-2300<br>Fax: (212) 446-2350<br>Email: dboies@bsfllp.com<br><br>Sigrid McCawley<br>Daniel Crispino<br>Megan Nyman<br>Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd. Suite 1200<br>Fort Lauderdale, FL 33316<br>Telephone: (954) 356-0011<br>Fax: (954) 356-0022<br>Email: smccawley@bsfllp.com |