UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>v.<br><br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br>     *Defendants*. | Civil Action No. 24 Civ. 1204 (AS)<br>[rel. 1:24-cv-02192 (AS)]<br><br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
*DAUBERT* MOTION TO EXCLUDE MARIANNE DEMARIO'S OPINIONS
<u>REGARDING CLASS-WIDE DAMAGES</u>**

HUGHES HUBBARD & REED LLP
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB &
TYLER LLP
Daniel S. Ruzumna, Esq.
Amy N. Vegari, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND .....................................................................................................2

    A.    DeMario's Report ........................................................................3

    B.    DeMario's Deposition....................................................................5

ARGUMENT .........................................................................................................6

    I.    DEMARIO'S OPINIONS ON CLASS-WIDE DAMAGES SHOULD BE
        EXCLUDED ...........................................................................6

    A.    Legal Standard ...........................................................................6

    B.    DeMario's Opinions Should Be Excluded Because They Are
        Unreliable...............................................................................6

        1.    DeMario Does Not Offer a Reliable Methodology to Calculate Out-of-
            Pocket Damages.................................................................9

        2.    DeMario Does Not Offer a Reliable Methodology to Calculate Lost
            Earnings ......................................................................12

        3.    DeMario Does Not Offer a Reliable Methodology to Calculate Non-
            Economic Damages ...........................................................13

    C.    DeMario's Opinions Must Be Excluded Because They Are Not
        Helpful to the Jury ....................................................................14

CONCLUSION.......................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002)...........................................................................6

*Caruso v. Bon Secours Charity Health Sys. Inc.*,
   2016 WL 8711396 (S.D.N.Y. Aug. 5, 2016), *aff'd*, 703 F. App'x 31 (2d Cir.
   2017) .............................................................................................................7, 9

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013)..........................................................................10, 11, 13

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).................................................................................1, 6, 9

*In re Digital Music Antitrust Litig.*,
   321 F.R.D. 64 (S.D.N.Y. 2017) ....................................................................14

*In re Fosamax Prod. Liab. Litig.*,
   807 F. Supp. 2d 168 (S.D.N.Y. 2011), *aff'd*, 707 F.3d 189 (2d Cir. 2013) ......14, 15

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)........................................................................................9

*Hickory Sec. Ltd. v. Republic of Argentina*,
   493 F. App'x 156 (2d Cir. 2012) ....................................................................7

*Santiago v. Fischer*,
   2020 WL 9816014 (E.D.N.Y. Sept. 4, 2020) ..............................................16

*Seijas v. Republic of Argentina*,
   606 F.3d 53 (2d Cir. 2010)..............................................................................8

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016)......................................................................................10

*United States v. Guo*,
   2024 WL 2262706 (S.D.N.Y. May 17, 2024), *aff'd in relevant part on
   reconsideration*, 2024 WL 3104538 (S.D.N.Y. June 24, 2024) ..............6, 9, 14

*Valelly v. Lynch*,
   2023 WL 2918982 (S.D.N.Y. Apr. 12, 2023)................................................15

*Weiner v. Snapple Beverage Corp.*,
   2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010) .............................................7, 8

**Statutes**

28 U.S.C. § 2072 ............................................................................................................8

**Other Authorities**

Federal Rule of Evidence 702 ............................................................................1, 2, 6, 14

Defendants Darren K. Indyke and Richard D. Kahn respectfully submit this memorandum of law in support of their Motion To Exclude Marianne DeMario's Opinions Regarding Class-Wide Damages, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

### PRELIMINARY STATEMENT

In this putative class action, Plaintiff Jane Doe 3 ("Doe") alleges that Defendants are liable for her claims of sexual abuse and sex-trafficking by Jeffrey Epstein. ██████████████

██████████████████████████████████████████████████

████████████████████████████████ Ex. A at 15.   But Doe has not attempted to calculate the class's damages or even put forth the facts necessary to assess damages on a class-wide basis.  The expert testimony of Marianne L. DeMario ("DeMario"), an accountant, does nothing to fill this gap; ███████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████

██████████████████████████████████ in practice they would impermissibly sidestep Doe's obligation to prove that every class member would have a viable claim.  There currently ***is*** no class of plaintiffs whom DeMario can ███████████████████████████

██████████████████████████████████████ ***unless and until*** a jury conducts the individualized inquiries necessary to determine each individual's membership in the class—which would require the jury to assess (1) whether each proposed class member was sexually abused, (2) whether each proposed class member has signed a release, (3) whether Defendants were aware of the abuse and directed their conduct at that proposed class member,

(4) whether Defendants proximately caused that her injury, and (5) whether her claims are time-barred, among other things. *See* ECF No. 183 at 12-17. Because DeMario's ███████████ ███████████ approaches necessarily eliminate the individualized determinations that a jury would need to make to identify the putative class (which, even after the completion of class certification briefing, remains unascertainable because of the overwhelming number of non-common issues), her opinions are not reliable and would not assist the trier of fact. *See* Fed. R. Evid. 702.



███ But discovery in this action has closed, and DeMario has no other opportunities to ascertain the facts she would need to elaborate on her current opinions, or to re-do them. ████████ ████████████████████████████████████████████████████, and doing so now would impermissibly violate the Rules Enabling Act. Because the opinions that DeMario offers on class-wide damages are unreliable and would not be helpful to jury, they do not clear the bar set by Rule 702. The Court should exclude them.

## BACKGROUND

In her Complaint, Doe alleges that the putative class is entitled to "compensatory, consequential, general, nominal, and punitive damages." ECF No. 1 at Request for Relief. ███

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████

**A.     DeMario's Report**

████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

4

### B.    DeMario's Deposition

█████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

Discovery in this case closed on October 28, 2024 and Doe's expert disclosures were due on September 30, 2024; DeMario has no opportunity to assess damages for the class in a second report.  Though Defendants initially proposed a two-phase discovery process, in which class discovery would occur before merits discovery, Doe opposed that approach in favor of a single discovery period, and the Court adopted Doe's proposed approach with respect to discovery.  ECF No. 66-2 at 2-4; ECF No. 74.

## ARGUMENT

### I.    DEMARIO'S OPINIONS ON CLASS-WIDE DAMAGES SHOULD BE EXCLUDED

#### A.    Legal Standard

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides that a qualified expert may not testify unless:

> [I]t is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. "The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are met." *United States v. Guo*, 2024 WL 2262706, at *1 (S.D.N.Y. May 17, 2024), *aff'd in relevant part on reconsideration*, 2024 WL 3104538 (S.D.N.Y. June 24, 2024).  Courts have the "the ultimate 'gatekeeping role[s]' to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* (quoting *Daubert*, 509 U.S. at 597).

#### B.    DeMario's Opinions Should Be Excluded Because They Are Unreliable

DeMario's opinions on class-wide damages should be excluded ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Courts have explained that, "when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002).

DeMario's opinions on class-wide damages are unreliable because all of them are based

on ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████. That outcome would fly in the face of established law.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ Courts consistently hold that an expert must "provide sufficient detail about [her] proposed

methodology to permit a court to determine whether the methodology is suitable to the task at

hand." *Weiner v. Snapple Beverage Corp.*, 2010 WL 3119452, at *9 (S.D.N.Y. Aug. 5, 2010);

*Caruso v. Bon Secours Charity Health Sys. Inc.*, 2016 WL 8711396, at *6 (S.D.N.Y. Aug. 5, 2016)

("An expert must provide an explanation of her methodology so its reliability can be evaluated."),

*aff'd*, 703 F. App'x 31 (2d Cir. 2017).   In particular, where an expert purports to opine on class-

wide damages, the court must "ensure that the damages awards roughly reflect the aggregate

amount owed to class members" because "aggregate calculations that result in inflated damage

figures that do not accurately reflect the number of plaintiffs actually injured and bear little or no

relationship to the amount of economic harm actually caused by defendants violate the Rules

Enabling Act," *Hickory Sec. Ltd. v. Republic of Argentina*, 493 F. App'x 156, 159 (2d Cir. 2012)

(internal quotations, citations and alterations omitted), which provides that rules of procedure

cannot be used to "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072; *see also*

*Seijas v. Republic of Argentina*, 606 F.3d 53, 58 (2d Cir. 2010) (same).

When an expert does not provide sufficient detail about her proposed methodology, courts must exclude that expert's testimony as unreliable. For example, in *Weiner*, the court excluded the expert testimony of an economist who put forth a "skeletal, four-page" report. *Id.*, at *6. Specifically, the court found that the economist was "unreliable" because he did not "demonstrate in adequate detail how his proposed 'approaches' would be used to develop an empirical algorithm to determine, on a class-wide basis" what the relevant damages would be. *Id.*, at *7. In other words, as the court explained, the economist had "done nothing more than identify two possible approaches and assert that they will work in this case." *Id.*, at *9. Moreover, the court concluded that the economist's testimony was unreliable because it was not based on the underlying record in the case and because he "concede[d] that he has done nothing to confirm that his proposed approaches would be workable in this case." *Id.*, at *8. Although the economist claimed that he would build out his models "***after*** a decision on class certification," the court held that, "[g]iven the paucity of detail in [the] report, particularly the absence of any indication that [the economist] has considered whether, and how, his proposed methodology could account for the specific circumstances of this case, [his] opinion that causation and injury can be proven on a class-wide basis is speculative and, therefore, unreliable." *Id.* (emphasis in original).

The same analysis applies here. Like the economist in *Weiner*: ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

[REDACTED]

[REDACTED]. *See* Ex. B ¶¶ 27-35. But that hypothetical opinion is inadmissible; "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Accordingly, DeMario's speculative opinions with respect to class damages are unreliable, and the Court should exclude them. *Id.*; *see also Caruso*, 2016 WL 8711396, at \*6 (concluding that because expert's opinions were unreliable because she "failed to conduct an independent review of the record, [so] her report is replete with speculative arguments" and because "her report does not explain the methodology she used to reach her opinions."); *Guo*, 2024 WL 2262706, at \*9 (excluding expert because "[w]ithout any description of [the expert's] methodology or conclusions, the Court cannot be certain of the reliability of [his] approach").

### 1. DeMario Does Not Offer a Reliable Methodology to Calculate Out-of-Pocket Damages

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] DeMario's opinion is inadmissible for two reasons.

---

[1] [REDACTED]. While that is certainly true, DeMario has made no attempt to collect expense data from putative class members, and discovery in this case is over. To offer reliable expert testimony, DeMario should have actually done the work of collecting expense data from putative class members and calculated damages on a class-wide and individualized basis for the jury to assess. She did none of that work.

███████████████████████████████████████

███████████████████████████████████████

█████████████    The Supreme Court has made clear that sampling is not permitted to establish

liability, causation, or damages in cases, where, as here, class members have entirely different

claims arising out of different experiences, because sampling would rob Defendants of the ability

to litigate defenses to those individual claims.  In *Wal-Mart Stores, Inc. v. Dukes,* the Supreme

Court rejected the use of sampling to determine "liability for sex discrimination and the backpay

owing as a result" where the putative class members "held a multitude of jobs, at different levels

of Wal-Mart's hierarchy, for variable lengths of time" in different stores and therefore had little in

common but "their sex and th[e] lawsuit."  564 U.S. 338, 359-60, 367 (2011).  The Supreme Court

did not allow "Trial by Formula" because, if it was used, Walmart would "not be entitled to litigate

its statutory defenses to individual claims," which would violate the Rules Enabling Act.  *Id.* at

367.  Here, the putative class members' claims are based on different allegations of different abuse

at different times, for different periods, and in different places, so the Court cannot assume that

the claims of some class members are representative of all of them.  For that reason, *Wal-Mart*

controls, rather than other cases that have deemed sampling to be acceptable, such as *Tyson Foods,*

*Inc. v. Bouaphakeo*, 577 U.S. 442, 454-60 (2016) (permitting sampling to fill evidentiary gap

created by employer's failure to keep records when class members were all similarly situated).

Likewise, the Supreme Court has made clear that a damages "methodology that identifies

damages that are not a result of the wrong" cannot provide assurance that "damages are capable of

measurement and will not require labyrinthine individual calculations."  *Comcast Corp. v.*

*Behrend*, 569 U.S. 27, 37 (2013). ████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

██████; instead, it would sweep in damages alleged by individuals whose claims of abuse by

Epstein have not been tested before a factfinder, as well as individuals whose medical treatment

costs could have resulted from matters unrelated to Epstein's alleged abuse or who suffered abuse

not proximately caused by Defendants. ████████████████████████████████

████████████████████████████████████████████

projecting out-of-pocket expenses to a broader class based on that sample would impermissibly

ask the jury to assume that Defendants were liable to the entire class for those damages, and that

the class's out-of-pocket injuries were not the result of independent factors.

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

11

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████    But discovery in this case has closed, and Doe has not produced

any of the information that would be necessary to ascertain the putative class and calculate its

damages.[2]  There are no other opportunities for DeMario to receive the data that would be needed

to proffer a workable methodology.

> **2.      DeMario Does Not Offer a Reliable Methodology to Calculate Lost Earnings**

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

---

[2] In their opposition to class certification, Defendants explained that the putative class cannot be certified because it is not ascertainable.  ECF No. 183.  Doe's only response was that her counsel has looked into the class and that she could provide information about the class members to the Court *in camera*, demonstrating that the information needed to calculate class-wide damages has not been produced.  ECF No. 198.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ ECF No. 111 at 1.  When Defendants sought to take the testimony needed to assess Doe's claims for lost earnings (through a deposition of her employer), Doe dropped her demand for lost earnings, revealing a substantial likelihood that Doe did not sustain any lost earnings.  Accordingly, there is no way for Defendants even to test with respect to Doe whether there is a reliable way to calculate the difference between what a class member **would have** earned but-for Epstein's abuse and what she in fact earned.  ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

### 3.     DeMario Does Not Offer a Reliable Methodology to Calculate Non-Economic Damages

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



Without any actual methodology to assess class-wide damages that would be permissible, DeMario's testimony "should be excluded [because] it is speculative [and] conjectural[.]" *Guo*, 2024 WL 2262706, at *2.

### C.    DeMario's Opinions Must Be Excluded Because They Are Not Helpful to the Jury

In addition to being unreliable, DeMario's opinions on class damages will not help the jury reach any conclusions in this case. Under Federal Rule of Evidence 702, an expert's testimony is impermissible unless it is more likely than not that it "will help the trier of fact to understand the evidence or to determine a fact in issue." Courts have explained that the "requirement that expert testimony 'assist the trier of fact' goes primarily to relevance. Helpfulness can be expressed as a question of 'fit'—'whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" *In re Fosamax Prod. Liab. Litig.*, 807 F. Supp. 2d 168, 179 (S.D.N.Y. 2011) (internal citations omitted), *aff'd*, 707 F.3d 189 (2d Cir. 2013), and *aff'd*, 509 F. App'x 69 (2d Cir. 2013); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 75 (S.D.N.Y. 2017) (same).

14

DeMario does not offer any opinions with respect to class-wide damages that meet the helpfulness standard. ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████. All that her opinions amount to is speculation that she or a jury could potentially compute damages on a class-wide basis. Such speculation will not assist the jury in calculating damages for the class in this matter.

Moreover, DeMario's opinions are not helpful for a jury because they are not "sufficiently tied to the facts of the case that [they] will aid the jury in resolving a factual dispute." *In re Fosamax Prod. Liab. Litig.*, 807 F. Supp. 2d at 179. ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Accordingly, DeMario's opinions cannot assist the jury in determining class-wide damages. And Doe admits as much—in her updated Initial Disclosures, which Doe served on Defendants weeks after DeMario's expert report and only days before the close of fact and expert discovery, ████

████████████████████████████████████████████████. *See* Ex. A at 15. DeMario's opinions regarding class-wide damages should be excluded. *See, e.g.*, *Valelly v. Lynch*, 2023 WL 2918982, at *5-9 (S.D.N.Y. Apr. 12, 2023) (excluding expert testimony about class-

wide damages when expert failed to explain necessary steps in the analysis); *Santiago v. Fischer*, 2020 WL 9816014, at *7 (E.D.N.Y. Sept. 4, 2020) ("Because Plaintiff has not demonstrated that Dr. Smith's methodology is a reliable means of calculating damages for loss of enjoyment of life, and has not shown that his testimony will be helpful to the jury, the Court finds that Dr. Smith's testimony is inadmissible").

## CONCLUSION

For the foregoing reasons, the Court should exclude DeMario's opinions regarding class-wide damages.

Dated:      New York, New York
           November 4, 2024

Respectfully submitted,

*/s/ Daniel S. Ruzumna*
Daniel S. Ruzumna, Esq.
Amy Vegari, Esq.
Tara J. Norris, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10583
Telephone: (212) 336-2034
Facsimile: (212) 336-1205
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnorris@pbwt.com

*Counsel for Defendant Richard D. Kahn*

*/s/ Daniel H. Weiner*
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6874
Facsimile: (212) 299-6874
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshubbard.com

*Counsel for Defendant Darren K. Indyke*