# EXHIBIT 104

# EXHIBIT 48



# FOWLERWHITE
## BURNETT

MIAMI • FORT LAUDERDALE • WEST PALM BEACH • ST. PETERSBURG

ESPIRITO SANTO PLAZA
FOURTEENTH FLOOR
1395 BRICKELL AVENUE
MIAMI, FLORIDA 33131
TELEPHONE (305) 789-9200
FACSIMILE (305) 789-9201

WWW.FOWLER-WHITE.COM

LILLY ANN SANCHEZ
DIRECT PHONE NO.: (305) 789-9279
DIRECT FACSIMILE NO.: (305) 728-7579
LSANCHEZ@FOWLER-WHITE.COM

August 2, 2007

Mr. Matthew Menchel
Chief, Criminal Division
United States Attorney's Office
Southern District of Florida
99 NE 4 Street
Miami, Florida 33132

Re: Jeffrey Epstein

Dear Matt:

     As we discussed at Tuesday's meeting, and consistent with our view that no federal prosecution should lie in this matter, Mr. Epstein is prepared to resolve this matter via a state forum. We are in receipt of your memo regarding same and as the dynamics of the meeting did not allow for us to fully detail our proposal, we do so now. We believe that our respective positions are not very far apart and that a mutually agreeable resolution can be reached that will accomplish the interests of the United States Attorney's Office as well as those of the community.

     We welcomed your recognition that a state prison sentence is neither appropriate for, nor acceptable to, Mr. Epstein, as the dangers of the state prison system pose risks that are clearly untenable. We acknowledge that your suggestion of a plea to two federal misdemeanors was an attempt to resolve this dilemma. Our proposal is significantly punitive, and if implemented, would, we believe, leave little doubt that the federal interest was demonstrably vindicated.

     The Florida state judicial system, unlike the federal system, provides for numerous types of onerous sanctions after a defendant is remanded to the custody of the state. The sentence is tailored to the needs of the local community and the risk posed by a specific defendant. After a great deal of thought, our proposal consists of both a severe supervised custody, with an assurance that any violation would result in the immediate implementation of the two year period of incarceration. We must keep in mind that Jeffrey Epstein is a 54-year old man who has never been arrested before. He has lived an otherwise exemplary life, characterized by both many charitable contributions and philanthropic acts. His reputation has suffered significantly as a result of his poor judgment in these matters. He is well aware of the ramifications of his past behavior and, accordingly, there is no concern, whatsoever, that he will re-offend.

FOWLER WHITE BURNETT P.A.

RFP MIA 000053

Page 2

The following proposal is offered as an assurance to the community that the goals of appropriate punishment and rehabilitation are attained.

We will agree to a sentence of two years in state prison pursuant to Florida Statute 948.012(2) which permits a split sentence whereby Mr. Epstein will be sentenced to a term of supervised custody, followed by a period of incarceration. Supervised custody in the state system includes potential daily surveillance, administered by officers with restricted case loads. Supervised custody is an individualized program in which the freedom of Mr. Epstein is limited to the confines of his residence with specific sanctions imposed and enforced. *See* Florida Statute 948.001(2). Should Mr. Epstein successfully complete the terms and conditions of his custody, the Judge will eliminate the incarcerative portion of the sentence. If Mr. Epstein, however, fails to comply with the conditions of his supervised custody. The period of incarceration will be immediately implemented.

We, therefore, propose the following:

- Two years supervised custody with the following mandatory and special conditions:
    o Confinement to home
    o Report to a community control officer at least once a week or more often as directed by the officer
    o Permit a community control officer to visit him unannounced at home at any time, day or night
    o Obtain psychological counseling
    o No unsupervised contact with all the victims in the instant case
    o Perform community service
    o Payment of Restitution
    o Application of 18 U.S.C. § 2255[1]
    o Payment of a contribution of a defined amount to a charitable organization benefitting victims of sexual assault
    o Payment of Court and probationary costs
    o Payment of law enforcement investigative costs
    o Submit to random drug testing
    o Refrain from associating with persons engaged in criminal activities
    o Refrain from committing any new law offenses
    o Any other specific conditions that the Office may deem necessary

- Two additional years of reporting probation:

---

[1] 18 U.S.C. 2255 provides that any minor who suffers injury as a result of the commission of certain offenses shall recover actual damages and the cost of any suit. It is important to note that Mr. Epstein is prepared to fully fund the identified group of victims which are the focus of the Office – that is, the 12 individuals noted at the meeting on July 31, 2007. This would allow the victims to be able to promptly put this behind them and go forward with their lives. If given the opportunity to opine as to the appropriateness of Mr. Epstein's proposal, in my extensive experience in these types of cases, the victims prefer a quick resolution with compensation for damages and will always support any disposition that eliminates the need for trial.

FOWLER WHITE BURNETT P.A.

RFP MIA 000054

Page 3

- o Mandatory conditions as provided in Florida Statute § 948.03
- o Special conditions as stated above

· If the terms of supervised custody and probation are successfully completed, then the two years of state prison is eliminated.

This proposal provides for the two year imposition of the state prison sentence if any violation of the supervised custody or probation occurs. Accordingly, the Office's position that Mr. Epstein agree to a resolution that includes jail time is satisfied by this proposal. It would immediately bring closure to a matter that has been pending for over two years, allows Mr. Epstein to commence with his sentence, and, most significantly, allow the victims to move forward with their lives. We are in process of scheduling a meeting with R. Alexander Acosta, United States Attorney, to further discuss this matter.

Sincerely,

Lilly Ann Sanchez

cc.  R. Alexander Acosta
     Gerald Lefcourt
     Roy Black

FOWLER WHITE BURNETT P.A.

RFP MIA 000055