# EXHIBIT 111
# Part 1

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
*******************************

19 NOV 14 AM 9:02
SUPERIOR COURT
THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **IN THE MATTER OF THE ESTATE OF JEFFREY E. EPSTEIN,** | ) | **PROBATE NO. ST-19-PB-80** |
| | ) | |
| **Deceased.** | ) | **ACTION FOR TESTATE ADMINISTRATION** |

## *EXPEDITED* MOTION FOR ESTABLISHMENT OF A VOLUNTARY CLAIMS RESOLUTION PROGRAM

**COME NOW** the Co-Executors of the Estate of Jeffrey E. Epstein (the "Estate"), **DARREN K. INDYKE and RICHARD D. KAHN**, and move this Honorable Court for an expedited order to establish an independent and voluntary claims resolution program (the "Program") for purposes of resolving sexual abuse claims against Jeffrey E. Epstein, deceased, as more fully described *infra*. As contemplated by the Co-Executors, the Program would provide all eligible claimants an opportunity to receive compensation and voluntarily resolve their claims of sexual abuse against Mr. Epstein through a confidential, non-adversarial alternative to litigation. To be designed and implemented by independent, nationally recognized claims administration experts, with input from interested parties including claimants and their representatives, the Program would seek to timely resolve these claims through a process that is sensitive to the experiences and concerns of claimants and treats them with compassion, dignity and respect.

## I. BACKGROUND

As widely reported in the news media, multiple individuals have asserted or expressed their intent to assert claims of sexual abuse by Mr. Epstein (collectively, the "Sexual Abuse Claims"). To date, twelve lawsuits involving Sexual Abuse Claims have been filed in the state and federal courts of the State of New York, where claimants assert some of the complained-of conduct occurred, and which recently amended its statute of limitations to permit such claims. These

including claimants and creditors.[1] The expedited nature of the planned Program would also ensure resolution and compensation to claimants in a far more timely manner than through litigation. Additionally, the Protocol associated with the Program would be designed to ensure the proportionate restitution of approved claims for all claimants, in a manner that would provide similar compensation to similarly situated claimants. The Co-Executors submit that such a Program is in the best interests of both the claimants and the Estate because, among other things, it avoids the potential of disproportionate and inconsistent awards and should help to reduce the time, expense and burden of handling claims through the courts, which could involve years of litigation and appeals and consume enormous resources, along with inflicting costs attendant to delay and uncertainty on all affected parties.

Rule 1 of the Virgin Islands Probate and Fiduciary Rules states that, "[w]here no procedural provision is included herein, procedures set forth in the Virgin Islands Rules of Civil Procedure may be adapted by the court as appropriate." In this regard, Rule 90 of the Virgin Islands Rules of Civil Procedure evinces a clear intent in favor of the use of alternative dispute resolution to resolve civil disputes. Thus, it is respectfully submitted that the establishment here of a voluntary claims resolution program is within the Court's authority and would serve the interests of justice. Furthermore, development and implementation of the Program, and the claims process contemplated therein, is within the Court's sound discretion to establish a process by which the rights of claimants will be fairly and efficiently ascertained and administered. *See* 5 V.I.C. § 1264

1. Such lawsuits have already begun to generate substantial costs and fees for both the Estate and claimants. The expenses of litigation are expected to ratchet up significantly in coming months, absent implementation of the Program as an alternative path for resolution of the Sexual Abuse Claims.

(allowing the court to declare rights, status and other legal relations of various classes of creditors or other interested parties of a trust or estate).

At this juncture, the Co-Executors seek the Court's authorization to use Estate funds to retain the services of the proposed Program Administrator and Program Designers — Ms. Feldman, Mr. Feinberg and Ms. Biros — so that they may promptly proceed with preparation of the Program and design of the Protocol to establish a fair, independent claims resolution process. Once the Protocol is developed and finalized, the Co-Executors would submit it to the Court for approval and would seek an order to formally commence claims resolution proceedings under the Program.

Finally, the Co-Executors seek the Court's approval to submit under seal the proposed engagement agreement of the Program Administrator and Program Designers, as it is proprietary to the extent it establishes a methodology and formula for their compensation. Given the very small group of people sufficiently qualified to design, implement and administer the proposed Program and contemplated Protocol, the terms under which they are engaged would be subject to intense scrutiny and may have the unintended effect of distracting from the Program. The Co-Executors will of course disclose the fees for services rendered by the Program Administrator and Program Designers as they are accounted for by the Estate.

**WHEREFORE**, the Co-Executors request the expedited entry of an Order granting the relief requested herein substantially in the form of the attached proposed order.

Respectfully,

Dated: November 14, 2019

**CHRISTOPHER ALLEN KROBLIN, ESQ.**
**ANDREW W. HEYMANN, ESQ.**
**WILLIAM L. BLUM, ESQ.**
**SHARI N. D'ANDRADE, ESQ.**
**MARJORIE WHALEN, ESQ.**
V.I. Bar Nos. 966, 266, 136, 1221 & R2019
KELLERHALS FERGUSON KROBLIN PLLC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, V.I. 00802
Telephone: (340) 779-2564
Facsimile: (888) 316-9269
Email: ckroblin@kellfer.com
aheymann@solblum.com
wblum@solblum.com
sdandrade@kellfer.com
mwhalen@kellfer.com

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**
**********************************

| | | |
|---|---|---|
| **IN THE MATTER OF THE ESTATE OF JEFFREY E. EPSTEIN,** | ) | **PROBATE NO. ST-19-PB-80** |
| | ) | |
| **Deceased.** | ) | **ACTION FOR TESTATE ADMINISTRATION** |
| | ) | |

**ORDER**

**THIS MATTER** is before the Court on the Co-Executors' Expedited Motion for Establishment of a Voluntary Claims Resolution Program. Having reviewed the motion, the Court will grant the same.

Accordingly, it is hereby:

**ORDERED** that the Co-Executors' Motion is **GRANTED**; and it is further

**ORDERED** that the Co-Executors shall submit to the Court, under seal, the proposed engagement agreement for the Program Administrator and Designers (as defined in the Motion) for approval and authorization; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: ____________________

____________________________________
**CAROLYN P. HERMON-PERCELL**
Magistrate Judge of the Superior Court
of the Virgin Islands

**ATTEST: ESTRELLA H. GEORGE**
Clerk of the Court

**BY:** ____________________________________

Court Clerk Supervisor _____/_____/_____

lawsuits name as defendants the Estate, the Co-Executors, and various entities owned or controlled by Mr. Epstein prior to his death, as well as purported agents and employees of Mr. Epstein or those entities.

Pursuant to this Court's order, Notice to Creditors was duly first published on September 18, 2019. However, only one Sexual Abuse Claim has so far been filed in the Virgin Islands. As noted above, claimants have named the Estate and others in various lawsuits in jurisdictions outside the Virgin Islands and, based on media reports and statements by various counsel for plaintiffs, the Co-Executors anticipate that more Sexual Abuse Claims may be filed in various jurisdictions including New York, Florida, New Mexico and France.

Purpose of the Motion

- The Co-Executors believe that the interests of justice require the Estate to fairly address and timely resolve the Sexual Abuse Claims, no matter where filed, as a matter of national and international importance. As much of the value to claimants lies in the fair and timely resolution of their claims, the Co-Executors request that this Court grant the instant Motion expeditiously.
- Guided by independent, nationally recognized claims administration experts, the Co-Executors have worked diligently to begin formulating a comprehensive process for determination and resolution of the Sexual Abuse Claims. If approved by the Court, the Program would provide, to the fullest extent possible, victims of sexual abuse access to a confidential claims resolution process that does not entail the rigors and publicity of litigation. To our knowledge, this Court is the first probate court that has been called upon to approve the establishment of a mass tort-type program for achieving the fair,

independent determination and resolutions of sexual abuse claims filed by multiple claimants against a decedent's estate. As a matter of public policy alone, the urgency of this matter cannot be overstated.

Development of the Program for evaluation and resolution of the Sexual Abuse Claims, in a manner designed to evaluate those claims in a confidential manner and to streamline their determination by the country's most experienced claims administrators — individuals who have designed, implemented and administered extensive mass tort programs including the September 11th Victim Compensation Fund, the Roman Catholic Church sex-abuse scandal, the BP Deepwater Horizon oil spill in the Gulf of Mexico, the Agent Orange toxic chemical matter, and others — would be in the best interests of claimants, the Estate, its creditors and its beneficiaries. Accordingly, in order to create a mechanism for the just and efficient resolution of the Sexual Abuse Claims that will attract the voluntary participation of claimants, the Co-Executors request the Court's authorization to use the Estate's funds to retain the services of the claims administration experts described below, so that they may properly proceed with preparation of the Program and design of an appropriate protocol to establish a fair, independent claims resolution process.

## II. PROPOSED EPSTEIN VICTIMS' COMPENSATION PROGRAM

As contemplated by the Co-Executors, the proposed Epstein Victims' Compensation Program would ultimately function as follows:

Participation in the Program by claimants would be entirely voluntary, and would not affect any rights a claimant has, unless and until the claimant accepts the Program's compensation determination and executes a release. All claimants would be afforded an opportunity to meet with the Program Administrator (described below) if they so desire, and will be treated with compassion, dignity and respect. The planned situs of the Program would be in New York, where