# EXHIBIT 112

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN
********************************

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF ) <br> JEFFREY E. EPSTEIN, ) <br>                                 ) <br> Deceased.          ) <br>                                 ) <br>                                 ) <br>                                 ) | PROBATE NO. ST-19-PB-80 <br><br> ACTION FOR TESTATE <br> ADMINISTRATION |

## REQUEST FOR RULING ON *EXPEDITED* MOTION FOR ESTABLISHMENT OF A VOLUNTARY CLAIMS RESOLUTION PROGRAM

**COME NOW** the Co-Executors of the Estate of Jeffrey E. Epstein (the "Estate"), **DARREN K. INDYKE AND RICHARD D. KAHN**, and request that this Honorable Court rule on the *Expedited* Motion for Establishment of a Voluntary Claims Resolution Program ("Expedited Motion") filed on November 14, 2019. The grounds for the requested relief are as follows:

1. The Expedited Motion requests that the Court enter an Order approving establishment of a proposed Epstein Victims' Compensation Program (the "Program") for the purpose of resolving multiple sexual abuse claims against Jeffrey E. Epstein, deceased.

2. The urgency for a ruling on the Expedited Motion cannot be overstated as the window of opportunity to proceed with the proposed Program will likely close without timely action by the Court.

3. As explained in the Expedited Motion, it is in the interests of justice and all parties with an interest in the Estate for independent, nationally recognized claims administration experts to design and implement a mass tort-type program, to achieve fair and expedited resolution of sexual abuse claims filed by numerous claimants in stateside

1     THE COURT: All right. What I'd like to do with
2 respect to settlement is have an update after there's been a
3 period of time when everyone has been conferring and
4 plaintiffs have been at the table through their counsel to
5 give me just a status report on how that's going and whether
6 it's looking promising or whether it's not from anyone's point
7 of view. And that doesn't mean other things can't be handled
8 on a parallel track. But I think that settlement is an
9 important track. Plaintiffs are clearly interested.
10 Defendants are clearly interested. And when everyone's
11 interested in settlement, seems to me that's the first thing
12 you want to all try to do. But it's got to really be a
13 process where everyone really has seats at the table, it's not
14 just lip service to seats at the table, okay, to discuss any
15 and everything that seems important to that process including,
16 you know, how much is in a fund and including, you know, what
17 is in this estate and not, so that plaintiffs understand, it's
18 almost like early disclosure of an insurance policy in a case.
19 Well, what is there? Right. That's one thing that's under
20 Rule 26(a), a part of it, is to understand on plaintiff's side
21 what resources are there that are available towards
22 settlement. That's one reason why that information becomes
23 important.
24     All right. I'm going to move on from that and we'll
25 talk about timing at the end with respect to anything and

47

1    January 10, I'm basically thinking kicking it more
2 than 30 days because of the holidays.  That's why January 10.
3 But what I'm thinking ought to happen between now and then, I
4 give it to you for serious consideration, is you folks ought
5 to schedule a meeting without me.  You ought to schedule a
6 meeting with the claims administrators and with counsel in
7 these cases on both sides.  And you ought to sit around a
8 table and you ought to talk about all the questions and get as
9 many answers as you can get and try to gain some confidence
10 that you are all participating and your views are being taken
11 seriously and valued.  And that's what I think you ought to do
12 because in settlement discussions that's what happens.  People
13 talk outside of the court about things and try to advance the
14 ball.  And you do have a lot of people.  And if you talk one
15 on one, then you have another one on one with a different
16 lawyer and the message is heard differently or different
17 questions are asked and answered, you know, you're going to
18 have some confusion reigning.  So I would strongly recommend
19 we not use the courtroom for that meeting at this stage but
20 that you see if you can set one up and literally bring people
21 to the table as a settlement discussion.  And then when you
22 report back, you'll have something to report back on.  Yes?
23    MR. BOIES:  Your Honor, David Boies.  I agree
24 completely with the Court we need to meet among ourselves.
25 You got good counsel on both sides here.  I think that we can

jurisdictions against the Estate. Since the Co-Executors filed the Expedited Motion, five more lawsuits have been filed, bringing to 17 the total number of lawsuits pending against the Estate involving allegations by twenty-six different plaintiffs of Mr. Epstein's sexual abuse. And, last month, attorneys for women who have sued the Estate announced in New York federal court that "[p]otentially dozens" of additional lawsuits can be expected. **EXHIBIT A,** Status Conf. Tr. (Nov. 21, 2019), at 38:7-14.

4. As noted in the Expedited Motion, both the Estate and plaintiffs' counsel in the many lawsuits filed against the Co-Executors in their representative capacities have already expended substantial resources, which will mount significantly as the number of lawsuits increases, scheduling orders are entered and discovery commences, as well as the onset of motion practice and other procedural and substantive requirements inherent in complex multi-jurisdictional litigation.

5. In a hearing held on November 21, 2019, United States Magistrate Judge Debra C. Freeman of the Southern District of New York, who has been assigned to all pending New York federal lawsuits against the Estate, emphasized that settlement, including through the proposed Program, should be explored and directed that the parties' counsel report back to her about the progress in the U.S. Virgin Islands in adopting the Program. Accordingly, Magistrate Judge Freeman instructed the parties to file by January 10, 2020 a status report concerning settlement, including via the Program, and a plan for moving the cases forward through continued litigation, if necessary. **EXHIBIT A,** Status Conf. Tr. at 8:12-9:3; 24:1-12; 47:1-22.

6. The renowned individuals who agreed to design and administer the Program have already dedicated substantial time and effort to outlining its contours and are prepared

Case 1:24-cv-01204-AS  Document 254-116  Filed 11/04/24  Page 6 of 12

*Estate of Jeffrey E. Epstein*  Probate No. ST-19-PB-80
Request for Ruling on Expedited Motion for Claims Resolution Program  Page 3

to continue with the next phase of design and implementation of the Program upon this Court's approval of their retention by the Estate.

7. Should the Court desire additional information, the Program administrator and designers, as well as the Estate's counsel with full knowledge of the proposed Program and the need for its near-term implementation, would be pleased to appear promptly in the Virgin Islands to answer any questions the Court may have about the Program.

8. On or about November 19, 2019, Claimant Jennifer Danielle Araoz filed a Response to Executors' Expedited Motion for Establishment of Voluntary Claims Resolution Program, in which she (a) informed the Court that she has no objection to a voluntary program for victims of Mr. Epstein who want to participate, and (b) without citing any binding legal authority, objected to funding of the claims resolution program through distribution of the Estate's assets until such time as all claims are resolved. No other response to the Expedited Motion has been filed.

9. Given the time-sensitive nature of the Expedited Motion and prejudice to claimants and the Estate in not timely resolving claims, we request on behalf of the Co-Executors that the Court grant the Expedited Motion forthwith.

Respectfully,

Dated: December 4, 2019

*[signature]*

CHRISTOPHER ALLEN KROBLIN, ESQ.
ANDREW W. HEYMANN, ESQ.
WILLIAM L. BLUM, ESQ.
SHARI N. D'ANDRADE, ESQ.
MARJORIE WHALEN, ESQ.
V.I. Bar Nos. 136, 966, 1221 & R2019

*Estate of Jeffrey E. Epstein*            *Probate No. ST-19-PB-80*
Request for Ruling on Expedited Motion for Claims Resolution Program     Page 4

                        KELLERHALS FERGUSON KROBLIN PLLC
                        Royal Palms Professional Building
                        9053 Estate Thomas, Suite 101
                        St. Thomas, V.I. 00802
                        Telephone: (340) 779-2564
                        Facsimile: (888) 316-9269
                        Email:  ckroblin@kellfer.com
                                 aheymann@solblum.com
                                 wblum@solblum.com
                                 sdandrade@kellfer.com
                                 mwhalen@kellfer.com

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------------X
                                             :
 4   DOE 1, et al.,                          : 19-CV-07675 (GBD)
                                             :
 5                  Plaintiffs,              :
                                             :
 6             v.                            :
                                             : 500 Pearl Street
 7   JEFFREY EPSTEIN, et al.,                : New York, New York
                                             :
 8                  Defendants.              : November 21, 2019
     ----------------------------------------X
 9   VE,                                     :
                                             :
10                  Plaintiff,               : 19-CV-07625 (AJN)
                                             :
11             v.                            :
                                             :
12   NINE EAST 71st STREET, et al.,          :
                                             :
13                  Defendants.              :
     ----------------------------------------X
14
              TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
15           BEFORE THE HONORABLE DEBRA C. FREEMAN
                  UNITED STATES MAGISTRATE JUDGE
16

17
     APPEARANCES:
18
     For Jane Doe 1:          ARICK W. FUDALI, ESQ.
19                            The Bloom Firm
                              85 Delancey Street, Suite 20
20                            New York, New York 10002

21
                  [Appearances continue next page.]
22

23
     Court Transcriber:       MARY GRECO
24                            TypeWrite Word Processing Service
                              211 N. Milton Road
25                            Saratoga Springs, New York 12866


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```



EXHIBIT A

```
                                                                          2

     APPEARANCES CONTINUED:

     For VE:                   BRADLEY J. EDWARDS, ESQ.
                               BRITTANY HENDERSON, ESQ.
                               Edwards Pottinger LLC
                               425 North Andrew Avenue, Suite 2
                               Fort Lauderdale, Florida 33301

     For Financial Trust,      BENNET J. MOSKOWITZ, ESQ.
     Indyke, Kahn, NES,        CHARLES GLOVER, ESQ.
     Nine East 71st:           Troutman Sanders LLP
                               875 Third Avenue
                               New York, New York 10022

     For other Plaintiffs:     DAVID BOIES, ESQ.
                               SIGRID McCAWLEY, ESQ.
                               JOSH SCHULER, ESQ.
                               Boies Schiller Flexner
                               401 East Las Olas Blvd., Suite 1200
                               Fort Lauderdale, Florida 33301

                               ROBERTA KAPLAN, ESQ.
                               KATE DONNEGER, ESQ.
                               DAVID BRODY, ESQ.
                               LAURA STAR, ESQ.
                               ALAN GOLDFARB, ESQ.
                               ANDREW POSEN, ESQ.
                               MARIANN WANG, ESQ.
                               DANIEL MULLKOFF, ESQ.
```

38

1   appearance list, and so there's a third one.
2           THE COURT: Do you have the docket number on that
3   one, the case number on that one?
4           MS. WANG: Yes, we do. My colleague does.
5           THE COURT: It's 19-CV something.
6           MS. WANG: Yes. It is 10788.
7           THE COURT: Okay. Can anyone else give me any ideas
8   to roughly how many more may be coming down the pike?
9           MR. EDWARDS: Your Honor, Brad Edwards. Potentially
10  dozens more cases could be filed. I'm just not sure whether
11  they're going to be filed here or potentially in the Virgin
12  Islands or Florida. So it's tough to --
13          THE COURT: Through your firm?
14          MR. EDWARDS: Through our firm.
15          THE COURT: Okay. I would just urge that if you're
16  anticipating filing more cases, you try to get on with it and
17  not have this continuing sort of trickle of cases because
18  especially if we start setting schedules for things, I'm
19  trying to have some consistency on how cases are handled. If
20  one comes in a month down the road, another one comes in two
21  months down the road, another one comes in three months down
22  the road, you're not going to be on the same schedule.
23          MR. EDWARDS: Your Honor, I'll tell you that Mr.
24  Moskowitz and I have been conferring pretty thoroughly on
25  issues including the anonymity issue. And one thing that we

8

1  things in individual ways sometimes. And just be aware
2  dispositive motions will go in front of them unless they are
3  specifically referred to me. And if any order of reference is
4  narrow, you have to look at it, see what it says, and
5  understand that's the particular reason it's before me. All
6  right?
7          So with that said, I nonetheless wanted to give
8  notice to anyone who's on these cases that I was having this
9  conference so that you could be informed, so that you could be
10 present if you have an interest, and you could hear what's
11 said. So that's number one.
12         Number two, I have seen in the press and in some of
13 the correspondence that was put in front of the Court in one
14 of the cases that there's some talk about the estate working
15 toward coming up with a settlement idea, concept, a plan for
16 trying to create a fund or do something. I've also seen some
17 murmurings, I don't know if they're true or not, that not all
18 of the plaintiffs' attorneys might be fully on board with the
19 process that's being set up which may not have been involving
20 them.
21         So I'd like to understand what is going on on that
22 front. And if it is possible to have these cases put on a
23 settlement track, I'd like to make sure that everyone's on
24 board with the process of developing a plan for that and to
25 get a feel for what it's going to entail, potential time line

9

1  issues that are involved so that we can first see before we
2  get into discovery issues other kinds of squabbles, see if in
3  fact settlement is possible and we can move toward that.
4          So let me start on defendant's side since rumor has
5  it, and see what you have to say on that.
6          MR. MOSKOWITZ: Good morning, Your Honor. Would you
7  like me to stand or --
8          THE COURT: It's okay.
9          MR. MOSKOWITZ: I'm happy to. I'm glad you raised
10 this because one of the things I wanted to bring to Your
11 Honor's attention is that having assumed, although I don't
12 like assumptions, that you may have seen in the press that
13 there is some kind of a claims program, I wanted to actually
14 take the opportunity today to explain to you briefly what is
15 going on. And since you asked specifically, I'll start there.
16
17         So there is what I feel confident in calling an
18 extraordinary opportunity that has already started that can
19 lead to an alternative to all this litigation. A lot of
20 people here as you can see. And this would be an
21 extraordinary opportunity also to conserve party and judicial
22 resources. And what happened is almost a week ago exactly the
23 co-executors, and this is probably some of the stories you
24 have seen, filed through counsel, not us, through estate
25 counsel in US Virgin Islands where the will is being probated,