# EXHIBIT 168

## AGREEMENT TO TOLL STATUTE OF LIMITATIONS

This Agreement To Toll Statute of Limitations (the "Agreement") is made by and between Danielle Bensky, on behalf of herself and a class of women alleging abuse by Jeffrey Epstein ("Bensky and the Putative Class") and Darren Indyke and Richard Kahn ("Indyke and Kahn") through their respective legal counsel. Bensky and the Class and Indyke and Kahn are each a "Party" and are collectively referred to as the "Parties."

### RECITALS

WHEREAS Bensky and the Putative Class, by her legal counsel, has advised Indyke and Kahn, through their legal counsel, that Bensky and the Putative Class possess certain purported legal claims against Indyke and Kahn (the "Claims").

WHEREAS the Parties believe it is in their mutual interest for Indyke and Kahn to agree to toll any statute of limitations, laches, or any other time-related defense applicable to Bensky and the Putative Class' Claims.

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Tolling of Statute of Limitations.** In the event Bensky and the Putative Class initiate a lawsuit or other similar action against Indyke and Kahn alleging the Claims, the statute of limitations and any other limitations period for initiating an action concerning the Claims referenced above shall be tolled effective November 20, 2023, up to an including February 19, 2024. That is, any and all applicable limitations period will begin accruing again on February 20, 2024. Indyke and Kahn acknowledge that in the absence of this Agreement Bensky and the Putative Class would have commenced their lawsuit on November 20, 2023, and that this Agreement is in consideration for Bensky and the Putative Class not filing their lawsuit at that time. Indyke and Kahn agree that if Bensky and the Putative Class do file their lawsuit within the time provided in this Agreement, Bensky and the Putative Class will have whatever rights and remedies they would have had if they commenced their lawsuit on November 20, 2023, and Indyke and Kahn irrevocably and forever waive, and agree not to assert, a defense or limitation that they would not have had on November 20, 2023. Bensky and the Putative Class will not commence an action before February 12, 2024, unless they provide Indyke and Kahn two weeks' notice.

2. **No Admission of Liability.** By entering into this Agreement, Indyke and Kahn do not admit that they have or may have any potential liability to Bensky and the Putative Class or that any of the Claims have merit. This Agreement shall not be construed to be an admission of the truth of any contested matter, including without limitation Bensky and the Class' Claims and the alleged facts, circumstances, allegations, and contentions giving rise thereto.

3. **Modification.** This Agreement can be modified and/or extended only in writing signed by both Parties or their duly authorized legal counsel. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

4. **Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of New York.

5. **Severability.** Any term or provision of this Agreement, which is invalid or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of such invalidity or enforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction. If any provision of this Agreement is so broad as to be unenforceable, the provision will be interpreted only so broad as is enforceable.

6. **Confidentiality.** The Parties and their respective counsel agree that the terms and existence of this Agreement shall remain confidential at least until such time, if ever, Bensky and the Putative Class commence a legal action against Indyke and Kahn. If Bensky and the Putative Class and/or her attorneys directly or indirectly publicly disclose the existence and/or terms of this Agreement prior to the commencement of any such legal action, this Agreement shall be void and have no force or effect.

7. **Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the Parties, including by electronic signatures and via email, with the same force and effect as if all such parties had executed a single copy of this Agreement.

8. **Authority to Bind.** Each counsel executing this Agreement represents and warrants that they have been authorized to enter into this Agreement on behalf of the Party or Parties on whose behalf it is signed, and that signatory has full and complete authority to do so.

9. **Successors.** This Agreement shall bind and benefit each of the Parties and their respective executors, heirs, and assigns.

Dated: 1/17/2024

By: /s/ Sigrid S. McCawley
Sigrid S. McCawley
Boies Schiller Flexner LLP
*Counsel for Danielle Bensky and the Putative Class*

Dated: 1/17/2024

By: /s/ Daniel Weiner
Daniel Weiner
Hughes Hubbard & Reed LLP
*Counsel for Darren Indyke*

Dated: 1/17/2024

By: /s/ Daniel Ruzumna
Daniel Ruzumna
Patterson Belknap Webb & Taylor LLP
*Counsel for Richard Kahn*

2

## AGREEMENT TO TOLL STATUTE OF LIMITATIONS

This Agreement To Toll Statute of Limitations (the "Agreement") is made by and between Danielle Bensky, on behalf of herself and the class of Epstein Survivors ("Bensky and the Class") and Darren Indyke and Richard Kahn ("Indyke and Kahn") through their respective legal counsel. Bensky and the Class and Indyke and Kahn are each a "Party" and are collectively referred to as the "Parties."

## RECITALS

WHEREAS Bensky and the Class, by her legal counsel, has advised Indyke and Kahn, through his legal counsel, that Bensky and the Class possess certain purported legal claims against Indyke and Khan (the "Claims").

WHEREAS the Parties believe it is in their mutual interest for Indyke and Khan to agree to toll any statute of limitations, laches, or any other time-related defense applicable to Bensky and the Classes' Claims.

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

**1. Tolling of Statute of Limitations.** In the event Bensky and the Class initiate a lawsuit or other similar action against Indyke and Kahn alleging the Claims, the statute of limitations and any other limitations period for initiating an action concerning the Claims referenced above shall be tolled effective November 20, 2023, up to an including January 19, 2024. That is, any and all applicable limitations period will begin accruing again on January 20, 2024. Indyke and Kahn acknowledge that in the absence of this Agreement Bensky and the Class would have commenced their lawsuit on November 20, 2023, and that this Agreement is in consideration for Bensky and the Class not filing their lawsuit at that time. Indyke and Kahn agree that if Bensky and the Class do file their lawsuit within the time provided in this Agreement, Bensky and the Class will have whatever rights and remedies they would have had if they commenced their lawsuit on November 20, 2023, and Indyke and Kahn irrevocably and forever waive, and agree not to assert, a defense or limitation that they would not have had on November 20, 2023. Bensky and the Class will not commence an action before January 12, 2024, unless they provide Indyke and Kahn two weeks' notice.

**2. No Admission of Liability.** By entering into this Agreement, Indyke and Kahn do not admit that they have or may have any potential liability to Bensky and the Class or that any of the Claims have merit. This Agreement shall not be construed to be an admission of the truth of any contested matter, including without limitation Bensky and the Classes' Claims and the alleged facts, circumstances, allegations, and contentions giving rise thereto.

**3. Modification.** This Agreement can be modified and/or extended only in writing signed by both Parties or their duly authorized legal counsel. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

**4. Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of New York.

**5. Severability.** Any term or provision of this Agreement, which is invalid or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of such invalidity or enforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction. If any provision of this Agreement is so broad as to be unenforceable, the provision will be interpreted only so broad as is enforceable.

**6. Confidentiality.** The Parties and their respective counsel agree that the terms and existence of this Agreement shall remain confidential at least until such time, if ever, Bensky and the Class commence a legal action against Indyke and Kahn. If Bensky and the Class and/or her attorneys directly or indirectly publicly disclose the existence and/or terms of this Agreement prior to the commencement of any such legal action, this Agreement shall be void and have no force or effect.

**7. Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the Parties, including by electronic signatures and via email, with the same force and effect as if all such parties had executed a single copy of this Agreement.

**8. Authority to Bind.** Each counsel executing this Agreement represents and warrants that they have been authorized to enter into this Agreement on behalf of the Party or Parties on whose behalf it is signed, and that signatory has full and complete authority to do so.

**9. Successors.** This Agreement shall bind and benefit each of the Parties and their respective executors, heirs, and assigns.

Dated: 11/21/23

By: _____
Sigrid S. McCawley
Boies Schiller Flexner LLP
*Counsel for Danielle Bensky and the Class*

Dated: _____

By: _____
Daniel Weiner
Hughes Hubbard & Reed LLP
*Counsel for Darren Indyke*

Dated: _____

By: _____
Daniel Ruzumna
Patterson Belknap Webb & Taylor LLP
Counsel for Richard Kahn

2

## AGREEMENT TO TOLL STATUTE OF LIMITATIONS

This Agreement To Toll Statute of Limitations (the "Agreement") is made by and between Danielle Bensky, on behalf of herself and the class of Epstein Survivors ("Bensky and the Class") and Darren Indyke and Richard Kahn ("Indyke and Khan") through their respective legal counsel. Bensky and the Class and Indyke and Khan are each a "Party" and are collectively referred to as the "Parties."

## RECITALS

WHEREAS Bensky and the Class, by her legal counsel, has advised Indyke and Kahn, through his legal counsel, that Bensky and the Class possess certain purported legal claims against Indyke and Khan (the "Claims").

WHEREAS the Parties believe it is in their mutual interest for Indyke and Khan to agree to toll any statute of limitations, laches, or any other time-related defense applicable to Bensky and the Classes' Claims.

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

**1. Tolling of Statute of Limitations.** In the event Bensky and the Class initiate a lawsuit or other similar action against Indyke and Kahn alleging the Claims, the statute of limitations and any other limitations period for initiating an action concerning the Claims referenced above shall be tolled effective November 20, 2023, up to an including January 19, 2024. That is, any and all applicable limitations period will begin accruing again on January 20, 2024. Indyke and Kahn acknowledge that in the absence of this Agreement Bensky and the Class would have commenced their lawsuit on November 20, 2023, and that this Agreement is in consideration for Bensky and the Class not filing their lawsuit at that time. Indyke and Kahn agree that if Bensky and the Class do file their lawsuit within the time provided in this Agreement, Bensky and the Class will have whatever rights and remedies they would have had if they commenced their lawsuit on November 20, 2023, and Indyke and Kahn irrevocably and forever waive, and agree not to assert, a defense or limitation that they would not have had on November 20, 2023. Bensky and the Class will not commence an action before January 12, 2024, unless they provide Indyke and Kahn two weeks' notice.

**2. No Admission of Liability.** By entering into this Agreement, Indyke and Kahn do not admit that they have or may have any potential liability to Bensky and the Class or that any of the Claims have merit. This Agreement shall not be construed to be an admission of the truth of any contested matter, including without limitation Bensky and the Classes' Claims and the alleged facts, circumstances, allegations, and contentions giving rise thereto.

**3. Modification.** This Agreement can be modified and/or extended only in writing signed by both Parties or their duly authorized legal counsel. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

1

**4. Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of New York.

**5. Severability.** Any term or provision of this Agreement, which is invalid or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of such invalidity or enforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction. If any provision of this Agreement is so broad as to be unenforceable, the provision will be interpreted only so broad as is enforceable.

**6. Confidentiality.** The Parties and their respective counsel agree that the terms and existence of this Agreement shall remain confidential at least until such time, if ever, Bensky and the Class commence a legal action against Indyke and Kahn. If Bensky and the Class and/or her attorneys directly or indirectly publicly disclose the existence and/or terms of this Agreement prior to the commencement of any such legal action, this Agreement shall be void and have no force or effect.

**7. Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the Parties, including by electronic signatures and via email, with the same force and effect as if all such parties had executed a single copy of this Agreement.

**8. Authority to Bind.** Each counsel executing this Agreement represents and warrants that they have been authorized to enter into this Agreement on behalf of the Party or Parties on whose behalf it is signed, and that signatory has full and complete authority to do so.

**9. Successors.** This Agreement shall bind and benefit each of the Parties and their respective executors, heirs, and assigns.

Dated: 11/21/23

By: _____
Sigrid S. McCawley
Boies Schiller Flexner LLP
*Counsel for Danielle Bensky and the Class*

Dated: 11/21/2023

By: _____
Daniel Weiner
Hughes Hubbard & Reed LLP
*Counsel for Darren Indyke*

Dated: _____

By: _____
Daniel Ruzumna
Patterson Belknap Webb & Taylor LLP
*Counsel for Richard Kahn*