UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 3,<br><br>                     *Plaintiff,*<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>                     *Defendants.* | Civil Action No. 1:24-cv-02192 (AS)<br>(*consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes*)<br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| HUGHES HUBBARD & REED LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
| Daniel H. Weiner, Esq.<br>Marc A. Weinstein, Esq.<br>Fara Tabatabai, Esq.<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>daniel.weiner@hugheshubbard.com<br>marc.weinstein@hugheshubbard.com<br>fara.tabatabai@hugheshubbard.com | Daniel S. Ruzumna, Esq.<br>Amy N. Vegari, Esq.<br>Tara J. Norris, Esq.<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 336-2000<br>druzumna@pbwt.com<br>tnorris@pbwt.com<br>avegari@pbwt.com |
| *Attorneys for Defendant Darren K. Indyke* | *Attorneys for Defendant Richard D. Kahn* |

**TABLE OF CONTENTS**

Page

SUMMARY OF FACTS ...................................................................................................................1

ARGUMENT ...................................................................................................................................1

      I.      DOE'S COMMON LAW STATE CLAIMS ARE TIME-BARRED ...................................................................................................................1

      II.     DOE'S TVPA CLAIMS FAIL BECAUSE SHE ADMITS THAT SHE RECEIVED NOTHING OF VALUE IN EXCHANGE FOR SEX ...................................................................................................................5

      III.    ANY CLAIMS FOR DAMAGES ARISING FROM TIME-BARRED TVPA CLAIMS FAILS AS A MATTER OF LAW ...............................6

            A.    Doe's TVPA Claims are Partially Time-Barred ...........................................6

            B.    The Continuing Violation Doctrine Does Not Apply ...................................6

            C.    No Equitable Tolling Applies ........................................................................7

      IV.    DOE'S GMVPL CLAIM BASED ON ASSAULTS OUTSIDE OF NEW YORK CITY FAILS AS A MATTER OF LAW ...........................................8

CONCLUSION .................................................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ari v. Cohen*,
    968 N.Y.S.2d 31 (1st Dep't 2013) ................................................................................................2

*Beverley v. 1115 Health & Benefits Fund*,
    420 F. Supp. 2d 47 (E.D.N.Y. 2005) ...........................................................................................9

*Cabrera v. City of New York*,
    436 F. Supp. 2d 635 (S.D.N.Y. 2006) .........................................................................................7

*Cerbone v. Int'l Ladies' Garment Workers' Union*,
    768 F.2d 45 (2d Cir. 1985) ..........................................................................................................8

*Cooksey v. Digital*,
    No. 14-CV-7146 (JGK), 2016 WL 5108199 (S.D.N.Y. Sept. 20, 2016) ....................................5

*Doe v. City of New York*,
    No. 18 Civ. 12038, 2019 WL 1768966 (S.D.N.Y. Apr. 12, 2019) .............................................7

*Doe v. Telemundo Network Grp. LLC*,
    No. 22 Civ. 7665 (JPC), 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023) ....................................9

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019) .........................................................................................3

*Jane Doe 3 v. Indyke et al.*,
    Case No. 1:24-cv-01204 (AS) .....................................................................................................1

*Jang Hoi Choi v. Beautri Realty Corp.*,
    22 N.Y.S.3d 431 (1st Dep't 2016) ...............................................................................................2

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*,
    No. 10-CV-4124, 2013 WL 6816174 (W.D. Ark. Dec. 24, 2013) .............................................6

*Pearl v. City of Long Beach*,
    296 F.3d 76 (2d Cir. 2002) ..........................................................................................................8

*Powell v. United States*,
    No. 18 Civ. 5378, 2024 WL 4329842 (E.D.N.Y. Aug. 20, 2024) ..............................................7

*Putter v. N. Shore Univ. Hosp.*,
    7 N.Y.3d 548 (2006) ................................................................................................................2, 4

*Roches-Bowman v. City of Mount Vernon*,
  No. 21-CV-5572, 2022 WL 3648394 (S.D.N.Y. Aug. 24, 2022)..................................................7

*SOCAR v. Boeing Co.*,
  144 F. Supp. 3d 391 (E.D.N.Y. 2015) ........................................................................................2

*Twersky v. Yeshiva Univ.*,
  993 F. Supp. 2d 429 (S.D.N.Y. 2014)..........................................................................................2

*United States v. Marcus*,
  487 F. Supp. 2d 289 (E.D.N.Y. 2007), *rev'd on other grounds*, 538 F.3d 97
  (2d Cir. 2008)..........................................................................................................................5, 6

*Zumpano v. Quinn*,
  6 N.Y.3d 666 (2006) ...................................................................................................................2

**Statutes and Rules**

18 U.S.C. § 1595(c) ..........................................................................................................................6

18 U.S. Code § 1591(a)(2).................................................................................................................5

CPLR § 213-c (2006).........................................................................................................................1

CPLR § 214(5)...................................................................................................................................1

CPLR § 214-j.....................................................................................................................................2

Gender-Motivated Violence Protection Law ..............................................................................1, 8, 9

N.Y.C. Admin. Code § 10-1101, *et seq.* ..........................................................................................8

Rule 56.1 ............................................................................................................................................3

Trafficking Victims Protection Act ......................................................................................1, 5, 6, 8, 9

Defendants Darren K. Indyke and Richard D. Kahn, in their capacities as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), submit this memorandum of law in support of their motion for partial summary judgment dismissing (1) Plaintiff Jane Doe 3's claims for battery and intentional infliction of emotional distress ("IIED") as time-barred in their entirety, (2) her claims under the Trafficking Victims Protection Act (the "TVPA") because they fail to satisfy the elements of the TVPA and because they are time-barred to the extent they concern conduct that occurred prior to March 13, 2014, and (3) her claim under the Gender-Motivated Violence Protection Law ("GMVPL") to the extent she premises it on conduct that occurred outside New York City.

## SUMMARY OF FACTS

The Co-Executors incorporate by reference the Summary of Facts contained in Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment in *Jane Doe 3 v. Indyke et al.*, Case No. 1:24-cv-01204 (AS), filed concurrently herewith.

## ARGUMENT

**I.    DOE'S COMMON LAW STATE CLAIMS ARE TIME-BARRED.**

Doe's state law claims for battery and IIED are untimely. The longest New York statute of limitations that may be applicable to those torts is five years, meaning that Doe's state law claims—which accrued in 2014—have been time-barred since 2019 at the latest. *See* CPLR § 213-c (2006) (five-year statute of limitations for civil actions relating to certain sexual offenses) *amended by* L 2019, c. 315, § 3; *see also id.* § 215(3) (one-year statute of limitations for tort of battery); CPLR § 214(5) (three-year statute of limitations for intentional torts).[1]   Although New

---

[1] Doe is not a resident of New York. (Compl. ¶ 12.) Under New York law, "where a plaintiff, not a resident of New York, sues upon a cause of action that arose outside of New York, a district court must apply the *shorter* limitations period of either: 1) New York; or 2) the state where the cause of action accrued." *SOCAR v. Boeing Co.*, 144 F. Supp. 3d 391, 395 (E.D.N.Y. 2015).

York's Adult Survivors Act ("ASA") revived time-barred claims for a limited "look-back" period, that period ended on November 24, 2023. *See* CPLR § 214-j. Doe did not bring her claims until several months later, on March 13, 2024. Accordingly, the ASA cannot revive Doe's expired battery and IIED claims.

Doe cannot rely on any equitable doctrine to save her time-barred claims. As an initial matter, "the doctrine of equitable tolling is not available in state causes of action in New York." *Jang Hoi Choi v. Beautri Realty Corp.*, 22 N.Y.S.3d 431, 432 (1st Dep't 2016). For that reason, the only "applicable doctrine" for equitable relief under New York state law "is equitable estoppel." *Ari v. Cohen*, 968 N.Y.S.2d 31, 32 (1st Dep't 2013). To invoke the "extraordinary remedy" of equitable estoppel, Doe must demonstrate that she was "induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006). "Such fraud, misrepresentations, or deception must be affirmative and specifically directed at preventing the plaintiff from bringing suit." *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014). Moreover, Doe must establish "subsequent and specific actions *by defendants* [that] somehow kept [her] from timely bringing suit." *Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 552 (2006) (emphasis added).

At the motion to dismiss stage, the Court recognized that "equitable doctrines are inherently fact-bound." ECF No. 80 at 14. Because Doe alleges in her Complaint—without factual support—that some unspecified "deception, duress, threats of retaliation and other forms of misconduct" prevented her from bringing her claims sooner (Compl. ¶¶ 24, 25, 57, 95, 103), the Court declined to dismiss her untimely claims on the pleadings. *See* ECF No. 80 at 14. Now, with months of intensive discovery concluded, Doe has failed to adduce evidence sufficient to support her claim that Epstein prevented her from filing suit within the limitations period.

2

Doe contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex.[2] 40 (Doe Dep. Tr.) at 227:13-233:4. But even accepting Doe's testimony as true, "[f]ear of harm to a plaintiff's career cannot justify equitably estopping a defendant from asserting a time limitation period." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 173 (S.D.N.Y. 2019) (equitable estoppel did not apply where plaintiffs claimed defendant had the "'ability to make or break . . . careers,' which he allegedly used to abuse and silence numerous young women who sought his help in advancing their career"). In any case, Doe testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 40 (Doe Dep. Tr.) at 227:13-233:4. Discovery confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* SUMF[3] ¶ 179. That was ▮▮▮▮▮▮▮▮▮▮▮▮ before Doe brought her claims against the Co-Executors. In the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Doe cannot conceivably establish the "pattern of continual and egregious acts of intimidation" by Epstein or others that would be required to extend the statute of limitations for Doe's claims for so many years. *Geiss*, 383 F. Supp. 3d at 174–75 (finding that fear of retaliation "does not toll the statute of limitations for the duration of a famous defendant's power and influence, even for the most despicable wrongs").

Furthermore, Doe's equitable arguments cannot avoid the fact that Epstein died four-and-a-half years before Doe filed her Complaint. Thus, even if Epstein's alleged threats to interfere

---

[2] References to "Ex." are to the exhibits to the Declaration of Daniel H. Weiner in Support of Defendants' Motion for Summary Judgment, filed concurrently herewith.

[3] References to "SUMF" are to Defendants' Rule 56.1 Statement of Undisputed Material Facts, filed concurrently herewith.

with Doe's career were sufficient for equitable estoppel while Epstein was alive—which they are not—any such threats ceased by the time of Epstein's death in August 2019 (▮▮▮▮▮▮▮▮▮▮▮). Ex. 40 (Doe Dep. Tr.) at 247:16-248:1, 250:19-251:12. Doe has therefore failed to prove "subsequent and specific actions by" Epstein that "somehow kept [her] from timely bringing suit" between 2014 and 2024. *Putter*, 7 N.Y.3d at 552. Scores of other women filed lawsuits in the years between Epstein's death and Doe's filing of her claims, highlighting the lack of any evidence that could support a finding that Epstein (or others, after his death) intimidated Doe and prevented her from filing her claims until 2024.

Doe's argument amounts to a suggestion that fear of personal blowback from her reporting Epstein's abuse requires an indefinite exception to the statute of limitations—in essence, Doe would create an "Epstein exception" to the statute of limitations and allow any alleged Epstein victim to bring claims at any time. That is flatly inconsistent with the law, and with the New York State legislature's adoption of the ASA, which acknowledges that a statute of limitation defense *would* apply to claims like Doe's absent legislative intervention. Doe failed to file timely claims before the ASA expired; as a result, her claims are time-barred.

Moreover, even where the doctrine of equitable estoppel applies, "there must be threats or intimidation . . . [that] occur[ed] within the limitations period, and the plaintiff must bring suit *within a reasonable period of time after the conduct ceases*." *Id.* (emphasis added). The doctrine of equitable estoppel does not automatically entitle Doe to a five-year period after Epstein's death to file her state-law claims; rather, to bring those claims within a "reasonable period of time," Doe was required to file suit once she was "on notice that there was no justification for further delay." *Cooksey v. Digital*, No. 14-CV-7146 (JGK), 2016 WL 5108199, at *7 (S.D.N.Y. Sept. 20, 2016) (equitable estoppel did not apply where plaintiff waited eight months to bring claims after learning

4

that impediment to filing suit had lifted and statute of limitations was one year).

Not only has Doe failed to identify "threats or intimidation" in the years following Doe's ▮▮▮▮▮, but she was indisputably "on notice that there was no justification for further delay" when Epstein died in August 2019, after which he could not possibly have exposed his purported abuse of Doe to anyone. *See id.*; *see also* Ex. 40 (Doe Dep. Tr.) at 251:3-12 (testifying that, ▮▮▮▮▮). Doe has offered no evidence or basis to support a finding of intimidation in the years since Epstein died. Accordingly, even assuming *arguendo* that any intimidation by Epstein did not cease until August 2019 (which is contrary to the evidence showing no intimidation between 2014 and 2019), the four-and-a-half year period after Epstein's death was not a "reasonable period of time" for Doe to wait to bring her claims. Doe's battery and IIED claims are time-barred.

## II.  DOE'S TVPA CLAIMS FAIL BECAUSE SHE ADMITS THAT SHE RECEIVED NOTHING OF VALUE IN EXCHANGE FOR SEX.

To establish a TVPA claim, Doe must prove at the outset that she engaged in "a commercial sex act." 18 U.S. Code § 1591(a)(2). The statute defines a "commercial sex act" as "any sex act, *on account of which* anything of value is given to or received by any person." *Id.* § 1591(e)(3) (emphasis added). "[T]he use of the phrase 'on account of which' suggests that there . . . needs to be a causal relationship between the sex act and an exchange of an item of value." *United States v. Marcus*, 487 F. Supp. 2d 289, 306–07 (E.D.N.Y. 2007), *rev'd on other grounds*, 538 F.3d 97 (2d Cir. 2008). But here, Doe expressly testified at her deposition that ▮▮▮▮▮ SUMF ¶ 173. That testimony is consistent with ▮▮▮▮▮. *Id.* ¶ 172. She further testified that ▮▮▮▮▮. *Id.* ¶ 174.

5

Thus, on the basis of Doe's own testimony, it is beyond genuine dispute that she received nothing of value "on account of" Epstein's alleged abuse. *Marcus*, 487 F. Supp. 2d at 306-07. Her TVPA claims fail for this reason alone. *See, e.g., Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.,* No. 10-CV-4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (granting summary judgment to defendant on TVPA claim, even though the plaintiffs' living expenses were paid by the alleged abuser, because plaintiffs had "offer[ed] no evidence of a causal relationship between the sex acts and the payment of expenses").

### III. ANY CLAIMS FOR DAMAGES ARISING FROM TIME-BARRED TVPA CLAIMS FAILS AS A MATTER OF LAW.

#### A. Doe's TVPA Claims are Partially Time-Barred.

Under the TVPA, where an individual alleges abuse that occurred when they were an adult—as in Doe's case—a civil claim is timely only if it is "commenced not later than . . . 10 years after the cause of action arose." 18 U.S.C. § 1595(c). Doe did not file this action until March 13, 2024 and therefore cannot claim damages pursuant to a TVPA claim related to conduct by Epstein that occurred before March 13, 2014. Doe alleges that Epstein sexually abused her in ███████████████████████████████████████████████████████████████████████████████████████████████████████. SUMF ¶ 134, 147, 149, 154-158. Because Doe's TVPA claims concerning those alleged incidents of abuse are time-barred, any effort to seek damages associated with those incidents is precluded.

#### B. The Continuing Violation Doctrine Does Not Apply.

The continuing violation doctrine cannot salvage Doe's untimely TVPA claims. Under that doctrine, "in certain tort cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury[.]" *Powell v. United States*, No. 18 Civ. 5378, 2024 WL 4329842, at *3 (E.D.N.Y. Aug. 20, 2024) (citation omitted). But "the continuing

6

violation doctrine is disfavored in this Circuit and will be applied only upon a showing of compelling circumstances." *Cabrera v. City of New York*, 436 F. Supp. 2d 635, 642 (S.D.N.Y. 2006) (citation omitted). Courts will not find a continuing violation "where each of the defendant's tortious acts are actionable, and plaintiffs are aware of their injury and its cause." *Powell*, 2024 WL 4329842, at *4. Thus, the doctrine does not apply to "discrete unlawful acts, even where those discrete acts are part of a 'serial violation[ ],' but [only] to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Doe v. City of New York*, No. 18 Civ. 12038, 2019 WL 1768966, at *6 (S.D.N.Y. Apr. 12, 2019) (citation omitted).

Here, the alleged incidents in January, February, and early March 2014 were "discrete acts," each independently actionable as torts. The alleged incidents of abuse were separated in time by several weeks and took place in different locations. SUMF ¶¶ 134, 147, 149, 154-169. At most, Doe's alleged abuse involved "discrete acts" that were part of a "serial violation," which is *not* sufficient for application of the continuing violation doctrine to incidents taking place before March 13, 2014. *Doe*, 2019 WL 1768966, at *6; *see also Powell*, 2024 WL 4329842, at *4 (serial sexual assaults were not subject to continuing violation doctrine because each assault "would have been actionable" on its own, and thus the plaintiff "would not have had to be 'subject to some threshold amount of mistreatment' in the form of sexual assault to file suit") (citations omitted); *Roches-Bowman v. City of Mount Vernon*, No. 21-CV-5572, 2022 WL 3648394, at *4 (S.D.N.Y. Aug. 24, 2022) ("[A] sexual assault is a discrete act and discrete acts occur on the day they occur—even if they have effects lasting into the limitations period.") (citation omitted).

**C.    No Equitable Tolling Applies.**

Doe also cannot rely on any equitable tolling doctrines to rescue her TVPA claims. Under federal law, "[t]he essence of the doctrine [of equitable tolling] is that a statute of limitations does

7

not run against a plaintiff who is unaware of his cause of action." *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir. 1985). Equitable tolling only applies if, "despite all due diligence," a plaintiff is "unable to obtain vital information bearing on the existence of [her] claim[.]" *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002). Here, there is no evidence that Doe lacked information regarding the existence of her claim or was unaware that she had one. Nor is there any question that Doe knew within the limitations period that she had a claim based on Epstein's alleged abuse; ███████████████████████████████████████████████████████████████████████████. SUMF ¶ 185. There is therefore no basis for equitable tolling here.

Furthermore, for the reasons discussed in Section I above, equitable estoppel is also inapplicable to Doe's TVPA claims. Even if Epstein had actively intimidated Doe for the rest of his life—a scenario belied by the facts of this case, which reveal ████████████████████ ████████████—his death in August 2019 put an end to that intimidation. The four-and-a-half year gap between August 2019 and Doe's filing of this lawsuit is not a reasonable delay, particularly given the many lawsuits filed against the Estate during that time. Doe's TVPA claims are thus partially time-barred, and she can claim no damages for any abuse that occurred before March 13, 2014.

## IV. DOE'S GMVPL CLAIM BASED ON ASSAULTS OUTSIDE OF NEW YORK CITY FAILS AS A MATTER OF LAW.

Doe's efforts to pursue a GMVPL claim against the Estate for alleged abuse outside of New York City also fail. *See* N.Y.C. Admin. Code § 10-1101, *et seq.* As the Court held at the motion to dismiss stage, "New York City's Victim-Protection Law applies only to conduct occurring in New York City." ECF No. 80 at 14; *see also Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390, at *12 (S.D.N.Y. Sept. 26, 2023); *Beverley v. 1115*

8

*Health & Benefits Fund*, 420 F. Supp. 2d 47, 56 n.2 (E.D.N.Y. 2005) ("The NYC Code . . . applies only to *acts* occurring within the boundaries of New York City.") (internal quotation marks omitted). Accordingly, claims for abuse that Doe alleges took place outside of New York City are not cognizable.

Doe alleges that Epstein abused her not only in New York City, but also in . SUMF ¶¶ 147-150, 158, 159-163. In fact, in the

*See id.* ¶¶ 191-199; *see also* ECF No. 184-15 at 10–11. Because Doe's GVMPL claim "appl[ies] only to acts occurring within the boundaries of New York City," she is not entitled to sustain her claim to the extent she seeks damages premised on acts that occurred in

*Beverley*, 420 F. Supp. 2d at 56 n.2.

## CONCLUSION

For all of the foregoing reasons, the Co-Executors respectfully request that the Court grant partial summary judgment in their favor, dismissing (1) Doe's claims for battery and IIED as time-barred in their entirety, (2) her TVPA claims on the ground that Doe cannot show that she engaged in a "commercial sex act" and because those claims are partially time-barred with respect to conduct that occurred prior to March 13, 2014, and (3) her GMVPL claim as to abuse alleged to have taken place outside of New York City.

Dated: November 4, 2024
New York, New York

| | |
|---|---|
| */s/ Daniel H. Weiner* | */s/ Daniel S. Ruzumna* |
| Daniel H. Weiner | Daniel S. Ruzumna |
| Marc A. Weinstein | Amy N. Vegari |
| Fara Tabatabai | Tara J. Norris |
| HUGHES HUBBARD & REED LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
| One Battery Park Plaza | 1133 Avenue of the Americas |
| New York, New York 10004 | New York, New York 10036 |
| Telephone: (212) 837-6000 | Telephone: (212) 336-2000 |
| daniel.weiner@hugheshubbard.com | druzumna@pbwt.com |
| marc.weinstein@hugheshubbard.com | avegari@pbwt.com |
| fara.tabatabai@hugheshubbard.com | tnorris@pbwt.com |
| *Attorneys for Defendant Darren K. Indyke* | *Attorneys for Defendant Richard D. Kahn* |