# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 3, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

DARREN K. INDYKE and RICHARD D. KAHN,

*Defendants*.

---

Civil Action No. 24 Civ. 1204 (AS)
[rel. 1:24-cv-02192 (AS)]

ORAL ARGUMENT REQUESTED

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**HUGHES HUBBARD & REED LLP**

Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel S. Ruzumna, Esq.
Amy N. Vegari, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ..........................................................................................................3

    A.    Defendants Notified Doe of Their Opposition to Her Proceeding
Anonymously At the Outset of This Litigation ......................................3

        1.    The Court Dismissed Bensky From This Action and Adopted
Doe's Proposed Case Scheduling Order ........................................4

    B.    Defendants Undertook Monumental Efforts to Comply with the Case
Deadlines Set by the Court .....................................................................5

    C.    Doe's Belated Attempts to Amend Her Complaint, Reopen Discovery, and
Completely Redo Class Certification and Summary Judgment Briefing ..............5

ARGUMENT ................................................................................................................6

I.    DOE'S UNTIMELY MOTION TO AMEND SHOULD BE DENIED..........................6

    A.    Legal Standard ........................................................................................6

    B.    Doe Cannot Show Good Cause for Her Delay in Moving to Amend....................8

        1.    Doe Has Known That Amendment Was Necessary Since the
Outset of This Litigation................................................................8

        2.    Doe's Excuses for Her Untimely Motion Are Unavailing...........................9

    C.    Defendants Would Be Significantly Prejudiced By Doe's Proposed
Amendment............................................................................................13

        1.    Defendants Would Be Prejudiced Because Discovery Has
Concluded and Amendment Would Require Significant New
Discovery ......................................................................................13

        2.    Defendants Would Be Prejudiced Because Class Certification and
Summary Judgment Briefing Would Need to Be Redone ........................15

        3.    Defendants' Prejudice Is Not Mitigated By the Possibility of
Subsequent Actions.......................................................................16

    D.    Doe's Amendment Would Be Futile Because Ward's Claims Are Subject
to Dismissal and the Putative Class Cannot Be Certified.......................17

        1.    Ward's Claims Cannot Survive a Motion to Dismiss...............................18

        2.    The Putative Class Cannot Be Certified ...................................19

CONCLUSION.............................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*360 N. Rodeo Drive, LP v. Wells Fargo Bank, Nat'l Ass'n*,
  2024 WL 449401 (S.D.N.Y. Feb. 6, 2024)....................................................................15

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*,
  760 F.2d 442 (2d Cir. 1985).........................................................................................17

*In re Ashley Madison Customer Data Security Breach Litig.*,
  2016 WL 1366616 (E.D. Mo. April 6, 2016) ...............................................................21

*Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*,
  2019 WL 1873156 (S.D.N.Y. Apr. 26, 2019)...............................................................17

*CSX Transp., Inc. v. Emjay Env't Recycling, Ltd.*,
  2013 WL 12329546 (E.D.N.Y. Sept. 18, 2013) .............................................................8

*DeCastro v. City of New York*,
  2020 WL 4932778 (S.D.N.Y. Aug. 24, 2020)..................................................8, 10, 11

*Dennis v. JPMorgan Chase & Co.*,
  439 F. Supp. 3d 256 (S.D.N.Y. 2020)...........................................................................18

*Gaetano Assocs. Ltd. v. Artee Collections, Inc.*,
  2006 WL 3026080 (S.D.N.Y. Oct. 25, 2006) .................................................................8

*Johnson v. Nextel Commc'ns, Inc.*,
  2017 WL 4326052 (S.D.N.Y. Sept. 19, 2017)..............................................................19

*Kiarie v. Dumbstruck, Inc.*,
  473 F. Supp. 3d 350 (S.D.N.Y. 2020)...........................................................................15

*Koss v. Wackenhut Corp.*,
  2009 WL 928087 (S.D.N.Y. Mar. 30, 2009) ................................................................21

*Mandala v. NTT Data, Inc.*,
  975 F.3d 202 (2d Cir. 2020)..........................................................................................19

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007)..........................................................................................10

*Michael v. Bloomberg, L.P.*,
  2015 WL 585592 (S.D.N.Y. Feb. 11, 2015)...................................................................4

*Morgan v. Rohr, Inc.*,
    2021 WL 5632743 (S.D. Cal. Dec. 1, 2021)...................................................................10

*Oliver v. Am. Express Co.*,
    2023 WL 4471937 (E.D.N.Y. July 11, 2023)............................................... *passim*

*Osakan v. Apple Am. Grp.*,
    2010 WL 1838701 (N.D. Cal. May 5, 2010)...................................................12, 13

*Parker v. Columbia Pictures Indus.*,
    204 F.3d 326 (2d Cir. 2000)...............................................................................8, 14

*Rambarran v. Mount Sinai Hosp.*,
    2008 WL 850478 (S.D.N.Y. Mar. 28, 2008) ...........................................................11

*Ramsay-Nobles v. Keyser*,
    2018 WL 6985228 (S.D.N.Y. Dec. 18, 2018) ...........................................................9

*Rapuano v. Trustees of Dartmouth Coll.*,
    334 F.R.D. 637 (D.N.H. 2020) ................................................................................21

*Tardif v. City of New York*,
    2016 WL 2343861 (S.D.N.Y. May 3, 2016) .............................................................9

*Twersky v. Yeshiva Univ.*,
    993 F. Supp. 2d 429 (S.D.N.Y. 2014)......................................................................20

*In re VEON Ltd. Sec. Litig.*,
    2023 WL 2118079 (S.D.N.Y. Feb. 17, 2023) .........................................................18

*Virginia L. Giuffre v. Ghislaine Maxwell*,
    Case No. 15-cv-07433-LAP (S.D.N.Y.) ....................................................................7

*Watson v. U.S.*,
    865 F.3d 123 (2d Cir. 2017)....................................................................................18

*Yan v. Renew Body Wellness, Inc.*,
    2022 WL 2698562 (S.D.N.Y. July 12, 2022) .......................................................8, 14

**Statutes**

18 U.S.C. § 1595(c) ...........................................................................................................19

**Other Authorities**

CPLR § 213-c ...................................................................................................................20

CPLR § 214-j ....................................................................................................................17

Federal Rule of Civil Procedure 15 ...............................................................8, 9, 14, 15

Federal Rule of Civil Procedure 16 ....................................................... *passim*

Federal Rule of Civil Procedure 23 ....................................................... *passim*

## PRELIMINARY STATEMENT

Doe's counsel initiated this action in February 2024, knowing that neither named plaintiff could viably represent the putative class. Plaintiff Danielle Bensky had signed a broad, binding release expressly barring her claims against Defendants—a release that, as this Court held, "clearly covers this case." ECF No. 80 at 7. Plaintiff Jane Doe 3 ("Doe") was unwilling to proceed under her own name or appear at trial, even though the law overwhelmingly requires class representatives to publicly disclose their identities. Yet counsel did not locate a plaintiff who could properly represent the putative class. Instead, they made the strategic choice to proceed in this litigation *for over seven months* without an adequate class representative. Doe's belated attempt to salvage the Complaint by adding a new class representative should be rejected for three principal reasons.

*First*, Doe cannot demonstrate "good cause" for her untimely motion to amend, as she must under Rule 16(b). Courts routinely hold that class action plaintiffs lack good cause to amend where, as here, their counsel knew or should have known of the need to add a new class representative long before the deadline to do so had expired. Here, Doe's counsel knew—or certainly should have known—of the need to add a class representative with viable claims at the outset of this litigation. At minimum, counsel were on notice of the need to amend in March 2024 (more than six weeks before the Court-ordered deadline to amend), when Defendants notified Doe of their intent to seek public disclosure of her identity. Doe asks the Court to disregard this lengthy delay because, according to her, a "willing" public representative did not "come forward" until after the Court made clear on September 26, 2024 that Doe would not be able to proceed anonymously as this case progressed. *See* ECF No. 134. But she fails to describe *any* diligent efforts by her counsel to identify an adequate class representative prior to the new proposed plaintiff, Allyson Ward, allegedly "com[ing] forward" days before the close of discovery. As

courts have held time and again, class counsel has an affirmative obligation to locate suitable class representatives at the inception of a litigation; they cannot simply sit on their hands with placeholder plaintiffs in the hope that someone else might eventually step forward. But that is precisely what Doe's counsel did here.

*Second*, even if Doe could demonstrate good cause to amend (she cannot), the Court should deny her motion because the proposed amendments would significantly prejudice Defendants. Doe's amendments would require the parties to reopen and repeat major pretrial stages of this case. Defendants would have to obtain substantial discovery from Ward related to the nature, timing and location of her alleged abuse—particularly given that her barebones allegations in the proposed Amended Complaint ("PAC") suggest her claims are time-barred. Defendants would also have to re-depose Doe's experts, both of whom previously opined on facts unique to Doe. And they would have to redraft and refile both their opposition to class certification and their motion for summary judgment. Courts consistently deny motions to amend where, as here, the proposed amendments would require the parties to reopen fact and expert discovery and redraft their class certification and summary judgment motions. The Court should do the same here.

*Third*, Doe's motion should be denied because the proposed amendments would be futile. Ward's threadbare allegations—which consist of only seven vague sentences—are facially insufficient to state a plausible claim against Defendants. She fails even to allege that Epstein abused her after 2003, when the Trafficking Victims Protection Act ("TVPA") was amended to include a civil cause of action, which means that she has failed to plead cognizable claims under the TVPA. And even if Ward's claims were viable, the putative class still could not be certified; as Defendants have shown in their opposition to class certification, the putative class fails to satisfy Rule 23 requirements for reasons well beyond the inadequacies of the class representative.

2

Moreover, *each* putative class representative must adequately represent class members' interests—and adding Ward would not change the fact that Doe's refusal to publicly disclose her identity renders her inadequate. Doe's proposed amendments, even if they were not months late, are futile.

## BACKGROUND

### A.    Defendants Notified Doe of Their Opposition to Her Proceeding Anonymously At the Outset of This Litigation

When Doe brought her Complaint on February 16, 2024 (ECF No. 1), the law was already clear that a class representative cannot proceed under a pseudonym because doing so "preclude[s] potential class members from properly evaluating the qualifications of the class representative." *Michael v. Bloomberg, L.P.*, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015). Doe nevertheless filed a motion to proceed under a pseudonym the following week. ECF No. 10. The Court provisionally allowed her to do so on February 23, but made clear that Doe could remain anonymous only "***until such time as the Court order[ed] her name to be disclosed***." ECF No. 12 at 1 (emphasis added). The Court expressly "reserve[d] the right to modify this Order as the case progresse[d]," and gave Defendants 30 days to "indicate their opposition." *Id*.

On March 20, 2024, Defendants timely filed a letter requesting permission to "seek to preclude [Doe] from continuing to proceed pseudonymously" if Defendants' then-forthcoming motion to dismiss were denied in whole or in part as to her. ECF No. 25. Defendants cited substantial caselaw holding that a class representative who refuses to disclose her identity cannot adequately represent absent class members. *See id*. at 2 (citing *In re Ashley Madison Customer Data Security Breach Litig.*, 2016 WL 1366616, at *4 (E.D. Mo. April 6, 2016) (emphasizing that "the public, including putative class members, have the right to know who is guiding and directing the litigation")). The Court granted Defendants' letter-motion the following day. ECF No. 26.

**1.    The Court Dismissed Bensky From This Action and Adopted Doe's Proposed Case Scheduling Order**

On April 8, 2024, Defendants filed their motion to dismiss.  ECF No. 30.  Among other things, Defendants moved to dismiss the claims of Danielle Bensky, the lead putative class representative, on the ground that she had previously signed a release expressly barring her claims against Defendants.  *Id*. at 7-11.  While Defendants' motion to dismiss was pending, the parties submitted competing proposals to the Court regarding critical case deadlines.  Defendants proposed a deadline of July 31, 2024 to join additional parties and/or amend the Complaint, and further proposed a bifurcated discovery schedule whereby class discovery would end 90 days after the Court's decision on their motion to dismiss and merits discovery would end 120 days after the Court's decision on class certification.  ECF No. 66-2 at 2-4.  By contrast, Doe proposed a deadline of April 16, 2024 to join additional parties, a deadline of May 20 to amend her pleadings, and a deadline of October 28 to complete *all* discovery, including class discovery.  ECF No. 66-1 at 1-2.  The Court adopted Plaintiff's proposed schedule.  ECF No. 74 (the "Scheduling Order").

Bensky and Doe strategically decided not to amend their Complaint by the Court-ordered May 20 deadline, choosing instead to pursue their claims as the sole class representatives.  On August 5, 2024, the Court granted Defendants' motion to dismiss as to Bensky, finding that the release she had signed "clearly covers this case."  ECF No. 80 at 7.  The Court denied in part Defendants' motion as to Doe's claims.  Defendants filed their motion for disclosure of Doe's identity one week later, on August 12, 2024.  ECF No. 82.  As in their March 20 letter, Defendants cited a wealth of caselaw holding that class representatives cannot proceed under a pseudonym.  *See id*. at 9-12 (collecting cases).  Doe nevertheless refused to publicly disclose her identity throughout the months of discovery that followed.

**B.    Defendants Undertook Monumental Efforts to Comply with the Case Deadlines Set by the Court**

Between June and October of 2024, Defendants worked tirelessly to comply with the case

deadlines proposed by Doe and adopted by the Court.  These efforts included, among other things:

- Reviewing approximately half-a-million electronic documents and 745,000 pages of hard-copy documents in response to Doe's sprawling document requests to ensure compliance with the October 14 deadline for substantial completion of document discovery and the final October 28 discovery deadline;

- Attending depositions of 10 fact witnesses, including overseas trips in September and October to depose Doe, her parents, and her close friend;[1]

- Deposing two of Doe's expert witnesses;

- Filing an opposition to Doe's motion for class certification on October 14, 2024 (ECF No. 183); and

- Filing a motion for summary judgment on November 4, 2024 (ECF No. 262).

**C.    Doe's Belated Attempts to Amend Her Complaint, Reopen Discovery, and Completely Redo Class Certification and Summary Judgment Briefing**

On September 26, 2024, while discovery was ongoing, the Court provisionally denied

Defendants' motion to disclose Doe's identity.  ECF No. 134.  In doing so, however, the Court

made clear that it "disagree[d] that [Doe] can anonymously represent a certified class."  *Id*. at 5.

Although the Court found it "premature" to decide that issue prior to ruling on Doe's motion for

class certification, it emphasized that Doe "should anticipate that if she succeeds on her motion for

class certification, she may very well have to reveal her identity so that others can make informed

decisions about whether she can represent their interests."  *Id*. at 6.

Doe filed her motion to amend on October 18 (the "Motion")—only ten days before the

close of fact discovery, and ***seven months*** after Defendants first indicated that they would oppose

---

[1] Doe declares that she was subjected to "an incredibly hostile deposition over two days."  ECF No. 194 ("Br.") at 11.  Not so.  Doe elected to bring this lawsuit and publicly levy extremely serious allegations against Defendants.  It was not "hostile" for Defendants to ask questions to test her allegations and prepare their defense.  Defendants also went out of their way to accommodate Plaintiff's request that the deposition occur in private over two days at her chosen location.

her motion to proceed anonymously. She seeks to add another class representative, Allyson Ward, who would proceed publicly. It is undisputed that Doe's counsel has known about Ward and her contact with Epstein since at least early 2016, when they subpoenaed her as plaintiff's counsel in a suit brought against Ghislaine Maxwell. *See Virginia L. Giuffre v. Ghislaine Maxwell*, Case No. 15-cv-07433-LAP (S.D.N.Y.), ECF No. 1320-33 at 12 (referring publicly to a subpoena served on Ward (née Allyson Chambers) by Boies Schiller on February 12, 2016). Nevertheless, Doe's proposed amendments to the Complaint contain virtually no detail about Ward's alleged abuse or her claims. Instead, the amendments allege only that Ward worked as a massage therapist for Epstein at some point in the mid-1990s, and that Epstein "sexually abused or assaulted" her on unspecified occasions "[d]uring many of the massages." The proposed amendments do not say when this purported abuse took place. The PAC vaguely alleges only that Ward's "contact" with Epstein ended twenty years later, sometime "in approximately 2015." ECF No. 194-1.

Doe now seeks to add Ward as a party even though the deadline to do so—a date ***proposed by Doe herself***—expired six months ago. Her Motion would require the Court to reopen discovery, including fact and expert discovery, even though the Scheduling Order set a discovery deadline of October 28. And it would require Defendants to re-brief their opposition to class certification and motion for summary judgment. In sum, Doe's Motion, if granted, would require the Court to adopt an entirely new scheduling order and require Defendants to "do over" large portions of discovery and class certification and summary judgment briefing. That is fundamentally unfair.

## ARGUMENT

## I. DOE'S UNTIMELY MOTION TO AMEND SHOULD BE DENIED

### A. Legal Standard

In her Motion, Doe incorrectly states that the Court "should freely give" her leave to amend the Complaint pursuant to Rule 15(a)(2). Br. at 1. That is the wrong standard. "Where, as here,

a scheduling order has been entered, the lenient standard of Rule 15(a), which provides that leave to amend 'shall be freely given,' is replaced by the Rule 16(b) standard, which prohibits amendment 'except upon a showing of good cause.'" *Gaetano Assocs. Ltd. v. Artee Collections, Inc.*, 2006 WL 3026080, at *1 (S.D.N.Y. Oct. 25, 2006).  The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Rule 16(b) "applies with equal force to class action pleadings and is an independent rule that must be satisfied." *Oliver v. Am. Express Co.*, 2023 WL 4471937, at *7 (E.D.N.Y. July 11, 2023). Thus, while courts have "power under Rule 23 to replace class representatives," this power "does not negate a plaintiff's burden to demonstrate good cause." *Id.*

To establish "good cause" under Rule 16(b), "a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met." *Yan v. Renew Body Wellness, Inc.*, 2022 WL 2698562, at *2 (S.D.N.Y. July 12, 2022).  "[T]he good cause standard … is not satisfied when the proposed amendment rests on information that the party knew or should have known in advance of the deadline." *DeCastro v. City of New York*, 2020 WL 4932778, at *7 (S.D.N.Y. Aug. 24, 2020).

Where the movant cannot establish the requisite diligence in seeking to amend, her motion should be denied regardless of whether the proposed amendments would be warranted under Rule 15.  *See CSX Transp., Inc. v. Emjay Env't Recycling, Ltd.*, 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013) ("Under Rule 16(b) ... the mere absence of prejudice, bad faith, futility, or similar factors [under Rule 15] is not sufficient to constitute 'good cause.'").  "Under this framework, a court first considers whether the movant has shown good cause under Rule 16, and, only after finding that the good cause standard is met, proceeds to the analysis under Rule 15." *Tardif v. City*

*of New York*, 2016 WL 2343861, at *4 (S.D.N.Y. May 3, 2016). The Rule 15 analysis requires the Court to consider whether amendment would prejudice the nonmoving party, as well as "the remaining Rule 15(a) factors such as undue delay, bad faith or dilatory motive, and futility." *Ramsay-Nobles v. Keyser*, 2018 WL 6985228, at *7 (S.D.N.Y. Dec. 18, 2018).

### B.     Doe Cannot Show Good Cause for Her Delay in Moving to Amend

#### 1.     Doe Has Known That Amendment Was Necessary Since the Outset of This Litigation

Doe does not and cannot demonstrate that she acted with "the diligence necessary to show good cause for the purposes of Rule 16." *Tardif*, 2016 WL 2343861, at *5. To establish diligence under Rule 16(b) in "the class action context," plaintiffs must show that they moved to amend as soon as "they bec[a]me aware of the 'need to fill a class representative gap.'" *Oliver*, 2023 WL 4471937, at *4–5. Thus, "[t]he inquiry is whether '[p]laintiffs knew, or should have known, of the 'need to fill a class representative gap,' well before they brought [their] motion." *Id.*

When Doe's counsel first brought this case in February 2024, they knew—or at minimum should have known—that neither of their named plaintiffs could viably proceed as class representatives. Counsel knew, for example, that Bensky had already signed a release that expressly barred her claims against Defendants. *See* ECF No. 31-1 at 7. Moreover, counsel knew at the inception of this litigation that Doe was unwilling to publicly disclose her identity. And the law was clear at the time that a class representative cannot proceed anonymously because doing so "preclude[s] potential class members from properly evaluating the qualifications of the class representative." ECF No. 82 at 9-12 (collecting cases and quoting *Bloomberg,* 2015 WL 585592, at *3). Further, as the Court has recognized, Defendants expressly notified Doe in March 2024 "that they planned to move for disclosure of [her] identity." ECF No. 179 at 1.

Rather than seek to cure these deficiencies by timely replacing the class representatives within the time permitted to amend, Doe's counsel made the strategic decision to proceed in this litigation without an adequate class representative. Doe's last-ditch attempt to reverse course constitutes an extreme lack of diligence necessitating denial of her Motion. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201 (2d Cir. 2007) (good cause not met when "Plaintiffs became aware of the need to consider a possible [amendment] ... more than seven months before moving to amend their complaint"); *Oliver*, 2023 WL 4471937, at *5 (finding "[p]laintiffs could and should have uncovered … any issues with the existing representatives' capacity to serve as class representatives" at earlier point in the litigation, "and their failure to move to amend until six months later was "evidence of a lack of diligence"); *DeCastro*, 2020 WL 4932778, at *9 (plaintiffs not diligent where defendants "specifically raised" issue with class representative's claims earlier in litigation, and thus plaintiffs were "indisputably aware of this potential flaw" long before seeking to cure issue by amendment); *Morgan v. Rohr, Inc.*, 2021 WL 5632743, at *4 (S.D. Cal. Dec. 1, 2021) (plaintiff not diligent where they "knew they ***might*** need to amend the complaint in order to satisfy the requirements for class certification," but failed to do so "within a reasonable period of time." (emphasis added)).

### 2.    Doe's Excuses for Her Untimely Motion Are Unavailing

In its October 11 Order, the Court instructed Doe to explain the reason for her seven-month delay. *See* ECF No. 179 at 1. Doe has not done so in her Motion; instead, she claims only that Ward "recently agreed to proceed publicly as an additional named representative" after the Court indicated in its September 26 Order that Doe could not anonymously represent a certified class. Br. at 3. But Doe and her counsel were not entitled to sit on their hands and wait for the Court's September 26 Order before seeking out a new class representative. As set forth above, counsel knew or should have known of the need to locate a suitable class representative at the outset of

this case, and at minimum should have known of the need to locate a public representative with viable claims when Defendants "specifically raised" the "potential" issues with Doe's adequacy seven months ago. *DeCastro*, 2020 WL 4932778, at *9; *see also supra* at 3. Nor can Doe's counsel—a sophisticated law firm that routinely litigates class actions like this one—claim not to have known earlier that Doe's refusal to publicly disclose her identity would likely preclude her from representing absent class members. *See Sec. & Exch. Comm'n v. Rio Tinto plc*, 2020 WL 2504008, at *11 (S.D.N.Y. Mar. 9, 2020) (rejecting argument that untimely amendment of "a sophisticated party" was justified because it was "blindsided by [the] court's ruling").

Doe further insists that she acted diligently because, at some point prior to the Court's September 26 Order, Ward "had [] been unwilling" to disclose her identity. Br. at 3. But, apart from that single vague assertion, Doe provides no information whatsoever about the efforts undertaken by her counsel to locate an adequate class representative over the last year. Doe's counsel has known about Ward since at least 2016, *see supra* at 6, but they fail to specify whether, when, or how many times they communicated with Ward about her willingness to proceed publicly prior to the Court's September 26 Order. Nor has Doe made any showing that her counsel made any other efforts to locate an adequate representative in the many months preceding her untimely Motion. That is facially insufficient to demonstrate "good cause" under Rule 16(b). *See Oliver*, 2023 WL 4471937, at *5 (no good cause where, "[d]espite [their] broad assertions that it is inherently difficult for a class to find [an adequate] representative—which suggests evidence of failed attempts to find such a person would be ample—Plaintiffs provide[d] no specifics with respect to their attempt to find a suitable" representative); *Rambarran v. Mount Sinai Hosp.*, 2008 WL 850478, at *3 (S.D.N.Y. Mar. 28, 2008) ("[w]ithout specific information regarding the new

10

evidence at issue and the timing of its discovery ... the Court is unable to find that Plaintiff has demonstrated good cause").

In any case, "a purported difficulty in locating class representatives is not grounds for excusing a belated time-barred amendment." *Oliver*, 2023 WL 4471937, at *4. Rather, "[c]lass action attorneys are expected to locate appropriate class representatives at the inception of the litigation," and counsel's attempt to replace an inadequate representative "when the case is at or beyond the class certification stage [is] untimely." *Id.* (internal quotations omitted). The federal rules "do not countenance filing placeholder class actions … with infirm class representatives," and then "permitting a case to progress … while awaiting the appearance of an adequate substitute." *Id* at *5. Thus, even if Doe had sufficiently explained the timeline preceding her belated Motion (she has not), she cannot demonstrate good cause simply by declaring that "'willing' individuals did not 'step forward' until after the Rule 16 deadline." *Id.* at *4; *see also Osakan v. Apple Am. Grp.*, 2010 WL 1838701, at *3-4 (N.D. Cal. May 5, 2010) (rejecting plaintiff's excuse that he moved to amend "as soon as he was able to identify additional class representatives," and emphasizing that plaintiff "should have promptly" sought "to join … an appropriate class representative" when defendant first raised a "potential [] issue" with his adequacy months earlier).

The two cases cited in Doe's Motion (Br. at 2) only underscore her inability to establish good cause here. In *Tower Properties LLC v. Vill. of Highland Falls*, the plaintiff merely sought leave to amend "to cure the deficiencies noted in the Court's" recent dismissal order. 2017 WL 519267, at *2 (S.D.N.Y. Feb. 7, 2017). The plaintiff did not seek to add a new party; there was no finding that the plaintiff should have known of the new facts at issue long before seeking to amend; and the motion to amend was "fully briefed" over a month before the close of discovery.

*See id.* at *1-2.  Further, plaintiff's counsel offered detailed evidence to substantiate that there was good cause to amend.  *See Tower*, Case No. 7:14-cv-4502 (S.D.N.Y. Aug. 1, 2016), ECF No. 49 (18-page affidavit swearing to timeline in which plaintiff discovered bases for amendment).

Likewise, in *Lawrence v. Starbucks Corp.*, the plaintiff sought to add new class representatives before class discovery had even begun.  2009 WL 4794247, at *1 (S.D.N.Y. Dec. 10, 2009).  Moreover, there was no suggestion that the existing class representative was inadequate—much less that plaintiff's counsel had known of adequacy issues from the outset of the litigation.  Rather, the plaintiff simply requested to add new employees as named plaintiffs after those employees contacted plaintiff's counsel for the first time shortly before the plaintiff filed the motion to amend.  *See id.* at 1-2.  And, once again, plaintiff's counsel provided detailed evidence to establish good cause.  *See Lawrence*, Case No. 1:08-cv-03734 (S.D.N.Y. Oct 2, 2009), ECF No. 27 (submitting affidavit under penalty of perjury specifying dates that counsel had first become aware of the proposed new representatives).  By contrast, Doe's counsel have known about "the 'need to fill a class representative gap'" for over seven months, but fail to offer any reasonable explanation for the delay in seeking to amend.  *Oliver*, 2023 WL 4471937, at *4–5.

Doe last argues that her untimely amendment should be allowed because "a public named plaintiff [is] required for victims to recover."  Br. at 3.  But Doe cannot "overcome [her] failure to demonstrate diligence" by relying on "Rule 23 concerns" related to "protect[ing] class interests," since doing so would "permit[] an end run around [the] Rule 16 deadline."  *Oliver*, 2023 WL 4471937, at *7.  In any event, as explained *infra* at 20, adding Ward as a class representative would not change the fact that Doe's refusal to disclose her identity renders her inadequate.

In short, "Defendants were entitled [under Rule 16] to proceed with discovery in reliance on the time limits and boundaries set by the Court after due conference with the parties."  *Rio*

*Tinto,* 2020 WL 2504008, at *9; *see also Parker*, 204 F.3d at 340 (explaining that the purpose of Rule 16 is to "offer a measure of certainty … that at some point both the parties and the pleadings will be fixed"). The deadlines that Doe disregarded here are those that she ***herself*** proposed to the Court in June 2024—three months after Defendants had already notified her of their intent to move for disclosure of her identity. *See supra* at 3-4. Because Doe cannot show "that despite [her] effort, the deadline to amend the pleadings could not have been reasonably met," her Motion should be denied. *Yan*, 2022 WL 2698562, at *2.

### C.    Defendants Would Be Significantly Prejudiced By Doe's Proposed Amendment

Because Doe has not demonstrated good cause to amend, the Court need not reach the Rule 15 analysis. But Rule 15 also requires denial of Doe's Motion because Defendants will be significantly prejudiced if Ward is added to the case and, in any event, amendment would be futile. "In gauging prejudice, courts consider, among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Oliver*, 2023 WL 4471937, at *9 (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)). "As a general rule, the risk of substantial prejudice increases with the passage of time. ... The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* In addition, "[i]n seeking to add new class action claims and new class representatives, courts are more likely to find prejudice when the case has already progressed to or beyond the class certification phase"—as is the case here—"at which time class-related discovery and class-certification motion practice should be finished." *Id.*

### 1.    Defendants Would Be Prejudiced Because Discovery Has Concluded and Amendment Would Require Significant New Discovery

If Doe's proposed amendment were permitted, Defendants would suffer significant

prejudice for at least two reasons.  First, discovery ended on October 28, 2024.  An amendment is prejudicial when discovery has closed.  *See, e.g.*, *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 359 (S.D.N.Y. 2020) (holding that defendants would "plainly" be prejudiced by amendment because newly added parties "would be entitled to re-start the entire discovery process" and explaining that "'courts in this circuit routinely hold that motions to amend are untimely … when the motion would require the re-opening of discovery") (collecting cases); *Oliver*, 2023 WL 4471937, at *9 ("discovery was already closed—having ended on June 24, 2022—and now would have to be re-opened retrospectively.  Having to do so would prejudice Amex.").

As explained *supra*, Defendants worked tirelessly to comply with the discovery deadline. *See supra* at 5.  Adding Ward as a new class representative would require reopening discovery so that Defendants could conduct necessary fact and expert discovery.  Defendants would need to conduct the depositions of Ward and those with relevant information about her allegations and claimed harm, and would need to request, review, and produce documents specifically pertaining to her claims.  Doe argues that the burden of additional discovery would be "relatively small given that Ms. Ward's claims are the same as Jane Doe 3's."  Br. at 6.  Doe is incorrect.  The additional discovery would be substantial because, as discussed in Defendants' opposition to class certification (ECF No. 183), each plaintiff's claims turn on unique facts that must be evaluated individually.  That Doe and Ward allege the same causes of action does not mean their claims are "the same."  Allegations pleaded by Ward are so thin that Defendants would need to expend significant resources to understand the basic facts she is alleging. [2]

---

[2] Doe's claim that her period of delay was not "undue" under Rule 15 also fails.  Doe has not shown good cause for her lengthy delay, *see supra* at 8-13, and none of the cases that she cites are analogous to the circumstances at issue here.  *See, e.g.*, *360 N. Rodeo Drive, LP v. Wells Fargo Bank, Nat'l Ass'n*, 2024 WL 449401, at *2 (S.D.N.Y. Feb. 6, 2024) (Subramanian, J.) (ten-month

In addition, expert discovery would need to be almost entirely redone. Doe submitted two expert reports in this case focused on Doe's claims. The first, the report of Dr. Chitra Raghavan, assesses Doe's mental state and generates a future treatment plan. The second, the report of Marianne DeMario, largely calculates the cost of the treatment that Dr. Raghavan prescribes for Doe based on Dr. Raghavan's clinical assessment and Doe's specific diagnosis and symptoms. Those reports cannot be applied to Ward's claims, so the experts will need to issue new ones or new experts will need to be engaged. Moreover, Defendants have already invested substantial time deposing both experts, and they will have to do so all over again if Ward is added.

### 2. Defendants Would Be Prejudiced Because Class Certification and Summary Judgment Briefing Would Need to Be Redone

Defendants would also be prejudiced if Doe is allowed to amend her Complaint because class certification briefing has been completed and Defendants have moved for summary judgment. All briefing will need to be completed again if Ward is added to the case, which will further prejudice Defendants by requiring them to "expend significant additional resources" and by setting the case schedule back by many months, "significantly delay[ing] the resolution of the dispute." *Oliver*, 2023 WL 4471937, at *9. Doe conveniently ignores that reality in her brief, in which she claims that the "only plausible prejudice to Defendants here would be additional discovery obligations[.]" Br. at 5. But courts have consistently held that a party would be prejudiced if an amendment is permitted after the parties completed class certification briefing and moved for summary judgment. *See Oliver*, 2023 WL 4471937, at *9 ("In 'seeking to add new class action claims and new class representatives, courts are more likely to find prejudice when

---

delay not undue because Defendants consented to extending the amendment deadline and showed no prejudice).

the case has already progressed to or beyond the class certification phase'"); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd*., 760 F.2d 442, 443 (2d Cir. 1985) (affirming denial of motion to amend on ground "that amending the … complaint after discovery was completed and after the defendant had moved for summary judgment would unfairly prejudice the defendant"); *Bromfield v. Bronx Lebanon Special Care Ctr., Inc*., 2019 WL 1873156, at *3 (S.D.N.Y. Apr. 26, 2019) (same). Defendants will be similarly prejudiced if Doe is allowed to amend her pleadings.

### 3. Defendants' Prejudice Is Not Mitigated By the Possibility of Subsequent Actions

Contrary to Doe's assertion, the prejudice that Defendants will suffer is not mitigated by the potential for subsequent actions against Defendants.  Br. at 7.  To begin, if Doe's Motion is denied and the Court declines to certify the class—for any reason, including the lack of an adequate class representative—Ward will not be permitted to reassert the same class claims because her claims would be time-barred.  As discussed *infra* at 18-19, both Ward's state law and federal TVPA claims are barred by the applicable statutes of limitations, which are ten years and five years, respectively.[3]  As the Supreme Court explained in *China Agritech v. Michael H. Resh*, although class members' claims are tolled during the pendency of a putative class action, "upon denial of class certification," a plaintiff cannot "commence a class action anew beyond the time allowed by the statute of limitations."  584 U.S. 732, 735-36 (2018).  Accordingly, Ward could not file a new action with the same putative class because her claims would be untimely.

Moreover, equitable tolling cannot apply to a new putative class action brought by Ward

---

[3] Under New York's Adult Survivors Act (the "ASA"), certain claims were revived for a limited period from November 24, 2022 to November 24, 2023.  CPLR § 214-j.  The current class's state claims are subject to a tolling agreement entered into between Defendants and former Plaintiff Danielle Bensky, which effectively tolled the closure of the ASA for class claims brought by Bensky through February 19, 2024.  This tolling agreement does not apply to any class claims subsequently brought by Ward.

because she has not pleaded facts to support tolling.  Doe argues in her Motion that "Ms. Ward was controlled by, threatened by, and under the thumb of Jeffrey Epstein until at least 2015," but those facts are not pleaded anywhere in the PAC.  Rather, Ward alleges only unspecified "contact" with Epstein until 2015, ECF No. 194-1, which does not establish that "extraordinary circumstance[s] stood in [the] way" of her diligently pursuing her rights.  *Watson v. U.S.*, 865 F.3d 123, 132 (2d Cir. 2017).  In the absence of ***any*** allegation that Epstein prevented Ward from filing a complaint at any time, the statute of limitations is not tolled.  Accordingly, *China Agritech* controls and Ward is time-barred from bringing a new class action, regardless of how the Court rules on Doe's motion to amend or whether Doe remains as a representative of the putative class.[4]

Finally, if this Motion to Amend is denied and Doe were to withdraw from the case before the Court reaches a determination on class certification, there would be no path forward for the class.  Courts in this District have explained that substituting a new class representative at the final hour when the original representative has failed is impermissible.  *See Dennis v. JPMorgan Chase & Co.*, 439 F. Supp. 3d 256, 266 (S.D.N.Y. 2020) (rejecting the idea that "plaintiffs conceivably could continue recruiting new representatives in piecemeal fashion, long after a statute of limitations has expired, if for some reason an existing plaintiff were unable to proceed as class representative for some or all claims against some or all defendants"); *see also In re VEON Ltd. Sec. Litig.*, 2023 WL 2118079, at *2 (S.D.N.Y. Feb. 17, 2023).

### D.    Doe's Amendment Would Be Futile Because Ward's Claims Are Subject to Dismissal and the Putative Class Cannot Be Certified

Because Doe proposes to add Ward as a proposed class representative, there are two relevant futility inquiries for the Court to conduct.  First, the Court must evaluate whether Ward's

---

[4] In support of her tolling argument, Doe points to the Court's refusal to dismiss her claims on statute-of-limitations grounds, Br. at 7, but the Court's reasoning there was based on Doe's specific tolling-related allegations that Ward does not make.  ECF No. 80 at 14.

claims would withstand a motion to dismiss because "[a]n amendment is 'futile' if the proposed new claim would not withstand" such a motion. *Johnson v. Nextel Commc'ns, Inc.*, 2017 WL 4326052, at *4 (S.D.N.Y. Sept. 19, 2017). Second, because Doe has moved to amend in order to cure deficiencies with class certification, the Court must consider "whether the proposed amendments would allow Plaintiff[s] to prevail on a renewed motion for class certification." *Id.* at *4 (internal quotations removed). "If after viewing the amendment in the light most favorable to the plaintiff, the court finds the proposed class cannot be certified under Rule 23, leave to amend will be denied." *Id.* Doe's addition of Ward would be futile with respect to both inquiries.

### 1.    Ward's Claims Cannot Survive a Motion to Dismiss

Ward's claims consist of just seven short sentences regarding her alleged interactions with Epstein, none of which provides sufficient information about the alleged abuse to "nudge [Ward's] claims across the line from conceivable to plausible[.]" *Mandala v. NTT Data, Inc*., 975 F.3d 202, 214 (2d Cir. 2020). They would not withstand a motion to dismiss.

Ward's proposed TVPA claims are futile because, in addition to failing to adequately plead that Ward was a victim of sex trafficking, the PAC does not allege facts sufficient to give rise to the inference that Epstein abused Ward after 2003, when the TVPA created a non-retroactive private right of action; or 2008, when the statute was amended to create non-retroactive claims against those who knowingly benefit from sex trafficking, *see* ECF No. 30 at 21-22; or within the ten-year statute of limitations for the TVPA, *see* 18 U.S.C. § 1595(c). The only allegations Doe includes in the PAC with respect to the timing of Ward's alleged abuse are that Ward was recruited to work for Epstein in 1995 and that her "contact" with Epstein ended in 2015.[5] ECF No. 194-1

---

[5] On that score, Ward's allegations differ from Doe's claims against the Estate, which the Court allowed to proceed because Doe alleged that "at least some abuse occurred in 2014." ECF No. 80 at 14 (internal alterations omitted). On that basis, the Court concluded that "it isn't clear from the face of the complaint whether the claim is time-barred." *Id.*

¶¶ 72, 78.  But unspecified "contact" in 2015 does not plausibly allege that Epstein abused Ward after 2003 or within the TVPA's ten-year limitations period.

Ward's proposed tort claims are facially time-barred, given her allegation that she had **no** contact with Epstein (even contact of an unspecified nature) after 2015.  *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 451–52 & n.5 (S.D.N.Y. 2014); CPLR § 213-c (five-year statute of limitations for civil actions relating to certain sexual offenses).  As explained *supra*, the anemic allegations in the PAC are insufficient to establish a basis for equitable estoppel.

Moreover, Ward's claim under the Gender-Motivated Violence Protection Act could not survive.  The Court already dismissed Doe's GMVPA claims against Defendants because the provision under which the claims were brought was not enacted until 2022, and it does not apply retroactively.  ECF No. 80 at 12.

### 2.    The Putative Class Cannot Be Certified

Doe's amendment would also be futile because the putative class cannot be certified even if Ward is permitted to join as a class representative.  As explained in Defendants' opposition to class certification (ECF No. 183), the putative class does not meet the requirements of Rule 23.  Specifically, the class does not meet the numerosity, ascertainability and predominance requirements, and a class action is not the superior means of resolving putative class members' claims.  ECF No. 183 at 7-17.  Those fundamental deficiencies cannot be cured by the addition of Ward as a class representative because they exist irrespective of who represents the putative class.

Further, even Doe's attempt to preserve her anonymity through the addition of Ward as a class representative is ineffectual.  Doe argues that she should be allowed to proceed pseudonymously as a **second** class representative if the Court grants the Motion and Ward serves as a class representative publicly.  Br. at 10-11.  The law in this Circuit is clear that, when there are multiple proposed representatives of a putative class, a court must examine the adequacy of

19

*each* proposed class representative.  *See, e.g.*, *Koss v. Wackenhut Corp.*, 2009 WL 928087, at *8 (S.D.N.Y. Mar. 30, 2009).  Further, Doe does not cite a single case with analogous facts in which a court permitted a class representative to proceed pseudonymously because another class representative was publicly identified.[6]  The Court has already "disagree[d] that [Doe] can anonymously represent a certified class," and the Court's reasoning was not contingent upon Doe being the only class representative.  ECF No. 134 at 5.  The Court explained that "[c]lass members have a heightened interest in knowing who purports to represent their interests in the litigation ... because they must be able to properly evaluate the qualifications of the class representative."  *Id.* (internal quotations and alterations omitted).  Even if Ward were added as a named plaintiff, Doe would still be largely responsible for making decisions that affect the class, and putative class members "must be able to properly evaluate [her] qualifications."[7]  *Id.*; *Rapuano v. Trustees of Dartmouth Coll.*, 334 F.R.D. 637, 649 (D.N.H. 2020) ("Putative class members have an interest in knowing the identities of **all** class representatives so that they may assess whether the representatives adequately represent them and whether they wish to participate in the action" (emphasis added)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend should be denied.

---

[6] The cases that Doe cites to support her position have already been distinguished by the Court. *See* Br. at 9; ECF No. 134 at 5.

[7] Doe argues that she should be allowed to proceed pseudonymously because her desire to do so "arguably makes her a better representative of the class since so many class members would share that desire."  Br. at 10 (emphasis omitted).  She cites no support for that position, and for good reason: the law expressly distinguishes between class representatives—who have a fiduciary duty to the class—and class members, who are generally permitted to remain anonymous.  *See Ashley Madison Customer Data Sec. Breach Litig.*, 2016 WL 1366616, at *4.

Dated:      New York, New York
            November 5, 2024

                            Respectfully submitted,

                            */s/ Daniel S. Ruzumna*
                            Daniel S. Ruzumna, Esq.
                            Amy Vegari, Esq.
                            Tara J. Norris, Esq.
                            Patterson Belknap Webb & Tyler LLP
                            1133 Avenue of the Americas
                            New York, New York 10583
                            Telephone: (212) 336-2034
                            Facsimile: (212) 336-1205
                            Email: druzumna@pbwt.com
                            avegari@pbwt.com
                            tnorris@pbwt.com

                            *Counsel for Richard D. Kahn*

                            */s/ Daniel H. Weiner*
                            Daniel H. Weiner, Esq.
                            Marc A. Weinstein, Esq.
                            Hughes Hubbard & Reed LLP
                            One Battery Park Plaza
                            New York, New York 10004
                            Telephone: (212) 837-6874
                            Facsimile: (212) 299-6874
                            Email: daniel.weiner@hugheshubbard.com
                            marc.weinstein@hugheshubbard.com

                            *Counsel for Darren K. Indyke*