

www.pbwt.com

November 11, 2024

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re: *Doe 3 v. Indyke et al.*, No. 1:24-cv-01204-AS

Dear Judge Subramanian:

  Pursuant to Local Civil Rule 37.2 and Paragraph 5(D) of Your Honor's Individual Practices in Civil Cases, Defendants Darren Indyke and Richard Kahn respectfully submit this letter motion to compel Plaintiff Jane Doe 3 ("Doe") to produce all documents responsive to Defendants' Requests for the Production of Documents ("RFPs") Nos. 45 and 46, attached hereto as Exhibit A, in advance of her husband's deposition.

**I. Background**

  Defendants served RFPs 45 and 46 on Doe on September 24, 2024. These requests seek "posts, status updates, blog entries, comments, photographs, images, and videos" posted to Doe's "social media accounts, including but not limited to [her] LinkedIn, Facebook, Instagram, X/Twitter accounts" for specified time periods. *See* Ex. A at 5. RFP 45 seeks social media documents from December 1, 2013 to June 30, 2014—the period in and around the time that Doe claims Jeffrey Epstein abused her. *Id.* RFP 46 seeks the same documents from July 1, 2014 to the present, "[t]o the extent that [Doe is] seeking recovery for alleged past and future damages, including damages for physical and psychological injury, extreme emotional distress, fear, and psychological trauma[.]" In her November 8 letter to the Court, Doe confirmed she is still seeking those damages. *See* ECF No. 272.

  These requests go to the heart of Doe's claims. As to RFP 45, Doe's social media will provide critical facts about Doe's activities and state of mind during the very time period in which she alleges Epstein abused her, and will thus allow Defendants to test the truthfulness and accuracy of Doe's abuse claims. Additionally, documents responsive to RFP 46 will provide a window into Doe's emotional state continuing into the present, which Doe has directly put at issue through her claim for emotional distress damages and the testimony of her psychological expert. Nevertheless, in her Responses and Objections ("R&Os") to RFPs 45 and 46, Doe categorically refused to "search for non-privileged documents in her possession, custody, or control responsive to th[ese] Request[s]," offering only boilerplate objections as the basis for her refusal. *See* Ex. B at 7.

  Defendants explained the relevance of these requests to Doe at the parties' most recent meet-and-confers on October 29 and 30. At the October 30 conferral, Doe's counsel suggested that Doe would consider producing some subset of her social media, but did not say what that production would include. Defendants requested that any production be accompanied by an

Hon. Arun Subramanian
Page 2

amendment to Doe's R&Os, so that Defendants could ascertain what Doe had agreed to produce and what, if anything, she continues to withhold on the basis of any objection, as required by Federal Rule of Civil Procedure 34(b)(2)(C). *See* Ex. C (Email from A. Vegari to D. Crispino, 11/07/2024 at 3:30 p.m.).

On November 5, after the close of discovery, Doe produced screenshots from her Facebook profile containing images posted only from December 2013 to June 2014. She did not produce any documents from a social media account other than Facebook. The production's metadata reflects that these screenshots were taken in a period of less than twenty minutes on November 1, 2024, and many of the documents are in an unusable format.[1] Doe did not amend her R&Os or otherwise identify the documents produced and withheld, as required by Rule 34(b)(2)(C). Defendants' follow-up questions about Doe's production have gone unanswered. *See* Ex. C.

## II.   Doe Must Produce All Documents Responsive to RFPs 45 and 46

### i.   RFP 45

Although Doe has failed to identify the documents she withheld from the November 5 production, it is clear—since the production includes only certain Facebook posts and no other social media—that at least some documents responsive to RFP 45 have not been produced. But all of the documents sought by RFP 45 are relevant to this dispute. This request covers social media from the first half of 2014, the period when Doe visited with Epstein and claims he abused her. These documents go directly to whether Doe's allegations in this action are truthful and accurate. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Doe's limited and incomplete November 5 production already calls her allegations into question and underscores the relevance of Defendants' requests. For example, Doe's Facebook post ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 6. These posts, and others that likely exist but which

---

[1] Doe's production violates the ESI Stipulation entered by the Court on June 26, 2024, which requires the parties to "utilize collection methodologies that avoid overwriting or altering preexisting metadata such as file creation date or last modified date," and "meet and confer to discuss options" if native files cannot be easily produced. ECF No. 72 at 13. Doe took none of these steps, instead producing screenshots that omit crucial information; for example, some posts include a Facebook photo but exclude comments, while others show comments to a photo without the photo itself. In many cases, the posts are undated. *See e.g.*, Ex. D at 1-3.

Doe has refused to produce, are critical to mounting a defense to Doe's claims. Defendants are thus entitled to all documents responsive to RFP 45—not just the truncated Facebook posts that Doe herself selected to screenshot over a twenty-minute period. *See, e.g.*, *Reid v. Ingerman Smith LLP*, 2012 WL 6720752, at * 1 (E.D.N.Y. Dec. 27, 2012) ("[T]here is no dispute that social media information may be a source of relevant information that is discoverable.").

    ii.   <u>RFP 46</u>

Defendants' RFP 46—which requests Doe's social media posts from July 1, 2014 to the present—goes directly to Doe's claim that she continues to suffer severe emotional distress as a result of Epstein's abuse up to the present day. Doe's psychological expert, Dr. Chitra Raghavan,  These documents and testimony represent only a fraction of what Doe's social media would reveal about her emotional and mental state in the years following her alleged abuse. Because Dr. Raghavan's diagnosis and prescription ███████████████ Defendants are entitled to obtain the evidence necessary to test these claims.

"Courts have found, particularly in cases involving claims of personal injuries, that social media information may reflect a 'plaintiff's emotional or mental state, her physical condition, activity level, … and the injuries and damages claimed.'" *Reid*, 2012 WL 6720752, at * 1; *see also Bass ex rel. Bass v. Miss Porter's School*, 2009 WL 3724968, at *1 (D. Conn. Oct. 27, 2009) ("Facebook [and other social media] usage depicts a snapshot of the user's relationships and state of mind at the time of the content's posting."). Doe cannot choose to place at issue her emotional and mental state up to the present day while simultaneously depriving Defendants of the opportunity to test that claim in discovery. *See Reid*, 2012 WL 6720752, at * 1 (explaining that social media is particularly relevant when a "plaintiff puts her emotional well-being at issue").

### III. Conclusion

Defendants respectfully request that Your Honor order Doe to produce all documents responsive to Defendants' RFPs 45 and 46 in a format compliant with the parties' ESI Stipulation.

Hon. Arun Subramanian
Page 4

                                                      Respectfully submitted,

                                                      Daniel Ruzumna

cc:      All counsel of record (via ECF)