UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Doe 3, individually and on behalf of all others similarly situated,

   Plaintiff,

      v.

Darren K. Indyke and Richard D. Kahn,

   Defendants.

Case No. 1:24-cv-01204-AS

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND**

Having filed her motion days after Allyson Ward agreed to serve as a publicly named class representative, Plaintiff has established good cause to amend the complaint and add Ward as a representative. Defendants' arguments to the contrary are baseless, misstate the case's procedural history, and exaggerate the minimal burden of conducting additional discovery into Ward's claims. Defendants rejected the Court's sensible suggestion to extend deadlines to allow for amendment prior to the filing of summary judgment motions. Oct. 9, 2024 Hr'g Tr. at 26-27. They cannot now argue that the completion of fact discovery and their filing of summary judgment are grounds to deny amendment.

## I.     PLAINTIFF HAS SHOWN GOOD CAUSE TO AMEND.

Plaintiff's counsel maintains that the specific circumstances of this case warrant Plaintiff proceeding pseudonymously. Still, Plaintiff's counsel has diligently investigated the class and searched for individuals willing to speak publicly. On October 8, 2024, Ward informed counsel that she was willing to publicly represent the class. S. McCawley Decl at ¶ 3. Plaintiff's counsel immediately informed the Court of its intent to seek amendment. This establishes diligence. *Bryant v. Carlisle Carrier Corp.*, 2014 WL 712592, at *2 (E.D.N.Y. Feb. 25, 2014); *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 2002 WL 31014833 at *2 (S.D.N.Y. Sept. 10, 2002).

This case is unlike *Oliver v. American Express Company*, 2023 WL 4471937, at *4 (E.D.N.Y. July 11, 2023), where the plaintiffs waited over a year after the deadline to amend and five months after the completion of fact discovery. Plaintiff's counsel did not sit "idly by and wait" for class representatives to step forward. *Id.* Plaintiff's counsel has made "affirmative efforts to find representatives, either through investigation, independent fact finding, discovery, or similar efforts." *Id*. Indeed, it was Defendants' delay in producing documents which frustrated Plaintiff's counsel's ability to identify additional potential class members who may be willing to serve

1

publicly. S. McCawley Decl. ¶ 4. Defendants seek to congratulate themselves on the "monumental efforts" they undertook to comply with discovery deadlines without acknowledging that Plaintiff had to compel them to make meaningful productions, which did not occur until a separate Court ordered October 14 deadline. Additionally, the list of victims that Defendants assert that they have obtained releases from was not filed or otherwise provided until October 14.

Citing *Oliver*, Defendants assert that Plaintiff's counsel should have known it needed to fill a class representative "gap" sooner. But there was never a class representative "gap" in this case as the Court has stated that Jane Doe 3 can proceed pseudonymously for now and possibly for the remainder of the case. Dkt. 134. That Defendants raised the issue earlier does not establish a gap. Defendants' briefs fail to identify any binding authority supporting their efforts to force Jane Doe 3 to proceed publicly, particularly in a case like this that involves highly sensitive information about sexual assault where Plaintiff has put forth expert testimony that the disclosure will cause significant additional mental health trauma to Jane Doe 3.

Defendants also argue that it is too late to add a class representative at this stage. But in *Oliver*, the Court found that the plaintiffs could or should have known of issues with the existing representative six months before they moved to amend. 2023 WL 4471937, at *6. Here, Plaintiff's counsel notified the Court of its intent to seek amendment immediately after Ward decided she was willing, and before the Court ruled on any other motion it indicated could threaten Plaintiff's anonymity or ability to serve as a class representative.

This case is also not like *Osakan v. Apple American Group*, 2010 WL 1838701, at *4 (N.D. Cal. May 5, 2010), where the court found that the plaintiff failed to act diligently by waiting over half a year after serving his discovery requests to take action. Here, Plaintiff vigorously fought for the documents that would allow counsel to identify additional putative class members as soon as

2

possible before and after the stay on discovery was lifted. Plaintiff moved to compel expeditiously, despite Defendants claiming for weeks that they were crafting terms and conducting searches that would resolve the parties' disputes without the need for Court intervention. *See* Dkt. 126. Ultimately, the Court was required to hold weekly discovery conferences until Defendants finally produced over 150,000 documents in the last weeks of discovery.

## II. ANY PREJUDICE TO DEFENDANTS IS INSIGNIFICANT.

Defendants exaggerate any prejudice or burden they will suffer from adding Ward. None of Plaintiff's depositions would have to be repeated and any additional documents specific to Ward should be minimal given the breadth of the Court's prior orders requiring them to produce documents concerning payments to women, especially for massages. If added as a named representative, Ward will fulfill her discovery obligations expeditiously. Defendants also exaggerate the prejudice they will face due to having already briefed class certification and filed their summary judgment motion. *Id.* 15–16. Any issues with the pending motions could be addressed by supplemental briefs focused on issues specific to Ward.

Defendants' contention that they will be prejudiced because of the time and resources they have expended falls flat. As the Second Circuit recognized in *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993), when defendants are only prejudiced because of the time, effort, and money they spend litigating the matter, this does not even amount to "lesser prejudice" that may be enough to justify denying amendment when there is a substantial delay. Moreover, Defendants ignore Plaintiff's cases that show the need for additional discovery is not sufficiently prejudicial to warrant denial of a motion to amend. *See* Dkt. 194 at 6. The Court should not effectively prevent this class from proceeding (and force a waste of judicial resources) by forbidding Ward from telling her story and stepping forward on behalf of the class.

3

### III.   DENIAL OF PLAINTIFF'S MOTION WOULD BE INEFFICIENT.

If Ward files a new lawsuit, she will have the same arguments for tolling of the statute of limitations as Jane Doe 3 has in this case. This is not a case like *China Agritech v. Michael H. Resh*, 584 U.S. 732, 735–36 (2018), where the class members did not have independent tolling arguments. Ward would not need to rely on any tolling of the class claims in this case to bring a new case; she has her own actionable claims. Ward's allegations confirm that she was in contact with Epstein until at least 2015. This allegation is bolstered by other allegations in the existing Complaint, Dkt. 1, that Epstein and his associates engaged in deception, concealment, manipulation, and intimidation, including threats of violence, to keep Epstein's victims from bringing claims against them. *Id.* at ¶¶ 11, 12, 40, 53, 54. Such allegations give rise to tolling claims. *Jane W. v. Thomas*, 354 F. Supp. 3d 630, 635 (E.D. Pa. 2018) ("justifiable fear of violent reprisal" by defendants or their allies can toll the limitations period).[1]

If Ward files a new case, she will present these same facts in support of equitable tolling, which the Court noted in its motion to dismiss opinion were "inherently fact-bound and rarely fit for a motion to dismiss." Dkt. 38 at 14. Moreover, the discovery burdens that Defendants assert are mitigated by the fact that Ward has actionable claims. *See Topps Co.*, 2002 WL 31014833, at *2. Because Ward will file a new suit if this class cannot go forward, granting the motion is warranted to promote judicial economy. *See Danaher Corp. v. Travelers Indem. Co.*, 2013 WL 150027, at *4 (S.D.N.Y. Jan. 10, 2013) (requiring the plaintiff to file a new case against additional defendants was not a "rational way to proceed").

---

[1] The fact that Ward was a victim of sex-trafficking and sex abuse alone can also justify tolling. *See Doe v. United States*, 76 F.4th 64, 72 (2d Cir. 2023) ("[T]he psychological impact of long-term or extreme sexual abuse can constitute an extraordinary circumstance that prevents a victim from coming forward even for some time after the abuse has ceased.").

4

## IV.  WARD'S CLAIMS ARE NOT FUTILE.

Futility is not a concern here. The Court already found that the allegations in the Complaint were sufficient to establish Plaintiff's state tort and TVPA claims. Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 323 (2d Cir. 2011); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Ward's allegations include that she was employed by Epstein under the guise that she would be a massage therapist for him when, in reality, he sexually abused and manipulated her for many years. This case is not like *Johnson v. Nextel Commc'ns, Inc.*, 2017 WL 4326052, at *3 (S.D.N.Y. Sept. 19, 2017), *aff'd in part, vacated in part, remanded*, 763 F. App'x 53 (2d Cir. 2019), where the second proposed amendment failed to correct allegations that were previously found insufficient. Ward raises the same claims that survived motion to dismiss earlier.

Defendants' arguments concerning Rule 23 are meritless for the reasons set forth in Plaintiff's class brief. The Court should reject Defendants' futility argument based on Plaintiff's pseudonymity.[2] Moreover, the addition of Ward addresses the Court's concern with the class proceeding with a sole pseudonymous representative. *See* Dkt. 194 at 15–16. As there is no binding authority that prevents classes from proceeding with one sole pseudonymous representative, the addition of a second public representative cures any potential defects and should be permitted given the unique sensitivities of this case.

---

[2] The Court previously recognized that in "rare circumstances, a class representative's interest in anonymity could be strong enough to override the class members' heightened interest in disclosure, even if the suit raises issues of fact." Dkt. 134 at 5 (citing *Does I thru XXII v. Adv. Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000)); *see also Roes v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015). Plaintiff maintains that the consequences she would face— fear for her personal safety, impact to her career and family life, harassment, unwanted media attention, and the certainty that disclosure will affect her mental health—justify preserving her anonymity. *See Doe v. Zeumer*, 2024 WL 1586032, at *1 (S.D.N.Y. Mar. 6, 2024) (protecting plaintiff's pseudonymity where there was a risk of her being "brutally attacked online and verbally in-person for speaking out publicly").

5

Respectfully submitted,

*/s/ Sigrid McCawley*
David Boies
Andrew Villacastin
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley
Daniel Crispino
Megan Nyman
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com
Email: mnyman@bsfllp.com