Patterson Belknap

www.pbwt.com

November 18, 2024

Daniel Ruzumna
Partner
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Per Street, Courtroom 15A
New York, NY 10007

      Re: <u>*Doe 3 v. Indyke et al.*, No. 1:24-cv-01204-AS</u>

Dear Judge Subramanian:

  Defendants Darren Indyke and Richard Kahn respectfully move for ***partial*** reconsideration of the Court's November 13 Order denying their motion to compel Plaintiff Jane Doe 3 to produce certain social media documents. ECF No. 279. Specifically, Defendants seek reconsideration of only that portion of the Court's order denying their request that Doe re-produce the documents from her November 5, 2024 production in a manner compliant with the ESI Stipulation and Order entered by the Court on June 26, 2024 (the "ESI Order"). ECF No. 72.[1] Defendants brought this issue to the Court's attention as soon as reasonably possible, and Doe should not be permitted to make a non-compliant eleventh-hour production at the close of discovery and evade Court-ordered production requirements and her continuing discovery obligations based on timeliness grounds. Reconsideration on this limited issue is appropriate because Defendants did not have "multiple opportunities to raise this issue" at an earlier date, as the Court assumed in its November 13 Order. *See Glory Wealth Shipping Serv. Ltd. v. Five Ocean Corp.*, 571 F. Supp. 2d 542, 544 (S.D.N.Y. 2008) (reconsideration proper where court overlooks "factual matters … that might reasonably be expected to alter the conclusion reached by the court").

  **A.** <u>**Defendants Promptly Filed Their Letter-Motion After Receiving Doe's Non-Compliant Production on November 5**</u>

  In her responses and objections ("R&Os") served on October 24, 2024, Doe refused to produce any documents responsive to Defendants' RFP 45, which seeks Doe's social media "posts, status updates, blog entries, comments, photographs, images and videos" from December 1, 2013 to June 30, 2014. After the parties met and conferred on this issue on October 29 and 30, Doe indicated that she might be willing to produce some documents responsive to RFP 45, but did not specify what that production would entail or what, if any, documents she intended to withhold. Defendants' counsel followed up with Doe by email on November 1 and 3, and indicated that they would "promptly raise this issue with the Court" if Doe did not clarify her position. *See* Correspondence between A. Vegari and D. Crispino, ECF No. 276-3 at 3-5. On November 5, Doe's counsel informed Defendants that they "intend[ed] to make a production tonight of

---

[1] Defendants do not seek reconsideration of the Court's order in connection with RFP 46, which sought a longer period of social media postings.

Hon. Arun Subramanian
November 18, 2024
Page 2

documents responsive to your request," but again failed to provide any additional information about the nature and scope of Doe's production.

Doe's counsel produced documents responsive to RFP 45 at 11:45 p.m. on November 5. Upon reviewing the production in detail on November 6, Defendants discovered numerous deficiencies in Doe's production that violate the ESI Order. That Order requires the parties to "retain native format copies, including associated metadata, of all documents produced in this litigation," to "utilize collection methodologies that avoid overwriting or altering preexisting metadata such as file creation date or last modified date," and to "meet and confer to discuss options" where native files cannot be easily produced. ECF No. 72 at 6, 13. Doe took none of those required steps, and instead produced Facebook screenshots in non-native format that omit crucial information. For example, some of the posts produced by Doe include a Facebook photo but without the comments visible, while others include a screenshot of comments to a photo but without the photo visible. *See* ECF No. 275-4 at 1-3. In many cases, too, there is no date associated with the posts and comments, rendering it impossible for Defendants to understand the context surrounding the photo and/or the comments at issue. *See id.* The only metadata available for the documents shows that they were collected over a period of less than twenty minutes on November 1, 2024.

In accordance with Your Honor's Individual Rule 5(B), Defendants sought to confer with Doe in good faith on this issue before seeking the Court's intervention. On November 7, Defendants' counsel followed up by email to inform Doe's counsel that the November 5 production violated the ESI Order. Counsel explained that Doe's production "appear[ed] to be screenshots taken by Plaintiff herself, and certain documents appear[ed] to be cutoff (for example, because comments are not visible), in violation of the ESI protocol." ECF No. 276-3. Counsel asked that Doe clarify by November 8 how she collected documents and why they were produced in a non-compliant format. *See id.* Doe's counsel did not respond on November 8, nor have they ever provided the information requested in Defendants' November 7 email. Accordingly, Defendants promptly filed their letter-motion on November 11, 2024—one business day after Doe failed to respond to Defendants' follow-up email.

### B. Defendants' Letter-Motion Was Timely in Light of Doe's Belated Production and Unwillingness to Meet and Confer

In denying Defendants' request, the Court concluded that Defendants "had multiple opportunities to raise this issue" before filing their letter-motion on November 11. ECF No. 279 at 4. But, as explained above, Defendants in fact raised the issue of Doe's non-compliance with the ESI Order only ***one business day*** after their efforts to resolve this dispute with Doe failed. Courts routinely find that motions to compel are not untimely where, as here, the movant's request relates to a production made on or shortly before the close of discovery and the movant raised the issue with the Court promptly thereafter. *See, e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 3441047, at *2 (S.D.N.Y. June 23, 2020) (motion to compel not untimely, "even though it was filed after the … deadline," in view of the opposing party's "late production" and the movant's "prompt action" in seeking to compel thereafter); *Armenian Assembly of Am., Inc. v. Cafesjian*, 692 F. Supp. 2d 20, 56 (D.D.C. 2010) (motion to compel not untimely, even though it was filed "ten days after the close of discovery," where movants did not receive production until "the day before discovery closed, and therefore they were not able to

Hon. Arun Subramanian
November 18, 2024
Page 3

asses" the adequacy of the party's production "until after the discovery deadline"). That is particularly true where, as here, Defendants' brief delay in moving to compel resulted from their good-faith efforts to resolve the issue without involving the court. *See, e.g.*, *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 254-55 (N.D.W. Va. 2013) (motion to compel not untimely where party produced deficient discovery responses "on the last possible day before [the] deadline to file a motion to compel," and the movant "continued to attempt to resolve the issue informally before requesting court intervention … which is exactly what the Rules require"); *Blackboard, Inc. v. Desire2Learn, Inc.*, 2007 WL 3389968, at *3 (E.D. Tex. Nov. 14, 2007) (same where the movant's "commendable attempt to reach an agreement" on discovery dispute without involving the court "seem[ed] to be the only reason this motion [to compel] was not filed before" the deadline).

Further, the Federal Rules "impose[] a continuing obligation on a party to supplement its discovery responses" upon learning "that in some material respect [its prior] disclosure or response is incomplete or incorrect." *Trilegiant Corp. v. Sitel Corp.*, 2012 WL 1883343, at *4 (S.D.N.Y. May 22, 2012). This "duty to supplement continues even after the discovery period has closed." *Ferring Pharms. Inc. v. Serenity Pharms., LLC*, 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019). Thus, even though the discovery deadline has now passed, that does not relieve Doe of her obligation to correct her November 5 production to comply with the Court's ESI Order. If the law were otherwise, parties could routinely avoid their discovery obligations by simply waiting for the clock to run out on the discovery period, then making a deficient, non-compliant production just before the discovery deadline expired. In the interest of fairness to Defendants, the Court should not allow such gamesmanship here. *See, e.g.*, *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 500 (C.D. Cal. 2003) (motion to compel not untimely where movant did not learn that opposing party had failed to sufficiently "produce the requested and promised documents until it was too late to file a timely discovery motion," and emphasizing that "the interest of the court in the efficient management of its caseload by the enforcement of the discovery cutoff should yield to the court's overriding interest in fairness and equity").

Last, requiring Doe to re-produce her November 5 production in a compliant format would not result in any prejudice to her. Defendants seek only Doe's social media from Facebook over a discrete six-month period. Doe herself was able to collect these documents, albeit in a non-compliant format, in less than twenty minutes. Requiring that she re-produce those documents in a compliant format—which could be easily accomplished by Doe's counsel in coordination with a discovery vendor—would cause minimal burden. *See Asante-Addae v. Sodexo, Inc.*, 2014 WL 2013443, at *4 (D. Conn. May 16, 2014) ("[G]ranting the [] motion to compel disclosure of a discrete amount of information readily available to the [opposing party] would neither overburden or prejudice the [party] nor unduly delay the resolution of the case.").

For these reasons, Defendants respectfully request that the Court partially reconsider its November 13 Order and require Doe to re-produce her November 5 production in a format that complies with the Court's ESI Order.

Hon. Arun Subramanian
November 18, 2024
Page 4

                                                            Respectfully submitted,

                                                            Daniel S. Ruzumna

cc:      All counsel of record (via ECF)