**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 3, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Civil Action No. 1:24-cv-01204 (AS) |
| v. | |
| DARREN K. INDYKE and RICHARD D. KAHN, | ORAL ARGUMENT REQUESTED |
| *Defendants*. | |
| JANE DOE 3, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:24-cv-02192 (AS) |
| DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN, | (*consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes*) |
| *Defendants*. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION TO EXCLUDE THE PROPOSED**
**TESTIMONY OF PLAINTIFF'S EXPERT JANE KHODARKOVSKY**

HUGHES HUBBARD & REED LLP
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com
fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel S. Ruzumna, Esq.
Amy N. Vegari, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
druzumna@pbwt.com
avegari@pbwt.com
tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ........................................................................................................2

LEGAL STANDARD...................................................................................................5

ARGUMENT..............................................................................................................6

    I.      MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED
           BECAUSE THEY USURP THE ROLE OF THE COURT. ...................................6

    II.     MS. KHODARKOVSKY'S OPINIONS REGARDING FINANCIAL
           REGULATIONS SHOULD BE EXCLUDED BECAUSE THEY WILL
           NOT BE HELPFUL TO THE JURY..................................................................8

    III.    MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED
           BECAUSE THEY USURP THE ROLE OF THE JURY.......................................8

    IV.    MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED
           BECAUSE THEY ARE UNRELIABLE AND WOULD BE UNDULY
           PREJUDICIAL. ...........................................................................................14

        A.    Ms. Khodarkovsky' Opinions are Unreliable Because They are
              Based on Her Subjective Beliefs and Speculation...........................................14

        B.    Ms. Khodarkovsky's Opinions are Unreliable Because Her
              Methodology for Selecting Documents to Review was
              Unsound. ...................................................................................................16

    V.     MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED
           BECAUSE THEY ARE MORE PREJUDICIAL THAN PROBATIVE. .............18

CONCLUSION...........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Recs. LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409 (S.D.N.Y. 2009) .............................12

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) ......................................................................................................................................7

*Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.*, 257 F. Supp. 2d 751 (S.D.N.Y. 2003) .........................................................................................................12

*Celebrity Cruises Inc. v. Essef Corp.¸* 434 F. Supp. 2d 169 (S.D.N.Y. 2006) ...............................5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ...................................1, 5, 6

*Doe I v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023) .....................10

*E.E.O.C. v. Bloomberg L.P.*, No. 07 Civ. 8383, 2010 WL 3466370 (S.D.N.Y. Aug. 31, 2010) ...........................................................................................................17

*Faulkner v. Arista Records LLC*, 46 F. Supp. 3d 365 (S.D.N.Y. 2014) .......................................18

*In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164 (S.D.N.Y. 2009) ...................................14

*Highland Cap. Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005) ................ *passim*

*Hygh v. Jacobs,* 961 F.2d 359 (2d Cir. 1992) ................................................................................7

*In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61 (S.D.N.Y. 2001) ...............................11

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) .........................................12

*Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. 2013) ...................................................13

*Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2005) .....................................................5, 6, 10

*Noel v. City of N.Y.*, No. 15 CV 5236-LTS, 2023 WL 3170430 (S.D.N.Y. Apr. 28, 2023) ......................................................................................................................13

*R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244 (S.D.N.Y. 2010) ......................................................18

*In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) ...........................13, 14, 16

*Sec. & Exch. Comm'n v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013) ...............................5, 7, 9

*Seward v. Antonini*, No. 20-CV-9251, 2023 WL 6387180 (S.D.N.Y. Sept. 29, 2023) ........................................................................................................6

*In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570, 2023 WL 3116763 (S.D.N.Y. Apr. 27, 2023) ...........................................................................11, 12

*In re Terrorist Attacks of Sept. 11, 2001*, No. 03-MD-01570, 2023 WL 2366854 (S.D.N.Y. Mar. 6, 2023) ...............................................................................13

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3, AFL-CIO*, 313 F. Supp. 2d 213 (S.D.N.Y. 2004) ...........................................................16

*United States v. Articles of Banned Hazardous Substances Consisting of an Undetermined No. of Cans of Rainbow Foam Paint*, 34 F.3d 91 (2d Cir. 1994) ....................5

*United States v. Avenatti*, No. 19-CR-374, 2022 WL 103298 (S.D.N.Y. Jan. 11, 2022) ........................................................................................................7

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) ................................................5

*United States v. Dukagjini*, 326 F.3d 45 (2d Cir. 2003) ...............................................11

*United States v. Kurland*, No. 20-CR-306, 2022 WL 2669897 (E.D.N.Y. July 11, 2022) ........................................................................................................7

*United States v. Modica*, 663 F.2d 1173 (2d Cir. 1981) ..............................................13

## Statutes and Rules

18 U.S.C. § 1591(a)(2) ...................................................................................................10

Anti-Money Laundering Act of 2021 ..........................................................................3, 8

Bank Secrecy Act of 1970 ................................................................................................3

Federal Rule of Evidence 403 ......................................................................................6, 18

Federal Rules of Evidence 702 .............................................................................. *passim*

Defendants Darren Indyke and Richard Kahn submit this memorandum of law in support of their motion to exclude the proposed testimony of Plaintiff Jane Doe 3's expert Jane Khodarkovsky under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and pursuant to Federal Rules of Evidence 702 and 403.

## PRELIMINARY STATEMENT

Plaintiff's purported rebuttal expert, Jane Khodarkovsky, is a former prosecutor of human and sex-trafficking crimes with no expert experience that would assist a lay jury in understanding the evidence or determining a fact at issue in this trial.  Plaintiff proposes to have Ms. Khodarkovsky marshal selected facts from discovery and opine that, in her experience as an investigating prosecutor, ███████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ █████████████████████

Ms. Khodarkovsky's opinions would also usurp the roles of both the Court and the jury at trial.  Her opinion is replete with explanations and analyses of statutes, regulations, and governmental guidance related to trafficking cases, including the specific statute at issue in this case—the Trafficking Victims Protection Act (the "TVPA")—as well as statutes that have no relevance to this case. ██████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████ But only the Court, not Ms. Khodarkovsky, can instruct the jury on the law.

After providing her views on the legal framework to investigate and prosecute sex-trafficking crimes, Ms. Khodarkovsky offers her conclusions that ████████████████████

██████████████████████████████████████████████████.  Based on her

"experience" as a prosecutor, Ms. Khodarkovsky opines that ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████     Ms. Khodarkovsky's investigative experience provides no

expert insight into the state of mind or knowledge of Defendants in this case.  Nor could it, since

it is the province of the *jury*—not a former prosecutor—to determine for Plaintiff's TVPA claims

whether Defendants knew or recklessly disregarded that Epstein was causing victims to engage in

commercial sex acts through force, fraud, or coercion.

The Court should exclude Ms. Khodarkovsky's opinions in their entirety.

## BACKGROUND

On October 14, 2024, Defendants submitted the expert report[1] of Gail E. Cohen, a trusts

and estates attorney and advisor to high-net-worth individuals with nearly 40 years of experience.

Ms. Cohen opined that the corporate entities created for a single purpose are not, by definition,

"entities with no legitimate purpose" or "sham" entities (Compl. ¶¶ 7, 152, 169)—rather, they can

"serve the very real purposes of limiting their owner's potential financial liability, reducing the

substantial costs of household administration, saving estate probate fees, limiting local estate taxes

and keeping track of expenses and income."  (Weiner Decl. Ex. 1 (Cohen Report) ¶ 8.)  Ms.

Cohen's report offered no opinion on the actual business or operations of any of Epstein's single-

purpose corporate entities, nor whether either Defendant knew or should have known of Epstein's

wrongdoing.

On October 26, 2024, Plaintiff served Ms. Khodarkovsky's report, consisting of 26 single-

spaced pages, under the guise of a "rebuttal" report.  (Weiner Decl. Ex. 3 (Khodarkovsky Report).)

---

[1] The Court's Scheduling Order required Plaintiff to submit her expert reports by September 30, 2024, and Defendants to submit their expert reports by October 14, 2024.  (ECF No. 74.)

Ms. Khodarkovsky, a former state and federal prosecutor, purports to be a "subject matter expert on combating illicit finance, human trafficking and child exploitation." (*See id.* ¶ 6.) Throughout her report Ms. Khodarkovsky refers to various federal criminal trafficking cases, including the facts and methods of investigation for such cases. (*See, e.g.*, *id.* ¶¶ 13-16, 22-24, 51.) ███

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████

     █████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

███████████████████████████████████████████████

███████

    █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██

    Ms. Khodarkovsky's report concludes by proffering, among others, the following opinions:

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████    (*See id.* ¶¶ 30, 80-81.)

## LEGAL STANDARD

Under Federal Rule of Evidence 702, expert testimony is admissible only if (1) the expert is qualified; (2) the testimony is reliable; and (3) the testimony is relevant.  *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 588-95 (1993).  Rule 702 therefore requires courts to act as gatekeepers, ensuring that expert testimony "both rests on a reliable foundation and is relevant to the task at hand."  *Daubert¸* 509 U.S. at 597.  In determining whether an expert's testimony is relevant, courts consider whether such testimony will "assist the trier of fact."  *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005).

Expert testimony fails to satisfy Rule 702 where it "present[s] testimony in the form of legal conclusions."  *United States v. Articles of Banned Hazardous Substances Consisting of an Undetermined No. of Cans of Rainbow Foam Paint*, 34 F.3d 91, 96 (2d Cir. 1994); *see also United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts.").[2]  Nor may "[e]xpert testimony . . . usurp the province of the judge to instruct on the law."  *Sec. & Exch. Comm'n v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) (citations omitted).  "[E]xpert testimony that usurps either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it by definition does not aid the jury in making a decision."  *Nimely*, 414 F.3d at 397 (citation omitted) (cleaned up).

Even if expert testimony is otherwise admissible under Rule 702, it may still be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues," or "misleading the jury."  Fed. R. Evid.

---

[2] *See also Celebrity Cruises Inc. v. Essef Corp.¸* 434 F. Supp. 2d 169, 191 (S.D.N.Y. 2006) ("Expert testimony that merely states a legal conclusion must be excluded.") (collecting cases).

403. Rule 403 is "uniquely important . . . in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Nimely*¸ 414 F.3d at 397. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it," so the Court "in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595 (internal quotation omitted).

## ARGUMENT

### I.    MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY USURP THE ROLE OF THE COURT.

The Court should exclude those aspects of the Khodarkovsky Report in which Ms. Khodarkovsky recites, interprets or analyses the law, and her opinions on Mr. Indyke's ethical obligations and fiduciary duties as a lawyer. (*See* Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 32–40, 42–52, 65.) Courts are clear that, even if an expert is qualified to opine on a legal issue, it does not render her "qualified to compete with the judge in the function of instructing the jury on the law." *Seward v. Antonini*, No. 20-CV-9251, 2023 WL 6387180, at *21 (S.D.N.Y. Sept. 29, 2023) (alterations accepted and citation omitted).

The Khodarkovsky Report devotes several pages to defining and explaining the legal framework for prosecuting human trafficking in the United States, including ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ (Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 32-34; *see also id.* ¶¶ 36-38, 42, 44-47, 48-52.) Instructing the jury on the law as it pertains to Plaintiff's claims is strictly the role of the Court; Ms. Khodarkovsky improperly attempts to usurp that role. *Hygh v. Jacobs,* 961 F.2d 359, 364 (2d Cir. 1992) (an expert may not "communicat[e] a legal standard—explicit or implicit—to the jury");

*Sec. & Exch. Comm'n v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) (an expert may not "usurp the province of the judge to instruct on the law"); *Highland Cap. Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (an expert witness may not "instruct the jury as to applicable principles of law").

Beyond interpreting federal statutes and regulations, Ms. Khodarkovsky also baldly opines that ████████████████████████████████████████████████████ ████████████████████████████████████ (Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶ 65.)  Putting aside that Ms. Khodarkovsky does not purport to be an expert in legal ethics or fiduciary duties applicable to an individual's personal attorney, nor identifies the relevant ethics rules or fiduciary duties she believes to be implicated, "courts within this circuit have routinely precluded expert testimony that purports to interpret a state's legal ethics rules."  *United States v. Kurland*, No. 20-CR-306, 2022 WL 2669897, at *14 (E.D.N.Y. July 11, 2022); *see also, e.g.*, *United States v. Avenatti*, No. 19-CR-374, 2022 WL 103298, at *2 (S.D.N.Y. Jan. 11, 2022) ("To the extent that legal ethics rules generally or California's rules of professional conduct specifically are relevant to the jury's consideration of the charges against Defendant in this case, the proper course is for the Court to give appropriate instructions to the jury, not for an expert to testify."); *cf. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (declining to consider declaration of legal-ethics expert given "longstanding rule that expert testimony on issues of domestic law is not to be considered").

## II.    MS. KHODARKOVSKY'S OPINIONS REGARDING FINANCIAL REGULATIONS SHOULD BE EXCLUDED BECAUSE THEY WILL NOT BE HELPFUL TO THE JURY.

Ms. Khodarkovsky's statements regarding the Bank Secrecy Act of 1970 ("BSA"), the Anti-Money Laundering Act ("AML Act") and other regulations governing financial institutions should also be excluded because they will not be helpful to the jury.  (*See* Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 44–46, 50–52.)  The AML Act was not enacted until 2021—well after Epstein's death—so it has no relevance to this litigation.   Similarly, as Ms. Khodarkovsky conceded at her deposition (Weiner Decl. Ex. 2 (Khodarkovsky Tr.) at 327:5-328:21), ██████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████  Ms. Khodarkovsky's opinions about irrelevant statutes will not help the jury with any of its determinations.  *See* Fed. R. Evid. 702 (an expert's testimony is impermissible unless it is more likely than not that it "will help the trier of fact to understand the evidence or to determine a fact in issue"); *Highland Cap.,* 379 F. Supp. 2d at 468 ("[A]s with all testimony, the expert's testimony must actually be relevant to an issue in the case."). Ms. Khodarkovsky's lengthy recitation of the regulatory requirements imposed on banks (which do not apply to Defendants) are much more likely to confuse the jury regarding the appropriate legal standard than to assist them in discharging their factfinding duties.

## III.    MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY USURP THE ROLE OF THE JURY.

Ms. Khodarkovsky's proposed testimony is replete with legal conclusions based on her own judgment in applying the law to the facts.  (*See* Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 30(B)–(E), 31, 53–79, 80(B)–(E).)[3]  Throughout her report and in her deposition testimony, Ms.

---

[3] Ms. Khodarkovsky's opinion at paragraphs 30(C) and 80(C) should be excluded for the additional reason that, as she admitted at her deposition, ████████████████████████████████ ████████████████████████████  (Weiner Decl. Ex. 2 (Khodarkovsky Tr.) at 72:3–16.)

Khodarkovsky improperly opines on the ultimate legal issues in this case, including the "reasonableness" of Defendants' actions, what they knew or should have known, and even their credibility—determinations that are solely within the province of the jury. *See, e.g., Tourre*, 950 F. Supp. 2d at 678 (finding that an expert report "invade[d] the province of the jury" when it opined that one party "should have known" a fact relating to the underlying claim against the defendant). For example, Ms. Khodarkovsky opines that:





Ms. Khodarkovsky's legal conclusions and factual judgments "undertake[ ] to tell the jury what result to reach," *Nimely*, 414 F.3d at 397, and are therefore inadmissible. To find Defendants liable for violating the TVPA, the jury must conclude that Defendants knew, or recklessly disregarded, that Epstein was causing victims to engage in commercial sex acts by "force, fraud, or coercion." 18 U.S.C. § 1591(a)(2); *see, e.g.*, *Doe I v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 405 (S.D.N.Y. 2023) ("[T]he defendant must have known (or recklessly disregarded) that force, fraud, or coercion would be used in the sex-trafficking venture.").

Ms. Khodarkovsky tries to do the jury's work for it, opining repeatedly on what it was "reasonable" for Defendants to have known or done. For example, Ms. Khodarkovsky concludes that ████████████████████████████████████████████████████████ ████████████████████████████████████████████ (Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶ 31.) But those opinions about Defendants' purported knowledge are legal conclusions that improperly instruct the jury as to what result to reach on a critical element of Plaintiff's TVPA claim—an issue directly within the jury's province. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570, 2023 WL 3116763, at *10 (S.D.N.Y. Apr. 27, 2023) (explaining that legal conclusions "rather than add[] helpful context or analysis[,] . . . usurp the

jury's function to apply the law to the facts") (cleaned up); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) ("The rule prohibiting experts from providing their legal opinions is so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle.") (quotation marks and citation omitted).

In addition to usurping the role of the jury, a substantial portion of Ms. Khodarkovsky's report is devoted to "rehashing . . . evidence about which [she] has no personal knowledge." *Highland Cap.*, 379 F. Supp. 2d at 468. Much of Ms. Khodarkovsky's report—including two sections titled ███████████████████████████████████████████ ████████████████████████████████████████████████████—simply summarizes a selection of the evidence, ████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████, and then interprets that evidence to reach her own conclusions about what Defendants knew or reasonably should have known. (Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 53-78.) That is not permissible expert testimony for multiple reasons.

First, Ms. Khodarkovsky's regurgitation of eleven full paragraphs of the DFS Consent Order (*id.* ¶¶ 53-54, 78) is contrary to Second Circuit precedent that "an expert witness may [only] rely on hearsay evidence *while reliably applying expertise to that hearsay evidence*." *United States v. Dukagjini*, 326 F.3d 45, 58 (2d Cir. 2003) (emphasis added); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 3116763 at *7 ("Relying on hearsay and regurgitating hearsay are two different things.") (cleaned up). The DFS Consent Order is unquestionably hearsay when offered for its truth, as it is in Ms. Khodarkovsky's report: that is, for the truth of the content of the Consent Order (which was the result of negotiations between DFS and Deutsche Bank in which no party to

this litigation participated).  *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976) ("This is a consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues.  Consequently, it cannot be used as evidence in subsequent litigation between that corporation and another party."); *cf. Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.*, 257 F. Supp. 2d 751, 762 (S.D.N.Y. 2003) (concluding that Consent Order was not hearsay *because* it was "offered not for its truth but for its effect on Defendants' state of mind").  Experts may not "merely repeat information they have read or heard," *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 3116763, at *7, but rather, they must "form [their] own opinions by applying [their] extensive experience and a reliable methodology to the inadmissible materials," *Arista Recs. LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 425 (S.D.N.Y. 2009).  Ms. Khodarkovsky's entire analysis of the Consent Order is contained in her conclusory assertion that ███████████████████████████████████████████████

███████████████████ (Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶ 53; *see also* Weiner Decl. Ex. 2 (Khodarkovsky Tr.) at 271:9–17 ████████████████████████████████████

█████████████████████████████████) She offers no explanation as to how she applied her experience or methodology to reach that conclusion, or to determine that the DFS Consent Order accurately represents facts.  Ms. Khodarkovsky's statements are nothing more than an improper "conduit for introducing hearsay"; accordingly, her opinions based on the DFS Consent Order must be excluded.  *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013).

Second, an expert who presents a "one-sided narrative of the evidence in th[e] case, which embodies the perspective of Plaintiff's attorneys . . . . improperly assumes the role of the jury . . . and also the role of counsel in constructing legal argument that proffers a particular interpretation of the evidence."  *Noel v. City of N.Y.*, No. 15 CV 5236-LTS, 2023 WL 3170430, at *4, *5

12

(S.D.N.Y. Apr. 28, 2023); *see also In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) (where an expert does "no more than counsel for plaintiff will do in argument, *i.e.*, propound a particular interpretation of [defendant's conduct]," that expert's testimony is inadmissible). That is particularly true here, where Plaintiff seeks to leverage Ms. Khodarkovsky's former position as a federal prosecutor to lend her case a veneer of additional authority. But just as government prosecutors are barred from "vouch[ing]" to a jury, *United States v. Modica*, 663 F.2d 1173, 1179 (2d Cir. 1981), so too are they barred from transforming their prosecutorial experience into "expertise" and turning a closing statement into "expert testimony." If Plaintiff wants the benefit of Ms. Khodarkovsky's experience in prosecuting her claims, she is free to hire her as a lawyer to assist her legal team in this proceeding. But the Federal Rules do not countenance shadow-litigating under the guise of expert testimony.

Ms. Khodarkovsky's "marshalling" of the evidence in the case improperly addresses "lay matters which a jury is capable of understanding and deciding without the expert's help." *Highland Cap.,* 379 F. Supp. 2d at 469*; see also In re Terrorist Attacks of Sept. 11, 2001*, No. 03-MD-01570, 2023 WL 2366854, at *6 (S.D.N.Y. Mar. 6, 2023) (excluding expert testimony where the report consisted largely of quotes from declassified CIA documents, deposition transcripts, and other documentary evidence, as "a juror could just as easily understand the evidence by reading a passage from the original CIA documents"); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (precluding expert from "merely read[ing], selectively quot[ing] from, or 'regurgitat[ing]' the evidence").) The jury is just as capable as Ms. Khodarkovsky of reading and understanding the documents and testimony she summarizes—and only the jury is capable of making the determinations that Ms. Khodarkovsky urges the jury to reach based on her own interpretation of the evidence.

## IV.    MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE UNRELIABLE AND WOULD BE UNDULY PREJUDICIAL.

Ms. Khodarkovsky's proposed testimony is inadmissible in its entirety for the additional reason that her opinions are unreliable.

### A.    Ms. Khodarkovsky' Opinions are Unreliable Because They are Based on Her Subjective Beliefs and Speculation.

A "core requirement of Rule 702" is that "expert testimony rest on 'knowledge,' a term that connotes more than subjective belief or unsupported speculation." *In re Rezulin*, 309 F. Supp. 2d at 543 (internal quotation omitted).  Throughout her report and deposition testimony, Ms. Khodarkovsky invokes her experience as a prosecutor as the basis for the legal and factual conclusions she reaches.  (*See, e.g.*, Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 27, 31, 59, 68, 69-72, 80; Weiner Decl. Ex. 2 (Khodarkovsky Tr.) at 89:10-90:5, 90:18-22, 101:10-18, 137:7-20, 138:11-23, 178:22-179:8, 224:2-11, 351:14-352:9, 361:12-18, 375:14-24, 388:9-19, 394:3-10.) But where an expert bases an opinion solely on experience, she "must do more than aver conclusorily that [her] experience led to [her] opinion." *Highland Cap.*, 379 F. Supp. 2d at 473 n.2 (excluding expert testimony based on expert's "experience as an Assistant United States Attorney" on the ground that "this fact alone does not make his opinion reliable").

Rather than present a reliable basis for her conclusions, Ms. Khodarkovsky's vague references to her "experience" makes clear that her opinions lack any such basis.  For example, Ms. Khodarkovsky relies solely on her "experience" for the following opinions:





Ms. Khodarkovsky never explains why her experience as a prosecutor qualifies her to offer opinions as to what a non-prosecutor should have questioned, recognized, understood or known. Nowhere does Ms. Khodarkovsky explain how her own professional "experience" allows her to reach conclusions regarding what Mr. Indyke and Mr. Kahn—in their roles as one of Epstein's lawyers and one of his accountants, respectively—knew or should have known, or what would have been "reasonable" questions for Defendants to ask. Instead, Ms. Khodarkovsky offers nothing more than her "personal, subjective views" on what Defendants should have known or done. *In re Rezulin*, 309 F. Supp. 2d at 543–44 (rejecting expert testimony based on "personal, subjective views" and noting that it would "border on the absurd" to permit experts to "tender purely subjective views in the guise of expert opinions"); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3, AFL-CIO*, 313 F. Supp. 2d 213, 226 (S.D.N.Y. 2004) ("Expert testimony is not relevant if the expert is offering a personal evaluation of the testimony and

credibility of others or of the motivations of the parties.").  Moreover, Ms. Khodarkovsky's subjective views are particularly unreliable because they are not derived from any discernable principle.  (*See, e.g.*, Weiner Decl. Ex. 2 (Khodarkovsky Tr.) at 319:13-321:24 (testifying that ████████████████████████████████████████████████████████████████ ████████████████████████████.)

Compounded with Ms. Khodarkovsky's frequent conjecture as to what Defendants might have known or might have discussed with Epstein, her opinions are even less reliable.  For example, Ms. Khodarkovsky speculates in her report that ████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ (Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶ 65.)  Ms. Khodarkovsky does not refer to any evidence that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ is nothing more than unbridled speculation and should be excluded.

### B.    Ms. Khodarkovsky's Opinions are Unreliable Because Her Methodology for Selecting Documents to Review was Unsound.

The "Methodology" and "Materials Considered" sections of Ms. Khodarkovsky's report further illustrate the unreliability of her opinions, as they do not describe how she selected the records that she chose to review.  (*Id*. ¶¶ 26–29 & Ex. 2.)  Despite stating that ████████████ ████████████████████████████████████(Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶ 55), Ms. Khodarkovsky did not review *any* of the comprehensive general ledgers from QuickBooks showing detailed transactions recorded for each of Epstein's corporate entities. *See, e.g.*, Dkt. 184-3 (████████████████████████████████████████████).

Instead, she reviewed only ███████████████████████████████████████

███████████████████████████████████████ (*See* Weiner Decl. Ex. 4 (███

███████████████) (HBRK_JD3_004941).)

Ms. Khodarkovsky's deposition testimony indicates that ███████████████

███████████████████████ and drew conclusions about Epstein's corporate

entities based on that limited understanding. (Weiner Decl. Ex. 2 (Khodarkovsky Tr.) at 252:4-

253:14 (explaining that her conclusion about Epstein's entities was ███████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████; 345:14-348:14

(explaining that her conclusion that ███████████████████████

███████████████████)

Where, as here, Ms. Khodarkovsky's conclusions are based on a selective review of

sources with "no effort to ensure that the materials that [she] reviewed were representative," her

opinions are unreliable and should be excluded. *See E.E.O.C. v. Bloomberg L.P.*, No. 07 Civ.

8383, 2010 WL 3466370, at *14 (S.D.N.Y. Aug. 31, 2010) (excluding expert opinion where expert

"only analyzed material provided and selected by the E.E.O.C."); *R.F.M.A.S., Inc. v. So*, 748 F.

Supp. 2d 244, 269 (S.D.N.Y. 2010) (expert opinion is not qualified where it was based on "the set

of assumptions that plaintiff directed them to employ and the circumscribed universe of data

available to them"); *cf. Faulkner v. Arista Records LLC*, 46 F. Supp. 3d 365, 380–81 (S.D.N.Y.

2014) (excluding expert opinion that documentation was incomplete and unreliable when expert

failed to review all documentation).

**V.    MS. KHODARKOVSKY'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE MORE PREJUDICIAL THAN PROBATIVE.**

Finally, Ms. Khodarkovsky's testimony should be excluded in its entirety under Rule 403 because any minimal probative value gained from her testimony is substantially outweighed by the danger of unfair prejudice to Defendants given the undue weight the jury would place on her testimony based on her role prosecuting trafficking cases. *See* Fed. R. Evid. 403. This is a civil action. The fact that a former federal prosecutor would have ████████████████ ██████████████████ is not only irrelevant to the issues in this civil case, but also improperly suggests that, in the expert's opinion, Defendants should or could have been charged criminally for their alleged conduct. In her report, Ms. Khodarkovsky repeatedly ███████████ ████████████████████████████████. (*See* Weiner Decl. Ex. 3 (Khodarkovsky Report) ¶¶ 13-16, 22-24, 51.) Any inference that Defendants are criminally liable, or attempts to analogize this case to specific federal criminal prosecutions, would be highly prejudicial.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court exclude Ms. Khodarkovsky's opinions in their entirety.

Dated:  November 19, 2024
    New York, New York

 _/s/ Daniel H. Weiner_____

Daniel H. Weiner
Marc A. Weinstein
Fara Tabatabai
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com
fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

 _/s/ Daniel S. Ruzumna_____

Daniel S. Ruzumna
Amy N. Vegari
Tara J. Norris
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
druzumna@pbwt.com
avegari@pbwt.com
tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*