UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 3, individually and on behalf of all others similarly situated,

        *Plaintiff*,

v.

DARREN K. INDYKE and RICHARD D. KAHN,

        *Defendants*.

Civil Action No. 24 Civ. 1204 (AS)
[rel. 1:24-cv-02192 (AS)]

ORAL ARGUMENT REQUESTED

---

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR *DAUBERT* MOTION TO EXCLUDE MARIANNE DEMARIO'S OPINIONS REGARDING CLASS-WIDE DAMAGES

HUGHES HUBBARD & REED LLP
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel S. Ruzumna, Esq.
Amy N. Vegari, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ..................................................................................................................................1

I.     DEMARIO DOES NOT RELIABLY ASSESS CLASS-WIDE DAMAGES ..................... 1

     A.     DeMario Does Not Conduct the Sampling She Proposes......................................... 1

     B.     DeMario Only Speculates on a Method of Calculating Class-Wide Damages ........................................................................................................................ 2

     C.     Any Sample Would Impermissibly Assume Abuse and Causation ......................... 3

II.     DEMARIO'S OPINIONS WILL NOT BE HELPFUL TO THE JURY ............................. 4

CONCLUSION .............................................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Access Bus. Grp. Int'l, LLC v. Refresco Beverages US Inc.*,
 2023 WL 8280139 (S.D.N.Y. Nov. 30, 2023) (Subramanian, J.)..............................................5

*Caruso v. Bon Secours Charity Health Sys. Inc.*,
 2016 WL 8711396 (S.D.N.Y. Aug. 5, 2016).............................................................................3

*Comcast Corp. v. Behrend*,
 569 U.S. 27 (2013)......................................................................................................................4

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
 2019 WL 1569294 (D. Kan. Apr. 11, 2019)...............................................................................2

*In re Fosamax Prod. Liab. Litig.*,
 807 F. Supp. 2d 168 (S.D.N.Y. 2011).........................................................................................5

*United States v. Guo*,
 2024 WL 2262706 (S.D.N.Y. May 17, 2024) ............................................................................3

*Waggoner v. Barclays PLC*,
 875 F.3d 79 (2d Cir. 2017)..........................................................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011)....................................................................................................................4

*Weiner v. Snapple Beverage Corp.*,
 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010).............................................................................3

# PRELIMINARY STATEMENT

Plaintiff Jane Doe 3's purported damages expert, Marianne DeMario, has not calculated damages for the putative class or proffered a formula for assessing such damages; Doe does not dispute this. Nor does Doe dispute that DeMario has not identified a sample of putative class members or an "average" class member, or proffered an actual opinion as to the proper methodology for determining a sample, such that a jury could calculate class-wide damages. Doe argues only that DeMario's opinions provide a "framework" that, while "flexible," satisfies a "low threshold" for admissible evidence. But DeMario's speculation about how the jury *might* be able to be compute class-wide damages if it had data that does not exist and a formula that DeMario does not provide is inadmissible. A damages expert's opinion must provide a reliable method of calculating damages, and it must assist the jury in that endeavor. Because DeMario's opinions fail to do either, the Court should exclude it.

# ARGUMENT

## I. DEMARIO DOES NOT RELIABLY ASSESS CLASS-WIDE DAMAGES

### A. DeMario Does Not Conduct the Sampling She Proposes

DeMario's report does not calculate class-wide damages or even present a methodology to enable the jury to perform that calculation. *See* ECF No. 247. ████████

████████████████████████████████████████

████████████████████████████

████████████████████████████████.

Doe argues that DeMario's failure to create a sample or to review evidence does not render her opinions unreliable, asserting that DeMario's opinions are "sufficiently detailed given the state

of the evidence in the case." ECF No. 291 at 4, 11. But Doe ignores that DeMario has not evaluated *any* evidence about the putative class, and that discovery in this case has closed. Unlike in the cases Doe cites to excuse DeMario's failure to perform the sample she proposes, here there is no additional opportunity for DeMario to obtain information and re-do her report. In *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2019 WL 1569294 (D. Kan. Apr. 11, 2019), the case schedule expressly provided for two rounds of expert reports—one before class certification and one after. *See id.*, No. 17-md-2785, ECF No. 61. That is not the situation here. And in *Adrea, LLC v. Barnes & Noble, Inc.*, the "limited nature of the underlying evidence available" was inherent to the nature of the expert's inquiry—determining the outcome of a hypothetical bargain between the patent owner and the infringer in a but-for world. 2014 WL 8850434, at *1 (S.D.N.Y. Oct. 14, 2014). While courts do not always require experts to conduct studies to support their opinions, here ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]

### B. DeMario Only Speculates on a Method of Calculating Class-Wide Damages

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] For example, in *Veleron Holding, B.V. v. Morgan Stanley*, a case Doe cites, the Court held that an expert did not need to perform an industry survey because he could draw on his twenty years of relevant industry experience to opine on "industry norms." 117 F. Supp. 3d 404, 443-45 (S.D.N.Y. 2015). Unlike here, that expert did not fail to conduct a survey he himself proposed.

███████████████, and such speculation goes to the admissibility, not the weight, of DeMario's testimony. Doe herself recognizes an expert's opinion *is* "unreliable 'if it is speculative or conjectural[.']" ECF No. 291 at 5 (quoting *Lidle ex rel. Lidle v. Cirrus Design Corp.*, 2010 WL 2674584, at *4 (S.D.N.Y. July 6, 2010)). Her attempts to distinguish *Weiner v. Snapple Beverage Corp.*, 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010), *United States v. Guo*, 2024 WL 2262706 (S.D.N.Y. May 17, 2024), and *Caruso v. Bon Secours Charity Health Sys. Inc.*, 2016 WL 8711396 (S.D.N.Y. Aug. 5, 2016), fail. Without explaining any significance, Doe argues that in those cases the experts were "attempting to calculate a price premium or engage in a complex business valuation," which DeMario was not asked to do. ECF No. 291 at 5-6. But like the experts in *Weiner* and *Guo*, DeMario does not provide sufficient detail about her proposed approach nor review data to confirm it would be reliable. Doe also asserts that *Caruso* does not apply because there the expert offered speculative claims. *Id.* at 6. But that is precisely what DeMario does here.

### C. Any Sample Would Impermissibly Assume Abuse and Causation

DeMario's proposed sampling methodology is unreliable because it requires the jury to assume that (1) non-sampled class members were abused by Epstein, and (2) Defendants caused any and all damages they suffered. Doe admits that DeMario's sampling approach would require her to make assumptions about the putative class, but argues DeMario can reliably do so. *Id.* at 8-9. But Doe has not identified a class or a means of ascertaining one. The only gesture she has made toward proposing a class is offering in her class certification reply that her counsel could submit a list of names to the Court *in camera*, which by definition would rob Defendants of their ability to defend against Doe's allegations.[2] Even if DeMario had calculated the out-of-pocket

---

[2] ███████████████████████████████████████████████████████████████████████

3

expenses and lost earnings of a sample of plaintiffs for which Doe could prove liability, injury, and causation, extrapolating those numbers to a broader class would impermissibly ask the jury to accept the claims of all class members, and to further assume that the class's alleged out-of-pocket injuries and lost earnings were not the result of independent factors.

The Supreme Court has held that the use of sampling is not permissible where, as here, class members' claims rely on meaningfully different facts. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359-60, 367 (2011); *Comcast Corp. v. Behrend*, 569 U.S. 27, 37 (2013). *Wal-Mart* and *Comcast* were decided in the posture of class certification motions, but their holding is applicable here since Plaintiff has not established membership in the putative class. DeMario hypothesizes that an as-yet unascertained class of women can be sampled for damages purposes, but each potential plaintiff's circumstances are unique, distinguishing the putative class from that in *Tyson Foods, Inc. v. Bouaphakeo*, in which plaintiffs alleged underpayment of wages based on unpaid time for donning and doffing required protective gear. 577 U.S. 442 (2016). The Supreme Court found that, because each employee worked in the same facility, did similar work, and was paid under the same policy, damages calculated for a sample could be extrapolated across the class, unlike in *Wal-Mart*, where class members were not similarly situated since they had different allegations of harm at different times, for different periods, and in different places. *Wal-Mart* makes clear that, here, sampling is impermissible. *See* 564 U.S. at 359-60, 367.[3]

## II. DEMARIO'S OPINIONS WILL NOT BE HELPFUL TO THE JURY

DeMario's opinions will not be helpful to the jury because they do not offer any methodology that the jury could use to calculate class-wide damages and because they are not

---

[3] *Waggoner v. Barclays PLC*, 875 F.3d 79 (2d Cir. 2017), which Doe cites, did not even involve sampling; to the contrary, the expert's model "accounted for calculating the damages for individual class members based on their investment history." *Id.* at 106.

"sufficiently tied to the facts of the case that [they] will aid the jury in resolving a factual dispute." *In re Fosamax Prod. Liab. Litig.*, 807 F. Supp. 2d 168, 179 (S.D.N.Y. 2011) (internal citations omitted). ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

DeMario's approach would impermissibly require the jury to identify a class of Epstein abuse victims; assume injury and causation for each class member; select a reliable sample without guidance; and evaluate non-existent evidence about each sampled plaintiff's (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ These are not "doubts" about the usefulness of DeMario's testimony, they are proof that she is not offering the jury any method for determining class-wide damages.[4] That is not helpful, and DeMario's opinions are not admissible.

---

[4] Unlike DeMario, the expert in *Access Bus. Grp. Int'l, LLC v. Refresco Beverages US Inc.*, 2023 WL 8280139 (S.D.N.Y. Nov. 30, 2023) (Subramanian, J.) "logically applied his [] expertise to the sequence of events in th[e] case." *Id.* at *2.

5

## CONCLUSION

For the foregoing reasons, the Court should exclude DeMario's opinions regarding class-wide damages.

Dated:   New York, New York
         November 25, 2024

Respectfully submitted,

/s/ Daniel S. Ruzumna
Daniel S. Ruzumna, Esq.
Amy Vegari, Esq.
Tara J. Norris, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10583
Telephone: (212) 336-2034
Facsimile: (212) 336-1205
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnorris@pbwt.com

*Counsel for Defendant Richard D. Kahn*

/s/ Daniel H. Weiner
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6874
Facsimile: (212) 299-6874
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshubbard.com

*Counsel for Defendant Darren K. Indyke*