UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>    *Defendants*. | Civil Action No. 1:24-cv-01204 (AS)<br><br>ORAL ARGUMENT REQUESTED |
| JANE DOE 3,<br><br>    *Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>    *Defendants*. | Civil Action No. 1:24-cv-02192 (AS)<br>(*consolidated with Case No. 1:24-cv-01204 (AS) for pre-trial purposes*) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO EXCLUDE THE PROPOSED
TESTIMONY OF PLAINTIFF'S EXPERT JANE KHODARKOVSKY**

| | |
|---|---|
| HUGHES HUBBARD & REED LLP<br>Daniel H. Weiner, Esq.<br>Marc A. Weinstein, Esq.<br>Fara Tabatabai, Esq.<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>daniel.weiner@hugheshubbard.com<br>marc.weinstein@hugheshubbard.com<br>fara.tabatabai@hugheshubbard.com<br><br>*Attorneys for Defendant Darren K. Indyke* | PATTERSON BELKNAP WEBB & TYLER LLP<br>Daniel S. Ruzumna, Esq.<br>Amy N. Vegari, Esq.<br>Tara J. Norris, Esq.<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 336-2000<br>druzumna@pbwt.com<br>avegari@pbwt.com<br>tnorris@pbwt.com<br><br>*Attorneys for Defendant Richard D. Kahn* |

**PRELIMINARY STATEMENT**

The opinions of Plaintiff Jane Doe 3's proposed expert, Jane Khodarkovsky, would usurp both the Court's role in instructing the jury on the law and the jury's role in determining the ultimate issues in this case. In her opposition to Defendants' motion to exclude Ms. Khodarkovsky, Plaintiff urges the Court to ignore the impropriety of Ms. Khodarkovsky's opinions because they are styled as rebuttal, arguing only that the bar for admissibility of expert testimony in the Second Circuit is "low." But a "liberal" standard does not mean no standard at all, and Plaintiff's proffer of Ms. Khodarkovsky's report as rebuttal does not give her *carte blanche* to present unreliable and unfairly prejudicial opinions.

**ARGUMENT**

**I. MS. KHODARKOVSKY'S OPINIONS USURP THE ROLE OF THE COURT AND THE JURY.**

Ms. Khodarkovsky's report is replete with her own interpretations of statutes, regulations, and case law concerning sex trafficking, as well as opinions on Defendant Indyke's ethical and fiduciary obligations as a lawyer. Those opinions are improper. Def. Mem.[1] at 6-7. Plaintiff argues that Ms. Khodarkovsky offers only "brief, prefatory background on the TVPA" and "does not opine on whether Defendants have violated any statute or rules." Opp. at 5. That is false.

First, Plaintiff fails to explain why an expert is necessary or appropriate to provide "background" on the TVPA. Regardless, Ms. Khodarkovsky does not only provide "background"; rather, she explains and interprets the definition of sex trafficking under the TVPA, including

---

[1] "Def. Mem." refers to Defendants' Memorandum of Law in Support of Their Motion to Exclude the Proposed Testimony of Plaintiff's Expert Jane Khodarkovsky (ECF No. 296). "Opp." refers to Plaintiff Jane Doe 3's Memorandum of Law in Opposition to Defendants' *Daubert* Motion to Exclude the Rebuttal Expert Report of Jane Khodarkovsky (ECF No. 318). "Weiner Reply Decl." refers to the Declaration of Daniel H. Weiner in Further Support of the said motion, filed concurrently herewith.

1

opining that the ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████ ECF No. 297-3 at ¶¶ 33-34.  It is the role of the Court—not Plaintiff's expert—to instruct the jury on the meaning of the statute under which Plaintiff brings her claims. *See, e.g.*, *Secs. & Exch. Comm'n v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013).

Second, Ms. Khodarkovsky impermissibly opines on whether Defendants are liable.  A central issue in this case is whether Defendants knew or recklessly disregarded that Epstein was engaged in sex trafficking as defined in the TVPA.  Ms. Khodarkovsky explicitly opines that

████████████████████████████████████████████████

████████████████████████████ ECF No. 297-3 at ¶ 30(E) (emphasis added).  That is a textbook example of an improper opinion on the ultimate issue in the case, the resolution of which is entrusted solely to the judgment of the jury.  *See* Def. Mem. at 8-13.

Plaintiff's attempts to distinguish Defendants' cited cases rely on her assertion—refuted by statements like the one quoted above—that Ms. Khodarkovsky does not opine on the ultimate legal issue of whether Defendants knew or reasonably should have known that Epstein engaged in sex-trafficking as defined in the TVPA.  For example, Plaintiff argues that *Seward v. Antonini*, No. 20-CV-9251, 2023 WL 6387180 (S.D.N.Y. Sept. 29, 2023), *Hygh v. Jacobs,* 961 F.2d 359 (2d Cir. 1992), and *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570, 2023 WL 3116763 (S.D.N.Y. Apr. 27, 2023), are inapposite because the experts in those cases opined on "the ultimate legal conclusion entrusted to the jury."  Opp. at 5-8.  But Ms. Khodarkovsky does precisely that.

2

Plaintiff also argues that *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005), is distinguishable because the expert there presented "interpretations of conduct or views as to the motivations of parties." Opp. at 7. But Ms. Khodarkovsky's report is similarly littered with her own interpretations of Defendants' conduct and motivations. *See, e.g.*, ECF No. 297-3 at ¶ 81 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████; *id.* at ¶ 67 ████████████████████████████████████████████████████████████████████████████████; *see also id.* ¶¶ 59-60, 65, 68-72.

Finally, Plaintiff argues that Ms. Khodarkovsky is entitled to regurgitate huge swaths of the DFS Consent Order because her "extensive experience as an investigator and prosecutor of financial and sex trafficking crime" allow her to "recogniz[e] what a significantly relevant document the DFS Consent Order is." Opp. at 8. That nonsensical response only underscores that a large part of Ms. Khodarkovsky's report "rehash[es] . . . evidence about which [she] has no personal knowledge," *Highland Cap. Mgmt.*, 379 F. Supp. 2d at 468-69, and does not involve the reliable application of any particular expertise. *See In re Terrorist Attacks*, 2023 WL 3116763, at *7. Likewise, Plaintiff's claim that Ms. Khodarkovsky does not offer the DFS Consent Order for the truth of the matter (Opp. at 8) is belied by her report. Ms. Khodarkovsky does not simply opine that Defendants' expert ████████████████ the DFS Consent Order, *id.*; instead, she opines that the DFS Consent Order ████████████████████ and expressly relies on it for numerous facts in her narrative. ECF No. 297-3 at ¶¶ 53, 54, 70, 78, 79.

3

## II. MS. KHODARKOVSKY'S OPINIONS ARE UNRELIABLE.

Plaintiff argues that Ms. Khodarkovsky's opinions are reliable because her experience as a prosecutor "qualifies her to opine as to what individuals working as part of a sex trafficking venture should have recognized." Opp. at 11. But Plaintiff fails to explain how Ms. Khodarkovsky's experience as a prosecutor qualifies her to opine on what *non-prosecutors* like Mr. Indyke or Mr. Kahn—both of whom lacked Ms. Khodarkovsky's experience investigating sex-trafficking crimes—should have recognized. Plaintiff also argues that Ms. Khodarkovsky is entitled to opine on what Defendants knew or should have known because they served as Board members or officers of some of Epstein's companies. *Id*. at 11-12. But, again, Plaintiff fails to explain how Ms. Khodarkovsky's experience as a prosecutor qualifies her to opine on what Defendants, in their roles as Board members or officers, knew or should have known.

Plaintiff's attempt to defend Ms. Khodarkovsky's constrained review of the record also fails. Defendants previously noted that, although Ms. Khodarkovsky opines broadly about



she in fact reviewed only ▮▮▮▮▮. Def. Mem. at 17. Plaintiff disagrees and accuses Defendants of a "sloppy reading of Ms. Khodarkovsky's materials considered," arguing that she "reviewed exhibits from multiple depositions . . . including the most relevant QuickBook[s] files." Opp. at 12-13. Plaintiff is wrong. Defendants carefully reviewed Ms. Khodarkovsky's materials considered, which is how they discovered that she reviewed only ▮▮▮▮▮. The other documents that Plaintiff cites are (1) excerpts from ▮▮▮▮▮, *see, e.g.*, ECF Nos. 318-2 at 32-57, 71-94, 318-3; or (2) high-level summaries that are not QuickBooks records at all, *see, e.g.*, ECF No. 318-2 at 4-29, 60-67. Ms. Khodarkovsky's opinions

4

on the "sham" nature of Epstein's corporate entities are based on a failure to review *any* of the comprehensive general ledgers for those entities. *See, e.g.*, Weiner Reply Decl. Ex. 1 (JEE_Doe3_002998) (excerpt of ▮▮▮ QuickBooks ledger) & Ex. 2 (JEE_Doe3_003022) (excerpt of ▮▮▮ QuickBooks ledger). That selective, incomplete review is yet another basis for excluding her opinions as unreliable. Def. Mem. at 16-17.

### III. MS. KHODARKOVSKY'S OPINIONS WILL NOT ASSIST THE JURY.

Plaintiff argues that the Court should permit Ms. Khodarkovsky's testimony on the Bank Secrecy Act, the Anti-Money Laundering Act, and "other regulations governing financial institutions"—despite the fact that Plaintiff makes no claims under those statutes or regulations and Defendants have no obligations under them—because a "holistic analysis requires sufficient discussion of relevant laws." Opp. at 13-14. But laws and regulations that Plaintiff admits have no bearing on the claims or defenses in this action are not "relevant." Testimony regarding irrelevant authority will only confuse, not aid, the jury; that testimony should be excluded.

### IV. MS. KHODARKOVSKY'S OPINIONS ARE MORE PREJUDICIAL THAN PROBATIVE.

Plaintiff argues that Ms. Khodarkovsky's testimony is not more prejudicial than probative because her opinions are offered as rebuttal. Opp. at 15. But Ms. Khodarkovsky's opinions are not proper rebuttal, and Plaintiff does not address the unfair prejudice that would result from a former federal prosecutor testifying regarding what would purportedly be ▮▮▮ ▮▮▮—thereby suggesting that Defendants are criminally liable for their conduct—despite the irrelevance of that opinion in this civil litigation.

### CONCLUSION

For the foregoing reasons and those in their opening brief, Defendants respectfully request that the Court exclude Ms. Khodarkovsky's opinions in their entirety.

5

Dated: December 9, 2024
New York, New York

| | |
|---|---|
| /s/ Daniel H. Weiner | /s/ Daniel S. Ruzumna |
| Daniel H. Weiner | Daniel S. Ruzumna |
| Marc A. Weinstein | Amy N. Vegari |
| Fara Tabatabai | Tara J. Norris |
| HUGHES HUBBARD & REED LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
| One Battery Park Plaza | 1133 Avenue of the Americas |
| New York, New York 10004 | New York, New York 10036 |
| Telephone: (212) 837-6000 | Telephone: (212) 336-2000 |
| daniel.weiner@hugheshubbard.com | druzumna@pbwt.com |
| marc.weinstein@hugheshubbard.com | avegari@pbwt.com |
| fara.tabatabai@hugheshubbard.com | tnorris@pbwt.com |
| *Attorneys for Defendant Darren K. Indyke* | *Attorneys for Defendant Richard D. Kahn* |