UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 3,<br><br>*Plaintiff,*<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D.<br>KAHN, in their capacities as co-executors of<br>the ESTATE OF JEFFREY EDWARD<br>EPSTEIN,<br><br>*Defendants.* | Civil Action No. 1:24-cv-02192 (AS)<br>(*consolidated with Case No. 1:24-cv-01204<br>(AS) for pre-trial purposes*)<br><br><br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN
## SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

HUGHES HUBBARD & REED LLP

Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Fara Tabatabai, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com
fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel S. Ruzumna, Esq.
Amy N. Vegari, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
druzumna@pbwt.com
tnorris@pbwt.com
avegari@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

## PRELIMINARY STATEMENT

Plaintiff Jane Doe 3's opposition to the summary judgment motion of Defendants Darren Indyke and Richard Kahn fails to address the critical deficiencies in her claims. Doe's state-law claims for battery and intentional infliction of emotional distress ("IIED") are untimely, and Doe cannot rely on any equitable doctrine to save them. While Doe attempts to argue (through a vague, self-serving declaration) that equitable estoppel should apply because Jeffrey Epstein threatened her with physical violence, that argument contradicts Doe's sworn deposition testimony and the report of her own expert that Epstein's alleged threats extended only to Doe's reputation and career—which this Court has held cannot justify equitable estoppel.

Doe's Trafficking Victims Protection Act ("TVPA") claims fare no better. Doe points to no evidence that she engaged in a "commercial sex act" within the meaning of the TVPA and cannot overcome her unequivocal testimony that ███████████████████████████████████████ ███████████████████████. Doe now argues that it does not matter whether she "subjectively" believed ████████████████████████████████████████, so long as she did in fact receive some value. But courts of this Circuit have held just the opposite. Indeed, if Doe did not believe at the time that ████████████████████████████████████████████ ███, then it is impossible for her to prove a causal relationship between the sex act and the item of value purportedly given to her.

Beyond Doe's inability to demonstrate the necessary elements of her TVPA claims, those claims are also partially time-barred. Doe's attempt to justify equitable tolling is unavailing because she cannot show that she was unaware that she had a claim related to Epstein's sexual abuse. In fact, she timely ███████████████████████████████████████ ██████████████████████████████████████. Nor does the continuing violation doctrine apply here. Unlike TVPA cases in which a plaintiff is subject to continuous

abuse while under the physical control of an abuser, Doe's alleged abuse were discrete acts separated by time and location. After each alleged incident of abuse, Doe ███████████████

████████████████████████████████████████████████████████████

████ The facts here do not support the application of the continuing violation doctrine.

That leaves only Doe's claim under the Gender-Motivated Violence Protection Law ("GMVPL"). The Court should dismiss that claim to the extent it is premised on conduct that took place outside of New York City and should dismiss the remainder of Doe's claims in their entirety.

## ARGUMENT

### I.    DOE'S STATE LAW CLAIMS ARE UNTIMELY.

Doe concedes that her otherwise time-barred claims for battery and IIED can move forward only if she can demonstrate "extraordinary circumstances" justifying the application of equitable estoppel. Opp.[1] at 4-5. She cannot.

Doe admits that Epstein's alleged threats to her career are insufficient for equitable estoppel. Opp. at 5-6; *see also Geiss v. Weinstein Co. Holdings, LLC*, 383 F. Supp. 3d 156, 173 (S.D.N.Y. 2019) ("fear of harm to a plaintiff's career cannot justify equitable estopping a defendant from asserting a time limitation period"). Nonetheless, she asserts in her opposition—for the first time ever—that equitable estoppel is warranted because Epstein allegedly threatened her with physical violence. Opp. at 5. But the record does not contain admissible evidence of such threats.

At her deposition, Doe was questioned at length about the nature of any threat that Epstein made to her, and the only thing she could identify were ████████████████████████████

██████████████████████████████████████████████. *See* ECF No. 255-51 (Doe Dep. Tr.) at

---

[1] References to "Opp." are to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (ECF No. 304).

227:13-233:4. Consistent with that testimony, Doe's expert, Dr. Chitra Raghavan, reported only alleged threats by Epstein to ███████████████████████████████████

████████████████ ECF No. 309-11 at 28. And in the claim form Doe submitted in a class action against Deutsche Bank, Doe noted that she was ████████████████████████████

█████████████ explaining her only concern was that █████████████████████████

███████████████████████; she never previously mentioned any fear for her physical safety. ECF No. 255-139 at JD_00003658. The record is devoid of evidence of any threat by Epstein (who died in August 2019) or anyone else of physical harm to Doe if she were to file a claim.

Faced with the absence of evidence to support an equitable estoppel argument, Doe relies on a declaration submitted in support of her opposition brief that mentions—for the first time—an alleged fear of physical violence ████████████████████████████ ECF No. 310-44 at ¶ 5. Tellingly, she provides no information regarding the substance of those threats or when they were made. "[S]elf-serving, conclusory affidavits, standing alone, are insufficient to create a triable issue of fact." *Kobrand Corp. v. Abadia Retuerta S.A.*, No. 12 Civ. 154, 2012 WL 5851139, at *4 (S.D.N.Y. Nov. 19, 2012); *see also Kaye v. New York City Health and Hosp. Corp.*, 18 Civ. 12137, 2023 WL 2745556, at *26 (S.D.N.Y. Mar. 31, 2023) (declining to consider on summary judgment plaintiff's "unsupported, self-serving eleventh-hour declaration," which alleged facts that plaintiff had been asked about at her deposition and failed to reference in her testimony). Doe cannot rely on her own self-serving, conclusory declaration to avoid summary judgment on her untimely claims.

Furthermore, Doe cannot escape the fact that ██████████████████████████ (Doe

Resp. to SUMF[2] ¶ 180), and Epstein died in August 2019. To establish estoppel, Doe must show "threats or intimidation . . . by each defendant that plaintiff seeks to estop, the conduct must occur within the limitations period, and the plaintiff must bring suit within a reasonable period of time after the conduct ceases." *Geiss*, 383 F. Supp. at 174-75. Doe cannot demonstrate that she brought suit within a reasonable period of time after the alleged threats or intimidation by Epstein ceased— which, in Doe's case, was at least ███████ before she brought this litigation. Moreover, Doe's argument that she ████████████████ with Epstein (Opp. at 6) does not suffice to establish a "pattern of continual and egregious acts of intimidation sufficient to toll the statute of limitations for years," given that she had no contact with Epstein ████████ and therefore could not have experienced any "acts of intimidation," let alone a pattern of such intimidation, thereafter. *See id.* at 175. "In the absence of such a pattern, fear of retaliation does not toll the statutes of limitations for the duration of a famous defendant's power and influence, even for the most despicable wrongs." *Id.* Indeed, scores of other women filed suit against Epstein's estate after his death, without facing violent reprisal.[3]

Relying on *Doe v. United States*, 76 F.4th 64, 72 (2d Cir. 2023), Doe also argues that "extreme sexual abuse" can constitute an extraordinary circumstance sufficient for equitable estoppel. Opp. at 5. In that case, however, the plaintiff, an undocumented immigrant, was

---

[2] References to "SUMF" are to Defendants' Rule 56.1 Statement of Undisputed Material Facts (ECF No. 260). References to "Doe Resp. to SUMF" are to Plaintiff's Responses to Defendants' Rule 56.1 Statement of Undisputed Material Facts (ECF No. 315).

[3] Doe misstates the holding of *Doe v. United States*, which stands only for the proposition that "[a] plaintiff's eventual willingness to come forward despite an ongoing fear of retaliation does not necessarily preclude a showing that the fear of retaliation" exists. 76 F.4th 64, 73 (2d Cir. 2023). Here, Defendants do not argue that Doe's willingness to file suit precludes her from arguing equitable estoppel; rather, Doe's alleged fear of violence if she filed suit after Epstein's death is belied by the scores of women who did just that and faced no violent retaliation.

"violently raped . . . on a regular basis for a period of seven years" by an ICE agent, who also "scarred her with acts of physical violence, treated her like his 'slave,' and threatened to further harm and even kill her," as well as to deport her and her father. *Id.* at 72. Doe's allegations fall far short of that kind of "extreme sexual abuse": ███████████████████████████ ████████████████████████████████████ (SUMF ¶¶ 134, 147, 149, 154-56, 158, 161-67); ██████████████████████ (ECF No. 255-51 (Doe Dep. Tr.) at 207:10-13, 326:15-22); and as discussed above, she presents no credible evidence of threats of physical violence if she were to file suit (especially in the nearly five years after Epstein's death).

Finally, Doe argues that, ████████████████████████████████████ ████████████████████████ Opp. at 7. But Doe does not identify a single person purportedly in Epstein's ███████████ who would cause her harm, or provide any basis for her alleged fear of physical harm from those unnamed individuals. Even the out-of-Circuit case on which Doe relies for her equitable estoppel argument holds that fear of violent reprisal must be "justifiable." *See Jane W. v. Thomas*, 354 F. Supp. 3d 630, 635 (E.D. Pa. 2018). In that case, the court found that equitable estoppel applied because the plaintiffs "justifiabl[y]" feared violent reprisal if they spoke out in Liberia about a mass killing because "alleged perpetrators of war crimes and serious abusers still [held] political offices" in Liberia and had a "history of threats leveled against victim witnesses." *Id.* at 636. No such evidence exists here to justify Doe's vague assertion that ██████████████████████ might have physically harmed her if she filed suit, even after his death. Doe's battery and IIED claims are therefore time-barred.

## II.    DOE CANNOT SATISFY KEY ELEMENTS OF HER TVPA CLAIMS.

Doe testified under oath that ████████████████████████ ██. SUMF ¶¶ 173-74. That admission renders it impossible for her to prove "a causal relationship between the sex act and an exchange of an item of value." *United States v. Marcus*, 487 F. Supp.

2d 289, 306-07 (E.D.N.Y. 2007), *rev'd on other grounds*, 538 F.3d 97 (2d Cir. 2008).  Doe

attempts to undo her damning admission through a new declaration, stating that, ████████

████████████████████████████████████████████████████.  ECF No. 310-44

at ¶ 3.  But Doe cannot simply wish away her sworn deposition testimony by attaching a

contradictory declaration in her opposition.  Indeed, "it is well-settled in this circuit that a party's

affidavit which contradicts [her] own prior deposition testimony should be disregarded on a motion

for summary judgment."  *Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400, 2010 WL

1379778, at *2 (S.D.N.Y. Mar. 26, 2010) (citation omitted).

Doe further insists that "[t]here is no requirement in the TVPA that a victim subjectively

believe" she received something of value in exchange for a sex act.  Opp. at 10.  According to Doe,

she need only cite evidence that she "received [something of] value" from Epstein in exchange for

sex, even if she did not "subjectively believe" at the time that she had received something of value

for that purpose.  *Id.* at 9-10.  Doe cites no authority for this proposition, and the Second Circuit

has expressly held that "value" under the TVPA is "a ***subjective***, rather than objective, concept."

*United States v. Raniere*, 55 F.4th 354, 361-62 (2d Cir. 2022) (emphasis added).  In other words,

the inquiry "focus[es] . . . on the value which the [recipient] subjectively attaches to what is sought

to be received."  *Id.*  This subjective standard makes sense:  if the alleged victim does not believe

she received "an item of value" in exchange for sex, there can be no "causal relationship between

the sex act" and the item given to her.  *Marcus*, 487 F. Supp. 2d at 306-07.

In her opposition, Doe cites an out-of-Circuit decision, *Treminio v. Crowley Mar. Corp.*,

707 F. Supp. 3d 1234 (M.D. Fla. 2023), for the proposition that "the questions of causation and

the 'thing of value' both [parties] received for the alleged sex act are factual issues that must be

determined by a jury."  Opp. at 11.  To the extent *Treminio* assumes a TVPA claim can survive

summary judgment in the absence of any evidence of a causal relationship between the sex act and the purported thing of value, its holding contradicts the law of this Circuit. *See, e.g.*, *Ardolf v. Weber*, No. 18-cv-12112, 2020 WL 5209525, at *3 (S.D.N.Y. Sept. 1, 2020) (to withstand summary judgment under the TVPA, the plaintiff "must produce admissible evidence that supports" the elements of her cause of action, and "[t]he mere existence of a scintilla of evidence . . . is insufficient to defeat summary judgment"). But that decision is readily distinguishable because here, unlike in *Treminio*, Doe expressly testified that ███████████████████████ ████████████████. SUMF ¶¶ 173-74. Her TVPA claim therefore must be dismissed.

## III.    DOE'S TVPA CLAIMS ARE PARTIALLY TIME-BARRED.

Neither the continuing violation doctrine nor any equitable doctrine can overcome the fact that most of the conduct Doe alleges in her TVPA claims occurred outside of the limitations period. With respect to the continuing violation doctrine, Doe argues that TVPA cases are different from ordinary sexual abuse cases—in which courts routinely find that the continuing violation doctrine does not apply (Def. Mem.[4] at 7-8)—because, whereas sexual assault "may be a one-off wrong . . . . the persistent and pervasive nature of a sex-trafficking enterprise is not divisible into discrete unlawful acts." Opp. at 12-13. That may be true where a TVPA claim is based on continuous involuntary servitude or long-running abuse in which a victim remains under the physical control of an abuser. *See, e.g.*, *Sahebdin v. Khelawan*, No. 21-cv-2956, 2022 WL 4451005, at *5 (E.D.N.Y. Sept. 24, 2022) (continuing violation doctrine applied to TVPA claim based on involuntary servitude where defendants imprisoned plaintiff and confiscated his passport). But that is not this case.

---

[4] References to "Def. Mem." are to Defendants' Memorandum of Law in Support of Their Motion for Partial Summary Judgment (ECF No. 264).

Here, Doe's time-barred allegations of abuse consist of ████████████████

████████████████████████████████████████████████

██████████. SUMF ¶¶ 134, 147, 149, 154-169.[5]  In between each of those incidents, Doe ██████

████████████████████████████████████████████████

████████████████████████████. *See, e.g.*, ECF No. 255-51 (Doe Dep. Tr.) at 165:20-

166:16, 188:24-189:13.  During Doe's interaction with Epstein, she was not subject to his physical

control or continuous abuse; instead, each of the alleged incidents were "discrete acts" separated

by time and location that were, at most, part of a "serial violation."  *Doe v. City of New York*, No.

18 Civ. 12038, 2019 WL 1768966, at *6 (S.D.N.Y. Apr. 12, 2019).  Those facts do not present the

"compelling circumstances" required for application of the continuing violation doctrine.  *See*

*Cabrera v. City of New York*, 436 F. Supp. 2d 635, 642 (S.D.N.Y. 2006).

Nor can Doe rely on any equitable doctrine to toll her TVPA claims.  Equitable tolling

requires that Doe, "despite all due diligence," have been "unable to obtain vital information bearing

on the existence of [her] claim."  *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002).  Doe

concedes that she must demonstrate that she was unaware of her cause of action during the

limitations period (Opp. at 13), and she does not point to *any* evidence suggesting that she did not

discover she had a claim until after the limitations period had run.  Nor could she:  in ████████

████—within the ten-year limitations period—████████████████████████████

████████████████████████. SUMF ¶ 185.  Even if Doe could demonstrate

"extraordinary circumstances" justifying her delay in filing suit (she cannot), her equitable tolling

argument fails because she was aware she had a claim during the limitations period.

---

[5] Doe alleges two to three other instances of alleged abuse that would fall within the TVPA's ten-year statute of limitation.

IV.     **DOE CANNOT SUSTAIN ANY PORTION OF HER GMVPL CLAIM BASED ON CONDUCT OUTSIDE OF NEW YORK CITY.**

Doe does not dispute that her GMVPL claim cannot be premised on any conduct that took place outside of New York City and that she cannot claim damages under the GVMPL based on alleged abuse in ███████████████████████. *See* Opp. at 14-15.  The Court should therefore dismiss any portion of her GVMPL claim based on such conduct.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in their opening brief, Defendants respectfully request that the Court grant partial summary judgment in their favor, dismissing (1) Doe's claims for battery and IIED as time-barred in their entirety, (2) her TVPA claims on the ground that Doe cannot show that she engaged in a "commercial sex act" and because those claims are partially time-barred with respect to conduct that occurred prior to March 13, 2014, and (3) her GMVPL claim as to abuse alleged to have taken place outside of New York City.

Dated:  December 9, 2024
          New York, New York

_/s/ Daniel H. Weiner_

Daniel H. Weiner
Marc A. Weinstein
Fara Tabatabai
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com
fara.tabatabai@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

_/s/ Daniel S. Ruzumna_

Daniel S. Ruzumna
Amy N. Vegari
Tara J. Norris
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
druzumna@pbwt.com
avegari@pbwt.com
tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*