

Sigrid S. McCawley<br>
Telephone: 954-356-0011<br>
Email: smccawley@bsfllp.com

August 11, 2025

**VIA ECF**
The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:    *Jane Doe 3 v. Indyke et. al.*, Case No. 1:24-cv-01204-AS

Dear Judge Subramanian:

      We write on behalf of Plaintiff Jane Doe 3 ("Plaintiff") to respectfully request that the Court take judicial notice of a U.S. Department of Justice and Federal Bureau of Investigation memorandum published on July 6, 2025 (the "Memo"), attached as Exhibit A,[1] in connection with Plaintiff's pending Motion for Class Certification. Dkt. 118. In the Memo, the Department states that "Epstein harmed over one thousand victims." Ex. A at 1.[2] We submit that this Memo supports Plaintiff's position that numerosity is satisfied in this case and should be considered in connection with the Motion for Class Certification. *See* Dkt. 119 at 6–9; Dkt. 196 at 1–3.

      Under Federal Rule of Evidence 201, a court may take judicial notice "at any stage of the proceeding" of any fact "that is not subject to reasonable dispute because" it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2), (d). This includes government publications and other public records. *See Rahman v. Schriro*, 22 F. Supp. 3d 305, 311 (S.D.N.Y. 2014) ("[T]he Court is permitted to take judicial notice of United States government publications."); *Robinson v. Foster*, 2019 WL 6608842, at *3 (W.D.N.Y. Dec. 5, 2019) ("Courts may take judicial notice of public documents or matters of public record."). The Memo is a publicly available U.S. Department of Justice publication and is therefore appropriate for judicial notice.

      As detailed in Plaintiff's Motion for Class Certification, "[n]umerosity is presumed when the proposed class contains 40 or more members." Dkt. 119 at 6–7 (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). The Department's representation that there are "over one thousand victims"—based on its independent review of "300 gigabytes of data and physical evidence"—far exceeds this threshold of presumptive numerosity. Ex. A at 1. Even taking Defendants' assertions as true, only 191 potential class members—less than one-fifth—have released their claims. Dkt. 181 at 8. Based on the Department's representations, there remains hundreds of class members with valid claims against the Defendants.

---

[1] The memo is also available here: https://www.justice.gov/opa/media/1407001/dl?inline.
[2] The Honorable Richard M. Berman cited this portion of the Memo in his Order on the United States' Motion to Unseal Grand Jury Transcripts in *United States v. Epstein*, 1:19-cr-00490-RMB, Dkt. 63 at 4.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

Accordingly, we respectfully submit that the Court should take judicial notice of the Government's representation in the Memo in ruling on Plaintiff's pending Motion for Class Certification.

Respectfully Submitted,

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Counsel for Plaintiff*

cc: All parties (via ECF)