# EXHIBIT A

**JOINT CHART PURSUANT TO THE COURT'S OCTOBER 15, 2025 ORDER**

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| Dkt. 364 & Dkt. 373-1 – Plaintiffs' Letter Motion to Compel | Plaintiffs | Plaintiffs seek to redact the names of the Epstein victims on pages 2 and 3. The names of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted.<br><br>Plaintiffs also do not oppose redacting the name of the entity in the second paragraph on page 2. | Defendants do not object to these redactions. | Not applicable. |
| | Defendants | Defendants seek to redact from the Letter Motion to Compel quotes from and summaries of the information contained in Exhibits A-G and the privilege log of non-party HBRK Associates Inc. ("HBRK").<br><br>Defendants or HBRK designated Exhibits A-G to the Letter Motion to Compel and HBRK's privilege log as "Confidential" pursuant to Paragraph 3 of the Protective Order because those documents contain previously undisclosed financial information, information related to the ownership or control of non-public companies, | Plaintiffs object to Defendants' proposed redactions, except as to the names of Epstein victims. | Plaintiffs do not believe that redacting quotes from and summaries of the information contained in Exhibits A-G to the Letter Motion to Compel and HBRK's privilege log is warranted under the Protective Order.<br><br>None of the cited quotes or summaries pertain to "undisclosed financial information," which is |

1

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | information of a personal nature, and the identity of actual or alleged abuse victims of Jeffrey E. Epstein. Exhibits A-G and HBRK's privilege log therefore constitute "Confidential Discovery Material," as that term is defined in the Protective Order. The redacted portions of the Letter Motion to Compel quote or summarize confidential information from those Exhibits and HBRK's privilege log and therefore "disclose such Confidential Discovery Material." Protective Order ¶ 6. The Court has previously granted motions to seal the same or substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkts. 346 and 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321, 326 and 340).<br><br>Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, the Exhibits and the portions of the Letter Motion to Compel disclosing confidential information from those Exhibits and HBRK's privilege log should remain under seal.<br><br>Defendants submitted as Docket No. 373-1 a revised version of Plaintiffs' proposed redactions in Docket No. 364. Because Defendant Darren Indyke did not designate his privilege logs as "Confidential," Defendants' | | defined to include "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(b) of the Protective Order justifies the redaction of information concerning "previously nondisclosed material relating to the ownership or control of any non-public company," narrowly tailored redactions would be more appropriate. Plaintiffs do not oppose redacting the name of the entity in the second paragraph on page 2. The name of the entity in footnote 6 is publicly known. Narrowly tailored redactions would also be sufficient to protect "information of a personal nature."<br><br>Plaintiffs' proposed redactions are adequate to protect any "information of a personal or |

2

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | revised version removes certain redactions on pages 2 and 3 of the Letter Motion to Compel that relate to information quoted from Mr. Indyke's privilege logs (as indicated in the light blue highlighting). | | intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 364-1 – Exhibit A to Plaintiffs' Letter Motion to Compel (Email Correspondence) | Plaintiffs | Plaintiffs seek to redact the name and email address of one Epstein victim, and the name of another Epstein victim. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted.<br><br>Plaintiffs also do not oppose redacting the name of the entity in the correspondence. | Defendants do not object to these redactions. | Not applicable. |
| | Defendants | Mr. Indyke designated Exhibit A to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because that document contains previously undisclosed financial information, information related to the ownership or control of non-public companies, information of a personal nature, and the | Plaintiffs object to sealing Exhibit A in its entirety. | Plaintiffs do not believe that sealing Exhibit A in its entirety is warranted under the Protective Order.<br><br>Nothing in the email correspondence pertains to |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | identity of an actual or alleged abuse victim of Jeffrey E. Epstein. Exhibit A therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order. The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326).Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit A to the Letter Motion to Compel should remain under seal. | | "undisclosed financial information," which is defined to include "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(b) of the Protective Order justifies the redaction of information concerning "previously nondisclosed material relating to the ownership or control of any non-public company," narrowly tailored redactions would be more appropriate. Plaintiffs do not oppose redacting the name of the entity in the correspondence. Narrowly tailored redactions would also be sufficient to protect "information of a personal nature." Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | | | "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 364-2 – Exhibit B to Plaintiffs' Letter Motion to Compel (Email Correspondence) | Plaintiffs | Plaintiffs seek to redact the name, email address, city, country, birthdate, and phone number of Epstein's victim. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |
| | Defendants | Defendant Richard Kahn designated Exhibit B to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because that document contains previously undisclosed financial information, information of a personal nature, and the identity of an actual or alleged abuse victim of Jeffrey E. Epstein. Exhibit B therefore constitutes "Confidential Discovery Material," as that term is defined in the | Plaintiffs object to sealing Exhibit B in its entirety. | Plaintiffs do not believe that sealing Exhibit B in its entirety is warranted under the Protective Order. Nothing in the email correspondence pertains to "undisclosed financial information," which is defined to include |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | Protective Order. The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326). Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit B to the Letter Motion to Compel should remain under seal. | | "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(d) of the Protective Order justifies the redaction of "information of a personal or intimate nature regarding any individual," narrowly tailored redactions would be more appropriate. Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| Dkt. 364-3 - Exhibit C to Plaintiffs' Letter Motion to Compel (Invoice from Attorney) | Plaintiffs | Plaintiffs seek to redact the names of Epstein's victims. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |
| | Defendants | Defendant Mr. Indyke designated Exhibit C to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because those documents contain previously undisclosed financial information, information of a personal nature, and the identity of actual or alleged abuse victims of Jeffrey E. Epstein. Exhibit C therefore constitute "Confidential Discovery Material," as that term is defined in the Protective Order. The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326). | Plaintiffs object to sealing Exhibit C in its entirety. | Plaintiffs do not believe that sealing Exhibit C in its entirety is warranted under the Protective Order.<br><br>Nothing in the email correspondence pertains to "undisclosed financial information," which is defined to include "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(d) of |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit C should remain under seal. | | the Protective Order justifies the redaction of "information of a personal or intimate nature regarding any individual," narrowly tailored redactions would be more appropriate. Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 364-4 Exhibit D to Plaintiffs' Letter Motion to Compel (Email Correspondence) | Plaintiffs | Plaintiffs seek to redact the name and email address of Epstein's victim. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |

8

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | Defendants | Defendant Mr. Indyke designated Exhibit D to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because this document contains previously undisclosed financial information, information of a personal nature, and the identity of an actual or alleged abuse victim of Jeffrey E. Epstein.  Exhibit D therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order.  The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326).<br><br>Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit D to the Letter Motion to Compel should remain under seal. | Plaintiffs object to sealing Exhibit D in its entirety. | Plaintiffs do not believe that sealing Exhibit D in its entirety is warranted under the Protective Order.<br><br>Nothing in the email correspondence pertains to "undisclosed financial information," which is defined to include "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(d) of the Protective Order justifies the redaction of "information of a personal or intimate nature regarding any individual," narrowly tailored redactions would be more appropriate.<br><br>Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | | | alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 364-5 – Exhibit E to Plaintiffs' Letter Motion to Compel (Email Correspondence) | Plaintiffs | Plaintiffs seek to redact the name and email address of Epstein's victim. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |
| | Defendants | Mr. Indyke designated Exhibit E to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because that document contains information of a | Plaintiffs object to sealing Exhibit E in its entirety. | Plaintiffs do not believe that sealing Exhibit E in its entirety is warranted under the Protective Order. |

10

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | personal nature and the identity of an actual or alleged abuse victim of Jeffrey E. Epstein. Exhibit E therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order. The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326). Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit E to the Letter Motion to Compel should remain under seal. | | To the extent Paragraph 2(d) of the Protective Order justifies the redaction of "information of a personal or intimate nature regarding any individual," narrowly tailored redactions would be more appropriate. Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 364-6 – Exhibit F to Plaintiffs' Letter Motion to Compel (Email Correspondence and Letter) | Plaintiffs | Plaintiffs seek to redact the name and email address of Epstein's victim. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |

11

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | Defendants | Mr. Indyke designated Exhibit F to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because that document contains previously undisclosed financial information, information of a personal nature, and the identity of an actual or alleged abuse victim of Jeffrey E. Epstein.  Exhibit F therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order.  The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326). Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's | Plaintiffs object to sealing Exhibit F in its entirety. | Plaintiffs do not believe that sealing Exhibit F in its entirety is warranted under the Protective Order. Nothing in the email correspondence pertains to "undisclosed financial information," which is defined to include "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(d) of the Protective Order justifies |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | Individual Practices in Civil Cases, Exhibit F to the Letter Motion to Compel should remain under seal. | | the redaction of "information of a personal or intimate nature regarding any individual," narrowly tailored redactions would be more appropriate. Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 364-7 – Exhibit G to Plaintiffs' Letter Motion to Compel (Epstein Estate Combined Privilege Logs) | Plaintiffs | Plaintiffs seek to redact the names, email addresses, and other identifying information of Epstein's victims. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | Defendants | Messrs. Indyke and Kahn, in their capacities as Co-Executors of the Estate of Jeffrey Epstein, designated Exhibit G to the Letter Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because this document contains the identity of actual or alleged abuse victims of Jeffrey E. Epstein. Exhibit G therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order. The Court has previously granted motions to seal substantially similar documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326).<br><br>Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit G to the Letter Motion to Compel should remain under seal. | Plaintiffs object to sealing Exhibit G in its entirety. | Plaintiffs do not believe that sealing Exhibit G in its entirety is warranted under the Protective Order.<br><br>Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |
| Dkt. 369 – Defendants' Letter Opposition to Plaintiffs' Motion to Compel | Plaintiffs | Plaintiffs seek to redact the names of the Epstein victims on pages 1 and 2. The names of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified | Defendants do not object to these redactions. | Not applicable. |

14

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | publicly, including the victim's name, address, and birthdate." | | |
| Dkt. 369-1 – Exhibit 1 to Defendants' Letter Opposition to Plaintiffs' Motion to Compel (Email Correspondence) | Plaintiffs | Plaintiffs seek to redact the name, email address, and identifying information of Epstein's victim. The names and identifying information of potential victims of Epstein are protected pursuant to the Protective Order, Dkt. 64, which permits the parties to designate as Confidential "any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Plaintiffs do not believe any other information needs to be redacted. | Defendants do not object to these redactions. | Not applicable. |
| | Defendants | Defendant Mr. Kahn designated Exhibit 1 to the Defendants' Letter Opposition to Plaintiffs' Motion to Compel as "Confidential" pursuant to Paragraph 3 of the Protective Order because this document contains previously undisclosed financial information, information of a personal nature, and the identity of an actual or alleged abuse victim of Jeffrey E. Epstein. Exhibit 1 therefore constitutes "Confidential Discovery Material," as that term is defined in the Protective Order. The Court has previously granted motions to seal substantially similar | Plaintiffs object to sealing Exhibit 1 in its entirety. | Plaintiffs do not believe that sealing Exhibit 1 in its entirety is warranted under the Protective Order. Nothing in the email correspondence pertains to "undisclosed financial information," which is defined to include "profitability reports or estimates, percentage fees, design fees, royalty rates, |

15

| Docket Number and Description | Party Seeking Sealing or Redactions | Justification for Sealing or Redactions | Whether the Opposing Party Objects | Rationale for Objection (If Applicable) |
|---|---|---|---|---|
| | | documents for the same reasons over Plaintiffs' oppositions. *See, e.g.,* Dkt. 358 (granting, *inter alia,* Defendants' similar motions to seal at Dkts. 213, 253, 316, 321 and 326).<br><br>Accordingly, pursuant to the Protective Order and Paragraph 11(B) of Your Honor's Individual Practices in Civil Cases, Exhibit 1 to Defendant's Opposition Letter should remain under seal. | | minimum guarantee payments, sales reports, and sales margins" or the like. To the extent Paragraph 2(d) of the Protective Order justifies the redaction of "information of a personal or intimate nature regarding any individual," narrowly tailored redactions would be more appropriate.<br><br>Plaintiffs' proposed redactions are adequate to protect any "information of a personal or intimate nature" and the "identity of any actual or alleged victim of abuse by Jeffrey E. Epstein." |