UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 3 et al., | |
| Plaintiffs, | |
| -against- | 24-cv-1204 (AS) |
| Darren K. Indyke, et al., | ORDER |
| Respondents. | |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiffs' unopposed motion to redact the names, contact information, and other personal or identifying information belonging to victims in Dkts. 364, 364-1, 364-2, 364-3, 364-4, 364-5, 364-6, 364-7, 369, and 369-1 is GRANTED.

Defendants' motion for further redactions in plaintiffs' letter motion (Dkt. 364, as shown in Dkt. 373-1) is GRANTED IN PART. The Court agrees with defendants that information pertaining to the ownership and control of a non-public company should be redacted under the protective order. However, the Court also agrees with plaintiffs that the proposed redactions are not narrowly tailored for that purpose (see, for example, the proposed redaction of footnote 2).

Defendants' motion to seal in their entirety exhibits to the parties' motion containing email correspondence, Dkts. 364-1, 364-2, 364-4, 364-5, 364-6, and 369-1 is DENIED. Defendants fail to provide any reasoning beyond a boilerplate statement as to why the confidentiality interests outweigh the presumption of public view. Defendants, however, may redact the names of corporate entities whose ownership is not publicly known, as well as contact information (email addresses, phone numbers, and physical/mailing addresses) in the correspondence. The parties shall also ensure that the names or other personal/identifying information of any victims are redacted in line with plaintiffs' request.

Defendants' motion to seal in its entirety an exhibit to plaintiffs' motion containing an invoice, Dkt. 364-3, is DENIED. Defendants fail to provide any reasoning beyond a boilerplate statement as to why the confidentiality interests outweigh the presumption of public view. Defendants may redact the bank account number and the contact information listed. The parties shall also ensure that the names or other personal/identifying information of any victims are redacted in line with plaintiffs' request.

Defendants' motion to seal in its entirety an exhibit to plaintiffs' motion containing defendants' privilege log, Dkt. 364-7, is DENIED. Defendants fail to provide any reasoning beyond a

boilerplate statement as to why the confidentiality interests outweigh the presumption of public view. Defendants may redact the names of corporate entities whose ownership is not publicly known, as well as any contact information (email addresses, phone numbers, and physical/mailing addresses). The parties shall also ensure that the names or other personal/identifying information of any victims are redacted in line with plaintiffs' request.

The parties shall meet and confer regarding redactions in line with this order. The Court hopes the parties can agree on redactions, which they can then file on the public docket. All documents currently under seal shall remain under seal.

The Clerk of Court is directed to terminate the motions at Dkts. 362, 363, 367, 372, and 374.

SO ORDERED.

Dated: November 3, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge