

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

November 6, 2025

**VIA ECF**
The Hon. Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     <em>Allyson Ward and Jane Doe 3 v. Indyke et al.</em>, Civ. No. 1:24-cv-01204 (AS)

Dear Judge Subramanian:

Defendants' fifty-two requests for production seek "all" documents across three decades about virtually every aspect of Ward's life. Their interrogatories (which, inclusive of compound questions and subparts, exceed the number permitted by F.R.C.P. 33.3(a)(1)) go well beyond what is permitted.[1] While Ward is actively cooperating with Defendants to respond to reasonable discovery, and has already made two productions of documents to Defendants, the requests identified in Defendants' motion to compel (Dkt. 381) impose burdens far in excess of what is proportionate under Rule 26. Defendants have also moved prematurely—shortly before Defendants filed their letter, Ward emailed Defendants regarding their positions, yet Defendants proceeded to file without acknowledging or considering Ward's positions. The Court should deny Defendants' motion to compel in full.

## I.     Requests for Production

*Financial Documents.* Defendants' requests for extensive financial and tax documents from over thirty years is overbroad and unduly burdensome. Due to "the private nature of the sensitive information" courts "have been reluctant" to order discovery of tax returns. *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018). Defendants have failed to demonstrate a "compelling need" for these documents.[2] *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (compelling "tax information from plaintiffs would serve no obvious purpose other than intimidation"); *Demirovic v. Ortega*, 254 F. Supp. 3d 386, 390 (E.D.N.Y. 2017) (denying motion to compel where defendants did not advance "a single argument as to what specific information in the tax returns would be relevant"). Their conclusory claim that Ward's financial documents are "clearly relevant to her claim for lost wages," falls flat where they could readily obtain that information through less intrusive means. *See Bal v. Manhattan Democratic Party*, 2018 WL 11466349, at *10 (S.D.N.Y. Mar. 14, 2018) (denying request to compel the plaintiff to provide a ten-year employment history as overboard and instructing the defendants to inquire at the plaintiff's deposition as to any lost wages).[3]

---

[1] *See, e.g.*, *Nowlin v. Lusk*, 2014 WL 298155, at *5 (W.D.N.Y. Jan. 28, 2014). For example, Interrogatory No. 16 seeks "all bases for the contention[s]" underlying multiple paragraphs of the operative complaint, including "all facts, documents, and testimony" supporting each contention.

[2] Defendants' request for all Ward's paystubs since 1992 is particularly overboard and extremely burdensome. Ward does not have these documents.

[3] Ward has agreed to produce documents sufficient to show all the businesses that she has an ownership interest in.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com


*Medical Documents.* Likewise, Defendants' sweeping requests for "all reports, bills or other records" relating to "examination, diagnosis or treatment" by "any Medical Provider" since 1994 are overbroad and disproportionate to the needs of the case. Ward has identified the doctors who provided treatment for injuries related to Epstein's abuse and produced records related to her treatment for those injuries. Anything more than this is irrelevant to Ward's claims. *Evanko v. Elec. Sys. Assocs., Inc.*, 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993) (rejecting defendants' "unrestricted access" to all of plaintiff's medical records because even if "any physical malady might cause emotional distress [. . .] it scarcely gives defendants a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress, particularly with respect to information that the governing law treats as especially sensitive.").

*Illegal Drug Use.* Defendants' request for "[a]ll documents related to" "illegal drug use" is inappropriate, harassing, and not crafted to seek relevant information. *Brown v. Kelly*, 2007 WL 1138877, at *2 (S.D.N.Y. Apr. 16, 2007) (granting protective order from disclosure of prior drug use and treatment because mental condition was not at issue by seeking damages for emotional distress); *see also Caravantes v. 53rd St. Partners, LLC*, 2012 WL 3631276, at *11 n.24 (S.D.N.Y. Aug. 23, 2012) (plaintiff's drug use irrelevant in sexual harassment case). Putting aside Defendant's baseless claims and dubious motives, Ward has not put mental health or purported drug use at issue simply by alleging a claim for emotional distress. Defendants' cases are inapposite. *See Ortiz v. City of New York*, 2017 WL 5613735, at *1 (S.D.N.Y. Nov. 21, 2017) (plaintiff's drug use **at the time of the alleged misconduct** was only relevant because parties disputed whether police officers had cause to seize plaintiff for intoxication); *Romero v. Los Angeles Cnty.*, 2024 WL 3467741, at *2 (C.D. Cal. June 27, 2024) (plaintiff conceded to drug use before the alleged police misconduct and for years afterwards). Defendants have not advanced **any** facts supporting their unsupported speculation that the possible use of drugs may have been an alternative cause of Ward's harm. Similarly, *Fletcher v. City of New York*, 54 F. Supp. 2d 328, 334 (S.D.N.Y. 1999), which relies on *Lewis v. District of Columbia,* 793 F.2d 361, 363 (D.C. Cir. 1986), is distinguishable because plaintiff had used drugs at a time that could have caused emotional distress. No such facts are present here. *See Edwards v. City of New York*, 2011 WL 2748665, at *1 (E.D.N.Y. July 13, 2011) (distinguishing *Lewis* and prohibiting defendants from using evidence of prior drug use at trial).

*Social Media.* Ward has agreed to produce any social media posts related to Epstein and the events underlying the complaint. Defendants are not entitled to all Ward's "public and non-public" social media posts since 1994, as the probative value of social-media material to emotional distress damages is minimal at best. *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 115 (E.D.N.Y. 2013); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 571 (C.D. Cal. 2012) ("the simple fact that a claimant has *had* social communication is not necessarily probative of the particular mental and emotional health issues in the case") (emphasis in original). *Reid v. Ingerman Smith LLP*, 2012 WL 6720752 (E.D.N.Y. Dec. 27, 2012), is distinct. That case dealt with limited production of social media from a significantly shorter, five-year time frame.

## II.    Underlying Interrogatories[4]

*Damages.* Local Rule 33.3 only requires "the computation of each category of damage alleged"; Ward has provided that information. Defendants are not "entitled to a detailed summary"

---

[4] Ward has answered Interrogatories 10 and 23.



of Ward's damages at this stage, "particularly to the extent that calculations of an expert may be required." *New Haven Temple SDA Church v. Consolidated Edison Corp.*, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995); *see also Pratt v. Atalian Global Servs. Inc.*, 2021 WL 1234253, at *5 (S.D.N.Y. April 2, 2021) (denying motion to compel interrogatory response concerning damages since defendant "remains free to pursue additional information about [counterclaim plaintiff's] damages through other forms of discovery, including expert discovery").

*Individuals From Ward's Places of Work.* Ward has already agreed to produce documents sufficient to show all her places of work. Defendants offer no explanation for why they need Ward to identify individuals who can "verify" each of her places of work. This request is overreaching, disproportionate to the needs of the case, and harassing. *See Fox v. Milosevic*, 2008 WL 11506052, at *1 (N.D.N.Y. May 6, 2008) (finding interrogatories were improper where "not relevant" and made "solely for the purpose of harassing the defendant[s]").

*Unrelated Litigation Matters.* Again, Defendants offer no justification for wanting to know all litigation matters in which Ward has provided sworn testimony, even if unrelated to Epstein or the allegations underlying the complaint. Ward has never provided sworn testimony in an Epstein-related matter.

*Identity of Co-conspirators.* Interrogatory No. 19 seeks the identity of all "co-conspirators" in the "Epstein Enterprise" referenced in the operative complaint. In addition to being a premature contention interrogatory, this request is improper because it calls for a legal conclusion. *See Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 149 (S.D.N.Y. 1969) (sustaining objections to interrogatories where they call for "legal conclusions or interpretations rather than admissions of fact"); *Stewart Stamping Corp. v. Westchester Prods. Co.*, 17 F.R.D. 248, 249 (S.D.N.Y. 1953) (denying motion to compel where interrogatory "calls for a legal conclusion"). Tellingly, the same allegations concerning co-conspirators appeared in the original complaint before Ward joined, yet Defendants never sought this discovery before now. *See* Dkt. 194-1. Defendant should not be offered a second bite at the apple where the Court limited discovery into Ward only.

*Contention Interrogatories.* Defendants concede that Local Rule 33.3 permits contention interrogatories only "[a]t the conclusion of other discovery," but nevertheless ask the Court to compel Ward to respond now. Defendants' premature request should be denied. "Contention [i]nterrogatories are specifically 'designed to assist parties in narrowing and clarifying the disputed issues in advance of summary judgment practice or trial.'" *CG3 Media, LLC v. Belleau Techs., LLC*, 2022 WL 1172499, at *2 (S.D.N.Y. Apr. 20, 2022). "Rule 33.3(c) reflects this view, as it calls for contention interrogatories to be served ***only at the end of other fact discovery***." *Id.* (emphasis added). Nothing about the "unusual posture" of this case warrants departure from that rule, particularly because discovery is still ongoing. *Id.* (contention interrogatories premature where "depositions have yet to occur"); *Erchonia Corp. v. Bissoon*, 2011 WL 3904600, at *3 (S.D.N.Y. Aug. 26, 2011) (contention interrogatories could be served "only once [a party] had finished taking discovery from their opponent").

*Date of Retention.* Defendants' request for the date when Ward retained BSF is improper under Local Rule 33.3. Ward has agreed to produce pre-retention communications between her former attorney and BSF.



Respectfully submitted,

/s/ *Sigrid S. McCawley*

Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Attorney for Plaintiffs*