UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Doe 3, et al., | |
|---|---|
| Plaintiffs, | |
| -against- | 24-cv-1204 (AS) |
| Darren Indyke, et al., | ORDER |
| Defendants. | |

ARUN SUBRAMANIAN, United States District Judge:

Defendants' motion to compel is GRANTED in part and DENIED in part. The information ordered to be produced should be furnished on or before November 21, 2025. The motion is otherwise denied, other than for information that—as reflected in Ms. Ward's letter—has been agreed to be produced.

1. Financial Documents: To the extent that Ms. Ward is claiming lost wages, she should produce any documents that substantiate that claim.

2. Medical Documents: Given that Ms. Ward is claiming damages for physical, psychological, and psychiatric injuries and medical expenses, she should furnish records regarding injuries allegedly resulting from Mr. Epstein's abuse. It appears from Ms. Ward's letter that these documents have been produced, but if there are any outstanding issues, the parties should meet and confer in good faith.

3. Illegal Drug Use and Social Media Documents: Denied unless otherwise agreed.

4. Damages: The Court has reviewed Ms. Ward's responses on damages. While some information is provided, it's unclear that the conclusory responses are consistent with what Rule 26(a) or this Court's Local Rule. Ms. Ward should furnish amended responses that put more meat on the bones. As a reminder, Rule 26 requires the furnishing of "a computation of each category of damages claimed" as well as "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based"" including "materials bearing on the nature and extent of injuries suffered."

5. Interrogatories: Ms. Ward should answer the interrogatories consistent with L.R. 33.3 with no reservations about supplementing that information in the future.

    a. As to individuals who can "verify" where Ms. Ward worked, this request is disproportionate to the needs of the case and is denied.

    b. Similarly, Ms. Ward's testimony in unrelated matters is of no moment, but if Ms. Ward has provided sworn testimony in any matter involving sexual abuse or issues of that nature, she should identify those matters.

    c. To the extent Ms. Ward is aware of individuals who she regards as "conspirators" in the Epstein Enterprise, she should identify who those people are, to the best of her knowledge at this time.

6. Contention Interrogatories: It's unclear why contention interrogatories are needed at this time, so this request is denied without prejudice. But the parties should meet and confer and see if they can agree on a timeframe for mutual contention interrogatories if that would be helpful. In the Court's view, that is rarely the case.

7. Date Ms. Ward Retained Counsel: Denied.

To the extent that defendants have reasonable follow-up requests based on the production of documents and information consistent with this order or the parties' agreement, those requests may be furnished. Both sides should work in good faith to ensure the production of relevant and probative information proportional to the needs of the case.

The Clerk is respectfully directed to terminate the motions at Dkts. 380 and 381.

    SO ORDERED.

Dated: November 7, 2025
       New York, New York

ARUN SUBRAMANIAN
United States District Judge