

BOIES
SCHILLER
FLEXNER

Megan Nyman
Telephone: (954) 356-0011
Email: mnyman@bsfllp.com

November 7, 2025

GRANTED. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 379 and 385.

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 2, 2025

Re:    *Allyson Ward and Jane Doe 3 v. Indyke et al.*, Civ. No. 1:24-cv-01204 (AS)

Dear Judge Subramanian:

Pursuant to Paragraphs 11(C)(ii)-(iii) of Your Honor's Individual Practices in Civil Cases, Plaintiffs Allyson Ward and Jane Doe 3 submit this letter motion to maintain under partial seal Exhibit 4 to Defendants' letter motion to compel Plaintiff Allyson Ward to produce relevant documents and respond to interrogatories. The parties met and conferred by telephonic conference on the issues on November 7, 2025, and Defendants do not oppose Plaintiffs' request.

Exhibits 3 and 4 to Defendants' letter motion to compel were filed by Defendants under seal. Plaintiffs attach hereto Exhibit 3, Plaintiff Allyson Ward's Responses and Objections to Defendants' First Requests for Production, which Plaintiffs agree does not need to be maintained under seal.

Exhibit 4 contains Plaintiff Allyson Ward's Amended Responses and Objections to Defendants' First Set of Interrogatories. It is Plaintiffs' position that Exhibit 4 requires partial sealing to protect both Ms. Ward's personal and intimate information, and the identities of the Epstein victims contained therein. Plaintiffs attach hereto a redacted version of Exhibit 4. The redactions are narrowly tailored to protect Ms. Ward's sensitive information, including the names of her doctors, her contact information, and the identities of other Epstein victims.

The Protective Order in this action permits the Parties to designate as Confidential "any information of a personal or intimate nature regarding any individual," and "any information that could reveal the identity of any actual or alleged victim of abuse by Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate." Dkt. 64. ¶¶ 2(d), (f).

Additionally, courts have granted sealing requests to protect the identities of victims of sex trafficking, including the identities of victims of Jeffrey Epstein. In *Giuffre v. Maxwell*, Judge Preska repeatedly recognized the "gravity of the privacy interests" of "victims of Jeffrey Epstein's abuse." *Giuffre v. Maxwell*, No. 15-CV-7433, Dkts. 1113, 1161. The Court explained that "[t]hose interests are particularly acute given that the psychological and emotional wellbeing of survivors of alleged sexual assaults may be implicated by such a broad disclosure." *Giuffre v. Maxwell*, No. 15-CV-7433, Dkt. 1113. In *Doe 1 v. JP Morgan Chase Bank, N.A.*, Judge Rakoff found that the privacy interest of a victim of Epstein justified sealing because "[p]rotecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents." 742 F.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Supp. 3d 387, 397 (S.D.N.Y. 2024) (citations omitted). And recently, in declining to unseal grand jury materials from Epstein's federal criminal case, Judge Berman found that "possible threats to victims' safety and privacy" was a "compelling reason" for denying the Government's request. *See United States v. Epstein*, 1:19-cr-00490-RMB, Dkt. 77 at 8.

Further, any presumption of public access that these documents are entitled to is lessened by the fact that this is an application for discovery. *In re Upper Brook Cos.*, No. 22-MC-97, 2023 WL 172003, at *5 (S.D.N.Y. Jan. 12, 2023).

In light of the foregoing, Plaintiffs respectfully request that the Court grant this letter motion and permit Exhibit 4 to Defendants' motion to compel to be maintained under partial seal in the form attached hereto.

Respectfully submitted,

/s/ Megan Nyman
Megan Nyman
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: mnyman@bsfllp.com

*Attorney for Plaintiffs*