

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

December 12, 2025

**VIA ECF**

The Hon. Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

  Re: *Allyson Ward v. Indyke et al.*, Civ. No. 1:24-cv-01204 (AS)

Dear Judge Subramanian:

  Plaintiff Allyson Ward ("Ms. Ward") submits this letter motion to quash the subpoena issued to JP Morgan Chase Bank ("JP Morgan"), of which Ms. Ward is the subject, served by Defendants Darren K. Indyke and Richard D. Kahn ("Defendants") (attached hereto as Exhibit A).

  On November 26, 2025, Defendants served non-party JP Morgan with a subpoena to produce Ms. Ward's confidential financial records in this matter. Defendants request production of information about Ms. Ward's personal bank accounts, bank accounts held by entities owned or controlled by Ms. Ward, and Ms. Ward's mortgage and loan information. In seeking confidential financial documents, Defendants seek discovery that is overbroad, disproportionate to the needs of the case, and irrelevant to the subject matter of the litigation. Accordingly, Ms. Ward respectfully requests that this Court quash Defendants' subpoena directed at JP Morgan.

  Defendants' Subpoena is plainly improper and overreaching. "On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45 (emphasis added). "It is also well-settled that production sought in a subpoena served in conjunction with discovery must fall within the proper scope of discovery under Rule 26(b)(1)." *Vital Farms, Inc. v. Tanz*, 2023 WL 8782321, at *2 (S.D.N.Y. Dec. 19, 2023). Pursuant to Rule 26(b), parties may obtain discovery regarding nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Under Rules 26 and 45, the JP Morgan Subpoena is disproportionate to the needs of the case, overbroad, and irrelevant to the present litigation.

  And as a threshold matter, Ms. Ward, the party with a privacy interest in the subpoenaed information, is the proper party to bring this motion to quash the Subpoena. *Union Square Ltd. v. Mr. Bar-B-Q Prods. LLC*, 2023 WL 4187725, at *2 (S.D.N.Y. June 26, 2023) ("In this Circuit, courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege… Although the subpoena is directed at a third-party, because it seeks financial information about Respondent, Respondent has standing."). Additionally, this is the proper Court for Plaintiff to seek to quash the Subpoena, because the place for compliance is in this District. See Fed. R. Civ. P. 45(d)(3).

  **I.** **The JP Morgan Subpoena Is Disproportionate to the Needs of the Case.**

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

The JP Morgan Subpoena seeks sweeping information concerning all of Ms. Ward's personal accounts or that of any entity owned or controlled by Ms. Ward, and mortgage and loan information related to Ms. Ward and related entities. "In assessing whether the subpoena imposes an undue burden, courts weigh 'the burden to the subpoenaed party against the value of the information to the serving party' by considering factors such as 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017) (internal citations omitted). Defendants seek not only identification of these accounts but also detailed information concerning, for example, "all transactions to or from the account," "any credit or debit transactions relating to credit or debit cards linked to the account," and any transaction data regarding money "transferred to or from the account." This Subpoena is a textbook example of an improper "fishing expedition." *See Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)

The Subpoena is unduly intrusive. Defendants have no basis for such sweeping discovery into Ms. Ward's personal finances other than to harass her. In *Catskill*, the court denied discovery into personal banking records absent a "legitimate need," stressing that civil discovery "is not a prosecutorial investigation." 206 F.R.D. at 92–93. Similarly, in *Reserve Solutions, Inc. v. Vernaglia*, the court held that overbroad requests for credit card records that were "not limited to the accounts and transactions at issue in this case," were "outweighed by intrusions into [defendant's] privacy interests," because "discovery should not include unrelated and detailed personal financial records." 2006 WL 1788299, at *2 (S.D.N.Y. June 26, 2006); *see also* ECF No. 384 ("Both sides should work in good faith to ensure the production of relevant *and probative information proportional to the needs of the case*.") (emphasis added). The same holds true here. The JP Morgan Subpoena was "not limited to the accounts and transactions at issue in this case," does not describe the documents or communication they seek with any particularity, and thus is overbroad. *Reserve Solutions, Inc.*, 2006 WL 1788299, at *2. The Subpoena also purports to request documents from August 1, 1994 to present, covering over *twenty years* of potential documents. *See In re Motion to Quash Subpoenas to Non-Parties*, 2024 WL 4249212, at *4 (N.D.N.Y. Sept. 20, 2024) (granting motion to quash where "subpoenas as written seek an expansive amount of information" which included "information that dates back to 2009 and forward to the time the subpoenas were served" in 2024.).

Defendants' Subpoena is also clearly an effort to circumvent the Court's discovery findings in the present case. *See* ECF No. 384 ("To the extent that Ms. Ward is claiming lost wages, she should produce any [financial] documents that substantiate that claim."). The Court should not permit such far reaching discovery into Ms. Ward's personal financial information where Defendants' motive is simply to harass. *See Reserve Solutions, Inc.*, 2006 WL 1788299, at *2 ("the court…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense") (quoting Rule 26(c)).

**II.     The JP Morgan Subpoena Seeks Irrelevant Information.**

Even setting aside the overbroad nature of the requests, the Subpoena seeks information that is not relevant to the present case and is therefore outside the scope of discovery. "[T]o overcome a motion to quash a subpoena, the party issuing the subpoena must demonstrate the



relevance of the documents it seeks." *Padilla v. Sacks & Sacks, LLP*, 2021 WL 4429785, at *1 (S.D.N.Y. Sept. 27, 2021). Defendants have failed to demonstrate that the specific information they seek from JP Morgan is relevant, including how the document requests are reasonably calculated to lead to information relevant to the underlying litigation.

Defendants have not shown how their sweeping requests for financial documents is relevant but merely speculate about what may be helpful to proving their claims. But conclusory remarks about relevance to justify such sweeping discovery into confidential financial matters amounts to a "prosecutorial investigation." *See Catskill Dev., L.L.C.*, 206 F.R.D. at 92–93 (denying discovery into personal banking records absent a "legitimate need," stressing that civil discovery "is not a prosecutorial investigation."); *In re Soclean, Inc.*, 2023 WL 8772210, at *3–5 (W.D. Pa. July 6, 2023) (rejecting arguments that bank statements were needed to investigate related party transactions, trace funds, or prove unjust enrichment, holding that "[s]uch speculation does not justify what amounts in essence to a complete additional audit"). And "[t]he right of access to discovery materials is frequently qualified in the interest of protecting legitimate interests." *S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010); *see, e.g.*, *Adkins v. Sogliuzzo*, 2011 WL 4345439, at *3 (D.N.J. Sept. 15, 2011) (finding "discovery of 10 years of [defendant's] financial life through her businesses and her personal life ... is really far afield from what is needed to prove the case" because the "financial records requested are personal and highly confidential") (internal quotation marks and citation omitted).

Accordingly, it would pose an undue burden on a non-party to produce information that is irrelevant to the present matter. *See, e.g.*, *Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011) (noting that "courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment … on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence") (collecting cases).

Even if some of the information were relevant, Defendants have the discovery needed to prove their defenses, and their "rights to subpoena the financial records is outweighed by intrusions into [Ms. Ward's] privacy interests." *See Reserve Solutions, Inc.*, 2006 WL 1788299, at *2.

In light of the foregoing, Plaintiff respectfully requests that the Court grant this letter motion to quash the subpoena issued to JP Morgan.

Respectfully submitted,

/s/ *Sigrid S. McCawley*
Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Attorney for Plaintiff*