# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLYSON WARD,<br><br>*Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>*Defendants*. | Civil Action No. 1:24-cv-1204-AS |

## NOTICE OF NON-PARTY SUBPOENA

**PLEASE TAKE NOTICE THAT** pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Darren Indyke and Richard Kahn, by and through their undersigned counsel, will serve the subpoena attached hereto commanding the production of certain documents in the possession, custody, or control of Bank of America. The subpoena directs that the date, time, and place for production is December 15, 2025 at 9:30 am to Dan Ruzumna Patterson Belknap c/o Regus 1000 N. West Street, Suite 1200, Wilmington, Delaware, 19801.

Dated:  November 26, 2025

/s/ Daniel H. Weiner
Daniel H. Weiner

**HUGHES HUBBARD & REED LLP**

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

/s/ Daniel S. Ruzumna
Daniel S. Ruzumna

**PATTERSON BELKNAP WEBB & TYLER LLP**

1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| ALLYSON WARD<br>*Plaintiff*<br>v.<br>DARREN K. INDYKE and RICHARD D. KAHN<br>*Defendant* | ) ) ) ) ) ) Civil Action No. 1:24-cv-1204-AS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Bank of America
c/o The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibits A and B.

| Place: Dan Ruzumna Patterson Belknap<br>c/o Regus 1000 N. West Street, Suite 1200,<br>Wilmington, Delaware, 19801 | Date and Time:<br>12/15/2025 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/26/2025

*CLERK OF COURT*
OR
_____         /s/ Daniel S. Ruzumna
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Richard D. Kahn
_____, who issues or requests this subpoena, are:

Daniel S. Ruzumna, Patterson Belknap Webb & Tyler LLP 1133 Avenue of the Americas New York, New York 10036; druzumna@pbwt.com; 212-336-2034

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-1204-AS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFENDANTS' SUBPOENA DUCES TECUM
OF DOCUMENTS TO NON-PARTY BANK OF AMERICA**

Pursuant to the foregoing subpoena duces tecum, You are required to produce, by the date stated in the subpoena, the documents requested herein.

**DEFINITIONS**

1. The Uniform Definitions set forth in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") are incorporated by reference and the definitions set forth in subsections (c) and (d) of that Rule shall apply to these Requests.

2. "You" or "Your" means Bank of America, in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its employees, members, and partners, and all persons and entities acting on its behalf or under its control.

3. "Allyson Ward" means Allyson Ward, née Allyson Chambers, formerly known as Allyson Chambers-Bieber. Ms. Ward is a Florida resident with a birthdate of October 14, 1972.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope.

5. The word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

6. Wherever appropriate, the verb tenses shall be interpreted to include past, present, and future tenses.

7. The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1. Production should be made electronically via email to Daniel S. Ruzumna, counsel for Defendant Richard Kahn, druzumna@pbwt.com; Cat Djang, cdjang@pbwt.com; Newton Portorreal, nportorreal@pbwt.com; and Anthony Wong, awong@pbwt.com; and Daniel H. Weiner, counsel for defendant Darren K. Indyke, daniel.weiner@hugheshubbard.com; Wilson Wang, wilson.wang@hugheshubbard.com; and Tyler Bloom, tyler.bloom@hugheshubbard.com.

2. You shall produce all documents called for by these Requests that are in Your possession, custody, or control, including all responsive documents in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control, within the broadest meaning of those terms under the Federal Rules of Civil Procedure.

3. If any document requested was in Your custody or control, but is no longer in Your custody or control, state what disposition was made of such document, the reason for such disposition, and the date of such disposition.

4. You shall take immediate steps to preserve all documents responsive to these Requests, including electronic data that may exist on backup or other archived electronic computerized data compilations.

5. You shall produce responsive documents as they are kept in the usual course of business, or You shall organize and label them to correspond to the enumerated Requests below. If You have no documents responsive to a particular Request, You shall so state in writing.

6. If any portion of any document is responsive to any Request, You must produce the entire document without abbreviation or redaction. In the event that a copy of a responsive document is not identical to another copy thereof by reason of alterations, marginal notes, comments, or materials contained therein or attached thereto or otherwise, You shall separately produce all such non-identical copies.

7. If You believe that any document responsive to these Requests is protected from discovery by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from discovery, You must specify the basis of the privilege or other grounds for protection from discovery and provide all other information required by Rule 45(e)(2) of the Federal Rules of Civil Procedure and Rule 5(G) of Judge Arun Subramanian's Individual Practices in Civil Cases.

8. These Requests cover all responsive documents from the period August 1, 1994 through the present.

9. These Requests are continuing. If, after producing documents in response to these Requests, You obtain or become aware of any further documents or information responsive to these Requests, You are required to so state by supplementing Your responses and producing such additional documents or information to Defendants.

## DOCUMENT REQUESTS

1. Documents sufficient to identify each account number, account type, signatory or signatories, date of opening, date of closing (if applicable), and associated entities for any account held by Allyson Ward or entities owned or controlled by Allyson Ward (including, but not limited to, any of the entities in Exhibit B), at Bank of America.

2. Documents sufficient to identify, for Account No. 68211027892099, the account type, signatory or signatories, date of opening, date of closing (if applicable), and associated entities.

3. For each account identified in response to Request No.1, as well as Account No. 68211027892099, the following documents:

    (a) all account statements;

    (b) documents sufficient to show all transactions to or from the account;

3

(c) front and back copies of all cancelled checks;

(d) wire transfer records;

(e) payment processing records;

(f) documents reflecting any credit or debit transactions relating to credit or debit cards linked to the account;

(g) any other transaction data reflecting any money transferred to or from the account, including but not limited to deposit slips and withdrawal slips;

(h) all account opening and closing documents;

(i) signature cards;

(j) account title status change documents; and

(k) change of signatory cards.

4. All documents relating to loans or mortgages to which Allyson Ward or entities owned or controlled by Allyson Ward (including, but not limited to, any of the entities listed in Exhibit B) are a party.

4

**EXHIBIT B**

To assist your search for responsive documents, we provide below identifying information for a list of entities that Allyson Ward owned or controlled. To be clear, this is not a complete list of such entities, and Your search should also include any entities affiliated with Allyson Ward that are not listed below.

1. Malibu Properties LLC
   Last Known Address: 521 Westwood Road, West Palm Beach, Florida 33401

2. Malibu Investments II LLC
   Last Known Address: 818 Belvedere Road, West Palm Beach, Florida 33405

3. Lumiere, Ltd.
   Last Known Address: 717 New Jersey St., West Palm Beach, Florida 33401

4. 526 Avon Road, LLC
   Last Known Address: 4208 Hickory Dr., Palm Beach Gardens, FL 33418

5. Netfunding Corporation
   Last Known Address: 508 W Union St. Newark, NY 14513

6. Old Okeechobee Road, LLC
   Last Known Address: 7556 Lake Worth Rd., Lake Worth, FL 33467

7. Allyson Chambers PA
   Last Known Address: 323 Cordova Rd., West Palm Beach, FL 33401

8. The Lilly Pad, Inc.
   Last Known Address: 8330 Currency Dr., West Palm Beach, FL 33404

9. The Lilly Pad Holdings, LLC
   Last Known Address: 8330 Currency Dr., West Palm Beach, FL 33404

10. Mocha Holdings, LLC
    Last Known Address: 8330 Currency Dr., West Palm Beach, FL 33404

11. Barnmax Services, LLC
    Last Known Address: 8330 Currency Dr., West Palm Beach, FL 33404

12. 1315 Alpha, LLC
    Last Known Address: 323 Cordova Rd., West Palm Beach, FL 33401

13. Willow Place II, Inc.
    Last Known Address: 30 Garfield St., Asheville, NC 28803

14. CAM Health, LLC
    Last Known Address: 7556 Lake Worth Rd., Lake Worth, FL 33467

15. LPRR, LLC
    Last Known Address: 7556 Lake Worth Rd., Lake Worth, FL 33467

16. 2706 Old Moultrie, LLC
    Last Known Address: 5913 Rio Royalle Rd., St. Augustine, FL 32080

17. WP Medical Group, LLC
    Last Known Address: 400 Executive Center Dr., West Palm Beach, FL 33401

18. Cameron James Realty, LLC
    Last Known Address: 5913 Rio Royalle Rd., St. Augustine, FL 32080

19. 1240 Brevard Investments, LLC
    Last Known Address: 30 Garfield St., Asheville, NC 28803

20. Willow Place Housing, LLC
    Last Known Address: 30 Garfield St., Asheville, NC 28803

21. The Ward Family Insurance Group, LLC
    Last Known Address: 320 High Tide Dr., St. Augustine, FL 32080