

www.pbwt.com

December 17, 2025

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    <u>*Doe 3 v. Indyke et al.*, Case No. 24-cv-1204 (AS)</u>

Dear Judge Subramanian:

      Defendants Darren Indyke and Richard Kahn oppose Plaintiff Allyson Ward's letter motion to quash the subpoena (the "Subpoena") that Defendants issued to JPMorgan Chase Bank ("JPMorgan"). *See* ECF No. 398 ("Motion"). The Court should deny Ward's motion because (i) the documents requested in the Subpoena are directly relevant to Ward's damages claim for lost wages; (ii) Ward lacks standing to assert most of her objections to the Subpoena; and (iii) Ward's "privacy" is not a valid objection because she brought this litigation and affirmatively put her earnings—both before and after her alleged abuse—squarely at issue.

    1. **Ward's JPMorgan Records Are Necessary to Calculate Her Economic Damages**

      On November 7, 2025, the Court ordered Ward to "produce any documents that substantiate" her claim for lost wages and to produce "materials bearing on the nature and extent of injuries" she allegedly suffered. ECF No. 384. Ward failed to do so, instead gesturing to vague, future "testimony" that would purportedly substantiate her ▓▓▓▓▓▓▓▓ for lost wages and lost earnings capacity. Defendants accordingly sought to obtain relevant information about Ward's earnings from her banks. Ward now attempts to block that third-party discovery.

      The full extent of Ward's disclosure regarding her claim for economic loss is as follows:



(**Ex. A**, Pl. 2d Am. Resp. & Obj. to Defs.' 1st Interrogatories, Nov. 21, 2025, at 7.)

      The historical earnings information Defendants seek through JPMorgan records is relevant to Ward's alleged lost wages and lost earnings capacity. Ward's earnings and deposits as reflected

Hon. Arun Subramanian
December 17, 2025
Page 2

in the subpoenaed documents may well contradict her allegations of "███████████ ████████████," and Defendants are entitled to discover it. Moreover, Ward's account information is particularly valuable here because her income calculation is more complex than the sum of W-2 wages from a single employer: Ward, a licensed real estate broker for 25 years, invested in and flipped multiple properties and owns dozens of corporate entities. *See* ECF No. 398-1 at 11-12 (listing entities). Any effect of the alleged abuse on Ward's income may be refuted by documents evidencing purchases and sales of real estate or other business activity, ████ █████████████████████████████.

Ward seeks to prevent Defendants from discovering her earnings. Instead, she prefers to rely entirely on her own testimony that she would have made more money absent the alleged abuse, without Defendants having access to documents that may refute that allegation. Ward's tactic contravenes discovery principles guaranteed by the Federal Rules, as a "[d]efendant has the right to explore avenues of discovery that could reasonably lead to admissible information regarding any of plaintiff's claims or defendant's possible defenses." *Condit v. Dunne*, 225 F.R.D. 100, 109 (S.D.N.Y. 2004) ("To deny defendant access to any information that may support a defense . . . would deny defendant his right to due process.") (citing F.R.C.P. 26). Ward's concern about a purported "fishing expedition" is unfounded. *See* Motion at 2 (citing *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)). In *Catskill,* plaintiffs had no factual basis to believe the records they sought existed—for that reason, the Court rejected discovery into defendant's personal banking records. *Id.* In stark contrast, Ward has placed her income at issue through her lost wages claim and has not disputed the obvious fact that the banking records Defendants seek contain relevant earnings information that bear directly on her damages claim.

2. **Defendants Are Entitled to Discovery Beyond Ward's Testimony**

Ward's effort to quash Defendants' discovery is all the more egregious because Ward's own discovery responses violate Federal Rule 26(a) and the Court's Order that she furnish "a ***computation*** of each category of damages claimed," as well as "the ***documents or other evidentiary material*** . . . on which each computation is based," including "materials bearing on the nature and extent of injuries suffered." ECF No. 384 (emphasis added). Ward has provided neither a computation of each category of her damages nor pertinent evidentiary material on which her "████████████████" computation is based. Her interrogatory response, quoted in full above, provides no numerical evidence that could be used to anchor, much less calculate, the $███████ she claims for lost wages and lost earnings capacity. Ward does not explain whether her claimed economic damages are calculated using a mathematical per-diem, per-week or per-month earnings figure, nor does she specify a baseline earnings figure against which her earnings are compared. She also fails to state a length of time during which her alleged past and future economic losses accrued. Her below-the-bare-minimum response does not satisfy Rule 26. *See, e.g., Pitre v. City of New York*, No. 18 CIV. 5950 (DC), 2023 WL 7304991, at *4 (S.D.N.Y. Nov. 6, 2023) (plaintiff's enumeration of his "annual salary . . . times 10 years, plus bonuses, commissions, health insurance, pension, profit sharing and all other expected raises and benefits, reduced by earned income" did not satisfy the Rule 26 requirement to provide a "computation" of each category of damages).

Hon. Arun Subramanian
December 17, 2025
Page 3

Ward does not point to any produced evidence to substantiate her lost wages claim, either. Instead, Ward has stymied Defendants' ability to probe the one source she cites in her disclosure: her own testimony. Ward continues to resist Defendants' attempts to schedule her deposition, rejecting all *fifteen* of the deposition dates Defendants proposed and refusing to propose any alternative dates.

### 3. Ward Lacks Standing to Object to the Subpoena's Scope and Purported Burden

Ward also lacks standing to challenge the relevancy, breadth, or burden of the Subpoena. Only the recipient of a subpoena may move to quash on grounds of relevance and undue burden.[1] The recipient of the Subpoena, JPMorgan, has not objected, and it is improper for Ward to do so in JPMorgan's stead.

To the extent Ward finds the scope of the Subpoena to be "sweeping," Motion at 2, that is a problem of her own making. Her omission of any time frame for her damages claims parallels her omission of any time frame for her substantive allegations. Ward's allegations span two decades, and she does not specify when within those decades her alleged abuse occurred. *See* Am. Compl., ECF No. 359, ¶¶ 72, 77, 78; *see also* **Ex. B**, Pl.'s Responses and Objections to Defs.' Requests for Admission, Nov. 19, 2025, at 6, 13–18 (Ward "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). Because Ward does not identify the time period of her alleged abuse or the period relevant to the damages she allegedly suffered, Defendants must seek document discovery—from her directly and from nonparties—that covers the full period referenced in her complaint.

Ward's cited authorities are inapposite, as they do not relate to discovery of a plaintiff's claims of lost wages. Instead, they involve requests for a defendant's finances where that information is too attenuated from the claims in the case.[2] Finally, even assuming that Ward has a privacy interest in her financial documents, that interest is minimal compared to the value of those documents, which is available from no other source known to Defendants. *See Condit*, 225 F.R.D. at 109. Furthermore, the Court's existing confidentiality order is sufficient to allay any privacy concerns. *See Zagroba v. York Restoration Corp.,* No. 10 CV 2663 ARR LB, 2011 WL 2133837, at *2 (E.D.N.Y. May 26, 2011) (collecting cases).

---

[1] *See Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (noting that non-recipient of a subpoena could not challenge the subpoena for relevancy or undue burden); *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ("Parties generally do not have standing to object to subpoenas issued to non-party witnesses").

[2] *See Reserve Solutions, Inc. v. Vernaglia,* 2006 WL 1788299, at *2 (S.D.N.Y. June 26, 2006) (plaintiff, who brought an action for conversion of funds, was not justified in seeking discovery of credit card records where the subpoena was not limited to the accounts and transactions at issue in case); *In re Motion to Quash Subpoenas to Non-Parties,* 2024 WL 4249212, at *4 (N.D.N.Y. Sept. 20, 2024) (plaintiff provided "absolutely no explanation" of how the "vast" amount of information sought from nonparties related to retaliation claim); *In re Soclean, Inc.,* 2023 WL 8772210, at *3–5 (W.D. Pa. July 6, 2023) (where defendant had already disclosed audited financial statements, plaintiff denied discovery into additional financial documents to support punitive damages claim); *Adkins v. Sogliuzzo*, 2011 WL 4345439, at *3 (D.N.J. Sept. 15, 2011) (denying additional discovery into personal records where plaintiffs had already obtained other financial records and bankruptcy information sufficient to show motive for punitive damages).

Hon. Arun Subramanian
December 17, 2025
Page 4

                                            Respectfully submitted,

                                            Daniel S. Ruzumna

cc: All counsel of record (via ECF)