# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allyson Ward, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-01204 (AS) |
| Plaintiff, | |
| v. | |
| Darren K. Indyke and Richard D. Kahn, | |
| Defendants. | |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement, dated February 19, 2026 (the "Settlement Agreement"), is made and entered into by and between: (i) Settlement Class Representative Allyson Ward ("Ward" or "Settlement Class Representative"), on behalf of herself and each Class Member, by and through her counsel of record in the Litigation;[1] and (ii) the Estate of Jeffrey E. Epstein (the "Estate"); and (iii) Darren K. Indyke and Richard D. Kahn, as the co-executors of the Estate and in their individual and all other capacities (collectively, the "Co-Executors" and together with Settlement Class Representative and the Estate, the "Parties"), on behalf of the Estate and themselves, by and through their counsel of record in the Litigation. The Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth herein.

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV.1 herein.

1

I.     **THE LITIGATION**

1.     **Summary of Litigation Proceedings**

The Litigation is currently pending before Judge Arun Subramanian in the United States District Court for the Southern District of New York (the "Court").   Putative class representatives Danielle Bensky and Jane Doe 3 filed the initial complaint (the "Complaint") in this action on February 16, 2024.  The Co-Executors moved to dismiss the plaintiffs' claims, and, on August 5, 2024, the Court granted the motion as to Bensky's claims and granted the motion in part and denied the motion in part as to Jane Doe 3's claims.

On October 18, 2024, plaintiff Jane Doe 3 moved to amend the Complaint to include Ward as a putative class representative, and on August 19, 2025, the Court granted the motion.  Jane Doe 3 and Ward filed an Amended Complaint on August 22, 2025, and a Corrected Amended Complaint (the "Amended Complaint") on September 3, 2025.  In the Amended Complaint, Jane Doe 3 and Ward alleged claims against the Co-Executors on behalf of themselves and a putative class of women who suffered sexual abuse and trafficking by Jeffrey E. Epstein during the Class Period (January 1, 1995, through August 10, 2019, inclusive), pursuant to state law and the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591, 1594, 1595.  On September 22, 2025, the Co-Executors answered the Amended Complaint, denying any and all liability.

On November 24, 2025, Jane Doe 3 and the Co-Executors executed a settlement agreement pursuant to which Jane Doe 3 individually released any and all claims against the Co-Executors and the Estate and was thereby excluded from participating in the Litigation as a class member or class representative.  On December 3, 2025, the Court ordered Jane Doe 3's claims against the Co-Executors dismissed with prejudice.

**2.    Mediation Proceedings and Settlement of the Litigation**

After extensive discovery and motion practice, in October 2025, the Parties agreed to participate in mediation.  On October 28, 2025, the Parties participated in a confidential mediation with Simone Lelchuk, Resolution Services LLC, an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Parties. The Parties engaged in good faith negotiations during the mediation and over the following months. On December 18, 2025, the Mediator proposed terms for a settlement in principle ("Mediator's Proposal"), and the parties agreed to those terms on December 19, 2025. The settlement in principle includes, among other things, the Parties' agreement that:

- The Estate will be added as a party to the Settlement and this Settlement Agreement for the express purpose of providing a remedy to all victims of sexual abuse, assault, or trafficking by Jeffrey Epstein who have not already resolved and released claims and potential claims against the Estate;

- The Co-Executors will not oppose certification of the putative Class defined in ¶ 1.3 of this Settlement Agreement for the limited purposes of settlement only;

- The Litigation, including all claims alleged in the Amended Complaint, will be dismissed with prejudice, with each Party to bear its own costs, and the Parties shall grant full mutual releases, in return for a payment by the Estate to the Class of $35 million U.S. Dollars if there are forty (40) or more Eligible Class Members, or $25 million U.S. Dollars if there are less than forty (40) Eligible Class Members, subject to the final approval of the Settlement by the Court and the survival of the Settlement, including all material terms, on any appeal.

3

II.    **THE CO-EXECUTORS' DENIALS OF LIABILITY**

Throughout this Litigation, the Co-Executors have denied, and continue to deny, each and all of the claims and contentions alleged by Settlement Class Representative and prior putative class representatives, as well as any and all allegations of fault, liability, wrongdoing, or damages. The Co-Executors maintain that they have meritorious defenses to the claims alleged in the Litigation and are entering into this Settlement Agreement to provide relief to those victims of Epstein's sexual abuse, assault, and trafficking who have not already entered resolutions and released their claims against the Estate, and further to bring finality to any and all claims against the Estate. The Co-Executors have determined that it is desirable and beneficial to the Estate and to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. For the avoidance of any doubt, the Co-Executors make no admission of liability, fault, damages, or any form of wrongdoing whatsoever, and this Settlement in no way represents, and may not be construed as, an admission of the merits of any claim.

III.    **SETTLEMENT CLASS REPRESENTATIVE'S CLAIMS AND THE BENEFITS OF SETTLEMENT**

Settlement Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Settlement Class Representative and Class Counsel recognize and acknowledge the inherent risks, expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals, and recognize and acknowledge the benefits of including the Estate as a party to the Settlement and Settlement Agreement. Settlement Class Representative and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Settlement Class Representative and Class Counsel also are mindful of the possible

4

factual and legal defenses to the TVPA and common law violations alleged in the Litigation and in any potential claims against the Estate. Settlement Class Representative and Class Counsel believe that the Settlement set forth in this Settlement Agreement confers substantial benefits upon the Class. Based on their own investigation and evaluation, Settlement Class Representative and Class Counsel have determined that the Settlement set forth in this Settlement Agreement is in the best interests of Settlement Class Representative and the Class.

## IV.    TERMS OF THE SETTLEMENT AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Settlement Class Representative (on behalf of herself and the Class Members) and the Co-Executors, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Settlement Agreement, as follows. By participating in the Settlement, Class Members will release any actual or potential claims, including any claims that may be revived at a later date, that they have or may have against the Released Defendant Parties, as set forth below.

### 1.    Definitions

As used in this Settlement Agreement, the following terms, when capitalized, have the meanings specified below:

1.1    "Allocated Amount" means the settlement amount from the Net Settlement Amount assigned to an Eligible Class Member by the Fund Administrator.

1.2    "Class Counsel" means Boies Schiller Flexner LLP.

1.3     "Class" means all females who were sexually assaulted or abused or trafficked by Jeffrey Epstein during the time from January 1, 1995 to August 10, 2019, whether they were minors or adults at the time of their assault, abuse, or trafficking, who have not previously executed a settlement agreement that included a release of claims or otherwise released claims against the Estate and the Co-Executors, and also includes the Named Plaintiffs who, in this Litigation, did not voluntarily dismiss their claims.   The Co-Executors stipulate, agree, and consent to this definition of "Class" for the sole purpose of the Settlement, and without prejudice to their right to challenge class certification and/or the class definition in the event that this Settlement Agreement or the Settlement is terminated, rejected, overturned on appeal, or the Effective Date otherwise fails to occur for any reason.

1.4     "Class Member" means a person who falls within the definition of the Class as set forth in ¶ 1.3 above.

1.5     "Class Period" means the period from January 1, 1995, to August 10, 2019, inclusive.

1.6     "Co-Executors" means Darren K. Indyke and Richard D. Kahn, in their individual capacities, as the co-executors of the Estate, as co-trustees of the 1953 Trust, and in all other capacities.

1.7     "Court" means the United States District Court for the Southern District of New York.

1.8     "Co-Executors' Counsel" means Patterson Belknap Webb & Tyler LLP and Hughes Hubbard & Reed LLP.

1.9     "Effective Date," or the date upon which this Settlement becomes effective, means the date on which the Global Settlement Amount is fully paid to the Qualified Settlement Account.

6

1.10    "Eligible Class Member" means a Class Member whom the Fund Administrator determines to be eligible to receive an Allocated Amount based on documents and information, including a Questionnaire and Release timely submitted to the Fund Administrator, and who has not opted out of the Class.

1.11    "Estate" means the Estate of Jeffrey E. Epstein.

1.12    "Fund Administrator" means Simone Lelchuk, Resolution Services LLC.

1.13    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of expiration of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, and (ii) the procedures for determining Eligible Class Members' recognized Claims and paying said Claims, shall not in any way delay, affect, or preclude the order or Judgment from becoming Final.

7

1.14    "Global Settlement Amount" means $35 million U.S. Dollars if there are forty (40) or more Eligible Class Members, or $25 million U.S. Dollars if there are less than forty (40) Eligible Class Members.

1.15    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B.

1.16    "Litigation" means the action currently captioned *Allyson Ward v. Darren K. Indyke, et. al.*, Case No. 1:24-cv-01204 (AS), pending in the United States District Court for the Southern District of New York.

1.17    "Named Plaintiffs" means any person who at any time served as a putative class representative in this Litigation, specifically, Danielle Bensky, Jane Doe 3, and Allyson Ward.

1.18    "Net Settlement Amount" means the Global Settlement Amount less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses, including a litigation reserve (defined in ¶ 4.9 below); (iii) taxes and tax expenses (defined in ¶ 2.10 below); and (iv) any other Court-approved deductions.

1.19    "Party" or "Parties" means individually and collectively each and every member of the Class, including the Settlement Class Representative, the Co-Executors, and the Estate.

1.20    "Plan of Allocation" means the proposed plan or formula of allocation and distribution of the Net Settlement Amount to Eligible Class Members. Any Plan of Allocation is not part of this Settlement Agreement, and neither the Co-Executors nor any Released Defendant Party shall have any responsibility or liability with respect thereto.

1.21    "Qualified Settlement Account" means the interest-bearing deposit account, insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits, where the

Global Settlement Amount will be held pending distribution in accordance with this Settlement Agreement.

1.22    "Questionnaire and Release" means the form for submitting a Claim that a Class Member must complete and submit should that Class Member seek to share in distribution of the Net Settlement Amount.

1.23    "Related Parties" means any individual's or entity's predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest, solely in their capacities as such.

1.24    "Released Claim" means both Released Plaintiffs' Claims and Released Defendants' Claims.

1.25    "Released Plaintiffs' Claims" means any and all claims, rights and causes of action against the Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, even if revived at some later date, whether class, representative, and/or individual in nature, that the Class Representative or a Class Member (a) asserted in the Litigation against the Released Defendant Parties, (b) could have asserted in the

Litigation against the Released Defendant Parties, or (c) could have asserted in any other action or forum against the Released Defendant Parties, except claims by a Class Member against any natural person, other than Epstein, who sexually abused her. "Released Plaintiffs' Claims" do not include: (i) any claims of any person who timely opts out of the Settlement; or (ii) claims to enforce the Settlement Agreement.

1.26    "Released Defendants' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement Agreement.

1.27    "Released Defendant Party" or "Released Defendant Parties" means Darren K. Indyke and Richard D. Kahn, individually, as the co-executors of the Estate, as co-trustees of The 1953 Trust, and in all other capacities; Jeffrey Epstein and the Estate; The 1953 Trust and other trusts for which Epstein was the settlor or grantor; any entities owned or controlled in whole or part by Epstein or the Estate (the "Epstein Entities"); Epstein's and the Epstein Entities' respective current and former principals, officers, directors, stockholders, managers, members, partners, limited partners, trustees, administrators, agents, employees, private investigators, attorneys, accountants, law firms, accounting firms, predecessors, successors, assigns and affiliates; and, to

10

the extent not otherwise covered and for the avoidance of doubt, HBRK Associates Inc., Coatue Enterprises, LLC, Darren K. Indyke, PLLC, Birchtree BR, LLC, the Indyke Law Firm, PLLC, Harlequin Dane, LLC, Michelle's Transportation, LLC, New York Strategy Group, LLC, the Co-Executors' Counsel, and any of their Related Parties. For avoidance of doubt, the Released Defendant Parties expressly do not include corporations or businesses that Mr. Epstein (or an entity he controlled) did not hold more than a 25% ownership interest at any time during his life other than the corporations or businesses specifically listed above; banks, financial institutions, credit facilities, or private equity firms; educational institutions or entities; non-profit institutions that Mr. Epstein did not found; or public institutions or government entities. Nothing contained in this Settlement shall constitute a release of any Class Member's claims against any natural person who sexually abused them.

1.28    "Released Plaintiff Party" or "Released Plaintiff Parties" means each and every Class Member, Eligible Class Member, Settlement Class Representative, Named Plaintiff, Class Counsel, and each of their Related Parties. For the avoidance of doubt, Released Plaintiff Parties do not include any person who or which would otherwise be a Class Member but who timely opts out from the Settlement.

1.29    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Settlement Agreement.

1.30    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.31    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims against only Released Defendant Parties which any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, even if

such claims were later revived, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Released Plaintiff Parties, even if such claims were later revived, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Plaintiff Parties.  With respect to (a) any and all Released Plaintiffs' Claims, and (b) any and all Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or they now know or believe to be true with respect to the subject matter of the Released Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever

12

waive, compromise, settle, discharge, extinguish, and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden or later revived, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden or later revived, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and the Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

13

## 2.    The Settlement

2.1    The obligations incurred pursuant to the Settlement Agreement are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶ 5.1–5.4 herein, the Estate shall pay the Global Settlement Amount by wire transfer to the Qualified Settlement Account pursuant to the following schedule:

(a)    Within five (5) business days after preliminary approval of the Settlement by the Court, the Estate shall pay $12.5 million to the Qualified Settlement Account; and

(b)    Within fifteen (15) business days of the later of (i) final approval of the Settlement by the Court, or (ii) receipt of notification from the Fund Administrator of the total number of Eligible Class Members, the Estate shall pay the remainder of the Global Settlement Amount to the Qualified Settlement Account.

If the Global Settlement Amount is not timely paid to the Qualified Settlement Account as specified in this paragraph, Class Counsel may terminate this Settlement Agreement and Settlement, but only upon condition that: (i) Class Counsel has notified the Co-Executors' Counsel in writing of Class Counsel's intention to terminate this Settlement Agreement and Settlement, and (ii) the payment required to be paid up to that date is not transferred to the Qualified Settlement

Account within five (5) days after the Co-Executors' Counsel's receipt of such written notice.  In the event the Settlement Agreement and Settlement are terminated, the Fund Administrator shall return any and all funds less any outstanding administrative invoices that are unpaid at that time in the Qualified Settlement Account to the Co-Executors within five (5) business days of termination and shall incur no further expenses in connection with the administration of the Qualified Settlement Account or the Global Settlement Amount.

2.3    The Co-Executors' sole monetary obligations are that the Estate shall pay the Global Settlement Amount into the Qualified Settlement Account according to the schedule set forth in ¶ 2.2 herein and shall pay for any necessary CAFA notice as defined in ¶ 9.24.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to:  (i) any act, omission, or determination by Class Counsel or the Fund Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Account; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Qualified Settlement Account; (v) any loss suffered by, or fluctuation in value of, the Qualified Settlement Account; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Account, distributions or other payments from the Qualified Settlement Account, or the filing of any federal, state, or local tax returns.

b.    **The Fund Administrator**

2.4    The Fund Administrator shall hold the Global Settlement Amount deposited pursuant to ¶ 2.2 in an interest-bearing deposit account insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits.

2.5    The Fund Administrator shall not disburse any funds from the Qualified Settlement Account except as provided in this Settlement Agreement or by an order of the Court.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Settlement Agreement, the Fund Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Fund Administrator, or any transaction executed by the Fund Administrator.

2.7    All funds held in the Qualified Settlement Account shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s) of the Court.

2.8    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, the Fund Administrator, along with third-party vendors whom she may use in her discretion to assist in the Claims process, may pay from the Qualified Settlement Account, without further approval from the Co-Executors or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, fielding inquiries and processing Questionnaires and Releases, administering the Settlement, and paying applicable taxes, fees and costs, if any ("Notice and Administration Expenses").

2.9    JND Legal Administration (or a similar class action administration company that the Fund Administrator selects) shall disseminate the Notice (as defined in ¶ 3.1 below), the Questionnaire and Release, and Summary Notice (as defined in ¶ 3.1 below) to potential Class Members in accordance with this Settlement Agreement and as ordered by the Court.  The Released

Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.

### c.    Taxes

2.10    The Parties agree as follows:

(a)    The compensation paid to any Eligible Class Member from the Global Settlement Amount is for a personal physical injury and personal physical sickness resulting from alleged misconduct and emotional distress attributable to such personal physical injuries and personal physical sickness.  The Parties and the Fund Administrator agree to treat the Qualified Settlement Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder.  The Parties and the Fund Administrator further agree that the Qualified Settlement Account shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1).  In addition, the Fund Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Class Counsel or its designee to timely and properly prepare and deliver the

necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)  For the purpose of section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Fund Administrator or its designee.  The Fund Administrator or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Qualified Settlement Account (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the elections described in ¶ 2.10(a) hereof) shall be consistent with this ¶ 2.10 and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Account shall be paid out of the Qualified Settlement Account.

3.  **Preliminary Approval of the Settlement, Notice, Summary Notice, Questionnaires and Releases, Opt-Outs, Objections, and the Settlement Hearing**

3.1  Promptly following execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Settlement Agreement, and approval for the mailing and emailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-2 attached hereto.   The Notice shall include the general terms of the Settlement set forth in this Settlement Agreement, the proposed Plan of Allocation, the general terms of the Fee and

Expense Application (defined in ¶ 6.1 below), and the date of the Settlement Hearing.

3.2    JND Legal Administration (or a similar class action administration company that the Fund Administrator selects) shall disseminate the Notice to potential Class Members and publish the Summary Notice within ten (10) days of entry of the Preliminary Approval Order. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3    Within thirty (30) days of: (a) the mailing and emailing of the Notice, or (b) such other time as may be set by the Court, any Class Member who wishes to opt out of the Class and from the Settlement must send a signed letter by First-Class Mail to the Fund Administrator, saying that the Class Member wants to be excluded from the Class in this Litigation with her name, address, and telephone number.

3.4    Within sixty (60) days of: (a) the mailing or emailing of the Notice, or (b) such other time as may be set by the Court, any person who claims to fit within the definition of the Class and who seeks to receive an Allocated Amount as an Eligible Class Member pursuant to the terms of this Settlement Agreement shall be required to submit to the Fund Administrator a completed Questionnaire and Release which shall be supported by such documents as are specified in the Questionnaire and Release. The Fund Administrator shall inform the Parties of the total number of individuals who have timely submitted a Questionnaire and Release within five (5) days of the end of the Questionnaire and Release submission deadline.

3.5    Class Counsel shall request that, after the Notice is mailed and/or emailed, and not earlier than one hundred thirty-five (135) calendar days after entry of the Preliminary Approval Order, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.    At or after the Settlement Hearing, Class Counsel also shall request that the Court

approve the proposed Plan of Allocation and the Fee and Expense Application, if any (the latter being defined in ¶ 6.1 below).

4.    **Administration, Determination, and Calculation of Allocated Amount and Final Awards**

4.1    The Fund Administrator, subject to supervision and direction of the Court, shall oversee the administration of the Settlement and distribution of the Net Settlement Amount to Eligible Class Members.  The Released Defendant Parties and Class Counsel shall have no responsibility for, or interest whatsoever in, the administration of the Settlement or the actions or decisions of the Fund Administrator.  The Released Defendant Parties shall have no liability whatsoever to the Released Plaintiff Parties, including Settlement Class Representative, or any other Class Member, in connection with such administration, which includes, but is not limited to: (i) any act, omission, or determination by Class Counsel and/or the Fund Administrator, or any of their respective designees or agents, in connection with the calculation of the Allocated Amount, administration of the Settlement, or otherwise; (ii) the management of the Qualified Settlement Account or the Net Settlement Amount, or the distribution of the Net Settlement Amount; (iii) the administration of the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Qualified Settlement Account; (v) any losses suffered by, or fluctuations in value of, the Qualified Settlement Account; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Qualified Settlement Account or the filing of any federal, state, or local tax returns.

4.2    The Fund Administrator shall review and consider any Questionnaire and Release, documents, and information that a person timely submits, and any additional documents or information the Fund Administrator may subsequently request, to determine (1) whether such person fits within the definition of the Class, and (2) is eligible to participate in the Settlement and,

thus, an Eligible Class Member.  The Fund Administrator shall determine the total number of Eligible Class Members within sixty (60) days of the deadline for Questionnaire(s) and Release(s) to be submitted and report that number to counsel for the Parties.  Former putative class representatives Danielle Bensky and Jane Doe 3 shall not be included in the total number of Eligible Class Members.

4.3     Following receipt of any or all Questionnaire(s) and Release(s), in order to determine whether a person fits within the definition of the Class and, if so, the amount of an Eligible Class Member's Allocated Amount, the Fund Administrator shall consider the following information: documentary and non-documentary support for the alleged abuse or trafficking; the circumstances, severity, type, and extent of the alleged abuse or trafficking; the nature and duration of the relationship with Epstein; the impact, harm, and consequences of the alleged conduct on an Eligible Class Member; time spent assisting the preparation or prosecution of the Litigation; participation in civil litigation; and any other factors the Fund Administrator deems relevant. Persons seeking to participate in the Settlement and Eligible Class Members shall submit such other supporting documents or material, if any, to the Fund Administrator as the Fund Administrator may request within an agreed-upon timeframe.  All communications between the Fund Administrator and a Class Member, including the submission of a Questionnaire and Release, are protected under the mediation privilege, Rule 408 of the Federal Rules of Evidence, and all applicable state analogues.  Notwithstanding the foregoing, the Fund Administrator may, to the extent she deems it appropriate and necessary, solicit information from the Estate to assist in her eligibility determinations.

4.4     If the Fund Administrator finds that a person's Questionnaire and Release and/or allegations of sexual abuse or trafficking by Epstein lack credibility, in whole or in part, the Fund

Administrator shall take that finding into account in determining: (a) whether the person fits within the definition of the Class and is entitled to any allocation of the Global Settlement Fund, and if so (b) an appropriate Allocated Amount.

4.5    Should the Fund Administrator have concerns as to the veracity of a person's Questionnaire and Release, allegations of sexual abuse or trafficking, or any other information submitted by that person, or should the Fund Administrator otherwise question whether a person fits within the definition of the Class or have questions about a person's allegations, the Fund Administrator may seek additional information from Class Counsel and/or the Co-Executors' Counsel, and Class Counsel and/or the Co-Executors' Counsel will make such response as they believe appropriate. The Fund Administrator's determination with respect to eligibility shall be final, not subject to review, reconsideration, or appeal. The Fund Administrator may hold a meeting (by telephone, video, or in person) with any person who submits a Questionnaire and Release and/or supporting documentation, at the Fund Administrator's sole discretion.

4.6    Any Class Member who fails to timely submit a Questionnaire and Release or who timely submits a Questionnaire and Release but is determined to be ineligible or not to fit within the Class, shall be forever barred from receiving any payments pursuant to this Settlement Agreement and the Settlement set forth herein. The Fund Administrator shall have no authority to accept an untimely submission of a Questionnaire and Release. Unless a Class Member timely submits a signed letter to opt out of the Settlement as provided in ¶ 3.3, the Class Member will in all other respects be subject to and bound by the provisions of this Settlement Agreement, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

4.7    Each Questionnaire and Release shall be submitted to and reviewed by the Fund

Administrator, who shall determine, in accordance with this Settlement and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed.

4.8    Each Class Member who has not excluded herself from the Class pursuant to the terms of the Settlement Agreement shall be deemed to have submitted to the jurisdiction of the Court with respect to such Class Member's claims for relief against the Released Defendant Parties, and with respect to any decision by such person not to submit a Questionnaire and Release to the Net Settlement Amount.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Class Members, Eligible Class Members, the Co-Executors, and other Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and waive any right of appeal or review with respect to such determination and administration of the Released Plaintiffs' Claims and Released Defendants' Claims.

4.9    The Qualified Settlement Account shall be applied as follows:

(c)    to pay all Notice and Administration Expenses;

(d)    to pay the taxes and tax expenses described in ¶ 2.10;

(e)    to pay, in accordance with ¶¶ 6.1–6.4 herein, attorneys' fees and expenses of Class Counsel to the extent allowed by the Court (the "Fee and Expense Award");

(f)    to establish a reserve for legal fees and other litigation support in an amount not to exceed $750,000.00 for any future proceedings involving the Fund Administrator concerning this Settlement Agreement; and

(g)     after the Court's Judgment becomes Final, to distribute the Net Settlement Amount to Eligible Class Members as provided by this Settlement Agreement and the Plan of Allocation, subject to any modifications to the Settlement Agreement or Plan of Allocation ordered by the Court.

4.10    After the Court's Judgment becomes Final, and in accordance with the terms of this Settlement Agreement, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Amount shall be distributed to Eligible Class Members, subject to and in accordance with the provisions of this Settlement Agreement.

4.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Amount, the Plan of Allocation, the determination, administration, or calculation of the Allocated Amount, the payment or withholding of taxes or tax expenses, or any losses incurred in connection with any of the foregoing.  No person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶ 5.1–5.4 hereof; and the Released Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Global Settlement  Amount.

4.12    No person shall have any claim against the Released Defendant Parties, the Released Plaintiff Parties, or the Class Administrator based on determinations or distributions made in good faith and substantially in accordance with this Settlement Agreement and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

4.13    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Amount, including but not limited to any Class Member's eligibility or

Allocation Amount, is not a part of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Agreement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate this Settlement Agreement or affect the finality of the Court's Judgment approving this Settlement Agreement and the Settlement set forth herein, or any other orders entered pursuant to the Settlement Agreement.

## 5.    Releases

5.1    Upon the Effective Date, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Class Members' Released Plaintiffs' Claims, including Unknown Claims, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims, including Unknown Claims, against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers a Questionnaire and Release or shares in the Global Settlement Amount.

5.2    Any individual claim by a Class Member against a natural person other than Jeffrey Epstein, whether that person is a Released Defendant Party or otherwise, for any alleged sexual assault committed by that natural person against that Class Member is not released.  For the avoidance of doubt, nothing contained in this Settlement Agreement shall constitute a release of any of the Class Members' claims against any natural person other than Epstein who sexually abused her.

5.3    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to

25

have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every Released Defendants' Claim(s) against Released Plaintiff Parties.

5.4    Claims to enforce the terms of this Settlement Agreement are not released.

**6.    Class Counsel's Attorneys' Fees and Expenses**

6.1    Class Counsel may submit an application (the "Fee and Expense Application") for distribution from the Qualified Settlement Account for: (a) an award of attorneys' fees; plus (b) expenses and charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Qualified Settlement Account (until paid) as may be awarded by the Court.  The Co-Executors shall take no position with respect to the Fee and Expense Application.

6.2    Any fees, costs, and expenses, as awarded by the Court, shall be paid to Class Counsel from the Qualified Settlement Account, as ordered, immediately after the Court enters the Final Judgment or an order awarding such fees, costs, and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral proceedings related to this Litigation.  In the event that the award of attorneys' fees is overturned or reduced on appeal, Class Counsel must return such funds, along with interest, to the Qualified Settlement Fund or as ordered by the Court.

6.3    The procedure for and the allowance or disallowance by the Court of any applications for attorneys' fees and expenses to be paid out of the Qualified Settlement Account is not part of the Settlement set forth in this Settlement Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Agreement, and shall have no effect on the terms of the Settlement Agreement or on the validity or enforceability of this Settlement.   The approval of the

26

Settlement, and the process by which the Judgment in this Litigation becomes Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Settlement Class Representative, nor any appeals from such awards.   Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Settlement Agreement, or affect or delay the finality of the Judgment approving this Settlement Agreement and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Settlement Agreement.

6.4     Any fees and/or expenses awarded by the Court shall be paid solely from and out of the Qualified Settlement Account.  With the sole exception of the Estate's obligation to pay the Global Settlement Amount into the Qualified Settlement Account, as provided for in ¶ 2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of any attorneys' fees and/or expenses (including taxes).  For the avoidance of doubt, any payment of attorneys' fees shall be made solely from and out of the Qualified Settlement Account, and any payment of fees does not reflect an indemnification by any Released Defendant Party, other Party to the Litigation, or any insurer.

6.5     Other than the Estate's obligation to pay the Global Settlement Amount into the Qualified Settlement Account, as provided in ¶ 2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expense (including taxes) incurred by or on behalf of any Released Plaintiff Party, whether or not paid from the Qualified Settlement Account.

### 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     Within forty (40) days after the deadline for the submission of opt-outs, as set forth in ¶ 3.3, Defendants have a right to terminate the Settlement pursuant to the Mediator's Proposal.

7.2     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     The Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Parties, directing notice to the Class, as required by ¶ 3.1 hereof;

(b)     The Global Settlement Amount has been deposited into the Qualified Settlement Account; and

(c)     The Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Parties.

7.3     Upon the Effective Date, any and all remaining interest or right of the Co-Executors in the Qualified Settlement Account, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶ 7.2 hereof are not met, then this Settlement Agreement and the Settlement shall be terminated subject to ¶ 7.3 hereof, unless the Parties mutually agree in writing to proceed with the Settlement.   For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Class Counsel or expenses or awards to Settlement Class Representative shall operate to terminate this Settlement Agreement or constitute grounds for termination of the Settlement Agreement.

7.4     In the event this Settlement Agreement or the Settlement is terminated or the

28

Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the Litigation within ten (10) business days of such failure and shall meet and confer regarding a new case schedule for the Litigation, and all funds in the Qualified Settlement Account shall be returned to the Co-Executors within that same time period.   In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc.   No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate this Settlement or constitute grounds for termination of this Settlement.   For the avoidance of doubt, neither side will make untimeliness arguments in the Litigation based on the time period during which final approval of the Settlement remains pending.

7.5     The Co-Executors warrant and represent that, as of the time of entering this Settlement Agreement, the Estate is not "insolvent" within the meaning of 11 U.S.C. § 101(32), nor will the payment required to be made by it render it insolvent.   In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Global Settlement Amount, or any portion thereof, by or on behalf of the Estate to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the U.S. Code or applicable state or similar foreign law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Qualified Settlement Account by or on behalf of the Estate, then, at the election of Class Counsel, this Settlement Agreement and the Settlement may be terminated and the releases given pursuant to the Settlement Agreement and Settlement

shall be null and void.

8. **No Admission of Liability**

8.1    Neither this Settlement Agreement (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Settlement Agreement and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Settlement Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against the Co-Executors or the Estate as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Co-Executors or the Estate of the truth of any allegations by the Settlement Class Representative or any Class Member or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of the Co-Executors or the Estate or in any way referred to for any other reason as against the Co-Executors or the Estate, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement;

(b)    shall be offered or received against or to the prejudice of the Co-Executors or the Estate as evidence of a presumption, concession, or admission of

liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Co-Executors or the Estate, or against Settlement Class Representative or any member of the Class as evidence of any infirmity in the claims of Settlement Class Representative and the Class;

(c)     shall be offered or received against the Co-Executors or the Estate as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the Parties to this Settlement Agreement, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Settlement Agreement is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(d)     shall be construed against the Co-Executors, the Estate, Settlement Class Representative, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial or in any proceeding other than this Settlement.

## 9.    Miscellaneous Provisions

9.1     The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

9.2     The Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Co-Executors and the Estate with respect to the Litigation.  The Settlement shall not be deemed an admission by any Party as to the merits of any claim or defense. Settlement Class Representative, Class Counsel, the Co-Executors, the Estate, and the Co-Executors' Counsel agree that each has complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the Litigation.  The Parties agree that the Global Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.4     All the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

9.5     This Settlement Agreement, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.6     This Settlement Agreement and the Exhibits attached hereto, constitute the entire agreement among the Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.

9.7     Except as otherwise provided herein, or otherwise agreed to in writing by the Parties hereto, each Party shall bear his, her, or its own fees and costs.

9.8     Class Counsel represents and warrants that it is expressly authorized by Settlement Class Representative to take all appropriate action required or permitted to be taken by the Class

pursuant to this Settlement Agreement to effectuate its terms and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Class which it deems appropriate.

9.9     Each counsel or other person executing this Settlement Agreement, its Exhibits, or any related Settlement document, on behalf of any Party hereto hereby warrants that such person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

9.10    This Settlement Agreement may be executed in one or more counterparts.    All executed counterparts and each of them shall be deemed to be one and the same instrument.    A complete set of executed counterparts shall be filed with the Court.    Signatures sent electronically shall be deemed originals.

9.11    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given:  (i) on the day when they are delivered by hand to the recipient law firm or organization; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by email; or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

**If to Settlement Class Representative or to Class Counsel:**

BOIES SCHILLER FLEXNER LLP
David Boies
Sigrid McCawley
Andrew Villacastin
55 Hudson Yards, 20th Floor
New York, NY 10001
smccawley@bsfllp.com
avillacastin@bsfllp.com

**If to the Co-Executors, the Estate, or to the Co-Executors' Counsel:**

33

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel Ruzumna
Amy Vegari
1133 Avenue of the Americas
New York, NY 10036
druzumna@pbwt.com
avegari@pbwt.com

HUGHES HUBBARD & REED LLP
Daniel Weiner
Marc Weinstein
One Battery Park Plaza
New York, NY 10004
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com

9.12    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Agreement and matters related to the Settlement.

9.14    Any action arising under or to enforce this Settlement Agreement or any portion thereof, shall be commenced and maintained only in the Court.

9.15    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver by any other Party or a waiver of any other prior or subsequent breach of this Settlement Agreement.

9.16    No opinion or advice concerning the tax consequences of the Settlement to any Class Member is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Settlement Agreement.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class

Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

9.17    Pending approval of the Court of this Settlement Agreement and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.18    This Settlement Agreement shall not be construed more strictly against one Party than another merely because it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Settlement Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

9.19    The headings in this Settlement Agreement are used for the purpose of convenience only and are not meant to have legal effect.

9.20    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement Agreement and the terms of any Exhibit attached hereto, the terms of the Settlement Agreement shall prevail.

9.21    Nothing in the Settlement Agreement, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Settlement Agreement without further order of the Court.

9.23    This Settlement Agreement and its Exhibits shall be considered to have been

negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.24    The Co-Executors shall determine the form of notice to be provided for the purpose of satisfying any applicable requirements of CAFA ("CAFA Notice") and the identity of those who will receive the CAFA Notice.  The Co-Executors shall be responsible for serving any CAFA Notice and for all costs and expenses related thereto.

9.25    The Fund Administrator is authorized to destroy all Questionnaires and Releases and supporting documents submitted by Class Members without further Order of the Court one year after the last Allocated Amount is distributed from the Qualified Settlement Account.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Dated: February 19, 2026

**BOIES SCHILLER FLEXNER LLP**

SIGRID S. MCCAWLEY

David Boies
Andrew Villacastin
Alexander Law
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: alaw@bsfllp.com

Sigrid S. McCawley (*pro hac vice*)
Daniel Crispino (*pro hac vice*)
Megan Nyman (*pro hac vice*)
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com
Email: mnyman@bsfllp.com

*Counsel for Allyson Ward*

**PATTERSON BELKNAP WEBB & TYLER LLP**

DANIEL S. RUZUMNA

Daniel S. Ruzumna
Amy N. Vegari
Tara Norris
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnoriss@pbwt.com

*Counsel for Co-Executor Richard D. Kahn and the Estate of Jeffrey E. Epstein*

**HUGHES HUBBARD & REED LLP**

MARC A. WEINSTEIN

Marc Alan Weinstein
Daniel H. Weiner
Fara Sharon Tabatabai Asl
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
Email: Daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshuabbard.com

*Counsel for Co-Executor Darren K. Indyke and the Estate of Jeffrey E. Epstein*

38

**PATTERSON BELKNAP WEBB & TYLER LLP**

_Daniel Ruzumna /ANV_

DANIEL S. RUZUMNA

Daniel S. Ruzumna
Amy N. Vegari
Tara Norris
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Email: tnoriss@pbwt.com

_Counsel for Richard D. Kahn as Co-Executor of the Estate of Jeffrey E. Epstein_

**HUGHES HUBBARD & REED LLP**

MARC A. WEINSTEIN

Marc Alan Weinstein
Daniel H. Weiner
Fara Sharon Tabatabai Asl
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
Email: Daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Email: fara.tabatabai@hugheshuabbard.com

_Counsel for Darren K. Indyke as Co-Executor of the Estate of Jeffrey E. Epstein_

39

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ALLYSON WARD, individually and on behalf of all others similarly situated,

    Plaintiff,

      v.

DARREN K. INDYKE and RICHARD D. KAHN,

    Defendants.

Case No. 1:24-cv-01204-AS

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE CLASS**

1

**EXHIBIT A**

WHEREAS, an action pending before this Court is styled *Allyson Ward v. Darren K. Indyke, et al.*, No. 24-CV-1204-AS (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiff having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Settlement Agreement, dated February 19, 2026, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Settlement Agreement and the exhibits annexed thereto;

WHEREAS, the Settlement will resolve the claims of all females who were sexually assaulted, abused, or trafficked by Jeffrey Epstein during the time from January 1, 1995 to August 10, 2019, whether they were minors or adults at the time of their assault, abuse, or trafficking, who have not previously executed a settlement agreement that included a release of claims against the Epstein Estate and/or Defendants, and also includes the Named Plaintiffs who, in this Litigation, did not voluntarily dismiss their claims in this Litigation.

WHEREAS, the Parties having consented to the entry of this Order; and WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶ 5 below).

2

EXHIBIT A

2.      The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of good faith, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; and (iv) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all females who were sexually assaulted, abused, or trafficked by Jeffrey Epstein during the time from January 1, 1995 to August 10, 2019, whether they were minors or adults at the time of their assault, abuse, or trafficking, who have not previously executed a settlement agreement that included a release of claims against the Epstein Estate and Defendants, and also includes the Named Plaintiffs who, in this Litigation, did not voluntarily dismiss their claims.

4.      For the purposes of this Settlement only, Lead Plaintiff Allyson Ward is preliminarily certified as the Class Representative and Counsel Boies Schiller Flexner LLP is preliminarily certified as Class Counsel.

5.      A hearing shall be held before this Court on _____, 2026, at __ :__ _ .m. (the "Settlement Hearing"), at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶ 1.15 of the Settlement Agreement should be entered; (c) determine whether the proposed Plan of Allocation as described in the Settlement Agreement and Notice (as defined below) should be

3

**EXHIBIT A**

approved; (d) determine the amount of attorneys' fees, costs, charges, and expenses that should be awarded to Class Counsel; (e) hear any objections by Class Members to the Settlement, Plan of Allocation, or the award of attorneys' fees and expenses to Class Counsel; and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class.

6.      The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice"), substantially in the form annexed hereto as Exhibit A-1.

7.      The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-2.

8.      Simone Lelchuk, Resolution Services LLC (the "Fund Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Questionnaires and Releases as more fully set forth below.

9.      No later than ten (10) calendar days after entry of this Order, or _____, 2026 (the "Notice Date"), JND Legal Administration (or a similar class action administration company that the Fund Administrator selects) shall cause a copy of the Notice and the Questionnaire to be mailed by First-Class Mail or electronic mail to all Class Members who can be identified with reasonable effort, and to be posted on the case-designated website.  For all Notices returned as undeliverable, the Fund Administrator shall use her best efforts to locate updated addresses.

10.      No later than twenty-five (25) calendar days after entry of this Order, or _____, 2026, JND Legal Administration (or a similar class action administration company that the Fund Administrator selects) shall cause the Summary Notice to be published once

4

**EXHIBIT A**

in *USA Today* and *Gazeta Wyborcza*.

11.    At least forty-five (45) calendar days prior to the Settlement Hearing, or

_____, 2026, Class Counsel shall serve on Defendants' Counsel and file with the

Court proof, by affidavit or declaration, of such mailing and publishing.

12.    The Court finds that the form and content of the notice program described herein

and the methods set forth herein for notifying the Class of the Settlement and its terms and

conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of

Rule 23 of the Federal Rules of Civil Procedure, and Due Process, constitute the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to all Persons

entitled thereto.

13.    All fees, costs, and expenses incurred in identifying and notifying Class Members

shall be paid from the Qualified Settlement Account established by the Settlement Agreement.

14.    All Class Members shall be bound by all determinations and judgments in the

Litigation concerning the Settlement (including, but not limited to, the releases provided for

therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or

obtain by any means (including, without limitation, by submitting a Questionnaire and Release, or

any similar document) any distribution from the Net Settlement Amount.

15.    In order to receive funds from the Settlement, Class Members (or Class Counsel,

on their behalf) must submit a Questionnaire and Release. Unless the Court orders otherwise, all

Questionnaires and Releases must be submitted electronically no later than sixty (60) calendar

days from the Notice Date, or _____, 2026. If deemed eligible by the Fund

Administrator, such Eligible Class Member will receive an amount as determined by the Fund

Administrator based on documentary and non-documentary support for the alleged abuse or

5

**EXHIBIT A**

trafficking; the circumstances, severity, type, and extent of the alleged abuse or trafficking; the nature and duration of the relationship with Epstein; the impact, harm, and consequences of the alleged conduct on an Eligible Class Member; time spent assisting the preparation or prosecution of the Litigation; participation in civil litigation; and any other factors the Fund Administrator deems relevant. Any Class Member who does not submit a Questionnaire and Release or a signed letter, notifying Fund Administrator of exclusion as provided in ¶ 3.3 of the Settlement Agreement, within the time provided shall in all other respects be bound by the terms of the Settlement Agreement and by any final judgment entered by the Court.

16.    Any Class Member may enter an appearance in the Litigation, at his, her, or their own expense, individually or through counsel of his, her, or their own choice. If any Class Member does not enter an appearance, they will be represented by Class Counsel.

17.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt-out" from the Settlement Class. Any such Person must submit to the Fund Administrator a signed letter notifying the Fund Administrator by First-Class Mail. To be valid, the request for exclusion must be mailed to the Fund Administrator and postmarked no later than thirty (30) calendar days from the Notice Date, or _____, 2026. A request for exclusion must be a signed letter and state: (a) the name, address, and telephone number of the Person requesting exclusion; and (b) that the Person wishes to be excluded from the Class in this Litigation. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Final Judgment.

18.    Within seven (7) calendar days of receiving any signed letters notifying the Fund

**EXHIBIT A**

Administrator of exclusion, the Fund Administrator shall deliver a copy of each such letter to Class Counsel and Defendants' Counsel. The Fund Administrator shall also provide any written revocation of exclusions within seven (7) calendar days of receipt.

19.    Any Class Member may appear at the Settlement Hearing and object if she has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges, and expenses should not be awarded; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Boies Schiller Flexner LLP, Andrew Villacastin, 55 Hudson Yards, 20th Floor, New York, NY 10001; Patterson, Belknap, Webb & Tyler LLP, Daniel Ruzumna, 1133 Avenue of the Americas, New York, NY 10036; Hughes Hubbard & Reed LLP, Marc Weinstein, One Battery Park Plaza, New York, NY 10004, no later than twenty-one (21) days prior to the Settlement Hearing, or _____, 2026. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation as described in the Settlement Agreement and Notice, or to the award of fees, costs, charges, and expenses to Class Counsel, or to Settlement Class Representative, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objection their intention to appear at the hearing

**EXHIBIT A**

and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

20.     Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class.

21.     Any Class Member who does not object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees together with costs, charges, and expenses.

22.     All funds held in the Qualified Settlement Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

23.     All papers in support of the Settlement, Plan of Allocation, and any application by

**EXHIBIT A**

Class Counsel for attorneys' fees, costs, charges, and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2026, any opposition papers thereto shall be filed and served no later than twenty-one (21) calendar days before the Settlement Hearing, or _____, 2026, and any reply papers shall be filed and served no later than seven (7) calendar days before the Settlement Hearing, or _____, 2026.

24.    The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges, or expenses submitted by Class Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, costs, charges, and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or costs, charges, and expenses.

26.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Qualified Settlement Account shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Settlement Class Representative nor Class Counsel nor the Fund Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 4.9 of the Settlement Agreement.

27.    This Order and the Settlement Agreement (including any of their respective terms or provisions), any of the negotiations, discussions, prior agreements, proceedings connected with

**EXHIBIT A**

them, and any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Settlement Agreement or this Order. The Released Defendant Parties, Settlement Class Representative, Class Members, and each of their counsel may file the Settlement Agreement, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither the Settlement Class Representative nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

29.    The Court reserves the right to alter the time or the date of the Settlement Hearing, or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to

10

**EXHIBIT A**

by the Parties, if appropriate, without further notice to the Class.

30.    In the event this Settlement Agreement or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the Litigation as of December 22, 2025 and shall meet and confer regarding a new case schedule for the Litigation. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc.

31.    Defendants shall, no later than ten (10) calendar days following the filing of the Settlement Agreement with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants are responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

IT IS SO ORDERED.

DATED:

_____        _____
                                        THE HONORABLE ARUN SUBRAMANIAN
                                        UNITED STATES DISTRICT JUDGE

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Allyson Ward, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>       v.<br><br>Darren K. Indyke and Richard D. Kahn,<br><br>      Defendants. | Case No. 1:24-CV-01204 (AS) |

### NOTICE OF PROPOSED
### SETTLEMENT OF CLASS ACTION

**TO: ALL FEMALES WHO WERE SEXUALLY ASSAULTED OR ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN FROM JANUARY 1, 1995 TO AUGUST 10, 2019, WHETHER THEY WERE MINORS OR ADULTS AT THE TIME OF THEIR ASSAULT, ABUSE, OR TRAFFICKING, WHO HAVE NOT PREVIOUSLY EXECUTED A SETTLEMENT AGREEMENT THAT INCLUDED A RELEASE OF CLAIMS OR OTHERWISE RELEASED CLAIMS AGAINST THE ESTATE OF EPSTEIN, DARREN INDYKE AND RICHARD KAHN, CO-EXECUTORS[1], AND ALSO INCLUDES THE NAMED PLAINTIFFS WHO, IN THIS LITIGATION, DID NOT VOLUNTARILY DISMISS THEIR CLAIMS.**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A QUESTIONNAIRE AND RELEASE BY _____, 2026 11:59 PM EDT.**

**THIS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION ("NOTICE") WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit (the "Litigation") for $35 million in cash, if there are 40 or more eligible class members, or $25 million in cash, if there are less than 40 eligible class members (the "Settlement"), and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Settlement Agreement dated February 19, 2026, by and between Class Representative Allyson Ward ("Class Representative"), on behalf of herself and the Class (as defined below), on the one hand, and Defendants Darren Indyke and Richard Kahn (collectively, "Defendants"), on the other hand.[2] Darren Indyke was Jeffrey Epstein's attorney and is a co-executor of the Epstein Estate. Richard Kahn was Epstein's accountant and is a co-executor of the Epstein Estate. The Epstein Estate is also a party to this Settlement. You may be a Class Member eligible to receive compensation related to the Settlement.

---

[1] If you previously settled as part of the Epstein Victims Compensation Program or settled a claim with the Epstein Estate privately, then you are ineligible to participate in this Settlement.

[2] The Settlement Agreement can be viewed and/or downloaded at [X]. All capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Settlement Agreement, the definition in the Settlement Agreement controls. A copy of the Settlement Agreement is available by contacting the Fund Administrator or visiting her website, as more fully set forth herein.

**EXHIBIT A-1**

## HOW DO I KNOW IF I AM A CLASS MEMBER?

You are a "Class Member" if you were abused or trafficked by Jeffrey Epstein ("Epstein") and/or his associates during the period between January 1, 1995 to August 10, 2019, including, but not limited to, as set forth below:

(1) You were a girl under the age of 18 and engaged in sexual contact with Epstein and/or a person associated with Epstein, and you received money or something else of value in exchange for engaging in that sexual contact (even if you perceived the sexual contact to be consensual);

(2) You were a woman aged 18 or older, and Epstein and/or a person associated with Epstein forced, coerced, or defrauded you into engaging in sexual contact by, for example, using physical force, threatening serious harm or legal action against you or someone else, making you a false promise, or causing you to believe that not engaging in sexual contact would result in serious harm to you or someone else, and you received money or something else of value in exchange for engaging in that sexual contact; or

(3) You were a girl or woman of any age and Epstein and/or a person associated with Epstein engaged in sexual contact with you without your consent (even if you perceived the sexual contact to be consensual if you were under the age of 18 at the time of that contact).

As set forth in the Settlement Agreement, anyone who timely and validly requests exclusion (i.e., opts out) pursuant to the requirements described on page 7 below is ineligible to participate in the Settlement.

**PLEASE NOTE:** You may apply for payment pursuant to this Settlement by timely completing a Questionnaire and Release and the required supporting documentation as set forth therein, submitted online on or before _____, 2026 11:59PM EDT. The Questionnaire and Release will be reviewed by the Fund Administrator to determine whether you are an Eligible Class Member.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A QUESTIONNAIRE AND RELEASE** | In order to be eligible to receive payment from the Settlement as a Participating Claimant, you must submit a Questionnaire and Release to the Fund Administrator. **Questionnaires and Releases must be received through a secure, dedicated online portal on or before _____, 2026 11:59PM EDT.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION** | If you choose to exclude yourself from the Settlement, then you will get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against any of the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. Notices to opt out of this Settlement must **be in the form of a signed letter, mailed to the Fund Administrator via First Class Mail, and postmarked on or before _____, 2026.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement. **Objections must be received on or before _____, 2026.** |
| **GO TO THE HEARING ON _____, 2026, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be received on or before _____, 2026. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
| **DO NOTHING** | As a Class Member, you are not required to apply for any funds from the Settlement. You may instead choose to do nothing, and you will not receive any payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

**EXHIBIT A-1**

**SUMMARY OF THIS NOTICE**

### Description of the Litigation and the Class

This Notice relates to a proposed settlement of claims in a pending class action brought by victims of Epstein's sex trafficking venture alleging, among other things, that Defendants violated the Trafficking Victims Protection Act ("TVPA") and state law by facilitating Epstein's sex-trafficking scheme. A more detailed description of the Litigation is set forth on pages 3-4 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined on page 4 below. The proposed Settlement releases any potential claims you may have against Defendants, as well as any claims you may have against Epstein or his Estate.

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $35 million settlement fund will be established, if there are 40 or more Eligible Class Members, or $25 million, if there are less than 40 Eligible Class Members (the "Global Settlement Amount"). The Global Settlement Amount, together with any interest earned thereon, will be deposited into a "Qualified Settlement Account." The amount in the Qualified Settlement Account, less (a) any taxes, (b) any Notice and Administration Expenses, including a reasonable litigation reserve, and (c) any attorneys' fees and litigation costs, charges, and expenses (including any award to the Class Representative of her costs and expenses in representing the Class) awarded by the Court, is the "Net Settlement Fund." The Net Settlement Fund will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on page 5 below. Distribution under the plan will vary based on each Eligible Class Member's responses on the Questionnaire and Release. A Class Member's actual recovery will be determined by the information provided to the Class Administrator. *See* Plan of Allocation set forth and discussed at page 5 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Parties disagree on both liability and damages and do not agree on the amount of damages, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any injury or damages as a result of Defendants' conduct. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the TVPA, or state law; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount of damages (if at all) suffered during the Class Period; (4) the extent to which (if at all) Defendants aided, abetted, or facilitated battery; (5) the extent to which (if at all) Defendants' engaged in intentional infliction of emotional distress; and (6) the extent to which (if at all) Defendants were negligent.

### Statement of Attorneys' Fees and Expenses Sought

Boies Schiller Flexner LLP ("BSF") as Class Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Global Settlement Amount, plus costs, charges, and expenses not to exceed $1,000,000.00, plus interest earned on both amounts at the same rate as earned by the Qualified Settlement Account. Since being named Class Counsel, BSF has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Class it would be paid from such recovery.

### Further Information

For further information regarding the Litigation or this Notice or to review the Settlement Agreement, please contact the Fund Administrator at (212) 641-0800, or visit the website [X].

You may also contact a representative of counsel for the Class: Sigrid McCawley or Andrew Villacastin at Boies Schiller Flexner LLP: 55 Hudson Yards, New York, New York 10001; (212) 446-2300; epsteinsettlement@bsfllp.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**WHAT IS THIS LAWSUIT ABOUT?**

**THE ALLEGATIONS**

The Litigation is currently pending before the Honorable Arun Subramanian in the United States District Court for the Southern District of New York. The initial complaint in this action was filed on February 16, 2024, and a Corrected Amended Complaint was filed on September 3, 2025.

3

**EXHIBIT A-1**

Class Representative's Corrected Amended Complaint for Violations of the TVPA and Negligence (the "Amended Complaint") alleges that Defendants violated §§ 1591(a)(1), (2); 1591(d); 1594(c); and 1595 of the TVPA, and New York state law. More specifically, the Class Representative alleges that throughout the Class Period, Defendants Indyke and Kahn facilitated Epstein's sex-trafficking venture by providing him legal and accounting services. Additionally, Class Representative alleges Defendants helped Epstein avoid regulatory scrutiny and criminal prosecution, so that Defendants could profit from Epstein. Class Representative alleges that Defendants' conduct damaged victims of Epstein's sex trafficking venture.

Defendants deny all of Class Representative's claims, allegations, and contentions of fault, liability, wrongdoing, and damages.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO CLASS REPRESENTATIVE OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

### PROCEDURAL HISTORY

On April 8, 2024, Defendants moved to dismiss the Complaint. The Court granted in part and denied in part the motion on August 5, 2024. Plaintiff filed the Corrected Amended Complaint on September 3, 2025. Defendants answered the Corrected Amended Complaint on September 22, 2025.

On October 28, 2025, the Settling Parties participated in a confidential mediation with Simone K. Lelchuk, an experienced mediator with significant experience handling sexual misconduct and abuse claims. The mediation was preceded by the submission of mediation statements by the Settling Parties. The Settling Parties engaged in good-faith negotiations and reached a Settlement on December 19, 2025. The Settling Parties agreed to settle the Litigation in return for a cash payment of $35 million, if there are 40 or more Eligible Class Members, or $25 million, if there are less than 40 Eligible Class Members, for the benefit of the Class, subject to the negotiation of the terms of a Settlement Agreement and approval by the Court. The Settlement Agreement (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

### HOW DO I KNOW IF I AM A CLASS MEMBER?

If you were abused or trafficked by Epstein and/or his associates during the period between January 1, 1995 and August 10, 2019, inclusive, whether you were a minor or adult at the time of their abuse or trafficking, and have not previously executed a settlement that included a release of the Epstein Estate, (unless you are the Named Plaintiff who, in this Litigation, did not voluntarily dismiss her claims) , and you are not otherwise excluded, you are a Class Member. As set forth in the Settlement Agreement, excluded from the Class is: any Person who timely and validly requests exclusion pursuant to the requirements described on page 7 below.

**PLEASE NOTE:** Receipt of this Notice means that you have been deemed a Class Member. That does not mean that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of additional proceeds from the Settlement, you are required to electronically submit a Questionnaire and Release that is being distributed with this Notice and the required supporting documentation as set forth therein, submitted online on or before _____, 2026 11:59PM EDT .

### WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $35 million, if there are 40 or more Eligible Class Members, or $25 million, if there are less than 40 Eligible Class Members. This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as attorneys' fees and expenses, as approved by the Court, will be distributed to Eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

EXHIBIT A-1

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Eligible Class Members based on their respective alleged economic losses resulting from the TVPA and negligence violations alleged in the Litigation.

The Fund Administrator shall determine an Eligible Class Member's assigned settlement amount (the "Allocated Amount") from the Global Settlement Amount.

In determining an Allocated Amount, the Fund Administrator and/or her designees shall consider the following:

a.  Questionnaire and Release:  As discussed above, a Class Member who wishes to qualify as an Eligible Class Member shall submit a Questionnaire and Release.  The Questionnaire and Release shall be submitted to the Fund Administrator within an agreed-upon timeframe.  All Questionnaires and Releases and all other submissions by Class Members to the Fund Administrator shall be signed by the Class Members under penalty of perjury.

b.  Factors: Following receipt of a Class Member's Questionnaire and Release, in order to determine their Allocated Amount, the Fund Administrator shall consider the following information: documentary and non-documentary support for the alleged abuse or trafficking; the circumstances, severity, type, and extent of the alleged abuse or trafficking; the nature and duration of the relationship with Epstein; the impact, harm, and consequences of the alleged conduct on a Class Member; time spent assisting the preparation or prosecution of the Litigation; participation in civil litigation; and any other factors the Fund Administrator deems relevant.

c.  Documentation:  Class Members shall submit such other supporting documents or material, if any, to the Fund Administrator as the Fund Administrator may request within an agreed upon timeframe.

d.  Fund Administrator's Determination:  For the avoidance of doubt, should the Fund Administrator have concerns as to the accuracy of a Class Member's Questionnaire and Release answers, allegations, or any other information submitted, the Fund Administrator may seek additional information from Class Counsel and/or Defendants' Counsel, and Class Counsel and/or Defendants' Counsel will make such response as they believe appropriate. Should the Fund Administrator then find that the Class Member's allegations lack credibility, the Fund Administrator shall take that finding into consideration in making her award and, if appropriate, shall deny such individual any allocation of the Net Settlement Amount. The Fund Administrator's determination with respect to eligibility shall be final and not subject to review, reconsideration, or appeal.

e.  Meeting:  The Fund Administrator may hold a meeting (by telephone, video, or in person, at the Fund Administrator's sole discretion) with any Class Member, who submits a Questionnaire and Release and/or supporting documentation, at the Fund Administrator's discretion.

f.  Timing:  The Fund Administrator shall provide in writing to Class Counsel and counsel for Defendants, simultaneously and in a manner that ensures confidentiality, the Allocated Amounts for all Eligible Class Members within a date to be agreed upon by the Parties.

## DO I NEED TO CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Questionnaire and Release through a secure, dedicated online portal, you do not need to contact Class Counsel.  If your address changes, please contact the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
c/o FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Email: [X] (Claim's Administrator email)

EXHIBIT A-1

## THERE WILL BE NO PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED

The Settlement Agreement may be terminated under several circumstances outlined in it. If the Settlement Agreement is terminated, the Litigation will proceed as if the Settlement Agreement had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after contested motion practice directed to the sufficiency of the allegations supporting Class Representative's claims. The parties also completed a substantial portion of document, deposition, and expert discovery. Nevertheless, the Court has not reached any final decisions in connection with Class Representative's claims against Defendants. Instead, Class Representative and Defendants have agreed to the Settlement, which was reached with the substantial assistance of a highly respected mediator. In reaching the Settlement, the parties have avoided the cost, delay, and uncertainty of further litigation, including trial.

Class Representative's principal reason for entering into the Settlement is the benefit provided to the Class now, without further risk or the delays inherent in continued litigation. As in any litigation, Class Representative and the Class would face an uncertain outcome if they did not agree to the Settlement. If Class Representative succeeded at summary judgment or at trial, Defendants would likely file appeals that would postpone final resolution of the case. Continuation of the Litigation against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Class Representative and Class Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Class.

Defendants are entering into this Settlement to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in such Litigation. Defendants have denied and continue to deny each and all of the claims and contentions alleged by Class Representative in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other things, the allegations that Class Representative or the Class has suffered any damage, or that Class Representative or the Class was harmed by the conduct alleged in the Litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Sigrid McCawley
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Email: epsteinsettlement@bsfllp.com

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Class Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Settlement Agreement or Questionnaire and Release online at [X].

## HOW WILL THE CLASS REPRESENTATIVE'S LAWYERS BE PAID?

BSF, as Class Counsel, will file a motion for an award of attorneys' fees, costs, and expenses that will be considered at the Settlement Hearing. Class Counsel will apply for an attorneys' fee award in an amount not to exceed thirty percent (30%) of the Global Settlement Amount, plus payment of their costs, charges, and expenses incurred in connection with this Litigation in an amount not to exceed $1,000,000.00, plus interest earned on both amounts at the same rate as earned in the

EXHIBIT A-1

Qualified Settlement Account.  Such sums as may be approved by the Court will be paid from the Qualified Settlement Account.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and costs, charges, and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  The fees requested will compensate Class Counsel for their work in achieving the Settlement.  The Court will decide what constitutes a reasonable fee award and may award less than the amount requested.  Class Counsel shall not share any amount of attorneys' fees, costs, or expenses awarded to them with any other firm or individual.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes.  If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants or the Epstein Estate on your own about the legal issues in this case, then you must take steps to exclude yourself from, or "opt out" of, the Class.  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Class, you must send a signed letter by First-Class Mail saying that you want to be excluded from the Class in the following Litigation: *Ward v. Indyke, et. al.*, No. 1:24-CV-01204 (AS).  Be sure to include your name, address, telephone number.  Your exclusion request must be postmarked **no later than _____, 2026** and sent to the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
c/o FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022

You cannot exclude yourself by phone or by e-mail.  If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement.  If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes.  If you are a Class Member, you may object to the terms of the Settlement.  Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, charges, and expenses, and/or the Plan of Allocation.  In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Class Counsel and Defendants' Counsel, at the addresses listed below **by _____, 2026**.  The Court's address is: Hon. Arun Subramanian, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007; Class Counsel's address is:  Boies Schiller Flexner LLP, 401 E. Las Olas Blvd, Suite 1200, Fort Lauderdale, FL 33316, c/o Sigrid McCawley; the addresses for Defendants' Counsel are: (1) Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036, c/o Daniel Ruzumna; and (2) Hughes Hubbard & Reed LLP, One Battery Park Plaza, 17th Floor, New York, NY 10004.  You may attend the Settlement Hearing, and you may ask to speak to present any objections you have, but attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

You must timely complete and return the Questionnaire and Release that accompanies this Notice.  A Questionnaire and Release is enclosed with this Notice and may be downloaded at [X].  Read the instructions carefully; fill out the Questionnaire and Release; electronically sign it; and submit it online so that it is **received online no later than _____, 2026 11:59 PM EDT**.  The Questionnaire and Release must be submitted online at [X].  If you do not submit a timely Questionnaire and Release with the required information, you will not receive a payment from the Global

EXHIBIT A-1

Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them. If you are unable to submit a Questionnaire and Release online, please contact the Fund Administrator through her counsel at _____.

### WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Settlement Agreement, all Class Members who have not submitted valid and timely requests to be excluded from the Settlement shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendant Parties from all Released Claims, as set forth fully in ¶¶ 5.1-5.3 of the Settlement Agreement.

- "Released Plaintiffs' Claims" means any and all claims, rights and causes of action against Released Defendants of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, even if revived at some later date, whether class, representative, and/or individual in nature, that the Released Plaintiff Parties (a) asserted in the Litigation against the Released Defendant Parties, (b) could have asserted in the Litigation against the Released Defendant Parties, or (c) could have asserted in any other action or forum against the Released Defendant Parties. "Released Plaintiffs' Claims" does not include: (i) any claims of any Person who or which submits a request for exclusion that is accepted by the Court; or (ii) claims to enforce the Settlement.

- "Related Parties" means any Person's predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest, solely in their capacities as such.

- "Released Defendant Parties" means Darren K. Indyke and Richard D. Kahn, in all capacities, including as Co-Executors of the Estate of Jeffrey E. Epstein and as Co-Trustees of The 1953 Trust; Jeffrey Epstein and the Epstein Estate; The 1953 Trust and other trusts for which Epstein was the settlor or grantor; any entities owned or controlled in whole or part by Epstein or the Epstein Estate (the "Epstein Entities"); Epstein's and the Epstein Entities' respective current and former principals, officers, directors, stockholders, managers, members, partners, limited partners, trustees, administrators, agents, employees, private investigators, attorneys, accountants, law firms, accounting firms, predecessors, successors, assigns and affiliates; and, to the extent not otherwise covered and for the avoidance of doubt, HBRK Associates Inc., Coatue Enterprises, LLC, Darren K. Indyke, PLLC, Birchtree BR, LLC, the Indyke Law Firm, PLLC, Harlequin Dane, LLC, Michelle's Transportation, LLC, New York Strategy Group, LLC, Defendants' Counsel, and any of their Related Parties. For avoidance of doubt, the Released Defendant Parties expressly do not include corporations or businesses that Mr. Epstein (or an entity he controlled) did not hold more than a 25% ownership interest at any time during his life other than the corporations or businesses specifically listed above; banks, financial institutions, credit facilities, or private equity firms; educational institutions or entities; non-profit institutions that Mr. Epstein did not found; or public institutions or government entities. Nothing contained in this Settlement Agreement shall constitute a release of any Class Member's claims against any natural person who sexually abused them.

- "Released Plaintiff Parties" means each and every Class Member, Eligible Class Member, Settlement Class Representative, Named Plaintiff, Class Counsel, and each of their Related Parties. Released Plaintiff Parties do not include any Person who or which would otherwise be a Class Member but who properly excludes themselves by filing a valid and timely request for exclusion.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims against only Released Defendant Parties which any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, even if such claims were later revived, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the

**EXHIBIT A-1**

Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Released Plaintiff Parties, even if such claims were later revived, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Released Plaintiff Parties. With respect to (a) any and all Released Plaintiffs' Claims, and (b) any and all Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or they now know or believe to be true with respect to the subject matter of the Released Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden or later revived, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden or later revived, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and the Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____, 2026, at __:__ _.m., before the Honorable Arun Subramanian at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Settlement Agreement should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Settlement Agreement should be entered; (3) to award Class Counsel's fees, costs, and expenses out of the Settlement Fund and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Members of the Class.

To determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the settlement website, [X], before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person, telephonic or video conference appearances at the hearing, including access information, will be posted to the website.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or their objection is made in writing and is filed together with proof of membership in the Class and with copies of all other papers and briefs to be submitted by him, her, or it to the

EXHIBIT A-1

Court at the Settlement Hearing with the Court no later than _____, 2026, and with proof of service on the following counsel:

Sigrid McCawley                                    Daniel Ruzumna
Boies Schiller Flexner LLP                         Patterson Belknap Webb & Tyler LLP
55 Hudson Yards                                    1133 Avenue of the Americas
New York, NY 10001                                 New York, NY 10036

*Attorneys for Class Representative and the Class*    *Attorneys for Defendant Richard Kahn*


Marc Alan Weinstein
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

*Attorneys for Defendant Darren Indyke*


Unless otherwise directed by the Court, any Class Member who does not make his, her, or their objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2026.

### INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Defendant Parties, pending final determination by the Court of whether the Settlement should be approved.

### HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Litigation may be examined and copied during regular office hours, and subject to customary fees, at the Clerk of the United States District Court for the Southern District of New York. For a fee, all papers filed in this Litigation are available at www.pacer.gov. In addition, all Settlement documents, including the Settlement Agreement, this Notice, the Questionnaire and Release and proposed Judgment may be obtained by visiting [X] or by contacting the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
c/o FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Email: [X] (Claim's Administrator email)

### DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION


DATED: _____    BY ORDER OF THE
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF NEW YORK

EXHIBIT A-2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALLYSON WARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>       v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>    Defendants. | Case No. 1:24-cv-01204-AS |

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL FEMALES WHO WERE SEXUALLY ASSAULTED OR ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN FROM JANUARY 1, 1995 TO AUGUST 10, 2019, WHETHER THEY WERE MINORS OR ADULTS AT THE TIME OF THEIR ASSAULT, ABUSE, OR TRAFFICKING, WHO HAVE NOT PREVIOUSLY EXECUTED A SETTLEMENT AGREEMENT THAT INCLUDED A RELEASE OF CLAIMS OR OTHERWISE RELEASED CLAIMS AGAINST THE ESTATE OF EPSTEIN, DARREN INDYKE, AND RICHARD KAHN, CO-EXECUTORS[1], AND ALSO INCLUDES THE NAMED PLAINTIFFS WHO, IN THIS LITIGATION, DID NOT VOLUNTARILY DISMISS THEIR CLAIMS.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Arun Subramanian at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, 10007 to determine whether: (1) the proposed settlement (the "Settlement") of the above captioned case ("Litigation") as set forth in the Settlement Agreement dated February 19, 2026[2] for $35,000,000 in cash, if there are 40 or more eligible class members, or $25,000,000

---

[1] If you previously settled as part of the Epstein Victims Compensation Program or settled a claim with the Epstein Estate privately, then you are ineligible to participate in this Settlement.

[2] The Settlement Agreement can be viewed and/or obtained at [X].

1

**EXHIBIT A-2**

in cash, if there are fewer than 40 eligible class members, should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Settlement Agreement should be entered dismissing the Litigation with prejudice; (3) to award Boies Schiller Flexner LLP attorneys' fees, costs, and expenses out of the Settlement Fund and Named Plaintiffs who, in this Litigation, did not voluntarily dismiss their claims an incentive award out of the Global Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation (as described in the Settlement Agreement and Notice) should be approved by the Court as fair, reasonable, and adequate. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Class Members.

IF YOU WERE ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN DURING THE PERIOD BETWEEN JANUARY 1, 1995 AND AUGUST 10, 2019, INCLUSIVE, WHETHER YOU WERE A MINOR OR ADULT AT THE TIME OF YOUR ABUSE OR TRAFFICKING, AND YOU, UNLESS YOU ARE A NAMED PLAINTIFF WHO, IN THIS LITIGATION, DID NOT VOLUNTARILY DISMISS YOUR CLAIMS, HAVE NOT PREVIOUSLY EXECUTED A SETTLEMENT THAT INCLUDED A RELEASE OF THE EPSTEIN ESTATE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Questionnaire and Release through a secure, dedicated online portal (**no later than _____, 2026**). Your failure to submit a Questionnaire and Release by _____, **2026** will result in a rejection of your claim and preclude you from receiving any recovery in connection with the Settlement of this Litigation. To opt-out of the Settlement and preserve your claims related to the Litigation, you must send a signed letter by First-Class Mail saying that you want to be excluded from the Class in the following Litigation: *Ward v. Indyke, et. al.*, No. 1:24-CV-01204 (AS). Be sure to include your name, address, telephone number. Your exclusion request must be postmarked by no later than _____, **2026** and sent to the Fund Administrator at:**.**

Simone Lelchuk
Resolution Services LLC
c/o FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022

EXHIBIT A-2

If you were sexually abused or trafficked by Jeffrey Epstein between January 1, 1995 to August 10, 2019, inclusive, and you have not previously executed a settlement agreement that released the Epstein Estate, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Questionnaire and Release, unless you submit a timely signed letter to opt out.  For avoidance of doubt, if you do not opt out, the Judgment and Release entered in this Litigation will include a release of all claims you may have against the Epstein Estate.

If you would like a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), or the Settlement Forms described herein, you may obtain these documents, as well as a copy of the Settlement Agreement (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at [X].

Inquiries should NOT be directed to Defendants, Defendants' Counsel, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for the Settlement Forms, may be made to Lead Counsel:

Sigrid McCawley
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Email: epsteinsettlement@bsfllp.com
Toll-Free Telephone: XX

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A SIGNED LETTER VIA FIRST-CLASS MAIL TO OPT OUT OF THIS SETTLEMENT  SUCH THAT IT IS **POSTMARKED BY ___, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT SETTLEMENT FORMS.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL NOT TO EXCEED THIRTY PERCENT (30%) OF THE SETTLEMENT AMOUNT AND COSTS

**EXHIBIT A-2**

AND EXPENSES NOT TO EXCEED $1,000,000.00, PLUS INTEREST EARNED ON BOTH AMOUNTS AT THE SAME RATE AS EARNED IN THE QUALIFIED SETTLEMENT ACCOUNT. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND RECEIVED BY CLASS COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2026** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____      BY ORDER OF THE
　　　　　　　　　　　　　　 UNITED STATES DISTRICT COURT
　　　　　　　　　　　　　　 SOUTHERN DISTRICT OF NEW YORK

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ALLYSON WARD, individually and on behalf of all others similarly situated,

    Plaintiff,

       v.

DARREN K. INDYKE and RICHARD D. KAHN,

    Defendants.

Case No. 1:24-cv-01204-AS

## [PROPOSED] ORDER AND FINAL JUDGMENT

**EXHIBIT B**

WHEREAS, on the __ day of _____, 2026, this Court held a hearing to determine: (1) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement dated February 19, 2026 is fair, reasonable, and adequate to the Class and should be approved by the Court; (2) whether a Judgment, as provided in ¶ 1.15 of the Settlement Agreement, should be entered; (3) whether the proposed Plan of Allocation, as described in the Settlement Agreement and Notice, should be approved; (4) whether and in what amount to award Class Counsel in fees and costs, charges, and expenses; and (5) whether and in what amount to award Class Representative its costs and expenses in representing the Class;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, it appears that a notice of the hearing substantially in the form approved by the Court on _____, 2026 (the "Notice") was provided to all persons who were sexually assaulted or abused or trafficked by Jeffrey Epstein between January 1, 1995, and through August 10, 2019, as shown by the records compiled by the Fund Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court on _____, 2026 was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") as set forth in the Declaration of _____;

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges, and expenses requested by Class Counsel and the request for Class Representative's costs and expenses; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Settlement Agreement.

**EXHIBIT B**

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

2.      Excluded from the Class is any Class Member that validly and timely requested exclusion as listed on Exhibit 1 annexed hereto.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that:

(a)     in light of the benefits to the Class and the complexity and expense of further litigation, the Settlement Agreement and the Settlement described therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)     Class Representative and Class Counsel have adequately represented the Class;

(c)     there was no collusion in connection with the Settlement Agreement;

(d)     the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel;

(e)     the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)     the proposed Plan of Allocation, as described in the Settlement Agreement and Notice, treats Class Members equitably relative to each other; and

3

**EXHIBIT B**

(g)    the record is sufficiently developed and complete to have enabled Class Representative and Defendants to have adequately evaluated and considered their positions.

4.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Settlement Agreement and herein.

5.    The releases as set forth in ¶¶ 5.1–5.3 of the Settlement Agreement (the "Releases"), together with the definitions contained in ¶¶ 1.1–1.31 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6.    Upon the Effective Date, and as provided in ¶ 5.1 of the Settlement Agreement, the Eligible Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Eligible Plaintiffs' Claims and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Parties execute and deliver Questionnaire and Release or share in the Global Settlement Amount.

7.    Upon the Effective Date, and as provided in ¶ 5.2 of the Settlement Agreement, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released

**EXHIBIT B**

Defendant's Claims against the Released Plaintiff Parties.

8.      The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the constitutional requirements of Due Process, and any other applicable law. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

9.      The Court hereby finds that the proposed Plan of Allocation, as described in the Settlement Agreement and Notice, is fair, reasonable, and adequate. A separate order shall be entered regarding Class Counsel's application for an award of attorneys' fees and expenses. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

5

**EXHIBIT B**

11.     Neither this Judgment, the Settlement Agreement, the Settlement contained therein, nor the prior agreement made and entered by and between Class Representative on behalf of itself and each Class Member, by and through its counsel of record in the Litigation, and Defendant, by and through their counsel of record in the Litigation, dated February 19, 2026, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any liability, negligence, fault, or other wrongdoing of the Released Defendant Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Released Defendant Parties may file the Settlement Agreement and/or the Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     The Court finds that the Released Defendant Parties will have satisfied their financial obligations under the Settlement Agreement by the Estate paying $35,000,000 if there are forty (40) or more Eligible Class Members, or $25,000,000 if there are less than forty (40) Eligible Class Members to the Qualified Settlement Account in accordance with ¶ 2.2 of the Settlement Agreement.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the settling Parties and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Judgment, including administering and distributing Settlement proceeds to the Class

**EXHIBIT B**

Members.

14.    The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Settlement Agreement, provided that such amendments, modifications, and expansions of the Settlement Agreement are not materially inconsistent with this Judgment, and do not materially limit the rights of the Class Members under the Settlement Agreement.

15.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16.    This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Parties or as otherwise provided in the Settlement Agreement or this Judgment.

17.    There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.


        IT IS SO ORDERED.

DATED:

_____    _____
                                   THE HONORABLE ARUN SUBRAMANIAN
                                   UNITED STATES DISTRICT JUDGE