**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Allyson Ward and Jane Doe 3, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Darren K. Indyke and Richard D. Kahn,<br><br>Defendants. | Case No. 1:24-cv-01204-AS<br><br>**CLASS ACTION LAWSUIT** |

**DECLARATION OF JENNIFER FREEMAN IN SUPPORT OF OBJECTIONS TO PROPOSED SETTLEMENT WITH NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING**

I, Jennifer Freeman, Esq., an attorney admitted to practice law in the Courts of the State of New York and Florida, and not a party to this action, hereby affirms and declares the following under penalty of perjury:

1. I am a member in good standing of the Bar of the State of New York and am admitted to practice before this Court. I am Special Counsel to the Marsh Law Firm, PLLC. I submit this Declaration in support of the Objections of 5 Class Members in this case, and hereby give notice of my intent to appear and be heard at the Fairness Hearing.

2. I have represented victims and survivors of sex abuse for many years, having filed my first child sex abuse case some 30 years ago. I have represented survivors against numerous institutional and individual defendants, such as Rockefeller University, Catholic Dioceses, the New York Board of Education, the Boy Scouts, and various camps, clubs and individuals. I currently represent about a dozen survivors of sexual abuse and trafficking by Jeffrey Epstein, and have been representing survivors and others with claims against Epstein for more than a decade.

3. As to this class action, I submit this Declaration in support on behalf of five Epstein survivors, MLF 1 through 5. MFL 1 through 4 timely submitted applications to the class action settlement fund. MLF 5 didn't receive notice in time to opt-out or submit but has advised that she would have liked to do so. I am fully familiar with the facts and circumstances of their claims.

4. MLF 1 is a member of the Class who was subjected to sexual abuse and trafficking by Epstein in about 2001 to 2005. She timely submitted her Questionnaire and Release in this case, and a true and correct copy of the confirmation of her submission under Reference Number P5P4MHCXLT is attached as **Exhibit 1**.

5. MLF 2 is a member of the Class who was subjected to child abuse and exploitation via Epstein's possession and/or distribution of her child sexual abuse material ("CSAM"). She timely submitted her Questionnaire and Release in this case, and a true and correct copy of the confirmation of her submission under Reference Number PQWCNA697 is attached hereto as **Exhibit 2**.

6. MLF 3 is a member of the Class who was subjected to sexual abuse by Epstein, and one or more Epstein's associates from 1999 to 2000. She timely submitted her Questionnaire and Release in this case, and a true and correct copy of the confirmation of MLF 3's submission under Reference Number PHS8E5NCWY is attached as **Exhibit 3**.

7. MLF 4 is a member of the Class who was subjected to child abuse and exploitation via Epstein's possession and/or distribution of her child sexual abuse material ("CSAM"). She timely submitted her Questionnaire and Release in this case, and a true and correct copy of the confirmation of her submission under Reference Number PE2KFWCNLS is attached hereto as **Exhibit 4**.

8. MLF 5 is a member of the Class was subjected to sexual abuse by Epstein and one or more of his associates starting about 2013 for a few years and who didn't learn about the existence of the class action until June 5, 2026 so was not able to opt out of or submit an application to this settlement. MLF 4, however, did submit a Questionnaire and Release in the Bank of America Class Action litigation ("BOA Litigation") entitled *Doe v. Bank of America, N.A.*, Case No.: 1:25-cv-8520-JSR, and a true and correct copy of the confirmation on of her submission of that application under Reference Number PLHJS6RGCW is attached as **Exhibit 5.**

9. On May 7, 2026, my colleague, Margaret Mabie, and I reached out by letter to Class Counsel, noting our concern about and objection to the possible application of the proposed release to Epstein survivors with CSAM claims, asking for a carve-out of such claims. A copy of this letter, redacted to protect survivor identity and privacy, is attached as **Exhibit 6**. At the suggestion of Class Counsel, we sent a similar letter to defense counsel, which is attached as **Exhibit 8**, and then had a telephone conversation with defense counsel about our CSAM objections. *See* **Exhibit 9**.

10. Although Class Counsel suggested that, in her "view," CSAM claims were not part of the settlement, *see* **Exhibit 7**, and defense counsel verbally stated that they hadn't considered CSAM claims in this case and didn't believe that the proposed release applied to CSAM claims (*see* Ex. 9), no changes were made to the proposed release. Accordingly, we are contemporaneously filing our formal Objections on this ground.

11. Curiously, Class Counsel in their papers in support of the settlement, claimed that no objections had been received to the settlement (McCawley Decl., ECF No. 426 ¶9); in so doing, they appear to have overlooked our May 7 letter, May 11 letter, and other communications.

12. For years, several attorneys at the Marsh Law Firm PLLC and I have represented and continue to represent numerous Epstein survivors in various Epstein-related litigation and elsewhere, and are known to do so. Contrary to Class Counsel's assertion that they "contacted attorneys known to have represented survivors in previous Epstein-related litigation to obtain contact information and ensure that all known or suspected Class Members received proper notice," neither I nor anyone else at the Marsh Law Firm were contacted.

WHEREFORE, the undersigned respectfully requests that this Court (i) direct that CSAM claims be carved out of the proposed release of the Epstein Estate and (ii) reject the proposed release to the Epstein Estate as unfair, inadequate and premature, and, given the U.S. Government's recent acknowledgement that there were over 1,000 Epstein survivors, and the release of 3.5 million pages of Epstein Files, direct that Class Members who did not receive notice of this case be permitted to opt out or apply to a Future Claims Settlement Fund to be established, with proper notice to be provided to Class Members, including use of media likely to reach Epstein survivors, such as Instagram, and directing such notice to countries where Epstein survivors were known to have been abused, such as France, Sweden, Eastern Europe, countries in Eastern Europe, Israel, and South Africa.

**I affirm and declare this 26th day of August 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.**



By ________________________________

Jennifer Freeman, Esq.
31 Hudson Yards, 11th Fl.
New York, NY 10001
Telephone: 212-372-3030
jenniferfreeman@marsh.law
Attorney for "MLF 1-5"

**WORD COUNT CERTIFICATION**

I, Jennifer Freeman, an attorney admitted to practice law in the Courts of the State of New York, hereby certify that the foregoing Declaration does not exceed the 7,000 word limit pursuant to Section 202.8-b of the Uniform Civil Rules for the Supreme Court and the County Court, excluding the parts otherwise exempted, because it contains 5,925 words.

Dated: August 26, 2026



By: ___________________________________
Jennifer Freeman