**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLYSON WARD, individually and on behalf of all others similarly situated,<br>*Plaintiffs*,<br>v.<br>DARREN K. INDYKE and RICHARD D. KAHN,<br>*Defendants*. | Case No. 1:24-cv-01204 (AS) |

**DECLARATION OF DANIEL S. RUZUMNA IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN ALLOCATION**

DANIEL S. RUZUMNA hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of the law firm Patterson Belknap Webb & Tyler LLP, and together with Hughes Hubbard & Reed LLP, I am counsel for Defendants Darren K. Indyke and Richard D. Kahn. I submit this declaration in support of the Motion for Final Approval of the Class Action Settlement and Approval of the Plan Allocation, ECF Nos. 422, 423.

2. In the late morning of May 11, 2026, I received a letter from Jennifer Freeman and Margaret Mabie of Marsh Law Firm PLLC, ECF No. 431-8, noting that they were "unsure whether [this] class action covers CSAM claims pursuant to 18 U.S.C. 2255 against the Epstein estate or other releasees but underst[oo]d that there is no express carve-out for such claims" in the release that would be given by Class Members. Ms. Freeman and Ms. Mabie asked to discuss the matter

"as soon as possible," in light of the deadline to submit Class Member questionnaires the following day, May 12, 2026.

3. After carefully reviewing the Marsh Law letter and the Settlement Agreement, I responded, copying other counsel for the Defendants and offering to speak that afternoon. At 5:04 p.m. that evening, I spoke to Ms. Mabie; Ms. Freeman was not on the telephone call. Ms. Mabie stated that Marsh Law represented a woman who was not herself sexually assaulted, abused, or trafficked by Jeffrey Epstein, but of whom sexually explicit photographs (which she claimed constitute child sexual abuse material (CSAM)) were possessed by Epstein. Ms. Mabie further said that Marsh Law represented a second woman who also was a victim of a CSAM offense, but who did not know whether or not Epstein ever received or possessed the CSAM in which she was depicted. Ms. Mabie asked if the release as part of the Settlement was intended to cover CSAM-related claims for her clients.

4. I said that I could share only preliminary thoughts since I had not spoken to Defendants or to co-counsel. I then offered my preliminary view that the relevant issue was not the scope of the release since only Class Members would be releasing claims; the real question was whether her clients fit within the definition of the Class. I explained that the Class was defined to include only females who were sexually assaulted, abused, or trafficked by Epstein and have not already released claims. Females who were not sexually assaulted, abused, or trafficked by Epstein would not be part of the Class—even if CSAM depicting them was possessed, reproduced, or trafficked by Epstein—and therefore they would not be releasing any claims.

5. Ms. Mabie suggested that Marsh Law may file "protective claims" on behalf of her clients, which she said could be withdrawn if the clients were not part of the Class. I said that her proposed approach sounded reasonable and that we could discuss further if Marsh Law had further

questions. Having not heard from Marsh Law again and reading the Settlement Agreement and Class Notice to indicate clearly that Class Members are limited to those who were themselves sexually abused, assaulted, or trafficked, I assumed that Marsh Law either had not submitted questionnaires to the Fund Administrator or had subsequently withdrawn any questionnaires submitted on behalf of clients.

Dated: New York, New York
September 9, 2026

*/s/ Daniel S. Ruzumna*
Daniel S. Ruzumna